UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL C. STERNBERG,<br><br>Plaintiff,<br><br>v.<br><br>SHELLEY WARNECK, et al.,<br><br>Defendants. | Case No. 2:23-cv-01466-APG-EJY<br><br>**ORDER** |

Pending before the Court is the Motion to File Under Seal Exhibits 1 and 2 to Defendant Shelly Warneck's Motion to Consolidate Cases. ECF No. 25. The Court notes while Defendant filed a sealed Motion to Consolidate Cases (ECF No. 24), Defendant did not simultaneously file a copy of the Motion on the publicly available docket redacting any references to Exhibits 1 and 2 that are appropriate and using place holders for these Exhibits attached to the Motion. Defendant is, as stated below, ordered to immediately file the Motion to Consolidate Cases on the publicly available docket with redactions and place holders for reference to and attached Exhibits 1 and 2.

Under federal law, the party seeking to seal a judicial record, Defendant must meet her burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). When a document is attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force ...." *Kamakana*, 447 F.3d at 1179 (citation omitted). "Thus a particularized showing, under the good cause standard of Rule 26(c), will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Id.* at 1180 (citations, quotation marks and brackets omitted). The mere fact that the production of records may lead to a party's embarrassment, incrimination or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122,

1136 (9th Cir. 2003).  Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets.  *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)).

Courts often apply the "compelling reason" standard to requests to seal motions to consolidate.  *See Teradata Corporation v. SAP SE*, Case No. 18-cv-03670-WHO, 2021 WL 6498857 at *1 (N.D. Cal. May 5, 2021).  Exhibits 1 and 2 to the Motion consist of orders issued in the family law matter of *Warneck v. Sternberg*, Case No. 2012-1-CP-020194, in Santa Clara County, California Superior Court.  Defendant explains that under California Family Code § 7643, applicable in child parentage cases, aside from certain exceptions, "all papers and records, other than the final judgment, pertaining to the action or proceeding ... are subject to inspection and copying only in exceptional cases upon an order of the court for good cause shown."  Defendant states that she does not believe Exhibits 1 and 2 should be sealed and is only filing this Motion to Seal out of an abundance of caution so as not to potentially run afoul of California law.

The Court finds that Exhibits 1 and 2 are sufficient sensitive and reasonably interpreted as falling under California Family Code § 7643 such that sealing these records meets the compelling reason standard established under federal law.

Accordingly, IT IS HEREBY ORDERED that the Motion to File Under Seal Exhibits 1 and 2 to Defendant Shelly Warneck's Motion to Consolidate Cases (ECF No. 25) is GRANTED.

IT IS FURTHER ORDERED that Exhibits 1 and 2 to ECF No. 24 are and shall remain sealed.

IT IS FURTHER ORDERED that Defendant **must** no later than **January 10, 2024**, file a copy of the Motion to Consolidate Cases (ECF No. 24) on the publicly available docket redacting Exhibits 1 and 2 by using place holders.  If the contents of Exhibits 1 and 2 are discussed in the Motion to Consolidate Cases, Defendant may redact such references.

Dated this 4th day of January, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE