Michael C. Sternberg, Self Represented
8545 W Warm Springs Rd Ste A4 #256
Las Vegas, NV 89113
702.234.2539
sternberg_michael@yahoo.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL C. STERNBERG, E.W., & N.W.<br><br>Plaintiffs<br><br>v.<br><br>SHELLEY WARNECK, et al. (See attached)<br><br>Defendants | Consolidated Cases:<br><br>Case No. 2:23-cv-01466-APG-EJY<br>Case No. 2:23-cv-02022-APG-EJY<br><br>**FIRST AMENDED COMPLAINT PURSUANT TO FRCP 15(a); NOTICE OF CONSOLIDATED COMPLAINTS**<br><br>**JURY TRIAL DEMANDED** |

**I. BACKGROUND AND NOTICE OF CONSOLIDATED COMPLAINTS**

On 1/30/24, the court ordered these cases consolidated (ECF 49). Pursuant to my rights under FRCP 15(a), I elect to amend both complaints, and combine them into this one amended complaint. I combined the alleged facts and requests for relief from both complaints. I added new facts, new causes of action, and new defendants.

I attempted to reach stipulations with all defendants who have already been served or who waived service to put them on notice as to my intent to amend and to give them a just and reasonable time to respond. To those with whom I reached an agreement, I intended that the time to respond as agreed would begin with the filing of this combined amended complaint regardless of the original case number on the agreement. I will not be making any future amendments without the leave of the court.

1

## II. LSR 2-1 NOTICE

Local Rule LSR 2-1 requires me to use the civil rights complaint form supplied by the court, or alternatively, that my complaint must contain substantially all the information called for by the court's form. This amended complaint is therefore modeled after the form.

## III. THE PARTIES TO THIS COMPLAINT

The Plaintiff: Michael C. Sternberg, E.W., and N.W. Contact info. in caption.

The Defendants: Please see attached Defendant List w/ Contact info.

## IV. BASIS FOR JURISDICTION

28 USC 1331, 28 USC 1332, 28 USC 1343, 28 USC 1367, 28 USC 2201, 42 USC 1983, 42 USC 1985, 42 USC 1986, Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

Summary of federal rights violations I claim: US Constitution: 1st, 2nd, 4th, 5th, 8th, 14th Amendments. Detailed causes of action are attached. This complaint includes state law claims.

## V. STATEMENT OF CLAIMS

There are two attachments, which detail my claims. The first is titled "Statement of Facts Attachment to Pro Se 1983 Complaint." It is a chronological list of my factual allegations, and I incorporate it into this complaint.

The second is titled, "Causes of Action Attachment to Pro Se 1983 Complaint." It contains supplemental facts meant to plead the elements of each cause of action along with the authority for the cause of action. The causes of action include state law claims, and state constitutional rights violations, and I incorporate the attachment into this complaint.

## VI. INJURIES

As a direct and proximate result of the violations outlined in this complaint, I suffered loss of liberty, undue and intense stress, financial damages in excess of $300,000, loss of familial association, denial of due process, denial of equal protection of the laws, loss of the care, custody, and control of E.W. and N.W., an infringement on my right to keep and bear arms, loss of my right to be free from excessive force, loss of my right to be free from cruel and unusual punishment, loss of my right to petition the government, and loss of enjoyment of my property.

E.W. and N.W. suffered intense emotional harm, loss of familial association, loss of friendly association, loss of their right to be free from excessive force, loss of their right to not be unreasonably seized, denial of due process, denial of equal protection of the laws, and loss of the benefits of the care, custody, and control of their father.

## VII. RELIEF

**Declaratory Relief Requested:**

1. That I have a constitutional, fundamental right, to the care, custody, and control of my children.
2. Certain orders of defendant judicial officers void for lack of jurisdiction and for lack of due process, including but not limited to, Hayashi's void jurisdictional order and the mountain of void orders built on top of it, and Hendrickson's 12/12/23 vexatious litigant order.
3. That Shelley Warneck relocated my children from Nevada without prior approval of a court and without my consent, and that she had no legal presumptive right to do so.
4. That the pattern and practice of the California Judiciary in denying litigants of parentage cases remote access to their court files violates the 14th Amendment due process and equal protection clauses.

5. That the pattern and practice of the California Judiciary in refusing to allow litigants to record their hearings under threat of criminal prosecution while also refusing to supply court reporters or its own recording systems violates the 14th Amendment due process and equal protection clauses. That California Rule of Court 1.150 is unconstitutional.

6. That the pattern and practice of California family judges refusing to issue a statement of decision violates the 14th Amendment due process and equal protection clauses.

7. That the pattern and practice of California judges striking their own disqualifications based on their opposition to facts alleged in a statement to disqualify, violates the 14th Amendment due process and equal protection clauses.

8. That the pattern and practice of the California judiciary of refusing to waive fees, and refusing to explain why to a litigant, violates the 14th Amendment due process and equal protection clauses.

9. That several California attorneys violated the Rules of Professional conduct & conspired to deny my rights.

10. That several California judicial officers violated the Code of Judicial Ethics and conspired to deny my rights.

11. That the pattern and practice of the California judiciary in depriving parents the care, custody, and control of their children at law and motion hearings based on inadmissible declarations violates violates the 14th Amendment due process and equal protection clauses.

12. That Nevada Revised Statute 179.209 is unconstitutional on its face and as applied in my case as it violates the 14th Amendment due process and equal protection clauses.

13. That the so-called fugitive court in the Las Vegas Justice Court, LVMPD, Clark County, NV, Steve Wolfson, and the Nevada Attorney General violate constitutional rights in pattern and practice with their failure to follow the Nevada Criminal Extradition (Uniform Act) in favor of a different process not outlined in law, and which deprives individuals of their right to counsel, to bail, to due process and equal protection, and to

speedy trial. That they further violate constitutional rights by imprisoning individuals under the color of the Nevada Criminal Extradition Act, and bully them into the false choice of waiving extradition or sitting imprisoned for months while a Habeas Corpus proceeding drags through the county district court.

14. That 18 USC 922(n) is unconstitutional on its face, and as applied in my case, whereby it was used to revoke my concealed carry permit on the grounds that I was a "prohibited possessor."

15. That Judge Eric Goodman, violated my constitutional rights when he treated me differently than other arrestees by refusing to grant bail, and by attempting to coerce me, along with LVMPD, into the false choice of waiving extradition or being imprisoned for months as a Habeas Corpus petition crawled through the county district court.

16. Such other declaratory relief as becomes apparent in the course of this litigation.

**Injunctive Relief Requested:**

1. Permanent injunction blocking enforcement of California Family Code 7643.
2. Permanent injunction blocking enforcement of California Rule of Court 1.150, and directing that litigants must always be allowed to record their proceedings unless the court is able to provide its own free recordings.
3. Permanent injunction blocking the California judiciary from charging non-married child custody litigants for copies of their court file, and directing it to make non-married child custody court files accessible remotely in the same fashion as divorce court files.
4. Permanent injunction blocking enforcement of Nevada Revised Statute 179.209, and directing Clark County courts to follow the same bail rules regardless of whether an individual was arrested on a Nevada warrant or by some other means. An injunction directing the Clark County courts that ALL detainees must be allowed to consult with a lawyer, or have a lawyer appointed to represent them regardless of any alleged authority for detainment.

5. Permanent injunction blocking the California Judicial Council from publishing my name to the vexatious litigant list based on Judge Cindy Hendrickson's 12/12/23 order.
6. Permanent injunction blocking the enforcement of 18 USC 922(n).
7. Permanent injunction blocking LVMPD from using any waiver form for concealed carry applications requiring citizens to waive rights for information that LVMPD has no authority to obtain, and from revoking or denying concealed carry permits under the guise that 18 USC 922(n) makes someone a "prohibited possessor."
8. Permanent injunction blocking Shelley Warneck from enforcing any money judgments ordered against me by the California judiciary from 2019 - 2024.
9. Such other injunctive relief as becomes apparent in the course of this litigation.

**Money Damages Requested:**

1. For Michael C. Sternberg, $15 million in compensatory and punitive damages or such relief as a jury deems just and proper.
2. For E.W., $10 million in compensatory and punitive damages or such relief as a jury deems just and proper.
3. For N.W, $10 million in compensatory and punitive damages or such relief as a jury deems just and proper.

### VIII. CERTIFICATION

Under FRCP 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further

investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated:  February 20, 2024      By: *Michael Sternberg*
                                   Michael C. Sternberg
                                   Plaintiff, Self Represented

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF in both cases. I further certify that I emailed a copy to Marc Cwik @ Marc.Cwik@lewisbrisbois.com, who represents Defendants Tristan Aeschleman and Adames & Ash LLP, and to Gina Policastri @ GPolicastri@lpeplaw.com, and Michelle Brenot @ michellebrenot@gmail.com.