1    Michael C. Sternberg, Self Represented
2    8545 W Warm Springs Rd Ste A4 #256
     Las Vegas, NV 89113
3    702.234.2539
     sternberg_michael@yahoo.com
4

5
                    **UNITED STATES DISTRICT COURT**
6                      **DISTRICT OF NEVADA**

7
                                          | Consolidated Cases:
8    MICHAEL C. STERNBERG, E.W., & N.W.   |
                                          | Case No. 2:23-cv-01466-APG-EJY
9              Plaintiffs                 | Case No. 2:23-cv-02022-APG-EJY
                                          |
10             v.                         | **RESPONSE AND OPPOSITION TO**
                                          | **SHELLEY WARNECK MOTION TO**
11   SHELLEY WARNECK, et al.              | **DISMISS**
                                          |
12             Defendants                 |

13

14

15

16                       **I. FACTUAL BACKGROUND**

17       On 2/20/24, I filed my First Amended Complaint (ECF 86). On 3/12/24, Defendant Shelley

18   Warneck filed a Motion to Dismiss pursuant to FRCP 12(b)(1) and (6), combined with a

19   special motion to dismiss pursuant to NRS 41.660 (ECF 124).

20

21       **II. PROFESSIONAL MISCONDUCT & VEXATIOUS LITIGANT ISSUE**

22       In a footnote on page 2 of the Motion to Dismiss, Marc Randazza (Bar No. 12265) raises

23   the issue of the California judiciary labeling me a vexatious litigant, and asserts that I am

24   seeking to "evade the prohibitions that the California courts have placed on" me. This is not

25   the first time Randazza has raised the issue. He brought it up in his Motion to File Under Seal

26   (ECF 25) and his Motion to Consolidate Cases (ECF 30), in which the relevance of the

27   vexatious litigant order was highly dubious, and in which he admitted the first order labeling

28

                                          1

me a vexatious litigant had been revoked on due process grounds. The second order was issued using the same violative lack of due process as the first, and I attached a multitude of evidence demonstrating the deprivation of my federally protected rights, including an entire transcript of the second vexatious litigant hearing (ECF 34-2). And yet here we are again with Randazza asserting to this court, in violation of several Nevada Rules of Professional Conduct, that he purports to know what it is that I am "seeking" beyond my pleadings, despite never having spoken to me.

I have come to the United States District Court of Nevada to assert my federally protected rights. I am not evading anything. I do not concede that I am a vexatious litigant. Other than a car accident case in 2011, which settled in my favor, I have never initiated any litigation in California. I was dragged into the Santa Clara County Superior Court after my children were abducted by Defendant Warneck (an abduction she has already admitted to in open court). I have never had a trial. I have never been allowed to present evidence, or cross-examine witnesses, or to obtain basic discovery. I have been repeatedly denied notice and opportunity to be heard. I do not concede that I am a vexatious litigant or that I meet the legal requirements to be labeled as such under California law. Contrariwise, Marc. J Randazza, has admitted to professional misconduct both in Nevada (Exhibit 1) and in California (Exhibit 2).

### III. SUBJECT MATTER JURISDICTION & BURFORD ABSTENTION

Warneck challenges subject matter jurisdiction pursuant to FRCP 12(b)(1) solely as to "Claim No. 1" (ECF 124, page, line 24, and page 3, line 20).

Subject matter jurisdiction is defined as: "Jurisdiction over the nature of the case and the type of relief sought; the extent to which a court can rule on the conduct of persons or the status of things." JURISDICTION, Black's Law Dictionary (11th ed. 2019). U.S. Constitution, Article 3, defines the judicial power of the United States to include cases arising under federal law, diverse citizenship, and other categories. 28 USC Chapter 85 outlines the categories, which include federal question §1331, diversity §1332, civil rights §1343, and

1    supplemental §1367, among others. I cited these as the basis for jurisdiction in my First

2    Amended Complaint (ECF 86, page 2, line 11).

3      "Claim No. 1" is a Nevada state law claim for money damages pursuant to Nevada Revised

4    Statute 125C.0075 related to the unlawful abduction and temporary move-away of my

5    children from Nevada by Warneck (ECF 86-4, page 1, line 2). 28 USC 1367(a) states:

6              "Except as provided in subsections (b) and (c) or as expressly provided

7            otherwise by Federal statute, in any civil action of which the district courts have

8            original jurisdiction, the district courts shall have supplemental jurisdiction over

9            all other claims that are so related to claims in the action within such original

10           jurisdiction that they form part of the same case or controversy under Article III of

11           the United States Constitution. Such supplemental jurisdiction shall include

12           claims that involve the joinder or intervention of additional parties."

13    My First Amended Complaint mainly consists of federal question claims arising under the

14    U.S. Constitution, 42 USC 1983, 1985, & 1986, and 28 USC 2201, for which this court has

15    original jurisdiction. The alleged relevant facts begin with the admitted abduction of my

16    children from Nevada, and the subsequent repeated seizures of the children under color of

17    state law as well as numerous constitutional rights violations stemming from those seizures.

18    I brought "Claim No. 1" pursuant to this court's supplemental jurisdiction. Nowhere in her

19    Motion to Dismiss does Warneck challenge or object to supplemental jurisdiction.

20      Warneck does proclaim that she is making a factual challenge to subject matter jurisdiction

21    (ECF 124, page 3, line 24). She cites three cases in support, and proclaims "…the court does

22    not need to presume the truth of plaintiff's allegations and may consider other properly

23    introduced evidence in the record for purposes of making the determination" (id. Page 4, line

24    2). But there is no other evidence in the record related to "Claim No. 1." Warneck attached a

25    declaration to her Motion to Dismiss, but announced that it was "only submitted in support of

26    my request for relief under Nevada's Anti SLAPP statute," and "I do not submit this

27

28

1  Declaration to contest the accuracy of any factual allegation made in the First Amended

2  Complaint."

3    Warneck cited Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (2004). Had Randazza

4  actually read that page he would see the multiple warnings about his frivolous argument. For

5  example in a factual attack, "the challenger disputes the truth of the allegations that, by

6  themselves, would otherwise invoke federal jurisdiction." And, "Once the moving party has

7  converted the motion to dismiss into a factual motion by presenting affidavits or other

8  evidence brought before the court, the party opposing the motion must furnish affidavits or

9  other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."

10  Because Warneck has supplied no evidence to this court, there is nothing for me to refute,

11  and due process requires that I be put on notice as to what is actually being challenged.

12  Further, on that same page, the Ninth Circuit explained, "jurisdictional dismissals in cases

13  premised on federal-question jurisdiction are exceptional, and must satisfy the requirements

14  in *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946)." The Safe Air case goes on

15  for several pages explaining why Warneck's factual attack is frivolous in this instant case.

16    Warneck then proceeds to her FRCP 12(b)(6) challenge to my other causes of action, but

17  circles back to challenge "Claim No. 1" on page 7 of her Motion to Dismiss. At line 19, she

18  cites to my request for a declaratory judgement finding that I have the right to the "care,

19  custody, and control" of my children. While Warneck seeks to relate this prayer for relief to

20  NRS 125C.0075, I do not, and did not. That particular prayer for relief is to remind everyone

21  involved in this case that I have that basic constitutional right that has been recognized by the

22  United States Supreme Court for decades upon decades, and is brought pursuant to 28 USC

23  2201.

24    Warneck then argues that I admit that "there are currently pending cases in the States of

25  California and Nevada," that I admit I "personally filed the case pending in Clark County,

26  Nevada family court," and therefore, my claim "pursuant to NRS 125C.0075 must be

27  dismissed with prejudice" (ECF 124, page 7, line 21). As discussed in my First Amended

28

4

1   complaint, there is no case pending in Clark County, NV, because that court ceded

2   jurisdiction after Santa Clara County, CA Superior Court Judge Roberta Hayashi denied me

3   due process at a joint jurisdictional conference, and continued to deny me due process after I

4   moved her court to cede jurisdiction back to Nevada (ECF 86-3 ¶ 62 - 115), so I made no

5   such admission.

6      Warneck's sole argument in this section of her Motion to Dismiss, is that this court should

7   exercise Burford abstention. This abstention has nothing to do with claims for monetary

8   relief, which is what NRS 125C.0075 is. Had Randazza read New Orleans Public Service,

9   Inc. v. Council of City of New Orleans, 491 U.S. 350 (1989), which is a case he cited, he

10   would know that the U.S. Supreme Court applies Burford to federal courts sitting in equity,

11   "Where timely and adequate state-court review is available, a federal court sitting in equity

12   must decline to interfere with the proceedings or orders of state administrative agencies: (1)

13   when there are "difficult questions of state law bearing on policy problems of substantial

14   public import whose importance transcends the result in the case then at bar"; or (2) where

15   the "exercise of federal review of the question in a case and in similar cases would be

16   disruptive of state efforts to establish a coherent policy with respect to a matter of substantial

17   public concern" (id. at 361). My children have been stolen from me without due process for

18   four years by a radical and out of control California judiciary. "Timely and adequate state-

19   court review" is clearly not available to protect my constitutional, clearly established right to

20   the care, custody, and control of my children or for basic due process to pursue monetary

21   damages under NRS 125C.0075.

22      As the New Orleans case explains, there is no doctrine requiring abstention merely because

23   the resolution of a federal question may result in the overturning of a state policy (id. at 363).

24   Further, federal courts lack the authority to abstain, and in fact have a duty not to, where they

25   by law have jurisdiction (id. at 358).

26

27                              **IV. FAILURE TO STATE A CLAIM**

28

1    Warneck seeks to dismiss "Claims No. 2 through 7, 9, and 11 through 17" for failure to

2    state a claim upon which relief can be granted pursuant to FRCP 12(b)(6) (ECF 124, page 1,

3    line 25, page 2, line 5, page 3, line 18, and page 4, line 5). I note for the record that

4    Warneck's motion jumps around a lot, and I am doing my best to address the arguments.

5    Should I miss responding to any point, it is not a concession, but merely a product of the

6    disorganized motion, and the fact that once against, Randazza lacks candor with the court,

7    and has forced me to spend a tremendous amount of time reading cases which do not support

8    his positions as outlined above.

9

10    **A. The Constitutional Claims**

11    On page 4 of the Motion to Dismiss, Warneck invokes Bell Atlantic Corp. v. Twombly, 550

12    U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) and argues that I have not met the

13    minimum pleading standard for essentially two reasons:

14    1. Warneck alleges my claims sound like fraud and I did not meet the pleading

15    standard required by FRCP 9(b) (ECF 124, page 4, line 16) and;

16    2. Warneck is not a government agent and my alleged conclusory allegations are

17    insufficient to plead a conspiracy between Warneck and state actors who deprived me of

18    rights (ECF 124 pages 5 - 7).

19    First it must be said that in any claim in which I invoked federal civil rights law, I did not

20    limit the cause of action solely to 42 USC 1983. 42 USC 1985 was raised as well (ECF 86-4

21    ¶ 6, 7, 9, 11 - 16). Warneck does not argue this at all, and for this reason alone, these claims

22    must survive.

23    As to the issue of conspiracy under 42 USC 1983, Warneck only addresses the joint action

24    test (ECF 124, page 6, line 1). She cites several summary judgment cases to support her

25    position that my First Amendment Complaint is deficient: 1) Franklin v. Fox, 312 F.3d 423

26    (2002), 2) Collins v. Womancare, 878 F.2d 1145 (1989), and 3) United Steelworkers of

27    America v. Phelps Dodge Corp., 865 F.2d 1539 (1989). But we are not at the summary

28

judgment stage. We are at the pleading stage, and I simply must make a "short and plain

statement of the claim showing that the pleader is entitled to relief" FCRP 8(a)(2), Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). The assumption is that my claims are

true, and they must simply be articulated in such a way as to rise beyond mere speculation

(id. at 545). And notwithstanding Warneck's assertions, I need not plead anything other than

that each participant in the conspiracy shared the common objective of the conspiracy, i.e. the

unreasonably seizure of my children from Nevada without due process, and the subsequent

constitutional rights violations to further that end (see ECF 86 my First Amended Complaint

generally). See also Franklin v. Fox, 312 F.3d 423, 441 (2002) and United Steelworkers of

America v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (1989). Evidence obtained through

discovery will ascertain the contours of the conspiracy and whether state actors failed to

exercise independent judgment or worse (id.).

   As to Warneck's objections that my claims sound in fraud and that I failed to meet the

pleading requirements of FRCP 9(b), I contest the issue. Fraud is not an element to a civil

rights conspiracy, and to the extent that I alleged it, I believe it to be true. But it is enough to

plead that Warneck conspired with state agents to seize my children, and that she continued

to actively participate in the subsequent constitutional rights violations to further that end. I

can always plead more facts, and should this court find my facts insufficient, I would seek

leave to amend to do so. As one example of numerous facts I could honestly plead, Warneck

was involved in the planning of my false arrest. She was in Las Vegas on the day Nevada

Attorney General agents arrested me, and my children were immediately handed over to her

after they were seized. She then took them to California.

   Additionally, the facts of fraud are in Warneck's and other defendants' exclusive control

Motogolf.com, LLC v. Top Shelf Golf, LLC, 528 F.Supp.3d 1168, 1174 (2021). I remind the

court that there is a pending constitutional challenge to California Family Code 7643 (ECF

39). The Santa Clara County, CA Superior Court has refused for four years to give me access

1    to my own court file (ECF 34-2) even after I caught Warneck and her lawyer filing a different

2    version of a motion than what they served on me (ECF 34-2 pages 21 - 24).

3

4    **B. Abuse of Process**

5    As pointed out by Warneck, to support a claim for abuse of process, I must show, or at this

6    stage allege, (1) an ulterior purpose by the party abusing the process other than resolving a

7    legal dispute, and (2) a willful act in the use of the legal process not proper in the regular

8    conduct of the proceeding. Land Baron Inv. v. Bonnie Springs Family LP, 131 Nev. 686, 697

9    (2015)

10    Randazza, however, runs afoul of the Nevada Rules of Professional Conduct again, when

11    he argues that I did "not identify a single incident suggesting that Defendant Warneck was

12    using either proceeding for any purpose other than to settle her custody dispute with

13    Sternberg" (ECF 124, page 9, line 19), and when he quoted from my Abuse of Process Cause

14    of Action, but left out the phrases "…when after having relocated my children without my

15    consent and without prior permission of a court…" and "… retaining the children from me in

16    another state…" (ECF 124, page 9, line 9) and (ECF 86-4 ¶ 2). After omitting those phrases,

17    he then asserts litigation privilege and cites Rusheen v. Cohen, 37 Cal.4th 1048 (2006).

18    However as Rusheen made clear, if an independent, non-communicative, wrongful act is the

19    gravamen of the action, the litigation privilege does not apply (id. at 1065). My First

20    Amended Complaint alleges that Warneck: 1) entered into an agreement with me under false

21    pretenses, to 2) removed the children from Nevada for summer vacation, 3) that she knew I

22    would not have allowed the children out of Nevada without the agreement, 4) that she did not

23    return the children as agreed, 5) that she did not seek or get prior permission from a court

24    before unlawfully relocating the children, and 5) that she has already admitted all this in open

25    court. (ECF 86-3 ¶ 21 - 108). Abducting children and taking them across state lines is not

26    proper in the regular conduct of family court proceedings (See NRS 200.359, NRS

27    125C.0075, California Penal Code 278.5, and "A full adversarial hearing must precede, not

28

1  follow, any out-of-state move-away order, however denominated" Andrew V. v. Superior

2  Court, 234 Cal.App.4th 103, 107 (2015)). Abduction is a predicate, independent, non-

3  communicative act, a felony in Nevada, as are false statements and filings in a court to

4  prolong the abduction.

5

6  **C. Tortious Interference with Parental Rights**

7     Pursuant to Nevada Rules of Appellate Procedure 5, I request that this court present to the

8  Nevada Supreme Court for certification the question as to whether this cause of action exists

9  in Nevada. The facts in this case demonstrate that as a never married, single parent I am a

10  second class citizen with no access to a jury under state family law when private parties

11  conspire to deprive me of my fundamental right to my children.

12

13  **D. California Civil Code 49**

14     Warneck argues that the statue does not apply, because I allege that I and the children reside

15  in Nevada, and that the children were taken from Nevada, and "a tort's location is determined

16  by where the injury occurs" citing an unpublished case, Ferguson v. Horizon Lines, LLC, 602

17  Fed.Appx. 664 (2015), which in turn cites Solano v. Beilby, 761 F.2d 1369 (1985) (ECF 124,

18  page 11, line 10). The citations are discussing the two-part maritime tort test. My claims have

19  nothing to do with maritime law. Further, this is an ongoing abduction and enticement

20  occurring within the State of California. E.W. and N.W. are currently in California and this

21  cause of action is raised by them as much as it is me.

22     Warneck argues that as the mother of the children she cannot be held liable for violations of

23  California Civil Code § 49 per "long-standing precedent", and because in Rosefield v.

24  Rosefield, 221 Cal.App.2d 431, the court held that §49 applied to the grandfather, but not to

25  the father. Once again, Randazza runs afoul of the Nevada Rules of Professional Conduct.

26  The court in Rosefield did not address the claims against the father: "Although the father is a

27  defendant, and respondent again emphasizes the role of the father, the case against the father

28

1   and the defenses which he might have to it are not before us" (id at 436). The case also

2   discusses the negation of inter-spousal immunity (at 436), and explains that "A child has a

3   right of action against its parent for a willful and malicious tort" (at 437). Again, this claim

4   was raised not only for myself, but for E.W. and N.W.

5       Finally, Randazza's knack for violating the Nevada Rules of Professional Conduct is

6   illustrated by his failure to disclose to this court Surina v. Lucey, 168 Cal.App.3d 539 (1985).

7   At page 543, the court explained, "Under Civil Code section 49, however, the parent who

8   abducts or entices the child away may be liable in tort. The statute thus serves to deter child-

9   stealing by feuding parents and similar antisocial conduct." And "The Restatement Second of

10  Torts also makes it clear that a parent who has the right to the custody, control, and services

11  of a minor child may maintain an action for damages against *anyone* who unlawfully takes or

12  withholds such child."

13

14  **E. Civil Conspiracy**

15      Warneck seeks dismissal of this claim, because she argues that I did not plead facts that rise

16  above the level of the typical attorney-client relationship, that I did not meet the pleading

17  standard required by FRCP 9(b), and that this "claim appears to be premised entirely on

18  litigation conduct" and therefore litigation privilege applies (ECF 124, page 12, lines 7 - 15).

19      As discussed above, should this court require me to meet the pleading standard of FRCP

20  9(b), I would need access to my Santa Clara County, CA Superior Court file, which has been

21  denied me for years. There is a pending Motion to Dismiss raised by the California Judiciary

22  defendants. Should this court deny that motion, I intend to immediately file a Motion for and

23  Order directing the Santa Clara Superior Court to grant me access to my file. However, also

24  as discussed above, FRCP 9(b) and litigation privilege do not apply to this claim. This claim

25  encompasses four underlying state law causes of action.

26      The first underlying cause of action is violations of NRS 125C.0075, which entitle me to

27  recover reasonable attorney's fees and costs as a result of the violation. These would include

28

fees and costs born from the acts of the conspiracy, namely the over $200,000 in legal fees I have incurred, as well as the multiple money judgements levied against me without due process in the California court.

As to the attorney/client relationship, felony kidnapping is not a normal scope of employment for an attorney (see, for example, California Evidence Code 956 and Nevada 49.115), and as already discussed above, the kidnapping is the predicate act here, which is why there is no litigation privilege and my claims for abuse of process and California Civil Code 49 must also survive.

### V. SPECIAL MOTION TO DISMISS PURSUANT TO NRS 41.660

Warneck seeks to invoke Nevada 41.660 to dismiss my claims for abuse of process and conspiracy (ECF 124, page 12, line18). She and Randazza again falsely claim that I have sued her "for statements that she allegedly made in litigation…" As already discussed above, there is the non-communicative predicate act of the felony abduction of my children, to which she has already admitted, does not the deny the admission in her motion, and which preceded her false statements in court to prolong that abduction. This is not a SLAPP suit.

If the court determines that my Abuse of Process claim is a SLAPP cause of action, then I invoke the protections of NRS 41.660(4). The information necessary for me to meet or oppose the burden pursuant to paragraph(b) of subsection 3 is in the possession of other parties in this case and third parties. As discusses above, and cited to in this record, I have had no access to my own court file in the Santa Clara County, CA Superior court for four years, and I have caught Warneck and her attorney, Tristan Aeschleman, filing different versions of motions than what they served on me. I need discovery in order to compare four years of filings that have been served on me with the actual court record. I also need discovery to obtain Warneck's and Aeschleman's communications with law enforcement, and to explore other statements she has allegedly made in good faith.

1

**VI. CONCLUSION**

2

 For the reasons stated above, the court should deny Warneck's motion to dismiss in its

3

entirety and order her to answer the First Amended Complaint. The court should consider sua

4

sponte addressing Randazza's professional misconduct pursuant to LR IA 11-8. To the extent

5

that this court finds I have not plead sufficient facts for any particular cause of action, I seek

6

leave to amend. I have no shortage of facts in this case, and can honestly plead more to

7

correct any deficiencies.

8

 //

9

//

10

 Dated:  March 26, 2024            By: *Michael Sternberg*

11

                                      Michael C. Sternberg
                                      Plaintiff, Self Represented

12

13

14

15

16

                 **CERTIFICATE OF SERVICE**

17

 I hereby certify that on March 26, 2024, I electronically filed the foregoing document with

18

the Clerk of the Court using CM/ECF.

19

20

21

22

23

24

25

26

27

28