UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL C. STERNBERG, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>SHELLEY WARNECK, et al.,<br><br>    Defendants | Case No.: 2:23-cv-01466-APG-EJY<br><br>**Order Granting Defendant Brenot's Motion to Dismiss**<br><br>[ECF No. 120] |

Plaintiff Michael Sternberg sues seventy-five individuals and entities regarding events arising out of a custody dispute with the mother of his children, defendant Shelley Warneck. In this order, I address the motion to dismiss filed by one of his former attorneys in the California custody case, Michelle Brenot. Brenot moves to dismiss, arguing that this court lacks personal jurisdiction over her. She also contends that she is not a state actor, so Sternberg cannot state a claim against her under 42 U.S.C. § 1983.

Sternberg responds that he does not have any information about whether general jurisdiction exists in this court over Brenot. As for specific jurisdiction, he argues that he alleged that Brenot remotely appeared in a Nevada court proceeding and announced on the record during that proceeding that she represented him when he did not consent to that representation. He contends that he also has alleged she did nothing to prevent a California judge and a California attorney from violating his rights and she did not report those individuals for those violations. He asserts that as a result of Brenot's actions, he was harmed in Nevada. As to her argument that he cannot bring a § 1983 claim against her because she is not a state actor, he argues that he adequately pleaded that she conspired with state actors, and he contends that is all that is he

required to plead. He contends that he is also suing her under 42 U.S.C. § 1985, which does not require her to be a state actor to be liable.

Brenot replies that the first amended complaint (FAC) does not allege that she appeared in a Nevada courtroom. Rather, it alleges she attended the jurisdictional conference in a California court. She also contends that the FAC did not put her on notice that Sternberg was asserting a claim against her under § 1985.

The parties are familiar with the FAC's allegations, so I repeat them here only as necessary to resolve the motion to dismiss. I grant the motion to dismiss because this court lacks personal jurisdiction over Brenot.

# I. ANALYSIS

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). If the motion to dismiss is based on written materials rather than an evidentiary hearing, I must determine whether the plaintiff's "pleadings and affidavits make a prima facie showing of personal jurisdiction." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quotation omitted). In deciding whether the plaintiff has met his burden, I must accept as true the complaint's uncontroverted allegations. *Id.*

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co.*, 453 F.3d at 1154. Nevada's long-arm statute permits the exercise of jurisdiction on any basis consistent with federal due process. Nev. Rev. Stat. § 14.065(1). Due process requires that to exercise personal jurisdiction over a defendant, the defendant must "have

certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quotation omitted). Personal jurisdiction over a defendant may be based on general or specific jurisdiction. *Id.*

### A. General Personal Jurisdiction

If a court has general jurisdiction over a defendant, then the plaintiff may bring any claim he has against that defendant regardless of whether the claim relates to the defendant's activities in the forum state. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). "Because the assertion of judicial authority over a defendant is much broader in the case of general jurisdiction than specific jurisdiction, a plaintiff invoking general jurisdiction must meet an exacting standard for the minimum contacts required." *Ranza*, 793 F.3d at 1069 (quotation omitted). "A court may assert general jurisdiction over defendants when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotation omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Although these are not necessarily the only means for a defendant to be subject to general jurisdiction, the defendant's contacts with the forum must be "so substantial and of such a nature as to justify suit on causes of action arising from dealings entirely distinct from those activities." *Id.* at 137-38 (simplified).

Brenot argues there is no general jurisdiction over her in Nevada because Sternberg has not alleged facts showing she had continuous and systematic contacts with Nevada such that she may be deemed to be present here. She has provided a declaration in which she states that she

3

has always been a California resident, she pays taxes only in California, is licensed only in California, and does not advertise for business anywhere except California. ECF No. 127. Sternberg does not refute these statements or suggest that he has any grounds to do so. To the contrary, he lists Brenot at a California address. ECF No. 86-2 at 2. Consequently, there is no basis to exercise general jurisdiction over Brenot.

### B. Specific Personal Jurisdiction

The Ninth Circuit has established a three-prong test for analyzing a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (quotation omitted). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* If he succeeds, then the defendant must "present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (quotation omitted).

Under the first prong, "to be subject to specific jurisdiction the defendant must purposefully direct its activities toward the forum state, purposefully avail itself of the privileges of conducting activities there, or engage in some combination thereof." *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1088 (9th Cir. 2023) (quotation omitted). When the claims at issue are torts and the defendant's conduct "primarily occurs outside the forum state, [I] generally apply the purposeful direction test and look to whether the defendant expressly aimed

acts at the forum state knowing that they would harm the plaintiff there." *Id.* To purposefully direct conduct at the forum state, "the defendant must have allegedly (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162-63 (9th Cir. 2023) (quotation omitted). The defendant's act may be directed at Nevada "even if it occurred elsewhere." *Id.* at 1163. In contrast, a defendant purposefully avails herself of the forum state when she "purposefully avails [herself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws, and in return submits to the burdens of litigation in the State." *Id.* (simplified). Because Sternberg's claims are torts and Brenot's alleged conduct took place in California, the purposeful direction test is more applicable, but I consider both tests.

In analyzing specific jurisdiction, I "focus[] on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (simplified). That "relationship must arise out of contacts that the defendant himself creates with the forum State." *Id.* at 284 (simplified). It cannot be based on the "random, fortuitous, or attenuated contacts" the defendant "makes by interacting with other persons affiliated with the State," or on the plaintiff's "unilateral activity." *Id.* at 286 (simplified). The "defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284. Thus, the "analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 285.

According to the FAC, Sternberg retained Brenot to represent him in the California custody case in 2012. ECF No. 86-3 at 1. Sternberg alleges that he believed that case was dismissed in 2013. *Id.* at 2. When Warneck's attorney advised Sternberg that Warneck was

resurrecting the case, Sternberg filed a custody suit in Nevada. *Id.* at 3. Warneck defended the Nevada case in part by claiming that the California court had exclusive continuing jurisdiction based on the 2012 case. *Id.* at 3-4. The Nevada court thus decided to hold a jurisdictional conference with the California court to determine which court would exercise jurisdiction over the custody dispute. *Id.* at 4. According to the FAC, "Brenot attended the jurisdictional conference in . . . Santa Clara County, CA." *Id.* Sternberg alleges that Brenot did not have his consent to represent him. *Id.* Based on these facts, Sternberg alleges that "Brenot knowingly assisted [the California judge] in violating [his] rights" by appearing on his behalf without his consent, by doing "nothing to try to stop" the California judge and Warneck's California attorney, and by "fail[ing] to report them." ECF No. 86-4 at 3.

Sternberg has not alleged facts supporting a prima facie case that Brenot purposefully directed her actions at Nevada or purposefully availed herself of Nevada's benefits and protections. First, he has no allegations that she purposefully availed herself of Nevada, and her declaration refutes that she has. Entering into a contract with a forum resident like Sternberg is insufficient to constitute purposeful availment under these circumstances. The contractual relationship was centered in California because Sternberg hired Brenot to represent him in a California case. There is no allegation Brenot sought Sternberg out in Nevada, benefitted from his Nevada residence, or represented him in Nevada. Communications with him about his California case or billing him for that representation do not suffice. *See Davis*, 71 F.4th at 1163.

As for purposeful direction, the FAC alleges that Brenot purported to represent Sternberg in a California courtroom when she did not have his permission to do so, that she aided a California judge and attorney in violating Sternberg's rights by doing nothing to stop them, and then did not report them. Looking at Brenot's alleged contacts with Nevada, and not merely her

contacts with Sternberg who resides in Nevada, her appearance at one hearing in a California courtroom during which she allegedly did nothing to stop a California judge and California attorney from violating Sternberg's rights does not create a substantial connection with Nevada. The FAC does not identify to whom Brenot should have reported the judge and attorney, but because they are a California judge and attorney, any report would presumably be to some authority in California, not Nevada. Brenot's contacts with Nevada are too insubstantial to support personal jurisdiction.

### C. Jurisdictional Discovery

Sternberg requests jurisdictional discovery if I am inclined to grant the motion to dismiss. However, he offers no basis for suspecting that amendment or jurisdictional discovery would change the outcome. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (stating that a plaintiff seeking jurisdictional discovery must provide some basis to believe that discovery will lead to relevant evidence). I therefore deny the request for jurisdictional discovery. I dismiss Sternberg's claims against Brenot for lack of personal jurisdiction and without prejudice to him pursuing his claims in California or some other appropriate forum.

## II. CONCLUSION

I THEREFORE ORDER that defendant Michelle Brenot's motion to dismiss **(ECF No. 120) is GRANTED**. Plaintiff Michael Sternberg's claims against defendant Michelle Brenot are dismissed for lack personal jurisdiction.

DATED this 3rd day of July, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE