UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL C. STERNBERG, et al.,<br><br>　　Plaintiffs<br><br>v.<br><br>SHELLEY WARNECK, et al.,<br><br>　　Defendants | Case No.: 2:23-cv-01466-APG-EJY<br><br>**Order Granting Policastri Defendants' Motion to Dismiss**<br><br>[ECF No. 131] |

  Plaintiff Michael Sternberg sues seventy-five individuals and entities regarding events arising out of a custody dispute with the mother of his children, defendant Shelley Warneck. In this order, I address the motion to dismiss filed by one of his former attorneys in the California custody case, Gina Policastri, and her law firm, Lonich Patton Ehrlich Policastri, PC (collectively, Policastri Defendants). The Policastri Defendants move to dismiss all Sternberg's claims against them, arguing that this court lacks personal jurisdiction over them. They also contend that the first amended complaint (FAC) fails to state a claim against them for various reasons.

  Sternberg responds that he does not have any information about whether general jurisdiction exists. As for specific jurisdiction, he argues that these defendants entered into a contract with him to represent him in relation "to the abduction of [his] children from Nevada" and he is a Nevada citizen. ECF No. 139 at 2. He contends they took tens of thousands of dollars from him in Nevada without his informed consent to conduct "discovery that they knew had no chance of success;" they lied to him; they conspired with California judge Cindy Hendrickson; and they filed a lawsuit in which they falsely asserted that he signed his contract with them in California when they knew he signed it in Nevada. *Id.* He also asserts that if need be, he can

allege additional facts, including that they hired a Las Vegas process server to serve the lawsuit on him. He also responds to their arguments regarding failure to state a claim.

The parties are familiar with the FAC's allegations, so I repeat them here only as necessary to resolve the motion to dismiss. I grant the motion to dismiss because this court lacks personal jurisdiction over the Policastri Defendants.

**I. ANALYSIS**

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). If the motion to dismiss is based on written materials rather than an evidentiary hearing, I must determine whether the plaintiff's "pleadings and affidavits make a prima facie showing of personal jurisdiction." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quotation omitted). In deciding whether the plaintiff has met his burden, I must accept as true the complaint's uncontroverted allegations. *Id.*

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co.*, 453 F.3d at 1154. Nevada's long-arm statute permits the exercise of jurisdiction on any basis consistent with federal due process. Nev. Rev. Stat. § 14.065(1). Due process requires that to exercise personal jurisdiction over a defendant, the defendant must "have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quotation omitted). Personal jurisdiction over a defendant may be based on general or specific jurisdiction. *Id.*

### A. General Personal Jurisdiction

If a court has general jurisdiction over a defendant, then the plaintiff may bring any claim he or she has against that defendant regardless of whether the claim relates to the defendant's activities in the forum state. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). "Because the assertion of judicial authority over a defendant is much broader in the case of general jurisdiction than specific jurisdiction, a plaintiff invoking general jurisdiction must meet an exacting standard for the minimum contacts required." *Ranza*, 793 F.3d at 1069 (quotation omitted). A court may assert general jurisdiction over defendants "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotation omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Although these are not necessarily the only means for a defendant to be subject to general jurisdiction, the defendant's contacts with the forum must be "so substantial and of such a nature as to justify suit on causes of action arising from dealings entirely distinct from those activities." *Id.* at 137-38 (simplified).

The Policastri Defendants argue that Sternberg has not alleged facts showing they had continuous and systematic contacts with Nevada such that they may be deemed to be present in Nevada. Sternberg does not refute this argument or suggest that he has any grounds to do so. To the contrary, he identifies Policastri as a lawyer he hired to represent him in the California case and lists the Policastri Defendants at a California address. ECF Nos. 86-2 at 2; 86-3 at 8. Consequently, there is no basis to exercise general jurisdiction over the Policastri Defendants.

/ / / /

### B. Specific Personal Jurisdiction

The Ninth Circuit has established a three-prong test for analyzing a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (quotation omitted). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* If he succeeds, then the defendant must "present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (quotation omitted).

Under the first prong, "to be subject to specific jurisdiction the defendant must purposefully direct its activities toward the forum state, purposefully avail itself of the privileges of conducting activities there, or engage in some combination thereof." *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1088 (9th Cir. 2023) (quotation omitted). When the claims at issue are torts and the defendant's conduct "primarily occurs outside the forum state, [I] generally apply the purposeful direction test and look to whether the defendant expressly aimed acts at the forum state knowing that they would harm the plaintiff there." *Id.* To purposefully direct conduct at the forum state, "the defendant must have allegedly (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162-63 (9th Cir. 2023) (quotation omitted). The defendant's act may be directed at

Nevada "even if it occurred elsewhere." *Id.* at 1163.  In contrast, a defendant purposefully avails herself of the forum state when she "purposefully avails [herself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws, and in return submits to the burdens of litigation in the State." *Id.* (simplified).  Because Sternberg's claims are torts and the Policastri Defendants' alleged conduct took place in California, the purposeful direction test is more applicable, but I consider both tests.

In analyzing specific jurisdiction, I "focus[] on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (simplified).  That "relationship must arise out of contacts that the defendant himself creates with the forum State." *Id.* at 284 (simplified).  It cannot be based on the "random, fortuitous, or attenuated contacts" the defendant "makes by interacting with other persons affiliated with the State," or on the plaintiff's "unilateral activity." *Id.* at 286 (simplified).  The "defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284.  Thus, the "analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 285.

According to the FAC, Sternberg retained Policastri in 2020 to represent him in the California custody case. ECF No. 86-3 at 8.  Sternberg alleges that in June 2020, he "sent Policastri into a hearing with Judge Hendrickson without [him]," but with a stipulation to continue the trial. *Id.*  He alleges that Judge Hendrickson "ambushed the attorneys by stating that if they did not go forward with the trial, she would seize [Sternberg's] children for another entire school year." *Id.*  Judge Hendrickson advised the parties that it was up to Sternberg whether he wanted to withdraw his request for a continuance. *Id.*  According to the FAC, Judge Hendrickson, Policastri, and Warneck's attorney "conspired to alter [the] stipulation to continue

the trial" without notice to Sternberg and without his consent. *Id*. He alleges that Policastri "lied" to him about "the nature of the hearing, and that she had objected to the alteration of [the] stipulation." *Id*. He fired Policastri about a month later. *Id*.

Based on these facts, Sternberg asserts against Policastri claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Nevada and California Constitutions. ECF No. 86-4 at 5. He asserts that the Policastri Defendants "conspired" with Judge Hendrickson, Warneck, and Warneck's attorney when "they did not object to Hendrickson's conduct, acted upon her orders," and "failed to report her" for violating the California Code of Judicial Ethics. *Id*. Sternberg also asserts a legal malpractice claim against the Policastri Defendants. *Id*. at 6. For this claim, he alleges that without his "informed consent and direction," they "spent tens of thousands of dollars on discovery that they knew, or should have known, had no chance of success." *Id*. He again alleges that Policastri "stood by, failed [to] object, and conspired with" Judge Hendrickson and failed to report Judge Hendrickson. *Id*. Finally, he alleges that the Policastri Defendants filed "a fraudulent lawsuit against [him] in Santa Clara County Superior Court, in which they falsely alleged that [he] had executed [his] contract with them in Santa Clara County, CA, when they knew, I executed it Las Vegas, NV." *Id*.

Sternberg has not alleged facts supporting a prima facie case that the Policastri Defendants purposefully directed their actions at Nevada or purposefully availed themselves of Nevada's privileges and protections. Entering into a contract with a forum resident is insufficient to constitute purposeful availment under these circumstances. The contractual relationship was centered in California because Sternberg hired the Policastri Defendants to represent him in a California case. There is no allegation they sought him out in Nevada, benefitted from his Nevada residence, or represented him in Nevada. Communications with him

6

about his California case or billing him for that representation do not suffice. *See Davis*, 71 F.4th at 1163.

As for purposeful direction, the FAC alleges that the Policastri Defendants represented Sternberg in a California custody case, conspired with a California judge and attorney, failed to report the misconduct, and then lied to him about what happened at the California hearing. Looking at the Policastri Defendants' alleged contacts with Nevada, and not merely their contacts with Sternberg who resides in Nevada, their actions in a California case in which they either allegedly conspired with or failed to stop a California judge and California attorney from violating Sternberg's rights does not create a substantial connection with Nevada. The FAC does not identify to whom the Policastri Defendants should have reported the judge and attorney, but because they are a California judge and attorney, presumably any report would have been to some authority in California, not Nevada. Finally, the Policastri Defendants filing a lawsuit against Sternberg in California does not create a contact with Nevada, nor does the fact that they allegedly made a misrepresentation in that lawsuit. In sum, the Policastri Defendants' contacts with Nevada are too insubstantial to support personal jurisdiction.

**C. Jurisdictional Discovery**

Sternberg requests jurisdictional discovery if I am inclined to grant the motion to dismiss. However, Sternberg offers no basis for suspecting that amendment or jurisdictional discovery would change the outcome. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (stating that a plaintiff seeking jurisdictional discovery must provide some basis to believe that discovery will lead to relevant evidence). I therefore deny jurisdictional discovery.

/ / / /

/ / / /

7

### D. Amendment

Sternberg requests leave to amend to allege facts supporting personal jurisdiction. He states that he could plead the additional fact that in relation to the California lawsuit the Policastri Defendants filed against him, they hired a process server to serve Sternberg in Nevada. "A single forum state contact can support jurisdiction if the cause of action arises out of that particular purposeful contact of the defendant with the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006) (en banc) (simplified). However, Sternberg's claims do not arise out of the service of process. He does not allege the service of process was itself tortious or done in a tortious manner. Because Sternberg does not identify any other facts that he could allege to support personal jurisdiction, I dismiss his claims against the Policastri Defendants for lack of personal jurisdiction and without prejudice to him pursuing his claims in California or some other appropriate forum.

## II. CONCLUSION

I THEREFORE ORDER that defendants Gina Policastri and Lonich Patton Ehrlich Policastri, PC's motion to dismiss **(ECF No. 131) is GRANTED**. Plaintiff Michael Sternberg's claims against Gina Policastri and Lonich Patton Ehrlich Policastri, PC are dismissed for lack personal jurisdiction.

DATED this 3rd day of July, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE