1

2

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

3

MICHAEL STERNBERG, et al.,

4

Plaintiffs

5

v.

6

SHELLEY WARNECK, et al.,

7

Defendants

Case No.: 2:23-cv-01466-APG-EJY

**Order Granting California Judicial Branch Defendants' Motion to Dismiss**

[ECF No. 96]

8    Plaintiff Michael Sternberg sues 75 individuals and entities regarding events arising out

9  of a custody dispute with the mother of his children, defendant Shelley Warneck.  In this order, I

10  address the motion to dismiss filed by the Supreme Court of California; the California Court of

11  Appeal, Sixth Appellate District; the Superior Court of California, County of Santa Clara; and

12  seven judges who sit on those courts: Patricia Guerrero; Mary Greenwood; Beth McGowen;

13  Brooke Blecher; Roberta Hayashi; Cindy Hendrickson; and Thomas Kuhnle (collectively, the

14  California Judicial Branch Defendants).  The California Judicial Branch Defendants argue this

15  court lacks personal jurisdiction over them, each of them is entitled to judicial immunity, and the

16  Eleventh Amendment bars claims against them in federal court.  Sternberg opposes.

17    The parties are familiar with the first amended complaint's (FAC) allegations, so I repeat

18  them here only as necessary to resolve the motion to dismiss.  I grant the motion because this

19  court lacks personal jurisdiction over these defendants.

20  **I.  ANALYSIS**

21    "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears

22  the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach*

23  *Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  If the motion to dismiss is based on written

materials rather than an evidentiary hearing, I must determine whether the plaintiff's "pleadings

and affidavits make a prima facie showing of personal jurisdiction." *Schwarzenegger v. Fred*

*Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quotation omitted).  In deciding whether

the plaintiff has met his burden, I must accept as true the complaint's uncontroverted allegations.

*Id.*

      "The general rule is that personal jurisdiction over a defendant is proper if it is permitted

by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process."

*Pebble Beach Co.*, 453 F.3d at 1154.  Nevada's long-arm statute permits the exercise of

jurisdiction on any basis consistent with federal due process. Nev. Rev. Stat. § 14.065(1).  Due

process requires that to exercise personal jurisdiction over a defendant, the defendant must "have

certain minimum contacts with the forum state such that the maintenance of the suit does not

offend traditional notions of fair play and substantial justice." *Ranza v. Nike, Inc.*, 793 F.3d 1059,

1068 (9th Cir. 2015) (quotation omitted).  Personal jurisdiction over a defendant may be based

on general or specific jurisdiction. *Id.*

### A.  General Personal Jurisdiction

      If a court has general jurisdiction over a defendant, then the plaintiff may bring any claim

he or she has against that defendant regardless of whether the claim relates to the defendant's

activities in the forum state. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358

(2021).  "Because the assertion of judicial authority over a defendant is much broader in the case

of general jurisdiction than specific jurisdiction, a plaintiff invoking general jurisdiction must

meet an exacting standard for the minimum contacts required." *Ranza*, 793 F.3d at 1069

(quotation omitted).  A court may assert general jurisdiction over defendants when their

"affiliations with the State are so continuous and systematic as to render them essentially at

1  home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919

2  (2011) (quotation omitted).  "For an individual, the paradigm forum for the exercise of general

3  jurisdiction is the individual's domicile." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  An

4  entity is similarly subject to general jurisdiction based on "an equivalent place" where the entity

5  "is fairly regarded as at home." *Id.* (quotation omitted).  Although these are not necessarily the

6  only means for a defendant to be subject to general jurisdiction, the defendant's contacts with the

7  forum must be "so substantial and of such a nature as to justify suit on causes of action arising

8  from dealings entirely distinct from those activities." *Id.* at 137-38 (simplified).

9        The California Judicial Branch Defendants argue there is no general jurisdiction over

10  them because Sternberg has not alleged facts showing they had continuous and systematic

11  contacts with Nevada such that they may be deemed to be at home in Nevada.  They assert that

12  they reside in and are judicial officers of California or are judicial arms of California, and the

13  acts about which Sternberg complains involve their actions taken in a family court case that

14  Warneck filed in California.

15        Sternberg responds that there is general jurisdiction because the California judiciary has

16  continuous and systematic contacts with Nevada due to their participation in enforcing two

17  uniform Acts that both California and Nevada have enacted.  First, he asserts that because the

18  judges relied on the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) to

19  assert jurisdiction over the children, the judges have continuous contacts with other states,

20  including Nevada, that have enacted that uniform act.  He also contends that he was arrested in

21  Nevada under authority of the Uniform Criminal Extradition Act (UCEA), so the California

22  judiciary has continuous and systematic contacts with Nevada by virtue of the mutual agreement

23  between states to enforce that uniform act.

1    The California Judicial Branch Defendants are alleged to be California residents or

2 entities, taking actions in California litigation, and there are no allegations that they have

3 continuous and systematic contacts with Nevada such that they are essentially at home in this

4 state. ECF Nos. 86 through 86-4.  The California courts are at home in California.  The

5 California judges are domiciled in California. *See* ECF No. 86-2 at 2 (listing these defendants at

6 various California addresses).  The judges' participation in proceedings under the two uniform

7 acts does not make them essentially at home in each of the states that enacted similar uniform

8 acts.  By Sternberg's own allegations, the judges preside in California cases, not Nevada cases.

9 Presiding over California cases that involve non-California litigants and coordinating with other

10 state courts regarding jurisdiction do not make the judges essentially at home in those other

11 states.  Consequently, there is no basis to exercise general jurisdiction over any of the California

12 Judicial Branch Defendants.

13        **B. Specific Personal Jurisdiction**

14        The Ninth Circuit has established a three-prong test for analyzing a claim of specific

15 personal jurisdiction:

16        (1) The non-resident defendant must purposefully direct his activities or
        consummate some transaction with the forum or resident thereof; or perform
17        some act by which he purposefully avails himself of the privilege of conducting
        activities in the forum, thereby invoking the benefits and protections of its laws;
18        (2) the claim must be one which arises out of or relates to the defendant's forum-
        related activities; and
19        (3) the exercise of jurisdiction must comport with fair play and substantial justice,
        *i.e.* it must be reasonable.

20

21 *Schwarzenegger*, 374 F.3d at 802 (quotation omitted).  "The plaintiff bears the burden of

22 satisfying the first two prongs of the test." *Id.*  If he succeeds, then the defendant must "present a

23

compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (quotation omitted).

Under the first prong, "to be subject to specific jurisdiction the defendant must purposefully direct its activities toward the forum state, purposefully avail itself of the privileges of conducting activities there, or engage in some combination thereof." *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1088 (9th Cir. 2023) (quotation omitted).  When the claims at issue are torts and the defendant's conduct "primarily occurs outside the forum state, [I] generally apply the purposeful direction test and look to whether the defendant expressly aimed acts at the forum state knowing that they would harm the plaintiff there." *Id.*  To purposefully direct conduct at the forum state, "the defendant must have allegedly (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162-63 (9th Cir. 2023) (quotation omitted).  The defendant's act may be directed at Nevada "even if it occurred elsewhere." *Id.* at 1163.  In contrast, a defendant purposefully avails herself of the forum state when she "purposefully avails [herself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws, and in return submits to the burdens of litigation in the State." *Id.* (simplified).  Because Sternberg's claims are torts and these defendants' alleged conduct took place in California, the purposeful direction test is more applicable, but I consider both tests.

In analyzing specific jurisdiction, I "focus[] on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (simplified).  That "relationship must arise out of contacts that the defendant himself creates with the forum State." *Id.* at 284 (simplified).  It cannot be based on the "random, fortuitous, or attenuated contacts" the

defendant "makes by interacting with other persons affiliated with the State," or on the plaintiff's "unilateral activity." *Id.* at 286 (simplified).  The "defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284.  Thus, the "analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 285.

The California Judicial Branch Defendants contend they are not subject to specific personal jurisdiction because the FAC does not allege that they purposefully directed any activity at Nevada, and Sternberg's claims arise out of actions they took (or failed to take) in California. They contend that they have no forum-related conduct, so this court's exercise of personal jurisdiction over them would be unreasonable.

Sternberg responds that he has sufficiently alleged contacts with Nevada because he lives here, his children were twice removed from the state due to a conspiracy between the California Judicial Branch Defendants and Warneck, and defendant Hayashi "actively obstructed justice in a NEVADA courtroom." ECF No. 118 at 7 (emphasis omitted).  Sternberg contends that Hayashi participated in a hearing that took place in the Nevada lawsuit that Sternberg filed against Warneck, during which the two courts sought to determine which one should exercise jurisdiction under the UCCJEA.  He states that if I dismiss these defendants, then he would have nowhere else to sue them but in federal court in California, which would unduly burden both him and his rights related to his children.

### 1.  California Courts, Guerrero, Greenwood, and McGowen

Sternberg has not alleged facts supporting a prima facie case that the Supreme Court of California; the California Court of Appeal, Sixth Appellate District; the Superior Court of California, County of Santa Clara; Patricia Guerrero; Mary Greenwood; or Beth McGowen

1   purposefully directed their actions at Nevada or purposefully availed themselves of Nevada's

2   privileges and protections.  Regarding the courts, Sternberg has not alleged any facts that the

3   judicial entities have done so.  Regarding the judges, Sternberg's statement of facts does not

4   mention Guerrero, Greenwood, and McGowen. ECF No. 86-3.  He mentions Greenwood and

5   McGowen (but not Guerrero) in his list of causes of action. ECF No. 86-4 at 17-19.  There, he

6   alleges that Greenwood and McGowen were aware of judicial misconduct but did nothing to stop

7   it, did not report the misconduct under the California Code of Judicial Ethics, and did not follow

8   court rules to address his complaints against other judges. *Id.* at 17-19.  But Greenwood and

9   McGowen's alleged failure to act in California to address alleged misconduct by California

10  judges that took place in California does not create any contacts with Nevada, much less the kind

11  of substantial connection required for this court to exercise specific jurisdiction over them.  The

12  fact that a Nevada resident is complaining about the alleged misconduct does not suffice to show

13  Greenwood and McGowen expressly aimed their acts or omissions at Nevada or purposefully

14  availed themselves of the State.  Consequently, there is no basis to exercise specific jurisdiction

15  over the California courts, Guerrero, Greenwood, and McGowen, so I grant their motion to

16  dismiss.

17              2. Blecher, Hendrickson, and Kuhnle

18          The FAC identifies Blecher, Hendrickson, and Kuhnle as judges with the Santa Clara

19  Superior Court in California. ECF No. 86-2 at 1-2.  Each of these judges made rulings at some

20  point during the California custody dispute case. ECF Nos. 86-3 at 8-9, 11-14, 16; 86-4 at 5-9,

21  17, 19, 22.  These defendants' rulings as California judges in a California case involving a

22  litigant that happens to live in Nevada are not contacts that these defendants created with

23  Nevada.  Sternberg thus has not plausibly alleged that any of these defendants expressly aimed

7

1 their conduct at Nevada or otherwise created a substantial connection with the State.  Even

2 assuming without deciding that an alleged co-conspirator's forum-related contacts could be

3 attributed to these defendants, "[t]he cases are unanimous that a bare allegation of a conspiracy

4 between the defendant and a person within the personal jurisdiction of the court is not enough."

5 *Chirila v. Conforte*, 47 F. App'x 838, 842-43 (9th Cir. 2002) (quotation omitted); *see also*

6 *Underwager v. Channel 9 Australia*, 69 F.3d 361, 364 (9th Cir. 1995) (affirming dismissal for

7 lack of personal jurisdiction because the plaintiff had "allege[d] no facts to even suggest a

8 conspiracy").  Sternberg's conclusory allegations that these defendants conspired with attorneys,

9 each other, or Warneck are insufficient to state a prima facie case that the defendants

10 purposefully directed their actions at Nevada or purposefully availed themselves of Nevada. *See*

11 ECF Nos. 86-3 at 8; 86-4 at 5-9, 17, 19.  Moreover, there are no allegations that these defendants

12 had any involvement in Warneck's initial removal of the children from Nevada.  Sternberg's

13 unilateral decision to retain the children in Nevada after Kuhnle ordered him to return the

14 children to California does not create a contact between Kuhnle and Nevada. ECF No. 86-3 at

15 14-15.  Sternberg could have moved the children to any state and still have been subject to

16 Kuhnle's return order.  Sternberg therefore has not made a prima facie showing of personal

17 jurisdiction over Blecher, Hendrickson, or Kuhnle.

18       Even if I had personal jurisdiction over these defendants, all claims against them would

19 be barred by absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

20 Sternberg does not plausibly allege that these judges acted "in the complete absence of all

21 jurisdiction," and all their alleged acts were judicial in nature, so Sternberg cannot overcome

22 these defendants' judicial immunity. *See id.*  To the extent absolute judicial immunity does not

23 apply to declaratory relief, I would decline, in my discretion, to entertain a suit for declaratory

1 relief in these circumstances.  Sternberg's challenges to determinations made in state family

2 court proceedings would needlessly entangle this court in state law issues in an area that is

3 traditionally left to the states. *See Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 151 (2001)

4 (describing family law as an "area[] of traditional state regulation").  Additionally, it appears

5 Sternberg is forum shopping after receiving undesirable results in the state proceedings, which

6 should be discouraged. *See Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998).  I

7 therefore grant Blecher, Hendrickson, and Kuhnle's motion to dismiss.

8                         3.  Hayashi

9       Sternberg alleges that Hayashi participated in a jurisdictional conference with the Nevada

10 court to determine which court would exercise jurisdiction over the custody dispute. ECF No.

11 86-3 at 3-4.  He alleges that during that conference, Hayashi admitted to having read *ex parte*

12 declarations submitted to her by Warneck and Warneck's attorney, Tristan Aeschleman. *Id.* at 4.

13 According to the FAC, Hayashi "aggressively advocated" for Warneck during the jurisdictional

14 conference based on these declarations and denied Sternberg's request for an opportunity to

15 respond. *Id.*  The Nevada judge allegedly acquiesced to Hayashi's "aggressive demeanor" and

16 ceded jurisdiction to the Santa Clara County court, even though Sternberg, Warneck, and the

17 children did not live there. *Id.*

18       The FAC alleges that Hayashi thereafter "conspired" with Aeschelman and Sternberg's

19 own attorney "to change the track of [the custody] case from a brief focused assessment and a

20 jurisdictional analysis to a full blow[n] custody evaluation" without notice to Sternberg and

21 without his consent. *Id.* at 6-7.  He also alleges that Hayashi, Aeschelman, and Sternberg's

22 lawyer took various actions in the custody litigation without notice to him and without his

23

1  consent. *Id.* at 7.  Hayashi thereafter ruled against Sternberg several times. *Id.* at 9-10.  Hayashi

2  also allegedly twice denied Sternberg's motions to disqualify her. *Id.* at 11.

3       Although these allegations are more substantial than those against the other judges,

4  Sternberg has not plausibly alleged a prima facie case of specific personal jurisdiction over

5  Hayashi in Nevada.  The FAC states that after Sternberg brought the Nevada custody lawsuit, the

6  Nevada court initiated the jurisdictional conference that Hayashi participated in due to the need

7  to determine which court would preside over the custody dispute. *See* ECF No. 86-3 at 4 (stating

8  that the Nevada judge "decided to hold a jurisdictional conference with the Santa Clara County,

9  CA court").  Hayashi thus did not direct her conduct at Nevada.  Rather, her contact with Nevada

10  was merely fortuitous because a litigant in a California case over which Hayashi presided lived

11  in Nevada and wanted the custody case to proceed there instead of in California.  Additionally,

12  Hayashi's participation in a single jurisdictional conference is too attenuated to support personal

13  jurisdiction.  Hayashi could not have reasonably expected to be haled into court in Nevada

14  merely by participating in such a conference. *See World-Wide Volkswagen Corp. v. Woodson*,

15  444 U.S. 286, 297 (1980) (stating that the critical inquiry is whether "the defendant's conduct

16  and connection with the forum State are such that he should reasonably anticipate being haled

17  into court there").  The remainder of Hayashi's actions while she presided over the custody case

18  took place in California.  Her rulings in a California child custody dispute in which one of the

19  litigants happens to reside in Nevada do not create substantial connections with Nevada

20  sufficient to support personal jurisdiction here.  Additionally, Sternberg's conclusory allegations

21  that Hayashi conspired with Warneck, Aeschelman, and Sternberg's own attorneys do not suffice

22  to establish personal jurisdiction either.  I therefore dismiss Sternberg's claims against Hayashi

23  for lack of personal jurisdiction.

Even if I had personal jurisdiction over Hayashi, all claims against her would be barred by absolute judicial immunity. *See Mireles*, 502 U.S. at 11-12.  As with the other judges, Sternberg does not plausibly allege that Hayashi acted in the complete absence of all jurisdiction, and all her alleged acts were judicial in nature, so Sternberg cannot overcome Hayashi's absolute judicial immunity with his allegations.  To the extent absolute judicial immunity does not apply to declaratory relief, I would decline to entertain a suit for declaratory relief in these circumstances for the same reasons discussed above.  I therefore grant Hayashi's motion to dismiss.

### C.  Jurisdictional Discovery

Sternberg requests jurisdictional discovery if I am inclined to grant the motion to dismiss. However, Sternberg offers no basis for suspecting that jurisdictional discovery would change the outcome. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (stating that a plaintiff seeking jurisdictional discovery must provide some basis to believe that discovery will lead to relevant evidence).  I therefore deny the request to conduct jurisdictional discovery.  I dismiss Sternberg's claims against the California Judicial Branch Defendants for lack of personal jurisdiction and without prejudice to him pursuing his claims in California or some other appropriate forum.  Although Sternberg contends that it would be burdensome for him to sue these defendants in California, the burden on a plaintiff to litigate elsewhere is not a factor I consider in determining whether I have personal jurisdiction over a defendant. *Walden*, 571 U.S. at 284 ("Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties.").

/ / / /

/ / / /

## II.  CONCLUSION

I THEREFORE ORDER that the California Judicial Branch Defendants' motion to dismiss **(ECF No. 96) is GRANTED**.  The following defendants are dismissed for lack of personal jurisdiction, without prejudice to Sternberg suing them in another appropriate forum:

The Supreme Court of California;

The California Court of Appeal, Sixth Appellate District;

The Superior Court of California, County of Santa Clara;

Patricia Guerrero;

Mary Greenwood;

Beth McGowen;

Brooke Blecher;

Cindy Hendrickson;

Thomas Kuhnle; and

Roberta Hayashi.

DATED this 3rd day of July, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE