UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL C. STERNBERG, | Case No. 2:23-cv-01466-APG-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| SHELLEY WARNECK, et al., | |
| Defendants. | |

Pending before the Court is Defendants Attorney General Aaron Ford, William Scott, Gina Lovero, Dave Monroe, Brent Foster, Christine Jones, Brady Ulloa, and Daniel Ulloa's Motion to Strike Notices of Nevada State Bar Professional Misconduct Complaints against Aaron Ford and Christine Brady (the "Motion to Strike").[1]  ECF No. 218.  The Court has considered the Motion to Strike, Plaintiff Michael Sternberg's ("Plaintiff'") Opposition (ECF No. 242), and the Nevada Defendants' Reply (ECF No. 245).[2]  Also pending is Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 247).

**I.    Summary of Arguments**

The Nevada Defendants argue the Notices Plaintiff submitted to the State Bar, which he filed with the Court (ECF No. 213 and 214), were filed in violation of the Court's Order staying all proceedings except motions to dismiss and filings relevant to such motions.  ECF No. 218 at 3.[3]  These Defendants further argue that the Notices are immaterial to the case at bar, as well as impertinent and scandalous, because Plaintiff's allegations are groundless and harassing.  *Id*. at 4-5.  Finally, the Nevada Defendants contend the allegations in the Notices are for the State Bar of Nevada to rule upon and do not give rise to any claim the Court can resolve.  ECF Nos. 218 at 5, 245 at 5.

---

[1]    Aaron Ford, William Scott, Gina Lovero, Dave Monroe, Brent Foster, Christine Jones, Brady Ulloa, and Daniel Ulloa are most frequently referred to herein as the "Nevada Defendants."
[2]    A Joinder to the Motion to Strike was filed by certain California Defendants (ECF No. 246) who were subsequently dismissed from this dispute.  ECF No. 251.  Thus, the Joinder is moot.
[3]    The Court's review of the docket shows the stay entered by the Court has not been lifted.

1

Plaintiff responds that under the Canon 3(B)(6) of the Code of Conduct for United States Judges ("Judicial Canon 3(B)(6)") "the [C]ourt has an obligation to deal with professional misconduct." ECF No. 242 at 2. In a motion seeking leave to file a sur-reply (ECF No. 247), Plaintiff attaches letters from the State Bar of Nevada in which Assistant Bar Counsel states the issues raised in Plaintiff's grievances against Mr. Ford and Ms. Brady are more appropriately decided by the Court. ECF No. 247-1 at 3-4.

## II.   Discussion

Rule 12(f) of the Federal Rules of Civil Procedure states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Further, "[t]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) (internal citation omitted), *rev'd on other grounds by Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Id. quoting* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706-07 (1990). "'Impertinent' matter consists of statements that do not pertain and are not necessary to the issues in question." *Id. quoting id*. at 711 (commas removed). "Scandalous matters include allegations that cast a cruelly derogatory light on a party or other person." *In re 2TheMart.com, Inc. Securities Litigation*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000) (internal citation and quote marks omitted).

Here, even if Plaintiff's Notices regarding Mr. Ford and Ms. Brady did not technically violate the stay imposed on the Court, the Court finds the Notices lack reliable information supporting the likelihood that either of these Defendants violated Nevada Rules of Professional Conduct. *See* ECF Nos. 213, 214. Said slightly differently, a review of Plaintiff's Notices shows they raise broad brush allegations unsupported by reliable evidence such that the Court cannot conclude either lawyer

violated his or her professional conduct obligations. Therefore, these Notices do not require the Court take action under Judicial Canon 3(B)(6).[4]

The Court also reviewed Plaintiff's Amended Complaint (ECF No. 86) that attaches a 23 page Statement of Claims. ECF No. 86-4. Claims against Mr. Ford and Ms. Brady appear on pages 12 and 13 of that Statement. Mr. Ford and Ms. Brady have joined in a Motion to Dismiss (ECF No. 198) arguing (1) Plaintiffs' 42 U.S.C. § 1985 claim fails because Plaintiffs are neither injured federal officers nor alleging invidious discriminatory animus; (2) E.W. and N.W. are not proper plaintiffs because they lack a court-appointed representative and legal counsel; and (3) the Court may not award punitive damages to Plaintiffs under their federal law claims. ECF No. 209. Because the Motion to Dismiss remains pending, Mr. Ford and Ms. Brady have not otherwise responded to Plaintiff's Amended Complaint.

Nonetheless, the broad allegations in the complaints filed with the State Bar of Nevada appear somewhat related to the allegations on pages 12 and 13 of Plaintiff's Amended Complaint. *Compare* ECF No. 86 at 12-13 *with* ECF No. 213 and 214. However, the State Bar complaints offer vague information providing no meaningful insight or usefulness beyond what is already presented in Plaintiff's Amended Complaint. For this reason, the Court finds the Notices immaterial to Plaintiff's claims for relief. The information in the Notices is also not necessary to the issues presented to the Court in Plaintiff's Amended Complaint. The Court therefore finds the Notices are impertinent. While allegations presented in the Notices may not be sufficient to qualify as scandalous, the language of Fed. R. Civ. P. 12(f) is disjunctive. As such, the Court is not required to find all three bases enumerated in Rule 12(f) are met before granting a motion to strike.

Federal Rule of Civil procedure 12(f) provides the Court with broad discretion in deciding whether to strike allegations in a filing. *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). Under the circumstances presented here, the Court exercises that broad discretion and grants the Nevada Defendants' Motion to Strike.

---

[4] Judicial Canon 3(B)(6) states: "A judge should take appropriate action upon receipt of reliable information indicating the likelihood that a judge's conduct contravened this Code, that a judicial employee's conduct contravened the Code of Conduct for Judicial Employees, or that a lawyer violated applicable rules of professional conduct."

**III.     Order**

IT IS HEREBY ORDERED that Defendants Attorney General Aaron Ford, William Scott, Gina Lovero, Dave Monroe, Brent Foster, Christine Jones, Brady Ulloa, and Daniel Ulloa's Motion to Strike Notices of Nevada State Bar Professional Misconduct Complaints against Aaron Ford and Christine Brady (ECF No. 218) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 247) is GRANTED.

Dated this 11th day of July, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE