UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL C. STERNBERG, et al., | Case No.: 2:23-cv-01466-APG-EJY |
| Plaintiffs | **Order (1) Granting Santa Clara County Defendants' Motion to Dismiss and (2) Referring Objection to Magistrate Judge** |
| v. | |
| SHELLEY WARNECK, et al., | [ECF Nos. 73, 147] |
| Defendants | |

    Plaintiff Michael Sternberg sues 75 individuals and entities regarding events arising out of a custody dispute with the mother of his children, defendant Shelley Warneck. In this order, I address the motion to dismiss filed by defendants County of Santa Clara, Erica Doerr, Russell Davis, Brett Moore, Jeff Rosen, Jay Boyarsky, Tracy Tefertiller, Maria Gershenovich, and Rob Imobersteg (collectively, Santa Clara County Defendants). The Santa Clara County Defendants argue that this court lacks personal jurisdiction over them and that the first amended complaint (FAC) fails to state a claim against them. Finally, they argue that Sternberg cannot represent his children in this case. Sternberg responds that the defendants are subject to personal jurisdiction and that he has plausibly alleged his claims. He also contends that he should be permitted to represent his children pro se. I also address in this order defendant Rosen's objection to Magistrate Judge Youchah's order directing Rosen to pay Sternberg's service costs.

    The parties are familiar with the FAC's allegations, so I repeat them here only as necessary to resolve the motion to dismiss. I grant the motion to dismiss because this court lacks personal jurisdiction over the Santa Clara County Defendants. I refer Rosen's objection to Magistrate Judge Youchah's order back to Judge Youchah for consideration in light of changed circumstances since she entered her order awarding service costs.

## I. MOTION TO DISMISS (ECF No. 147)

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). If the motion to dismiss is based on written materials rather than an evidentiary hearing, I must determine whether the plaintiff's "pleadings and affidavits make a prima facie showing of personal jurisdiction." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quotation omitted). In deciding whether the plaintiff has met his burden, I must accept as true the complaint's uncontroverted allegations. *Id.*

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co.*, 453 F.3d at 1154. Nevada's long-arm statute permits the exercise of jurisdiction on any basis consistent with federal due process. Nev. Rev. Stat. § 14.065(1). Due process requires that to exercise of personal jurisdiction over a defendant, the defendant must "have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quotation omitted). Personal jurisdiction over a defendant may be based on general or specific jurisdiction. *Id.*

### A. General Personal Jurisdiction

If a court has general jurisdiction over a defendant, then the plaintiff may bring any claim he or she has against that defendant regardless of whether the claim relates to the defendant's activities in the forum state. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). "Because the assertion of judicial authority over a defendant is much broader in the case

of general jurisdiction than specific jurisdiction, a plaintiff invoking general jurisdiction must meet an exacting standard for the minimum contacts required." *Ranza*, 793 F.3d at 1069 (quotation omitted). A court may assert general jurisdiction over defendants when their "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotation omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Although these are not necessarily the only means for a defendant to be subject to general jurisdiction, the defendant's contacts with the forum must be "so substantial and of such a nature as to justify suit on causes of action arising from dealings entirely distinct from those activities." *Id.* at 137-38 (simplified).

Sternberg has not alleged facts showing the Santa Clara County Defendants had continuous and systematic contacts with Nevada such that they may be deemed to be at home in Nevada. To the contrary, his amended complaint identifies each of these defendants at a California address. ECF No. 86-2 at 2-4. Sternberg's reliance on the defendants' potential participation in an interstate compact enforcement does not suffice. Those activities would not render a California county, California prosecutors and an investigator, or California sheriff employees essentially at home in Nevada. Consequently, there is no basis to exercise general jurisdiction over the Santa Clara County Defendants.

**B. Specific Personal Jurisdiction**

The Ninth Circuit has established a three-prong test for analyzing a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform

3

> some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (quotation omitted). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* If he succeeds, then the defendant must "present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (quotation omitted).

Under the first prong, "to be subject to specific jurisdiction the defendant must purposefully direct its activities toward the forum state, purposefully avail itself of the privileges of conducting activities there, or engage in some combination thereof." *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1088 (9th Cir. 2023) (quotation omitted). When the claims at issue are torts and the defendant's conduct "primarily occurs outside the forum state, [I] generally apply the purposeful direction test and look to whether the defendant expressly aimed acts at the forum state knowing that they would harm the plaintiff there." *Id.* To purposefully direct conduct at the forum state, "the defendant must have allegedly (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162-63 (9th Cir. 2023) (quotation omitted). The defendant's act may be directed at Nevada "even if it occurred elsewhere." *Id.* at 1163. In contrast, a defendant purposefully avails herself of the forum state when she "purposefully avails [herself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws, and in return submits to the burdens of litigation in the State." *Id.* (simplified). Because Sternberg's

claims are torts and the Santa Clara County Defendants' alleged conduct took place in California, the purposeful direction test is more applicable, but I consider both tests.

In analyzing specific jurisdiction, I "focus[] on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (simplified).  That "relationship must arise out of contacts that the defendant himself creates with the forum State." *Id.* at 284 (simplified).  It cannot be based on the "random, fortuitous, or attenuated contacts" the defendant "makes by interacting with other persons affiliated with the State," or on the plaintiff's "unilateral activity." *Id.* at 286 (simplified).  The "defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284.  Thus, the "analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 285.

### 1.  Rosen, Boyarsky, Tefertiller, Gershenovich, and Imobersteg

Rosen is the Santa Clara County district attorney. ECF Nos. 86-2 at 4; 86-3 at 10. Boyarsky, Tefertiller, and Gershenovich are identified as Santa Clara County attorneys in Rosen's office. ECF No. 86-2 at 4.  Imobersteg is identified as an investigator at the same address as the district attorney. *Id.*

According to the amended complaint, in April 2021, Sternberg mailed Rosen a complaint about Warneck and her attorney's "frauds upon the Santa Clara County Superior Court." ECF No. 86-3 at 10.  Sternberg informed Rosen that a chief assistant district attorney from El Dorado County opined that these were crimes within Rosen's jurisdiction in Santa Clara County. *Id.* at 5, 10.  Sternberg requested that Rosen coordinate with the El Dorado County district attorney because the children were in El Dorado County. *Id.* at 10.  Rosen did not respond. *Id.*

     According to the FAC, Rosen and his subordinates (presumably Boyarsky, Tefertiller, Gershenovich, and Imobersteg) "actively participated in Rich Horn's sham investigation by sending [Horn] cherry pick[ed] information to use despite knowing [Horn's] intentions and that [Sternberg's] rights were being violated in the Santa Clara County Superior Court." ECF No. 86-4 at 10. Rich Horn is an investigator with the El Dorado County District Attorney's Office who investigated Sternberg for abducting the children in 2021. ECF No. 86-3 at 4, 13. Horn's report was cited in an affidavit for a warrant for Sternberg's arrest prepared by an El Dorado County deputy district attorney. *Id.* at 14-15. Sternberg was subsequently arrested, and the children were seized in Nevada. *Id.* at 15. Rosen allegedly conspired with Warneck, Warneck's attorney, Horn, and others to violate Sternberg's rights, and "assisted in the investigation by reporting facts, which [Rosen] knew to be false." ECF No. 86-4 at 10.

     Additionally, Rosen, Boyarsky, Tefertiller, Gershenovich, and Imobersteg allegedly "ignored, and refused to investigate the constitutional rights violations reported to them by email and/or through this lawsuit." *Id.* at 21. Sternberg alleges these defendants had the power to prevent others' misconduct but refused to do so, including refusing to investigate or report Judge Hendrickson for her alleged acts in depriving Sternberg of his constitutional rights. *Id.* at 21-22. Finally, he asserts that they failed to comply with California Rule of Professional Conduct 3.8 because they knew he was wrongly convicted of a crime due to their misconduct. *Id.* at 22.

     a. Inaction

     Sternberg has not alleged facts supporting a prima facie case that these defendants purposefully directed their actions at Nevada or purposefully availed themselves of the privilege of conducting activities within Nevada. He alleges that these defendants did not respond to his

complaint or emails, investigate his claims, or act against Judge Hendrickson, who is a California judge. These are allegations of inactions in California.

Likewise, Sternberg's assertion that these defendants failed to comply with their professional responsibilities under California Rules of Professional Conduct does not show purposeful direction or purposeful availment. Under Rule 3.8(f), "[w]hen a prosecutor knows of new, credible and material evidence creating a reasonable likelihood that a convicted defendant did not commit an offense of which the defendant was convicted, the prosecutor shall . . . promptly disclose that evidence to an appropriate court or authority." (internal footnotes omitted). Sternberg identifies Imobersteg as an investigator, not an attorney to whom Rule 3.8 would apply. Cal. R. Prof. Conduct 1.0 (stating that the rules "are intended to regulate the professional conduct of lawyers"). As for Rosen, Boyarsky, Tefertiller, and Gershenovich, their alleged violation of a California rule by not reporting anything to the California authority that prosecuted Sternberg[1] is not purposefully directed at Nevada, nor does it constitute purposeful availment of the privileges of conducting activities within Nevada. The only connection to Nevada is that Sternberg happens to live there. That is insufficient to create a contact between the defendants and Nevada, as opposed to a contact with a Nevada resident. Therefore, these defendants' alleged inactions in California do not suffice to create contacts with Nevada.

### b. Sending Information to Horn

The only affirmative conduct Sternberg alleges these defendants took is that they purportedly cherry-picked information to send to Horn knowing Horn's intentions and knowing that Sternberg's rights were being violated in the Santa Clara County Superior Court. The

---

[1] Sternberg entered a nolo contendere plea deal to resolve charges brought against him in the El Dorado Superior Court in California. *See* ECF No. 86-3 at 17-18.

amended complaint is not entirely clear about what Horn's intention was. However, a reasonable inference from the FAC's allegations is that the defendants knew Horn intended to investigate Sternberg for child abduction and not reveal in his investigative reports the extensive contacts Sternberg had with Horn or the evidence that Sternberg provided Horn. Sternberg also alleges Rosen conspired with others to violate Sternberg's rights and assisted Horn's investigation by reporting facts Rosen knew to be false.

These acts do not create contacts with Nevada. Rather, Sternberg alleges these Californian defendants sent cherry-picked and/or false information to an investigator in El Dorado County, California. I therefore grant the motion to dismiss Rosen, Boyarsky, Tefertiller, Gershenovich, and Imobersteg for lack of personal jurisdiction.

### 3.  Doerr, Davis, and Moore

Doerr, Davis, and Moore are identified as Santa Clara Sheriff's Office employees. ECF No. 86-2 at 3. None of them is mentioned in the amended complaint's statement of facts. ECF No. 86-3. They are mentioned in the list of Sternberg's claims, which alleges that Doerr, Davis, and Moore "refused to allow [Sternberg] to make a report about crimes occurring in the Santa Clara County Superior Court, which [Sternberg] informed them were harming [his] federally protected rights in Nevada." ECF No. 86-4 at 20.

Sternberg has not alleged facts supporting a prima facie case that Doerr, Davis, or Moore purposefully directed their actions at Nevada or purposefully availed themselves of the privilege of conducting activities within Nevada. The sum of this allegation is that they did not allow Sternberg to make a report in California about crimes occurring in California. The only connection to Nevada is that Sternberg happens to live there. That is insufficient to create a

contact between these defendants and Nevada, as opposed to a contact with a Nevada resident. I therefore grant the motion to dismiss Doerr, Davis, and Moore for lack of personal jurisdiction.

### 4. County of Santa Clara

The amended complaint names the County of Santa Clara as a defendant in a claim for entity liability under 42 U.S.C. § 1983 and § 1985. ECF No. 86-4 at 21. Because there is no personal jurisdiction over the County employees, there also is no personal jurisdiction over the County, which acts through its employees. I therefore grant the motion to dismiss the County of Santa Clara for lack of personal jurisdiction.

### C. Amendment and Jurisdictional Discovery

Sternberg offers no basis to believe that amendment or jurisdictional discovery would change the outcome as to personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (stating that a plaintiff seeking jurisdictional discovery must provide some basis to believe that discovery will lead to relevant evidence). I therefore grant the motion to dismiss without leave to amend or to conduct jurisdictional discovery, but without prejudice to Sternberg pursuing his claims against these defendants in a proper forum.

## II. OBJECTION (ECF No. 73)

Sternberg moved for an order requiring Rosen to pay service costs because Rosen did not waive service as requested. ECF No. 33. Rosen had not appeared and did not respond to Sternberg's motion, so Magistrate Judge Youchah granted the motion but reduced some of the service costs Sternberg requested. ECF No. 58. She also ordered Sternberg to send a copy of her order to Rosen. *Id.* at 2. Rosen thereafter appeared in the case by filing a motion to dismiss and objecting to Judge Youchah's order. ECF Nos. 72; 73. Rosen argued, among other things, that he was not properly served and he did not receive the waiver request. ECF No. 73. The next day,

Judge Youchah stayed her order requiring Rosen to pay costs because "there is serious question as to whether waiver of service was properly attempted. There is also a question of whether the Court can exercise jurisdiction over Mr. Rosen—an issue not raised and, therefore, not before the Court at the time Plaintiff's motion seeking costs was considered." ECF No. 74. Judge Youchah thus stayed her order until I decided the motion to dismiss. *Id.*

Now that I have decided the motion to dismiss, I grant Rosen's objection in that I refer the matter of costs back to Judge Youchah for consideration in light of the changed circumstances after she entered her initial order awarding costs. I note that Sternberg has not yet had an opportunity to respond to Rosen's objection because Judge Youchah immediately stayed her order. Consequently, if Sternberg wants to respond to the arguments Rosen raises in his objection (ECF No. 73), Sternberg must do so by August 1, 2024.

## III.  CONCLUSION

I THEREFORE ORDER that defendants County of Santa Clara, Erica Doerr, Russell Davis, Brett Moore, Jeff Rosen, Jay Boyarsky, Tracy Tefertiller, Maria Gershenovich, and Rob Imobersteg's motion to dismiss **(ECF No. 147) is GRANTED**. Plaintiff Michael Sternberg's claims against the County of Santa Clara, Erica Doerr, Russell Davis, Brett Moore, Jeff Rosen, Jay Boyarsky, Tracy Tefertiller, Maria Gershenovich, and Rob Imobersteg are dismissed for lack personal jurisdiction.

I FURTHER ORDER that defendant Jeff Rosen's objection **(ECF No. 73) is GRANTED** in that I refer the matter of Sternberg's motion for an award of costs (ECF No. 58) and Rosen's objection (ECF No. 73) back to Magistrate Judge Youchah.

/ / / /

/ / / /

I FURTHER ORDER that plaintiff Michael Sternberg may file a response to Rosen's objection (ECF No. 73) by August 1, 2024.

DATED this 18th day of July, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE