UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL C. STERNBERG, et al.,<br><br>　　　Plaintiffs<br><br>v.<br><br>SHELLEY WARNECK, et al.,<br><br>　　　Defendants | Case No.: 2:23-cv-01466-APG-EJY<br><br>**Order (1) Granting in Part Goodman's Joinder and (2) Setting Briefing Schedule**<br><br>[ECF No. 154] |

Plaintiff Michael Sternberg sues 75 individuals and entities regarding events arising out of a custody dispute with the mother of his children, defendant Shelley Warneck. In this order, I address defendant Eric Goodman's joinder to the motion to dismiss filed by the California Judicial Branch Defendants. ECF No. 154 (joining ECF No. 96). Sternberg sues Goodman in his individual capacity for money damages, and in his individual and official capacities for declaratory relief. Goodman joins the California Judicial Branch Defendants' arguments that he is entitled to judicial immunity and Eleventh Amendment immunity because he is a Las Vegas Justice Court judge who Sternberg "appeared in front of as part of [Sternberg's] arrest on a fugitive warrant out of California. *Id.* at 2. Sternberg did not specifically respond to Goodman's joinder. However, in response to the California Judicial Branch Defendants' motion to dismiss, Sternberg argued that judicial and Eleventh Amendment immunity do not apply to declaratory relief, which he has requested. He also contends that he can seek damages against judges who acted in a non-judicial capacity or acted in the clear absence of jurisdiction.

The parties are familiar with the first amended complaint's (FAC) allegations, so I repeat them here only as necessary to resolve the joinder. I grant Goodman's joinder and dismiss Sternberg's claims for money damages against Goodman because they are barred by absolute

judicial immunity. However, I order additional briefing on whether Sternberg's claims for declaratory relief against Goodman can proceed because the issue has not been adequately addressed.

## I. ANALYSIS

Judges are entitled to absolute immunity from liability when they perform "judicial acts." *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Judicial acts include those that are "normally performed by a judge" where, "to the expectations of the parties, . . . they dealt with the judge in his judicial capacity." *Id.* at 362. Judicial immunity attaches even if a judge's act involves grave procedural errors, exceeds the judge's authority, or is erroneous. *Id.* at 356, 359; *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Issuing court orders is a quintessential judicial function. *See Stump*, 435 U.S. at 362 (finding that a judge's issuance of an order was a judicial act and "the type of act normally performed only by judges"). Only judicial actions taken "in the clear absence of all jurisdiction," meaning a clear lack of all subject matter jurisdiction, will not be protected by absolute immunity. *Id.* at 356-57 (simplified); *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1389 (9th Cir. 1987).

The FAC alleges that Goodman violated Sternberg's rights "by running a so-called fugitive court," and by refusing to grant Sternberg bail. ECF No. 86-4 at 14-15. Presiding over a court action and deciding whether to grant bail are judicial acts. And Sternberg does not allege any facts to suggest that Goodman acted in the complete absence of jurisdiction. Goodman therefore is entitled to judicial immunity for Sternberg's claims against him in his individual capacity for money damages. I dismiss these claims with prejudice because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave

where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

Sternberg also requests a declaration that Goodman "violated [Sternberg's] constitutional rights when he treated [Sternberg] differently than other arrestees by refusing to grant bail, and by attempting to coerce [Sternberg] . . . into the false choice of waiving extradition or being imprisoned for months as a Habeas Corpus petition crawled through the county district court." ECF No. 86 at 5. The California Judicial Branch Defendants argued that the Eleventh Amendment bars equitable claims, like declaratory relief, against state officials sued in their official capacities. ECF No. 96 at 13-14. But neither the California Judicial Branch Defendants nor Goodman specifically address whether Sternberg can pursue declaratory relief against a state judge in his individual capacity. Sternberg asserts that absolute judicial immunity does not extend to declaratory relief, and the Eleventh Amendment is not "relevant" to his claim against the judges in their individual capacities, so he is not barred from bringing this claim for declaratory relief. ECF No. 118 at 6.

It appears that Sternberg cannot pursue his declaratory relief claim against Goodman in either his official or individual capacity because even if judicial immunity does not apply, the Eleventh Amendment does not permit retrospective declaratory relief against state officials sued in either their official or individual capacities where there is no continuing threat of harm. *See Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021) ("The Eleventh Amendment does not permit retrospective declaratory relief."); *Adams v. State of Or.*, 884 F.2d 582, 1989 WL 102037, at *2 (9th Cir. Aug. 28, 1989) ("[D]eclaratory relief against state officials sued in their individual capacities is not appropriate if no evidence was presented of a continued violation of appellants' procedural due process rights." (citing *Green v. Mansour*, 474 U.S. 64, 71-72 (1985)). Goodman

is a state official[1] sued in his individual and official capacities for a declaration that is retrospective in nature and not based on a continuing violation because Sternberg seeks a declaration that Goodman violated Sternberg's rights when making bail decisions in 2021. *See Lund*, 5 F.4th at 970 (explaining that "relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity . . . is barred [by the Eleventh Amendment] even when the state official is the named defendant, while relief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment" (quotation omitted)).

However, because Goodman has not argued that Sternberg is barred from suing Goodman for declaratory relief in his individual capacity, Sternberg has not had an opportunity to respond. I therefore will allow Sternberg to file a brief to address whether the Eleventh Amendment bars his declaratory relief claim against Goodman in his individual capacity, to which Goodman may file a reply.

## II. CONCLUSION

I THEREFORE ORDER that defendant Eric Goodman's joinder to the California Judicial Branch Defendants' motion to dismiss **(ECF No. 154) is GRANTED in part**. Plaintiff Michael Sternberg's claims against defendant Eric Goodman for money damages are dismissed with prejudice.

I FURTHER ORDER that by August 5, 2024, plaintiff Michael Steinberg may file a brief addressing only the issue of whether the Eleventh Amendment bars his declaratory relief claim

---

[1] *See* Nev. Rev. Stat. 1.010(4) (identifying justice courts as courts for the State of Nevada); *id.* § 1.053 (providing that the Supreme Court of Nevada may employ persons needed to staff "the Judicial Department of the State Government").

4

against defendant Eric Goodman in his individual capacity. Defendant Eric Goodman may file a reply by August 12, 2024.

DATED this 22nd day of July, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

5