UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL C. STERNBERG, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>SHELLEY WARNECK, et al.,<br><br>    Defendants | Case No.: 2:23-cv-01466-APG-EJY<br><br>**Order Granting in Part Clark County, Steven Wolfson, and Caroline Morales's Joinder**<br><br>[ECF No. 153] |

Plaintiff Michael Sternberg sues 75 individuals and entities regarding events arising out of a custody dispute with the mother of his children, defendant Shelley Warneck. In this order, I address defendants Clark County, Steven Wolfson, and Caroline Morales's joinder to the motion to dismiss filed by the Santa Clara County Defendants. ECF No. 153 (joining ECF No. 147). Wolfson and Morales join the Santa Clara County Defendants' argument that they are entitled to prosecutorial immunity because Wolfson is the Clark County district attorney and Morales is the deputy district attorney who filed a criminal complaint against Sternberg. Sternberg did not specifically respond to this joinder. However, in response to the Santa Clara County Defendants' motion to dismiss, Sternberg argued that prosecutorial immunity does not apply to declaratory relief. He also argues that "[p]rosecutorial immunity is only for what occurs in the course of the judicial process." ECF No. 162 at 9. He contends that the prosecutors could have taken actions other than charging him or assisting another jurisdiction in charging him based on a "fake arrest warrant." *Id.* at 8.

The parties are familiar with the first amended complaint's (FAC) allegations, so I repeat them here only as necessary to resolve the joinder. I grant the joinder in part, as set forth in this order.

# I. ANALYSIS

Prosecutors are absolutely immune against suits under 42 U.S.C. § 1983 that are based on the "performance of prosecutorial functions, even if the acts in question were committed in bad faith." *Patterson v. Van Arsdel*, 883 F.3d 826, 829-30 (9th Cir. 2018). To determine whether immunity applies, I look to the function being performed, not who performed it. *Id.* at 830. Acts of advocacy are immunized, while administrative or "police-type investigative acts" are not. *Id.* (quotation omitted). The official asserting absolute immunity bears the burden of showing that "immunity is essential for the function in question." *Id.*

### A. Morales

Sternberg alleges that in October 2021, Morales "filed a sworn criminal complaint against [him] in Las Vegas Justice Court falsely alleging that [he] had been duly and regularly charged in California and that [he] fled from justice from the State of California . . . ." ECF No. 86-3 at 15-16 (quotation marks omitted). According to the first amended complaint (FAC), this was false because California was not alleging that he fled from justice. *Id.* at 16. Sternberg also alleges that Morales "did not disclose to the court the State of Nevada's knowledge that the warrant for [his] arrest had been obtained by fraud." *Id.* Sternberg alleges Morales violated his rights to due process, freedom from unreasonable search and seizure, and equal protection when she executed a criminal complaint under penalty of perjury containing facts she knew or should have known were false. ECF No. 86-4 at 15. He also alleges that she witnessed Judge Eric Goodman violate Sternberg's rights, participated in the deprivation, and then did not report Goodman under the Nevada Rules of Professional Conduct. *Id.*

I grant Morales' joinder in part. She is entitled to prosecutorial immunity for her alleged actions and inactions while appearing in court before Judge Goodman. Her acts of advocacy, or

alleged failure to intervene on Sternberg's behalf during a court hearing, are entitled to prosecutorial immunity. *Patterson*, 883 F.3d at 830.  Likewise, her decision to pursue a criminal complaint against Sternberg is protected. *Id.*

However, I deny the joinder in part because Morales has not addressed certain allegations and related law, and it is her burden to show that immunity applies.  A "prosecutor is not entitled to absolute immunity for personally attesting to the truth of the facts in a certification for determination of probable cause under penalty of perjury." *Mishler v. Clift*, 191 F.3d 998, 1008 (9th Cir. 1999) (citing *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997)).  Under *Kalina*, prosecutorial immunity does not apply where the prosecutor acts as a witness personally attesting to the truth of facts in an affidavit supporting a criminal complaint where the relevant state law does not require a prosecutor to make the sworn statement.[1] 522 U.S. at 129-30.  Under a functional approach, prosecutorial immunity does not apply in this instance because the prosecutor "performed an act that any competent witness might have performed." *Id.*  Taking the FAC's allegations and all reasonable inferences in Sternberg's favor, I deny Morales's joinder because Sternberg alleges that she filed a declaration supporting his arrest under penalty of perjury in which she attested to a particular false fact, i.e., that he fled from justice in California.  I am not ruling that Morales is not entitled to immunity.  Instead, I rule only that Morales's

---

[1] *See also Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 844-45 (9th Cir. 2016) (holding prosecutorial immunity did not apply to prosecutor's declaration in support of an application for a subpoena duces tecum because her declaration "state[d] particular facts under penalty of perjury, making her more akin to a witness than a prosecutor in this function"); *Cruz v. Kauai Cnty.*, 279 F.3d 1064, 1067 (9th Cir. 2002) (holding that a prosecutor was "not entitled to absolute prosecutorial immunity for his conduct in swearing to facts in support of the bail revocation motion").  *But see Mishler*, 191 F.3d at 1008-09 (holding prosecutorial immunity applied where a Nevada Board of Medical Examiner member did not personally attest to facts but instead signed the document initiating charges on information and belief "as part of the actual disciplinary complaint" rather than in the document used to establish probable cause).

3

joinder did not meet her burden of showing she is entitled to it when viewing Sternberg's allegations in the light most favorable to him. Additionally, Morales has not explained how her failure to report a judge under the rules of professional conduct is protected by prosecutorial immunity. I therefore deny these portions of Morales's joinder.

### B. Wolfson

Sternberg alleges that in December 2022, he delivered a complaint to Wolfson's office detailing Morales's "filing of false sworn documents with the court, and also crimes committed against [Sternberg] by Nevada Attorney General Agents." ECF No. 86-3 at 18. He requested Wolfson investigate and advised that he had evidence to hand over. *Id.* No one responded to his complaint. *Id.* A few months later, Sternberg emailed Wolfson's office to follow up on his complaint, but he again received no response. *Id.* Sternberg also alleges that Wolfson violated his rights by refusing to investigate the Nevada Attorney General defendants and impeded the reporting and prosecution of those crimes. ECF No. 86-4 at 13. According to Sternberg, Wolfson also conspired with Warner and others to falsely arrest Sternberg based on fraudulent information. *Id.* However, the decision whether to initiate charges is protected by absolute prosecutorial immunity, so I dismiss these allegations against Wolfson. *Patterson*, 883 F.3d at 830.

Sternberg next alleges that Clark County and Wolfson have a pattern and practice of not following Nevada's Criminal Extradition Act and instead following a different procedure that deprives individuals of their rights to counsel, bail, due process, equal protection, and a speedy trial. ECF No. 86 at 4-5. He alleges they imprison individuals under color of the Extradition Act and "bully them into the false choice of waiving extradition or sitting imprisoned for months while a Habeas Corpus proceeding drags through the county district court." *Id.* at 5. To the

extent Sternberg seeks damages for these allegations, they relate to advocacy during the judicial phase of the proceedings, so I dismiss the allegations as protected by prosecutorial immunity. *See Patterson*, 883 F.3d at 830 ("To qualify as advocacy, an act must be intimately associated with the judicial phase of the criminal process."). However, Wolfson and Clark County have not addressed Sternberg's argument that prosecutorial immunity does not apply to declaratory relief, and Sternberg seeks declarations related to these allegations. ECF No. 86 at 4-5. Sternberg's requests for declaratory relief related to these allegations therefore remain pending.

Finally, Sternberg contends that Wolfson violated his equal protection rights when Wolfson failed to report Morales under the Nevada Rules of Professional Conduct for filing false documents, and impeded Sternberg from instigating an investigation into these crimes. *Id.* at 15. Wolfson does not explain how these alleged actions are protected by prosecutorial immunity, so he has not met his burden of showing immunity applies to these functions. Accordingly, I deny the joinder to dismiss these allegations on the ground of prosecutorial immunity. I am not ruling that Wolfson does not have immunity, only that he has not met his burden of showing that he does.

### C. Clark County

The FAC alleges that Clark County violated Sternberg's rights through a pattern and practice of deliberate indifference by actively impeding him from reporting crimes. ECF No. 86-4 at 21. The joinder does not address this allegation against the County. This allegation therefore remains pending.

/ / / /

/ / / /

/ / / /

## II.  CONCLUSION

I THEREFORE ORDER that defendants Clark County, Steven Wolfson, and Caroline Morales's joinder **(ECF No. 153) is GRANTED in part** as set forth in this order.

DATED this 23rd day of July, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE