**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL C. STERNBERG, et al., | Case No.: 2:23-cv-01466-APG-EJY |
| Plaintiffs | **Order Granting City of South Lake Tahoe's Motion to Dismiss** |
| v. | [ECF No. 198] |
| SHELLEY WARNECK, et al., | |
| Defendants | |

Plaintiff Michael Sternberg sues 75 individuals and entities regarding events arising out of a custody dispute with the mother of his children, defendant Shelley Warneck. In this order, I address the motion to dismiss filed by the City of South Lake Tahoe (CSLT). CSLT moves to dismiss all Sternberg's claims against it, arguing that this court lacks personal jurisdiction over it. It also contends that the first amended complaint (FAC) fails to state a claim against it for various reasons.

Sternberg responds that as a city on the border with Nevada that cooperates with Nevada under various cross-state pacts, CSLT has substantial contacts with Nevada sufficient to subject it to general jurisdiction here. As for specific jurisdiction, he argues that CSLT engaged in a pattern and practice of deliberate indifference to Sternberg and his children's rights. He contends that CSLT provided "safe harbor" to Warneck after Warneck abducted the children from Nevada. ECF No. 226 at 4. He also contends that a fraudulent warrant was "issued out of" CSLT. *Id.*

The parties are familiar with the FAC's allegations, so I repeat them here only as necessary to resolve the motion to dismiss. I grant the motion to dismiss because this court lacks personal jurisdiction over CSLT.

# I. ANALYSIS

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). If the motion to dismiss is based on written materials rather than an evidentiary hearing, I must determine whether the plaintiff's "pleadings and affidavits make a prima facie showing of personal jurisdiction." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quotation omitted). In deciding whether the plaintiff has met his burden, I must accept as true the complaint's uncontroverted allegations. *Id.*

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co.*, 453 F.3d at 1154. Nevada's long-arm statute permits the exercise of jurisdiction on any basis consistent with federal due process. Nev. Rev. Stat. § 14.065(1). Due process requires that to exercise personal jurisdiction over a defendant, the defendant must "have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quotation omitted). Personal jurisdiction over a defendant may be based on general or specific jurisdiction. *Id.*

## A. General Personal Jurisdiction

If a court has general jurisdiction over a defendant, then the plaintiff may bring any claim he or she has against that defendant regardless of whether the claim relates to the defendant's activities in the forum state. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). "Because the assertion of judicial authority over a defendant is much broader in the case

of general jurisdiction than specific jurisdiction, a plaintiff invoking general jurisdiction must meet an exacting standard for the minimum contacts required." *Ranza*, 793 F.3d at 1069 (quotation omitted).  A court may assert general jurisdiction over defendants "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotation omitted).  "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Although these are not necessarily the only means for a defendant to be subject to general jurisdiction, the defendant's contacts with the forum must be "so substantial and of such a nature as to justify suit on causes of action arising from dealings entirely distinct from those activities." *Id.* at 137-38 (simplified).

CSLT is a California city close to the border with Nevada.  Being located on or near the border does not make CSLT at home in Nevada for general jurisdiction purposes. *See Yaodi Hu v. City of Whiting*, No. 13 CV 8160, 2014 WL 1286166, at *3 (N.D. Ill. Mar. 31, 2014) (rejecting the proposition that an Indiana city was subject to general jurisdiction in Illinois even though it was "physically located just over the Illinois border in Indiana"); *Schneeweis v. Nw. Tech. Coll.*, No. CIV.97-1742(JRT/RLE), 1998 WL 420564, at *9 (D. Minn. June 1, 1998) (rejecting a claim of general jurisdiction over a North Dakota city merely because it was on the border with Minnesota).  Rather, CSLT is a political subdivision of California that would not anticipate being haled into a Nevada court on any claim regardless of whether it was related to CSLT's contacts with Nevada.  Although its location near the border may increase the likelihood of it being subject to specific personal jurisdiction in Nevada, it is at home in California.  I therefore lack general personal jurisdiction over CSLT.

**B. Specific Personal Jurisdiction**

The Ninth Circuit has established a three-prong test for analyzing a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (quotation omitted). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* If he succeeds, then the defendant must "present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (quotation omitted).

Under the first prong, "to be subject to specific jurisdiction the defendant must purposefully direct its activities toward the forum state, purposefully avail itself of the privileges of conducting activities there, or engage in some combination thereof." *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1088 (9th Cir. 2023) (quotation omitted). When the claims at issue are torts and the defendant's conduct "primarily occurs outside the forum state, [I] generally apply the purposeful direction test and look to whether the defendant expressly aimed acts at the forum state knowing that they would harm the plaintiff there." *Id.* To purposefully direct conduct at the forum state, "the defendant must have allegedly (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162-63 (9th Cir. 2023) (quotation omitted). The defendant's act may be directed at

Nevada "even if it occurred elsewhere." *Id.* at 1163.  In contrast, a defendant purposefully avails herself of the forum state when she "purposefully avails [herself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws, and in return submits to the burdens of litigation in the State." *Id.* (simplified).  Because Sternberg's claims are torts and CSLT's alleged conduct took place in California, the purposeful direction test is more applicable, but I consider both tests.

In analyzing specific jurisdiction, I "focus[] on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (simplified).  That "relationship must arise out of contacts that the defendant himself creates with the forum State." *Id.* at 284 (simplified).  It cannot be based on the "random, fortuitous, or attenuated contacts" the defendant "makes by interacting with other persons affiliated with the State," or on the plaintiff's "unilateral activity." *Id.* at 286 (simplified).  The "defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284.  Thus, the "analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 285.

According to the FAC, Sternberg contacted the CSLT police department to report Warneck taking the children from Nevada without Sternberg's permission. ECF No. 86-3 at 3.  Sternberg alleges that at first, the police would not take a report but he eventually was able to make a report to Officer Kallstrom. *Id.*  Sternberg tried multiple times to get the CSLT police to investigate Warneck's removal of the children and her and her attorney's alleged "frauds upon the court," but was told by Chief Fuhler that "the situation was complicated," and the police "then refused to investigate." *Id.* at 5.  The FAC alleges that CSLT has a pattern and practice of

5

deliberate indifference in "actively imped[ing Sternberg] from reporting crimes of which [he] was the victim." ECF No. 86-4 at 21.

The FAC does not set forth a prima facie case of specific jurisdiction over CSLT. Sternberg's allegations amount to the CSLT police refusing to investigate and take action against Warneck after she removed the children from Nevada to California. CSLT police's alleged inaction in California against a person in California does not amount to contacts with Nevada. The fact that the person requesting the police take action is from Nevada does not create a contact between CSLT and Nevada. It creates only a contact between CSLT and a person from Nevada. That is insufficient to support specific personal jurisdiction. Although Sternberg argues in his opposition that CSLT issued the warrant for his arrest in Nevada, the FAC alleges that it was individuals working for El Dorado County who obtained the warrant from the El Dorado County Superior Court. ECF No. 86-3 at 14-15, 18. The FAC thus contains no allegations that CSLT itself created any contacts with Nevada. I therefore grant CSLT's motion to dismiss for lack of personal jurisdiction.

### C. Amendment and Jurisdictional Discovery

Sternberg requests jurisdictional discovery if I am inclined to grant the motion to dismiss. However, Sternberg offers no basis for suspecting that amendment or jurisdictional discovery would change the outcome. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (stating that a plaintiff seeking jurisdictional discovery must provide some basis to believe that discovery will lead to relevant evidence). I therefore deny amendment and jurisdictional discovery. Because Sternberg does not identify any other facts that he could allege to support personal jurisdiction, I dismiss his claims against the City of South Lake Tahoe for lack of personal jurisdiction without prejudice to him pursuing his claims in California.

**II.  CONCLUSION**

       I THEREFORE ORDER that defendant City of South Lake Tahoe's motion to dismiss **(ECF No. 198) is GRANTED**.  Plaintiff Michael Sternberg's claims against the City of South Lake Tahoe are dismissed for lack personal jurisdiction.

       DATED this 23rd day of July, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE