UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL C. STERNBERG,<br><br>Plaintiff,<br><br>v.<br><br>SHELLEY WARNECK, et al.,<br><br>Defendants. | Case No. 2:23-cv-01466-APG-EJY<br><br>**ORDER** |

On January 31, 2024, the Court entered an Order in response to Plaintiff Michael Sternberg's Motion for Order to Pay Service Costs. ECF No. 58. The Court's Order granted the Motion citing LR 7-2(d) because no response was filed. *Id.* On February 7, 2024, Defendant Jeff Rosen filed a Motion to Dismiss and an Objection to the Court's Order. ECF Nos. 72, 73. In light of the arguments in the Motion to Dismiss and Objection the Court, *sua sponte*, entered an Order staying the January 31, 2024 Order. ECF No. 74. The Court stated "[i]t now appears there is serious question as to whether waiver of service was properly attempted. There is also a question of whether the Court can exercise jurisdiction over Mr. Rosen …." *Id.*

Thereafter, on February 20, 2024 Plaintiff filed his First Amended Complaint ("FAC"). ECF No. 86. The parties subsequently stipulated to extend the time for Mr. Rosen (as well as others) to respond to the FAC in exchange for a waiver of service. ECF No. 115 filed on March 8, 2024. The Court granted the Stipulation on March 11, 2024. ECF No. 116.

On April 23, 2024, Mr. Rosen filed his Motion to Dismiss. ECF No. 147. On July 18, 2024, the Court dismissed Mr. Rosen (and others) for lack of personal jurisdiction. ECF No. 258.

The documents before the Court demonstrate there is serious reason to doubt that effective service on Mr. Rosen ever occurred. Information submitted to the Court convincingly indicates that no request to waive service was received by someone authorized to accept service under Federal Rule of Civil Procedure 4(j). *See* ECF No. 73 at 2-3; Declaration of Dora McCasland cited therein. Further, Plaintiff admits he has "no personal first-hand knowledge of what documents were served"

1

on Mr. Rosen ECF No. 267 at 1. Plaintiff also says the time and expense to continue to argue for reimbursement would exceed any reimbursement he could receive. *Id*. at 2.

Given there is no evidence of effective service, that Mr. Rosen subsequently waived service, and that Mr. Rosen was dismissed for a lack of personal jurisdiction, IT IS HEREBY ORDERED that the Order granting the award of cost associated with service stated in ECF No. 58 is VACATED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Order to Pay Service Costs (ECF No. 32) is DENIED.

Dated this 25th day of September, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2