UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL C. STERNBERG,<br><br>  Plaintiff<br><br>v.<br><br>SHELLEY WARNECK, et al.,<br><br>  Defendants | Case No.: 2:23-cv-01466-APG-EJY<br><br>**Order (1) Granting the El Dorado County Defendants' Motion to Dismiss, (2) Denying Plaintiff's Motion for Preliminary Injunction, and (3) Granting Plaintiff's Unopposed Motion for Leave to File Surreply**<br><br>[ECF Nos. 165, 176, 244] |

Plaintiff Michael Sternberg sues 75 individuals and entities regarding events arising out of a custody dispute with the mother of his children, defendant Shelley Warneck. In this order, I address the motion to dismiss filed by defendants El Dorado County and its employees Rich Horn, Joseph Alexander, Jeff Dreher,[1] Brittany Griffith, and Vern Pierson (collectively, the El Dorado County Defendants). The El Dorado County Defendants raise a variety of grounds for dismissal. Sternberg opposes and moves for a preliminary injunction against Pierson because Pierson blocked Sternberg from Pierson's LinkedIn account. He also moves for leave to file a surreply. The El Dorado County Defendants did not oppose this motion.

I grant the motion to dismiss because I lack personal jurisdiction over the El Dorado County Defendants. I deny the motion for preliminary injunction as moot because I dismiss Pierson and because the conduct about which Sternberg complains is not alleged in the first amended complaint (FAC) and is not related to the claims asserted in the FAC. I grant Sternberg's unopposed motion for leave to file a surreply. *See* LR 7-2(d).

---

[1] The caption reflects this defendant's name as Jeff Draher, but the El Dorado County Defendants clarify that the correct spelling of his name is Dreher. ECF No. 165 at 2.

# I. BACKGROUND

The parties are familiar with the facts, so I repeat them here only as necessary to resolve the motion. Sternberg alleges that Horn, who is an investigator for the El Dorado District Attorney's Office, refused to criminally investigate Warneck for abducting Sternberg's children from Nevada, deeming it a "civil matter." ECF No. 86-3 at 5. Sternberg complained to the district attorney's office, and chief assistant district attorney Alexander called Sternberg and promised to look into the matter. *Id.* Alexander did not get back to Sternberg. *Id.* Sternberg made other complaints to Alexander, chief investigator Dreher, and district attorney Pierson regarding Horn's refusal to investigate, the abduction of his children, and alleged frauds upon the custody court by Warneck and her attorney. *Id.* at 7, 9-11.

In August 2021, Horn opened an investigation into Sternberg for parental abduction. *Id.* at 13. Horn prepared reports in which he did not fully reveal Sternberg's prior communications to the El Dorado County District Attorney's Office. *Id.* After Horn accused Sternberg of violating custody orders, Sternberg sent a notice to Horn, Alexander, and Dreher under California Penal Code 278.7.[2] *Id.* Horn attended a family court hearing in California at which the presiding judge ordered Sternberg to return the children to California. *Id.* at 14. Horn then prepared another investigative report that again did not reveal Sternberg's prior communications with Horn. *Id.*

Based on Horn's reports, deputy district attorney Griffith executed a warrant for Sternberg's arrest and filed a criminal complaint against him for two felony counts of child

---

[2] Section 278.7 requires a person who may be subject to criminal punishment under § 278.5 for withholding a child from a lawful custodian to file a notice with the district attorney's office explaining the reason the child was "taken, enticed away, kept, withheld, or concealed." Cal. Penal Code § 278.7(c).

custody deprivation. *Id.* at 14-15. When applying for the warrant, Griffith did not provide the judge with Sternberg's history with her office or exculpatory evidence Sternberg had provided. *Id.* at 15. Sternberg was arrested based on this warrant. *Id.* At Sternberg's preliminary hearing, Horn did not initially acknowledge having received the notice under § 278.7, but then admitted that he had seen it but had not contacted Sternberg to discuss Sternberg's allegations that the children were in danger of emotional harm. *Id.* at 17. Horn stated that he did not investigate Sternberg's report that Warneck had abducted the children. *Id.* Horn acknowledged that Sternberg told him that if the California custody orders were domesticated in Nevada, Sternberg would appear in Nevada court to challenge those orders. *Id.* Griffith objected when Horn was asked whether he provided the judge issuing the warrant with mitigating or exculpatory evidence and Horn did not answer the question. *Id.* at 18. Griffith argued for the case to proceed on felony counts and the judge agreed. *Id.* According to Sternberg, Griffith thereafter coerced him into a nolo contendere plea deal to a misdemeanor count under California Penal Code 278.5. *Id.* at 18. Based on these allegations, Sternberg asserts claims against Horn, Dreher, Alexander, Griffith, and Pierson for violating his constitutional rights. ECF No. 86-4 at 9-10.

## II. ANALYSIS

### A. Personal Jurisdiction

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). If the motion to dismiss is based on written materials rather than an evidentiary hearing, I must determine whether the plaintiff's "pleadings and affidavits make a prima facie showing of personal jurisdiction." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quotation omitted). In deciding whether

the plaintiff has met his burden, I must accept as true the complaint's uncontroverted allegations. *Id.*

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co.*, 453 F.3d at 1154. Nevada's long-arm statute permits the exercise of jurisdiction on any basis consistent with federal due process. Nev. Rev. Stat. § 14.065(1). Due process requires that to exercise of personal jurisdiction over a defendant, the defendant must "have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quotation omitted). Personal jurisdiction over a defendant may be based on general or specific jurisdiction. *Id.*

### 1. General Personal Jurisdiction

If a court has general jurisdiction over a defendant, then the plaintiff may bring any claim they have against that defendant regardless of whether the claim relates to the defendant's activities in the forum state. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). "Because the assertion of judicial authority over a defendant is much broader in the case of general jurisdiction than specific jurisdiction, a plaintiff invoking general jurisdiction must meet an exacting standard for the minimum contacts required." *Ranza*, 793 F.3d at 1069 (quotation omitted). A court may assert general jurisdiction over defendants when their "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotation omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)

4

(quotation omitted). For an entity, "it is an equivalent place, one in which the [entity] is fairly regarded as at home." *Goodyear*, 564 U.S. at 924. Although these are not necessarily the only means for a defendant to be subject to general jurisdiction, the defendant's contacts with the forum must be "so substantial and of such a nature as to justify suit on causes of action arising from dealings entirely distinct from those activities." *Daimler*, 571 U.S. at 138 (simplified).

The El Dorado County Defendants argue that this court lacks general personal jurisdiction over them because they are a county and its employees located in California who had only limited contacts with a Nevada resident. They also contend that the fact that El Dorado County is located along Nevada's border is insufficient to support general jurisdiction. Sternberg does not refute these facts. To the contrary, he provides California addresses for these defendants. ECF No. 86-2 at 1.

Being located on or near the border does not make El Dorado County or its employees at home in Nevada for general jurisdiction purposes. *See Yaodi Hu v. City of Whiting*, No. 13 CV 8160, 2014 WL 1286166, at *3 (N.D. Ill. Mar. 31, 2014) (rejecting the proposition that an Indiana city was subject to general jurisdiction in Illinois even though it was "physically located just over the Illinois border in Indiana"); *Schneeweis v. Nw. Tech. Coll.*, No. CIV.97-1742(JRT/RLE), 1998 WL 420564, at *9 (D. Minn. June 1, 1998) (rejecting a claim of general jurisdiction over a North Dakota city merely because it was on the border with Minnesota). The County is a political subdivision of California that would not anticipate being haled into a Nevada court on any claim regardless of whether it was related to these defendants' contacts with Nevada. Although the County's location near the border may increase the likelihood of it and its employees being subject to specific personal jurisdiction in Nevada, they are at home in California. Consequently, Sternberg has not made a prima facie showing that the El Dorado

County Defendants are subject to general personal jurisdiction in Nevada. Sternberg requests jurisdictional discovery, but I need not grant a request that is "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Sternberg has not identified any reason to suspect that a California county and its employees have such significant contacts with Nevada as to be essentially at home in this state.

### 2. Specific Personal Jurisdiction

The Ninth Circuit has established a three-prong test for analyzing a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (quotation omitted). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* If he succeeds, then the defendant must "present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (quotation omitted).

For purposes of this motion, the El Dorado County Defendants "concede purposeful direction and/or purposeful availment and claim relation." ECF No. 165 at 20. Instead, they argue that haling them into court in Nevada would be unfair because they never stepped foot in Nevada to extradite Sternberg. Sternberg responds that the El Dorado County Defendants bear the burden on the third prong of the specific jurisdiction test, and they have done nothing to

address the various factors regarding that prong.  He thus contends they have not made a compelling case that exercising jurisdiction in Nevada would be unreasonable.

Because the El Dorado County Defendants concede the first two prongs of the specific jurisdiction test, the burden shifts to them "to present a compelling case that the exercise of jurisdiction would be unreasonable and therefore violate due process." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1079 (9th Cir. 2011) (quotation omitted).  To determine whether the exercise of jurisdiction is reasonable, I consider seven factors:

> (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Id.* (quotation omitted).

Although the El Dorado County Defendants do not specifically address these factors, they argue that it is not fair to hale them into Nevada courts merely because they participated in some fashion in having Sternberg extradited from Nevada.  They cite other cases that have found that acts like signing extradition warrants or communicating with law enforcement in other states to facilitate extradition do not subject a person to personal jurisdiction in those other states.

Courts have routinely held that acts such as signing an extradition warrant or communicating by phone with forum officials to facilitate extradition, without more, are insufficient to subject an out-of-state defendant to personal jurisdiction in the forum.[3]  Courts

---

[3] *See Rogers v. City of Hobart, Ind.*, 996 F.3d 812, 820-21 (7th Cir. 2021) (holding that it would violate due process for an Illinois court to exercise personal jurisdiction over an Indiana police officer who entered the existence of a warrant into an Indiana law enforcement database that resulted in the plaintiff's arrest in Illinois); *Naessens v. Las Vegas Metro. Police Dep't*, No. 2:22-cv-01438-JAD-DJA, 2023 WL 4108367, at *2 (D. Nev. June 16, 2023) (holding that the court

have required the out-of-state defendant to engage in more significant acts directed at the forum to support the exercise of personal jurisdiction. *See Lee v. City of Los Angeles*, 250 F.3d 668, 694 (9th Cir. 2001) (holding the exercise of personal jurisdiction was reasonable where the defendants "communicated with and relied upon California law enforcement officers to detain and identify . . . [a] fugitive," sent information to California help identify the fugitive; requested California authorities extradite him; and "traveled to California where they took custody of [the fugitive] before transporting him back to New York"). Sternberg does not allege anything beyond California officials communicating (or failing to communicate) with Sternberg and taking acts in California that resulted in Sternberg's arrest in Nevada because that is where Sternberg happened to be located. Haling the El Dorado County defendants into court in Nevada would be unreasonable under these circumstances.

The exercise of jurisdiction over the El Dorado County Defendants would be unreasonable here. Sternberg does not allege facts showing that they purposefully injected themselves into Nevada's affairs. Haling every prosecutor or investigator involved in preparing warrants that involve extradition to any state where the arrestee happens to be located would be

---

lacked personal jurisdiction over a Pennsylvania prosecutor who signed an extradition warrant that resulted in an arrest in Nevada); *Doe v. Delaware State Police*, 939 F. Supp. 2d 313, 334 (S.D.N.Y. 2013) (stating that "courts nationwide . . . regularly have rejected assertions of personal jurisdiction against out-of-state law enforcement officials who have merely issued warrants and lodged their warrants in nationwide databases" (gathering cases)); *Tisdale v. Nadramia*, No. CA 3:11-647-MBS, 2012 WL 693525, at *3 (D.S.C. Mar. 5, 2012) (holding the court lacked personal jurisdiction over a Florida police officer and attorneys who obtained the assistance of forum officials to execute a fugitive warrant); *Antoine v. New Jersey*, No. 3:09-CV-00380, 2010 WL 4643843, at *3-4 (W.D.N.C. Nov. 9, 2010) (holding the court lacked personal jurisdiction where the "only asserted contacts with the State of North Carolina were incidental to Plaintiff's extradition to New Jersey"); *Ray v. Simon*, No. CIVA 4:07-1143-TLW-TER, 2008 WL 5412067, at *16 (D. S.C. Dec. 24, 2008) ("[I]t would be unreasonable to exercise personal jurisdiction over . . . a prosecutor who is fulfilling his duty to fully prosecute suspected criminals to extradite a defendant back to the proper jurisdiction based on discussions with a prosecutor from another jurisdiction where the defendant was found.").

8

burdensome and inefficient. Although Nevada has an interest in its citizens not being subject to arrest and extradition on allegedly faulty warrants, the issuing state has a significant interest in ensuring that its own processes and employees are subject to scrutiny, oversight, and challenge in its own state. Sternberg has available alternative forums in the state and federal courts in California. Subjecting a California county and its employees to personal jurisdiction in Nevada because they performed their official duties in California resulting in an arrest in Nevada, without more, does not comport with due process. I therefore grant the El Dorado County Defendants' motion to dismiss for lack of personal jurisdiction, without prejudice to Sternberg pursuing his claims in an appropriate forum.

### B. Motion for Preliminary Injunction

Sternberg moves for a preliminary injunction requiring Pierson to unblock Sternberg from Pierson's LinkedIn account. The motion is moot because I dismiss Pierson for lack of personal jurisdiction and because, as Sternberg acknowledges, his FAC does not contain allegations about the blocking. Sternberg requests leave to amend to add these allegations, but I deny that request. Pierson is located in California and blocking someone who happens to live in Nevada would not subject him to personal jurisdiction here. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014) (stating that the "minimum contacts analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there" (quotation omitted)).

### III. CONCLUSION

I THEREFORE ORDER that defendants El Dorado County, Rich Horn, Joseph Alexander, Jeff Dreher, Brittany Griffith, and Vern Pierson's motion to dismiss **(ECF No. 165) is GRANTED**. These defendants are dismissed for lack of personal jurisdiction, without

prejudice to plaintiff Michael Sternberg pursuing his claims against them in an appropriate forum.

I FURTHER ORDER that plaintiff Michael Sternberg's motion for preliminary injunction **(ECF No. 176) is DENIED**, without prejudice to him pursuing his claim and related relief in an appropriate forum.

I FURTHER ORDER that plaintiff Michael Sternberg's unopposed motion for leave to file a surreply **(ECF No. 244) is GRANTED**.

DATED this 14th day of November, 2024.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE