# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL C. STERNBERG, | Case No.: 2:23-cv-01466-APG-EJY |
| Plaintiff | **Order Granting Defendants Blackeye and Elfberg's Motion to Dismiss with Leave to Amend** |
| v. | |
| SHELLEY WARNECK, | [ECF No. 229] |
| Defendants | |

Plaintiff Michael Sternberg sues 75 individuals and entities regarding events arising out of a custody dispute with the mother of his children, defendant Shelley Warneck.  In this order, I address the motion to dismiss filed by defendant Henry Blackeye, chief of the Clark County School District Police Department (CCSDPD), and Jason Elfberg, a CCSDPD sergeant. Blackeye and Elfberg raise a host of arguments for dismissal, including by joining some arguments raised in the City of South Lake Tahoe's motion to dismiss (ECF No. 198).  Blackeye and Elfberg also request that I take judicial notice of exhibits attached to their motion.  Sternberg opposes the request for judicial notice and dismissal, and requests leave to amend to add new factual allegations related to his contacts with CCSDPD personnel after his arrest.  I grant the motion to dismiss, with leave to amend.

## I.  BACKGROUND

The parties are familiar with the facts, so I set forth only those allegations related to Blackeye and Elfberg.  Sternberg alleges that on September 29, 2021, investigators from the Nevada Attorney General's Office (NV AG) "coordinated with" the CCSDPD to pull his car over while his kids were in the car. ECF No. 86-3 at 15.  After pulling him over, "CCSD police" and the NV AG employees removed Sternberg from his car at gunpoint and handcuffed him. *Id.*

The first amended complaint (FAC) identifies Elfberg as the one who arrested Sternberg at gunpoint. ECF No. 86-4 at 14.  According to the FAC, Elfberg also failed to investigate alleged crimes committed against Sternberg and impeded Sternberg from reporting those crimes. *Id.* Finally, Sternberg alleges that Blackeye violated his rights on February 1, 2023 when Blackeye "endorsed and consented to Elfberg's conduct and continued to impede the reporting and prosecution of crimes" committed by others. *Id.*

## II.  ANALYSIS

### A.  Judicial Notice

Blackeye and Elfberg request that I take judicial notice of CCSDPD incident reports related to Sternberg's arrest, contending that the documents are public records.  Sternberg objects, arguing that Blackeye and Elfberg improperly ask me to infer facts from the incident reports.  In reply, Blackeye and Elfberg note that Sternberg does not dispute the reports' authenticity or refute their contents.

Under Federal Rule of Evidence 201(b), I can take judicial notice of a fact if it is "not subject to reasonable dispute."  A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).  Thus, I "may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)).  But I "cannot take judicial notice of disputed facts contained in such public records." *Id.*

I deny Blackeye and Elfberg's request for judicial notice because they ask me to take judicial notice of facts contained within the incident reports that are not generally known and

1   cannot be accurately and readily determined from sources whose accuracy cannot reasonably be

2   questioned.  It is not generally known which officers were on the scene of Sternberg's arrest.

3   Nor are police incident reports sources whose accuracy cannot reasonably be questioned.  Even

4   if I considered the argument, raised for the first time in reply,[1] that the reports are "documents of

5   undisputed authenticity that are alleged or referenced within the complaint," I would reject it.

6   ECF No. 256 at 4 (simplified).  Blackeye and Elfberg do not explain how the CCSDPD incident

7   reports are alleged or referenced in the FAC.  Moreover, Blackeye and Elfberg attach to their

8   motion Elfberg's declaration, but they do not explain why I should consider aspects of that

9   declaration that do more than authenticate the incident reports.  For example, Elfberg avers that

10  he was not at the scene of Sternberg's arrest. ECF No. 229-3 at 2.  Because the exhibits attached

11  to the motion to dismiss are not subject to judicial notice, I do not consider them to determine

12  whether dismissal is appropriate.

13      **B.  Failure to Name an Indispensable Party**

14          Blackeye and Elfberg argue that I should dismiss the FAC because Sternberg did not join

15  an indispensable party.  Specifically, they argue that the CCSDPD incident reports show that an

16  officer other than Elfberg was the one who arrested Sternberg.  They contend that this officer,

17  Matthew Zierenberg, is a required party because proceeding without him may subject Clark

18  County School District (CCSD) to multiple recoveries or inconsistent verdicts.  They argue that

19  joining Zierenberg "is anything but feasible in this specific litigation with 75 defendants, vague

20  factual allegations of wrongdoing, multi-jurisdictional government agency involvement, and the

21  contesting of court orders issued outside of Nevada." ECF No. 229 at 9.  And they contend that

22

23
    _____
    [1] *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider
    arguments raised for the first time in a reply brief.").

1   Zierenberg is indispensable because Sternberg is asserting claims related to his arrest at

2   gunpoint, but Sternberg incorrectly sued Blackeye and Elfberg who were not at the scene.

3   Sternberg does not specifically respond to this argument.  Instead, he requests leave to amend.

4        Federal Rule of Civil Procedure 19 governs required joinder of parties.  Under Rule

5   19(a)(1),

6        [a] person who is subject to service of process and whose joinder will not deprive
         the court of subject-matter jurisdiction must be joined as a party if:
7            (A) in that person's absence, the court cannot accord complete relief
                 among existing parties; or
8            (B) that person claims an interest relating to the subject of the action and is
                 so situated that disposing of the action in the person's absence may:
9                (i) as a practical matter impair or impede the person's ability to
                     protect the interest; or
10               (ii) leave an existing party subject to a substantial risk of incurring
                     double, multiple, or otherwise inconsistent obligations because of
11                   the interest.

12  Under Rule 19(b), if "a person who is required to be joined if feasible cannot be joined, the court

13  must determine whether, in equity and good conscience, the action should proceed among the

14  existing parties or should be dismissed."

15       Under Rule 19's framework, the court engages in "three successive inquiries." *Wilbur v.*

16  *Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Com.*

17  *Energy, Inc.*, 560 U.S. 413 (2010).  "First, the court must determine whether a nonparty should

18  be joined under Rule 19(a)." *Id.* at 1112.  Second, if the absent party is required to be joined

19  under Rule 19(a), then the court must "determine whether it is feasible to order that the absentee

20  be joined." *Id.*  If it is feasible, then the party must be joined.  But if joinder is not feasible, then

21  the court must determine "whether the case can proceed without the absentee, or whether the

22  absentee is an 'indispensable party' such that the action must be dismissed." *Id.*

23

4

1    I deny Blackeye and Elfberg's motion because it is not sufficiently developed.  Although

2  they argue that CCSD or CCSDPD may be subject to inconsistent obligations, they do not

3  explain how where neither is currently a defendant.  Presumably, they are referring to vicarious

4  liability for employees' actions, but they do not elucidate what they mean.  More importantly,

5  they do not address whether joining Zierenberg is feasible within the Rule's meaning.  Joinder of

6  a party is not feasible "when venue is improper, when the absentee is not subject to personal

7  jurisdiction, and when joinder would destroy subject matter jurisdiction." *E.E.O.C. v. Peabody*

8  *W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) (citing Fed. R. Civ. P. 19(a)).  Blackeye and

9  Elfberg do not suggest that any of these applies.  Assuming Zierenberg is still a Nevada resident,

10 venue would be proper, he would be subject to personal jurisdiction, and his joinder would not

11 destroy subject matter jurisdiction.  I address below whether to allow Sternberg to amend,

12 including to add Zierenberg.

### C.  Statute of Limitations

14    Blackeye and Elfberg argue that Sternberg's claims against them are time-barred because

15 the FAC is the first time Sternberg sought to sue CCSDPD officers, but he filed the FAC more

16 than two years after the arrest.  They also argue these allegations do not relate back to the

17 original complaint because although the original complaint referenced Doe defendants, it did not

18 assert any claims against the Doe defendants.  Sternberg responds that his claims are timely

19 under the continuing violation doctrine because "every day that passes without [his] children

20 unreasonably seized from [him] without due process is a new injury caused by CCSD and the

21 statute of limitations begins anew." ECF No. 248 at 3.  He also argues that the incident reports

22 show that he had contact with CCSD personnel after his arrest and that they violated his rights

23 within two years of when he filed the FAC.

1       I may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) as time-barred

2  "only when the running of the statute of limitations is apparent on the face of the complaint."

3  *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th

4  Cir. 2013) (simplified).  The limitation period for Sternberg's § 1983 claims is governed by the

5  forum state's limitation period for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927

6  (9th Cir. 2004); *McDougal v. Cnty. of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991).  In

7  Nevada, the limitation period for personal injury claims is two years. Nev. Rev. Stat.

8  § 11.190(4)(e).

9       For Sternberg's federal claims, federal law determines when a civil rights claim accrues.

10  *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001).  "Under federal law, a claim accrues when

11  the plaintiff knows or has reason to know of the injury which is the basis of the action."

12  *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) (quotation omitted).

13       For his state law claims, a cause of action generally accrues "when the wrong occurs and

14  a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20

15  (Nev. 1990); *see also State ex rel. Dep't of Transp. v. Pub. Emps.' Ret. Sys. of Nev.*, 83 P.3d 815,

16  817 (Nev. 2004) (en banc) ("A cause of action 'accrues' when a suit may be maintained

17  thereon." (quotation omitted)).  Nevada has adopted the discovery rule, and thus time limits

18  generally "do not commence and the cause of action does not 'accrue' until the aggrieved party

19  knew, or reasonably should have known, of the facts giving rise to the damage or injury." *G & H*

20  *Assocs. v. Ernest W. Hahn, Inc.*, 934 P.2d 229, 233 (Nev. 1997).

21       <u>1.  Arrest in September 2021</u>

22       According to the FAC, Sternberg was arrested by CCSD police and others on September

23  29, 2021. ECF No. 86-3 at 15.  He filed the original complaint on September 20, 2023. ECF No.

1. Thus, had Sternberg sued Blackeye and Elfberg in the original complaint, his claims related to the arrest would be timely.  But the original complaint did not name Blackeye or Elfberg.[2] *Id.* They were first added as defendants more than two years after the arrest when Sternberg filed the FAC on February 20, 2024. ECF No. 86.  Consequently, Sternberg's claims related to the arrest are untimely unless they relate back to the original complaint.

Whether an amended complaint relates back to the date of the original complaint is governed by Federal Rule of Civil Procedure 15(c).  As relevant here, an amendment that adds a party relates back when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A).[3]  As discussed above, § 1983 borrows the forum state's personal injury statute of limitations, including the forum state's rules on relation back. *Merritt v. Cnty. of Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989); *see also Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (stating that §1983 borrows the forum state's statute of limitations law, including the "forum state's law regarding tolling").

Under Nevada Rule of Civil Procedure 10(d), if a plaintiff does not know the name of a defendant, the plaintiff may designate the defendant "by any name," and once "the defendant's true name is discovered, the [plaintiff] should promptly substitute the actual defendant for a fictitious party."  For an amendment to relate back under Rule 10(d), the plaintiff must (1) plead a fictitious or doe defendant in the complaint's caption; (2) plead the basis for naming the doe defendant by other than its true identity, and "clearly specify[] the connection between the

---

[2] The complaint in the consolidated case also did not name Blackeye or Elfberg. *See Sternberg v. Warneck, et al.*, No. 2:23-cv-02022-APG-EJY, ECF No. 1.

[3] Rule 15(c)(1)(C) does not apply because there is no indication that "within the period provided by Rule 4(m) for serving the summons and complaint," Blackeye and Elfberg received notice of the action such that they would "not be prejudiced in defending on the merits," or that they "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity."

1  intended defendants and the conduct, activity, or omission upon which the cause of action is

2  based;" and (3) exercise reasonable diligence in ascertaining the intended defendant's true

3  identity and promptly move to amend the complaint to substitute the actual defendant for the doe

4  defendant. *Nurenberger Hercules-Werke GMBH v. Virostek*, 822 P.2d 1100, 1106 (Nev. 1991),

5  *abrogated on other grounds by Costello v. Casler*, 254 P.3d 631, 634 n.4 (Nev. 2011).  Factors

6  bearing on reasonable diligence include but are not limited to "whether the party unreasonably

7  delayed amending the pleadings to reflect the true identity of a defendant once it became known,

8  whether the plaintiff utilized judicial mechanisms such as discovery to inquire into a defendant's

9  true identity, and whether a defendant concealed its identity or otherwise obstructed the

10  plaintiff's investigation as to its identity." *Sparks v. Alpha Tau Omega Fraternity, Inc.*, 255 P.3d

11  238, 243 (Nev. 2011) (simplified) (holding the plaintiffs were not reasonably diligent where they

12  first learned of the does' identities over a year and a half after litigation commenced and then

13  waited another eight months to amend after the court granted their motion to amend).  A plaintiff

14  must satisfy all three of these requirements for an amendment to relate back. *Nurenberger*, 822

15  P.2d at 1106.

16      Sternberg named doe defendants in the original complaint's caption. ECF No. 1 at 7.  He

17  also at least arguably specified the connection between the doe defendants and the conduct on

18  which his claims are based because he alleged that the does violated his rights "when they

19  knowingly and willfully aided and abetted" others in depriving him of his constitutional rights as

20  outlined in his other claims. *Id.* at 2.  However, Sternberg did not plead the basis for naming the

21  doe defendants by other than their true identities.  Nor did he exercise reasonable diligence in

22  ascertaining Blackeye and Elfberg's true identities and promptly moving to amend the complaint

23  to substitute them for the doe defendants.  In the original complaint, Sternberg alleged that he did

1  not know that another defendant, Brent Foster, had participated in the arrest "until [he] obtained

2  a copy of the CCSD police report." ECF No. 1 at 17.  Sternberg thus knew, should have known,

3  or with reasonable diligence could have known, who was involved in the arrest as of the time he

4  filed the original complaint because he had the CCSD police report.  There is no evidence that

5  Blackeye or Elfberg concealed their identities.

6         Sternberg's FAC therefore does not satisfy Nevada Rule of Civil Procedure 10(d) to

7  relate back.  As a result, his claims against Blackeye and Elfberg arising out of the arrest are

8  untimely. *See City of Reno v. Collup*, No. 56433, 373 P.3d 904, 2011 WL 6916458, at *2 (Nev.

9  2011) (holding that a plaintiff's failure to name a defendant in the original complaint despite his

10  knowledge that the defendant "was involved in the conduct which led to his injuries . . .

11  demonstrates a lack of reasonable diligence").

12         Sternberg contends that his allegations are timely under the continuing violation doctrine.

13  The continuing violation doctrine, which "allow[s] a plaintiff to seek relief for events outside of

14  the limitations period," applies to claims under § 1983. *Knox*, 260 F.3d at 1013.  However,

15  continuing violations must be distinguished from continuing impact from past violations. *Id.*

16  (stating that "mere continuing impact from past violations is not actionable" (quotation and

17  emphasis omitted)).  Further, "discrete . . . acts are not actionable if time barred, even when they

18  are related to acts alleged in [a] timely filed" complaint because "[e]ach discrete . . . act starts a

19  new clock for filing [a complaint] alleging that act." *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738,

20  747 (9th Cir. 2019) (quotation omitted).

21         Because Sternberg alleges only discrete acts against him, it is apparent that his claims

22  related to the arrest, and any other acts or omissions that occurred prior to September 20, 2021,

23  are untimely.  I therefore dismiss any such allegations with prejudice.

1    2.  Other Allegations

2  According to the FAC, Elfberg failed to investigate alleged crimes committed against

3 Sternberg and impeded Sternberg from reporting those crimes. ECF No. 86-4 at 14.  I do not

4 dismiss this allegation as untimely because it is not clear from the face of the FAC when Elfberg

5 failed to investigate other than that it was after the arrest. *Id.* (alleging that Elfberg "subsequently

6 refused to investigate").  Likewise, Sternberg alleges that Henry violated his rights on February

7 1, 2023 when Henry "endorsed and consented to Elfberg's conduct and continued to impede the

8 reporting and prosecution of crimes" committed by others. *Id.*  That allegation is timely because

9 Sternberg filed the FAC a little over a year later.

10 **D.  Joinder**

11  Blackeye and Elfberg join arguments raised in the City of South Lake Tahoe's (CSLT)

12 motion to dismiss (ECF No. 198).  Specifically, they join the arguments that (1) there is no right

13 to have a report accepted or investigated; (2) the FAC's allegations do not support *Monell*

14 liability; (3) Sternberg cannot represent E.W. and N.W.; (4) NRS § 41.035 precludes the

15 recovery of punitive damages against them; and (5) Sternberg does not state a plausible claim

16 under 42 U.S.C. § 1985.[4]  In his opposition to this motion, Sternberg did not specifically respond

17 to these arguments, but he opposed CSLT's motion, so I reviewed that response in resolving

18 these issues.

19    1.  No Right to an Investigation

20  There is no constitutional right to an investigation or that an investigation be performed

21 in any particular manner so long as no other constitutional rights are violated. *See Devereaux v.*

22

23 [4] Blackeye and Elfberg also argue that allegations regarding a failure to investigate are untimely.
However, as discussed above, it is not clear from the face of the FAC that the failure to
investigate allegations against Blackeye and Elfberg are untimely.

1   *Abbey*, 263 F.3d 1070, 1075 (9th Cir. 2001) (stating "there is no constitutional due process right

2   . . . to have [an] investigation carried out in a particular way"); *Gomez v. Whitney*, 757 F.2d

3   1005, 1006 (9th Cir. 1985) ("The appellants claim that the right infringed was a due process right

4   to have a full and fair police investigation into violence done against themselves or their

5   children. However, we can find no instance where the courts have recognized inadequate

6   investigation as sufficient to state a civil rights claim unless there was another recognized

7   constitutional right involved."). Sternberg does not allege, for example, that the reason these

8   defendants did not investigate his complaints was due to something like intentional race

9   discrimination. Mere dissatisfaction that law enforcement did not respond to a complaint or did

10  not investigate in the way the plaintiff desires does not amount to a constitutional violation.

11  However, I grant Sternberg leave to amend if facts exist to do so, except for any allegations

12  based on acts or omissions prior to September 20, 2021, because those allegations are time-

13  barred.

14          2.  *Monell* Liability

15          To state a claim for municipal liability under 42 U.S.C. § 1983, Sternberg must allege

16  that a municipal policy or custom caused his constitutional injury. *Monell v. Dep't of Soc. Servs.*,

17  436 U.S. 658, 694 (1978). Municipalities are not vicariously liable under § 1983 for their

18  employees' actions. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Instead, *Monell* liability may

19  be based on "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train,

20  supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v.*

21  *City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). When an unwritten or informal

22  policy is used to establish liability, it must be "so permanent and well settled as to constitute a

23  custom or usage with the force of law." *Gordon v. Cnty. of Orange*, 6 F.4th 961, 974 (9th Cir.

1  2021) (quotation omitted).  A plaintiff must also show a direct causal link between the policy or

2  custom and the constitutional deprivation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

3  Because Blackeye and Elfberg joined CSLT's motion, it is unclear for what entity they

4  are asserting this argument.  CCSD is not a defendant in this matter. *See* ECF No. 86-1 (list of

5  defendants in FAC).  Although Clark County is a named defendant, it has appeared in this case

6  through its own counsel, and the school district is a separate political subdivision of the State of

7  Nevada that has "the power to sue and . . . be sued" in its own name. NRS §§ 386.010(1)-(3).

8  Absent further explanation of what defendant this argument is meant to apply to or why

9  Blackeye and Elfberg have standing to raise arguments on that entity's behalf, I deny the motion

10 to dismiss on this basis.

11                    3.  Representing E.W. and N.W.

12 Blackeye and Elfberg argue that Sternberg cannot represent his minor children in this

13 lawsuit.  As I have explained in resolving another motion to dismiss in this case, Blackeye and

14 Elfberg are correct. *See Grizzell v. San Elijo Elementary Sch.*, 110 F.4th 1177, 1179-81 (9th Cir.

15 2024).  I thus dismissed the children's claims against all defendants in another order.

16                    4.  Punitive Damages

17 Blackeye and Elfberg's joinder to this argument is not sufficiently developed.  CSLT did

18 not seek protection under NRS § 41.035.  If Blackeye and Elfberg want to raise this argument for

19 themselves, they should do so in their own motion where they meaningfully articulate and

20 support arguments that apply to them.  However, I recommend that the parties discuss this matter

21 to perhaps reach a stipulation, if appropriate, without the need for further motion practice.

22 ////

23 ////

1          5. Section 1985

2          Sternberg does not identify under what section or clause of § 1985 he is bringing his

3  claims.  Based on the FAC's allegations, he appears to be relying on the second clause of

4  § 1985(2) that prohibits conspiring for the purpose of obstructing "the due course of justice" in a

5  State "with intent to deny to any citizen the equal protection of the laws."  He also appears to be

6  relying on the first clause of § 1985(3) that prohibits conspiring to deprive "any person or class

7  of persons of the equal protection of the laws."  Both of those provisions require "some racial, or

8  perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's

9  action." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir.), *opinion amended on*

10 *denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) (quotation omitted).  The Ninth Circuit requires a

11 showing either that the courts have designated the class in question a suspect or quasi-suspect

12 class or that congressional legislation has established that the class requires special protection.

13 *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985).

14         Sternberg concedes that he has not alleged that he belongs to a protected class.  I

15 therefore dismiss his § 1985 claims.  It appears unlikely that Sternberg could plausibly allege a

16 § 1985 claim because his opposition to the motion to dismiss does not suggest he could make the

17 necessary allegations.  I nevertheless grant Sternberg leave to amend his § 1985 claims if he can

18 allege facts in support of them.

19     **E. Amendment**

20         Sternberg argues that, although I should not take judicial notice of the incident reports,

21 they show that he had contact with CCSD personnel after his arrest when they failed to

22 investigate his reports of others' crimes.  Sternberg indicates that he would amend the FAC to

23 add those named in the incident reports, as well as to assert a *Monell* claim against CCSDPD.

He also would add more "facts against Blackeye, Elfberg, and others, which occurred within the last two years." *Id.* Blackeye and Elfberg oppose amendment, arguing that it would be futile because any claims would be untimely.

I grant Sternberg leave to amend consistent with this and my other orders in this case. However, he does not have leave to amend to reassert or add allegations for acts or omissions prior to September 20, 2021. As a result, Sternberg does not have leave to add Zierenberg for his participation in the arrest. He also does not have leave to amend to add CCSD or any of its employees besides Blackeye and Elfberg unless he can plausibly allege claims against those individuals that are timely and that comport with my orders.

I THEREFORE ORDER that defendants Henry Blackeye and Jason Elfberg's motion to dismiss **(ECF No. 229) is GRANTED**.

I FURTHER ORDER that by January 16, 2025, plaintiff Michael Sternberg may file a second amended complaint curing the deficiencies identified in this order if facts exist to do so.

DATED this 14th day of November, 2024.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE