UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL C. STERNBERG,

    Plaintiff

v.

SHELLEY WARNECK, et al.,

    Defendants

Case No.: 2:23-cv-01466-APG-EJY

**Order**

[ECF No. 154]

    Defendant Eric Goodman joined the motion to dismiss filed by the California Judicial Branch Defendants. ECF No. 154 (joining ECF No. 96). I granted Goodman's joinder and dismissed Sternberg's claims for money damages against Goodman because they are barred by absolute judicial immunity. ECF No. 261 at 2. However, I ordered additional briefing on whether Sternberg's claims for declaratory relief against Goodman can proceed because the issue had not been adequately addressed. *Id.* at 3-4.

    Sternberg filed a supplemental brief in which he argued, among other things, that Goodman bears the burden of asserting immunity defenses and that Goodman has not met that burden because Goodman did not raise the issues I identified in my prior order. Goodman did not respond.

    I agree with Sternberg. A party "invoking Eleventh Amendment immunity bears the burden of asserting and proving those matters necessary to establish its defense." *In re Lazar*, 237 F.3d 967, 974 (9th Cir. 2001). Accordingly, Sternberg's claim for declaratory relief against defendant Goodman remains pending.

    In Sternberg's supplemental brief, he requests leave to amend to include allegations that Goodman failed to report fellow defendants Caroline Morales and Steve Wolfson. Sternberg

contends these acts would not be subject to judicial immunity. Sternberg also seeks leave to clarify his request for prospective declaratory relief against Goodman.

There are many other motions to dismiss pending, and I am likely to grant Sternberg leave to amend in relation to those motions. I therefore grant Sternberg leave to amend his claims against Goodman. But I advise Sternberg to consider my prior orders and the prior arguments the defendants have made when crafting his amended pleading. Sternberg will not file an amended complaint until I have ruled on the other pending motions to dismiss, so that only one amended complaint is needed to assert all claims against any remaining defendants. Once I have decided all pending motions to dismiss, I will set a deadline for Sternberg to file his second amended complaint.

I THEREFORE ORDER that defendant Eric Goodman's joinder **(ECF No. 154) is DENIED in part**. Sternberg's claims for money damages against Goodman are dismissed with prejudice because they are barred by absolute judicial immunity. *See* ECF No. 261 at 2. However, Sternberg's claims for declaratory relief against Goodman remain pending.

DATED this 14th day of November, 2024.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE