# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MICHAEL C. STERNBERG,

     Plaintiff

v.

SHELLEY WARNECK, et al.,

     Defendants

Case No.: 2:23-cv-01466-APG-EJY

**Order (1) Granting the LVMPD Defendants' Motion to Dismiss with Leave to Amend and (2) Extending Time to Serve Individual LVMPD Defendants**

[ECF No. 204]

     Plaintiff Michael Sternberg sues 75 individuals and entities regarding events arising out of a custody dispute with the mother of his children, defendant Shelley Warneck. In this order, I address the motion to dismiss filed by defendant Las Vegas Metropolitan Police Department (LVMPD) and its employees[1] (collectively, the LVMPD Defendants). The LVMPD Defendants raise a variety of grounds for dismissal.

     The parties are familiar with the facts, so I repeat them here only as necessary to resolve the motion. I grant the motion, with leave to amend. I also extend the time in which to serve the individual LVMPD Defendants.

## I. ANALYSIS

     In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not "assume the truth of

---

[1] These employees are Esmeralda Boveda, Ryan Boyle (whom LVMPD states was erroneously sued as LVMPD Detective Boyl), Bradley Gallup, Eleanor Hoskins (whom LVMPD states was erroneously sued as Ellie #9393), Brad Johnson, Deana Lopez, Joshua Martinez, Jorge Marty-Pagan, Deanna Orr (whom LVMPD states was erroneously sued as Ohr #17719), Adam Seely, Ashley Shank (whom LVMPD asserts was erroneously sued as Ashley Shenk), Joshua Stark (sued as LVMPD Sgt. Stark), and Richard Tennant (whom LVMPD states was erroneously sued as LVMPD Tenant #6763).

legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A. *Monell* Liability

The LVMPD Defendants argue that Sternberg has not plausibly alleged entity liability against LVMPD because he has not plausibly alleged a violation of a right, nor has he alleged that a policy, custom, or practice was the moving force behind any violation. Sternberg responds that the first amended complaint (FAC) puts LVMPD on notice of a four-year pattern of depriving him of his rights that continues because the LVMPD Defendants fail to take any remedial action.

To state a claim for municipal liability under 42 U.S.C. § 1983, Sternberg must allege that a municipal policy or custom caused his constitutional injury. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Municipalities are not vicariously liable under § 1983 for their employees' actions. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Instead, *Monell* liability may be based on "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). When an unwritten or informal policy is used to establish liability, it must be "so permanent and well settled as to constitute a custom or usage with the force of law." *Gordon v. Cnty. of Orange*, 6 F.4th 961, 974 (9th Cir. 2021) (quotation omitted). A plaintiff must also show a direct causal link between the policy or custom and the constitutional deprivation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

1    Sternberg has not plausibly alleged a basis for *Monell* liability for LVMPD because he

2    does not allege an official policy; a failure to train, supervise, or discipline; or a decision or act

3    by a final policymaker.  Instead, it appears he is relying on an unofficial custom or practice of

4    impeding Sternberg from reporting crimes or failing to investigate, but he has identified only two

5    instances in which he was impeded in making a report or making a report that was not

6    investigated to his satisfaction.  Two instances over several years does not suffice to plausibly

7    establish an informal policy, custom, or practice.  I therefore grant the motion to dismiss the

8    *Monell* claim against LVMPD, with leave to amend if facts exist to do so.

9    **B.  Failure to Properly Serve Individual Defendants**

10    The LVMPD Defendants argue that Sternberg has not properly served any of the

11    individual defendants.  Sternberg responds that LVMPD agreed to waive service, including for

12    the individual employees.  Sternberg contends that after LVMPD filed a waiver of service for

13    itself, he emailed LVMPD's counsel to inquire whether service would also be waived for the

14    individual defendants.  Counsel responded that no summons had been issued for the individuals.

15    Sternberg states that after the summons were subsequently issued, he offered to allow the

16    individual defendants and LVMPD additional time to file an answer or move to dismiss, but he

17    received no response to his offer.  Sternberg asserts that dismissal is a waste of time and

18    resources because it would be without prejudice, and he could move to amend to add the

19    individuals back into this case or file a new lawsuit.  Alternatively, he requests leave to extend

20    time to serve the individuals, but he asserts that the LVMPD defendants should agree to waive

21    service.

22    Under Federal Rule of Civil Procedure 4(m), a plaintiff has "90 days after the complaint

23    is filed" to serve process on the defendant.  If service is not timely as to any defendant, then I

1  "must dismiss the action without prejudice against that defendant or order that service be made

2  within a specified time." Fed. R. Civ. P. 4(m).  The service period contained in Rule 4(m)

3  "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson*

4  *v. United States*, 517 U.S. 654, 661 (1996).  "On its face, Rule 4(m) does not tie the hands of the

5  district court after the [90]-day period has expired.  Rather, Rule 4(m) explicitly permits a district

6  court to grant an extension of time to serve the complaint after that . . . period." *Mann v. Am.*

7  *Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (emphasis omitted).  Moreover, the Advisory

8  Committee Notes to the Rule state that the court is "authorize[d] . . . to relieve a plaintiff of the

9  consequences of an application of [Rule 4(m)] even if there is no good cause shown." Fed. R.

10  Civ. P. 4(m), Advisory Committee Notes, 1993 Amendment.

11    Although the burden to timely serve lies with the plaintiff, "[a]n individual, corporation,

12  or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid

13  unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1).  Rule 4(d) provides a

14  means for a plaintiff to request a defendant waive service of a summons.  To request a waiver,

15  the plaintiff must send each individual defendant written notice of the lawsuit along with "a copy

16  of the complaint, 2 copies of the waiver form appended to . . . Rule 4, and a prepaid means for

17  returning the form." Fed. R. Civ. P. 4(d)(1)(C).  A defendant who waives service before being

18  served has 60 days to answer the complaint. Fed. R. Civ. P. 4(d)(3).

19    Sternberg sent an email to "claims@lvmpd.com" stating that he spoke to someone at

20  LVMPD who advised him that LVMPD would waive service if requested. ECF No. 231-1 at 2.

21  He also noted there were "several LVMPD defendants." *Id.*  Sternberg attached to this email a

22  copy of the FAC and a waiver form. *Id.*  He stated that he agreed that the 60-day period to waive

23

1   service would start as of the day he sent the email. *Id.* And he asked to be advised if any of the

2   LVMPD Defendants would not be represented. *Id.*

3         After LVMPD waived service only for itself, Sternberg asked the LVMPD Defendants'

4   counsel if she would "be waiving service for the other LVMPD defendants" because he noticed

5   that counsel "filed a waiver just for the department." *Id.* at 5. Counsel responded because she

6   could not locate summonses for any of the individual defendants, but could locate a summons for

7   LVMPD, she filed the waiver only for LVMPD. *Id.* at 4. Counsel advised Sternberg that if there

8   were summonses issued for the individual defendants, to point to where in the court's docket she

9   could locate them. *Id.*

10        Sternberg responded that he had submitted the summonses but "there was a glitch with

11  the clerk," so the summonses were not issued. *Id.* He advised that he would correct the issue. *Id.*

12  He also stated that if all the LVMPD Defendants were going to waive service, he would stipulate

13  to allow all of them, including the department, another 60 days to respond. *Id.* There is no

14  evidence that counsel responded to this email. In their reply brief, the LVMPD Defendants

15  argue that that Sternberg did not comply with the procedures to obtain a waiver and counsel

16  accepted the waiver for the department in good faith because a summons was on the docket.

17  But, they argue, no summonses were issued for the individual defendants and Sternberg did not

18  comply with the waiver procedures for them, so they did not agree to waive service.

19         Although Sternberg contends the parties reached an agreement to waive service, it does

20  not appear there was an agreement with respect to the individual defendants. But the summonses

21  for the individual defendants have now been issued. ECF No. 197. I therefore extend the time

22  for Sternberg to either obtain a waiver of service from the individual LVMPD Defendants or

23  serve them. Because I am giving Sternberg leave to amend, he has until 30 days after filing his

second amended complaint to obtain a waiver of service or to serve the individual LVMPD

Defendants.  If Sternberg does not file an amended complaint, then he has 60 days from the date

of this order to obtain a waiver of service or to serve the individual LVMPD Defendants.

Because I am granting Sternberg leave to amend as to LVMPD (and other defendants in this

case) and granting him additional time to serve the individual LVMPD Defendants, I address the

other arguments the LVMPD Defendants raise in their motion to dismiss.

### C.  Revocation of Concealed Carry Permit

The LVMPD Defendants argue that Sternberg's claims based on the revocation of his

concealed carry permit cannot proceed because Sternberg did not comply with Nevada's

statutory scheme governing those types of challenges.  Specifically, they argue that Nevada

Revised Statutes (NRS) § 202.3663 allows for judicial review of a concealed carry permit denial,

but that review must be conducted in according with Nevada's Administrative Procedures Act

(APA).  According to the LVMPD Defendants, Sternberg did not comply with the APA because

he did not file a petition for judicial review within 30 days of the denial.  They also argue that

Sternberg cannot evade this 30-day limit by asserting due process violations because he did not

avail himself of the process Nevada provides.

Sternberg responds that he is not seeking to overturn the revocation because he has

already reapplied for his permit.  Instead, he argues, he is making as-applied and facial

challenges to Shank and Gallup's determination that he was a prohibited possessor of a firearm

under 18 U.S.C. § 922(n) because he was "being fraudulently prosecuted for felony custody

deprivation" in California. ECF No. 231 at 3.  He requests leave to amend if his allegations are

not sufficiently clear.

1    According to the FAC, on March 2, 2023, Shank and LVMPD revoked Sternberg's

2  concealed carry weapon (CCW) permit. ECF No. 86-3 at 18.  Sternberg alleges that Shank and

3  Gallup violated his constitutional rights to due process, equal protection, and to bear arms "when

4  they revoked [his] Nevada conceal carry permit, and falsely labeled [him] a prohibited possessor

5  of a firearm." ECF No. 86-4 at 16.  He alleges that "[a]s cover for their violation, they falsely

6  asserted 18 USC 922(n) and NRS 202.3657 Section 3(b) as giving them the authority to deprive"

7  Sternberg of his constitutional rights.[2] *Id.*  The FAC alleges that "18 USC 922(n) is

8  unconstitutional on its face, and as applied" to Sternberg because it was "used to revoke [his]

9  concealed carry permit on the grounds that [Sternberg] was a 'prohibited possessor.'" ECF No.

10  86 at 5.  He seeks an injunction prohibiting the enforcement of § 922(n) and enjoining LVMPD

11  "from revoking or denying concealed carry permits under the guise that . . . 922(n) makes

12  someone a 'prohibited possessor.'" *Id.* at 6.  He also seeks compensatory and punitive damages.

13  *Id.*

14    NRS § 202.3657(3)(b) allows a sheriff to deny a CCW permit to a person who is

15  "prohibited from possessing a firearm pursuant to NRS 202.360."  Section 202.360(1)(g)[3]

16  prohibits a person from owning or possessing a firearm if the person is "otherwise prohibited by

17  federal law from having a firearm in his or her possession or under his or her custody or control."

18

19  [2] Sternberg alleges that LVMPD violated those same rights "by repeatedly trying to coerce
[Sternberg] into signing a waiver form as part of the CCW application that they have no lawful
20  authority to demand, and that their general counsel conceded that they have no lawful authority
to demand.  They have repeatedly impeded [Sternberg] from applying and refused to take [his]
21  application, because [he] would not sign the form without striking out parts [Sternberg] deemed
unlawful." ECF No. 86-4 at 16-17.  It is unclear what Sternberg is referring to in these
allegations because he does not identify what the waiver is, what parts Sternberg considered
22  unlawful, why he deemed them unlawful, and whether he was ultimately allowed to apply
without signing the parts to which he objected.

23  [3] Section 202.360 was amended after the LVMPD Defendants' denial of Sternberg's permit, but
subsection (g) remains unchanged.

1 According to the FAC, the LVMPD Defendants relied on federal law, specifically 18 U.S.C.

2 § 922(n), to conclude that Sternberg was prohibited from possessing a firearm.  Section 922(n)

3 makes it unlawful for a person "who is under indictment for a crime punishable by imprisonment

4 for a term exceeding one year to . . . receive any firearm or ammunition which has been shipped

5 or transported in interstate or foreign commerce."  The FAC alleges that Sternberg was arrested

6 for two counts of felony child custody deprivation. ECF No. 86-3 at 15.

7         1.  Due Process

8         NRS § 202.3663 allows a person whose permit has been denied to seek judicial review

9 under the procedures set forth in NRS chapter 233B, which is Nevada's APA.  Petitions for

10 review must be filed within 30 days of service of the final denial or revocation decision. NRS

11 § 233B.130(2)(d).  Sternberg does not dispute that he did not file a petition for judicial review

12 within 30 days of the CCW permit denial in this case.

13         To state a procedural due process claim, Sternberg must plausibly allege "(1) a

14 deprivation of a constitutionally protected liberty or property interest, and (2) a denial of

15 adequate procedural protections." *Miranda v. City of Casa Grande*, 15 F.4th 1219, 1224 (9th Cir.

16 2021) (quotation omitted).[4]  For purposes of this motion, the parties do not dispute that Sternberg

17 had a protected liberty or property interest.

18         A procedural due process claim under § 1983 "does not exist for a random, unauthorized

19 deprivation of liberty or property where adequate post-deprivation procedures are available

20 under state law." *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986).  That is because a

21 procedural due process violation "is not complete unless and until the State fails to provide due

22

23

_____

[4]  "Nevada's Due Process Clause mirrors its federal counterpart." *Dekker/Perich/Sabatini Ltd. v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 495 P.3d 519, 524 (Nev. 2021).

process." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990).  Additionally, a plaintiff must first seek

adequate compensation through available state procedures. *Lake Nacimiento Ranch Co. v. Cnty.*

*of San Luis Obispo*, 841 F.2d 872, 879 (9th Cir. 1988).  A state post-deprivation remedy may be

adequate even though it does not provide relief identical to that available under § 1983. *See*

*Hudson v. Palmer*, 468 U.S. 517, 531 n.11 (1984); *Lake Nacimiento Ranch Co.*, 841 F.2d at 879.

However, these rules apply only when the official who caused the deprivation "acted in

random, unpredictable, and unauthorized ways." *Zimmerman v. City of Oakland*, 255 F.3d 734,

738 (9th Cir. 2001).  A post-deprivation remedy does not satisfy due process "where the . . .

deprivation is effected pursuant to an established state procedure." *Id.* (quotation omitted).  Thus,

the existence of an adequate post-deprivation remedy is irrelevant where the defendant's conduct

is authorized by the state, such as where the defendant acted pursuant to an established state

procedure, rule, or regulation. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36

(1982); *Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

Sternberg asserts a claim for a due process violation, but it is not clear what type of claim

he is asserting.  If he is alleging that Shank and Gallup's decision was random, unauthorized, and

negligent, then I dismiss his claim with prejudice because he admittedly did not comply with the

procedures available to him nor does he allege that Nevada's procedures are deficient.

However, if Sternberg is alleging that Shank and Gallup "acted pursuant to state policy

and followed state procedures they believed were proper" in denying his permit, then he may be

able to state a procedural due process claim regardless of Nevada's post-deprivation procedures.

*Knudson*, 832 F.2d at 1149.  But because it is not clear what type of claim Sternberg is making

and it is not clear that amendment would be futile, I grant Sternberg leave to amend. *See Sonoma*

*Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a

1  general rule, dismissal without leave to amend is improper unless it is clear that the complaint

2  could not be saved by any amendment." (simplified)).

3                           2.  Equal Protection and Second Amendment

4          The LVMPD Defendants cite no authority for the proposition that a plaintiff cannot

5  pursue constitutional claims other than procedural due process claims without first resorting to

6  state administrative remedies.  Generally, exhaustion of state judicial or administrative remedies

7  is not a prerequisite to bringing an action under § 1983. *See Patsy v. Bd. of Regents*, 457 U.S.

8  496, 500 (1982) ("[W]e have on numerous occasions rejected the argument that a § 1983 action

9  should be dismissed where the plaintiff has not exhausted state administrative remedies.");

10  *Jamgotchian v. Ferraro*, 93 F.4th 1150, 1156 (9th Cir. 2024) (describing the "'settled rule' that

11  'exhaustion of state remedies is not a prerequisite to an action under 42 U.S.C. § 1983'"

12  (simplified)).  That is because unlike a procedural due process violation, other constitutional

13  violations are "complete when the wrongful action is taken," regardless of the procedures

14  available to remedy them. *See Zinermon*, 494 U.S. at 125-26.

15          Although the LVMPD Defendants seek to characterize Sternberg's claims as asserting

16  only due process violations, he alleges that the LVMPD Defendants violated his equal protection

17  and Second Amendment rights when denying his permit.  Because the LVMPD Defendants offer

18  no other basis to dismiss those claims, I do not dismiss them under either the United States or

19  Nevada Constitutions.[5]  However, if Sternberg wants to amend these claims against the LVMPD

20  Defendants, he has leave to do so.

21

22  _____

23  [5] Article I, § 11, clause 1 of the Nevada Constitution provides that "[e]very citizen has the right to keep and bear arms for security and defense, for lawful hunting and recreational use and for other lawful purposes."  Article 1, § 24 provides that "[e]quality of rights under the law shall not be denied or abridged by this State or any of its political subdivisions on account of race, color,

**D.  Failure to Investigate**

The LVMPD Defendants argue that Sternberg's allegations that they refused to investigate his report of crimes and impeded him from reporting crimes fail because there is no right to have a crime report taken or investigated.  They also argue that Sternberg's claims based on these allegations are untimely because the FAC alleges that he reported crimes to LVMPD in July 2019, but he filed this complaint more than two years later, on September 20, 2023.

Sternberg responds that he has other constitutional rights at stake that support a failure to investigate claim, including the constitutional right to the care, custody, and control of his children.  He contends that his claims are not time-barred because of the continuing violation doctrine.  And he asserts that he filed his complaint within two years of his September 18, 2022 attempt to report crimes to LVMPD.

<u>1.  No Right to an Investigation</u>

There is no constitutional right to an investigation or that an investigation be performed in any particular manner so long as no other constitutional rights are violated. *See Devereaux v. Abbey*, 263 F.3d 1070, 1075 (9th Cir. 2001) (stating "there is no constitutional due process right . . . to have [an] investigation carried out in a particular way"); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) ("The appellants claim that the right infringed was a due process right to have a full and fair police investigation into violence done against themselves or their children.  However, we can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved.").  Sternberg does not allege, for example, that the reason these

---

creed, sex, sexual orientation, gender identity or expression, age, disability, ancestry or national origin."

1    defendants did not investigate his complaints was due to something like intentional race

2    discrimination.  Mere dissatisfaction that law enforcement did not respond to a complaint or did

3    not investigate in the way the plaintiff desires does not amount to a constitutional violation.

4    However, I grant Sternberg leave to amend if facts exist to do so, except for the allegations that

5    are time-barred, as discussed below.

6              2.  Timeliness

7         I may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) as time-barred

8    "only when the running of the statute of limitations is apparent on the face of the complaint."

9    *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th

10   Cir. 2013) (simplified).  The limitation period for Sternberg's § 1983 claims is governed by the

11   forum state's limitation period for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927

12   (9th Cir. 2004); *McDougal v. Cnty. of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991).  In

13   Nevada, the limitation period for personal injury claims is two years. Nev. Rev. Stat.

14   § 11.190(4)(e).

15        For Sternberg's federal claims, federal law determines when a civil rights claim accrues.

16   *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001).  "Under federal law, a claim accrues when

17   the plaintiff knows or has reason to know of the injury which is the basis of the action."

18   *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) (quotation omitted).

19        For his state law claims, a cause of action generally accrues "when the wrong occurs and

20   a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20

21   (Nev. 1990); *see also State ex rel. Dep't of Transp. v. Pub. Emps.' Ret. Sys. of Nev.*, 83 P.3d 815,

22   817 (Nev. 2004) (en banc) ("A cause of action 'accrues' when a suit may be maintained

23   thereon." (quotation omitted)).  Nevada has adopted the discovery rule, and thus time limits

1   generally "do not commence and the cause of action does not 'accrue' until the aggrieved party

2   knew, or reasonably should have known, of the facts giving rise to the damage or injury." *G & H*

3   *Assocs. v. Ernest W. Hahn, Inc.*, 934 P.2d 229, 233 (Nev. 1997).

4      Sternberg alleges that he made a complaint to LVMPD on September 18, 2022, but

5   Lopez, Ohr, and Johnson "refused to allow [him] to make a report or to deliver evidence." ECF

6   No. 86-3 at 17.  This allegation is timely because Sternberg filed the original complaint less than

7   two years later, on September 20, 2023.[6]  However, Sternberg also alleges that on July 7, 2019,

8   he went to LVMPD headquarters to file a parental abduction report, but a "civilian gatekeeper

9   named Ellie . . . refused to allow me to make a report." ECF No. 86-3 at 3.  Sternberg would

10  have known about this alleged impediment to making a report and refusal to investigate at the

11  time it happened.  It thus is apparent that this allegation is untimely because Sternberg filed suit

12  more than two years after this incident.

13     Sternberg contends that this allegation is timely under the continuing violation doctrine.

14  The continuing violation doctrine, which "allow[s] a plaintiff to seek relief for events outside of

15  the limitations period," applies to claims under § 1983. *Knox*, 260 F.3d at 1013.  However,

16  continuing violations must be distinguished from continuing impact from past violations. *Id.*

17  (stating that "mere continuing impact from past violations is not actionable" (quotation and

18  emphasis omitted)).  Further, "discrete . . . acts are not actionable if time barred, even when they

19  are related to acts alleged in [a] timely filed" complaint because "[e]ach discrete . . . act starts a

20

21  _____

22  [6] The original complaint did not name LVMPD or any of its employees as defendants, but it alleged the facts related to the two attempts to report crimes to LVMPD. ECF No. 1 at 12, 17-18.

23  The FAC is the first version of Sternberg's complaint in this case or the consolidated case that named the LVMPD Defendants.  Regardless of which version of the complaint I consider, the allegations related to July 2019 incident are untimely, but the allegations related to the September 18, 2022 incident are timely.

new clock for filing [a complaint] alleging that act." *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 747 (9th Cir. 2019) (quotation omitted).

Because Sternberg alleges only discrete acts against him, it is apparent that his claims against the LVMPD Defendants based on conduct prior to September 20, 2021 are untimely.  He therefore does not have leave to amend with respect to the July 7, 2019 incident because amendment would be futile.

**E.  Section 1985**

The LVMPD Defendants argue that Sternberg does not plausibly allege class-based discriminatory animus to support his claim under 42 U.S.C. § 1985.  Sternberg responds that he can cure this deficiency through amendment.

Sternberg does not identify under what section or clause of § 1985 he is bringing his claims.  Based on the FAC's allegations, he appears to be relying on the second clause of § 1985(2) that prohibits conspiring for the purpose of obstructing "the due course of justice" in a State "with intent to deny to any citizen the equal protection of the laws."  He also appears to be relying on the first clause of § 1985(3) that prohibits conspiring to deprive "any person or class of persons of the equal protection of the laws."  Both of those provisions require "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) (quotation omitted).  The Ninth Circuit requires a showing either that the courts have designated the class in question a suspect or quasi-suspect class or that congressional legislation has established that the class requires special protection. *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985).

Sternberg concedes that he has not alleged that he belongs to a protected class. I therefore dismiss his § 1985 claims. It appears unlikely that Sternberg could plausibly allege a § 1985 claim because his opposition to the motion to dismiss does not suggest he could make the necessary allegations. I nevertheless grant Sternberg leave to amend his § 1985 claims if he can allege facts in support of them.

**II. Conclusion**

I THEREFORE ORDER that the LVMPD Defendants' motion to dismiss **(ECF No. 204) is GRANTED in part** as set forth in this order.

I FURTHER ORDER that by January 16, 2025, plaintiff Michael Sternberg may file a second amended complaint curing the deficiencies identified in this order if facts exist to do so.

I FURTHER ORDER that plaintiff Michael Sternberg has until 30 days after filing his second amended complaint to obtain a waiver of service or to serve the individual LVMPD Defendants. If Sternberg does not file an amended complaint, then he has 60 days from the date of this order to obtain a waiver of service or to serve the individual LVMPD Defendants.

DATED this 14th day of November, 2024.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE