UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| MICHAEL C. STERNBERG, | Case No.: 2:23-cv-01466-APG-EJY |
|---|---|
| Plaintiff | **Order Denying Motions for Preliminary Injunction, Partial Summary Judgment, and Declaratory Judgment** |
| v. | |
| SHELLEY WARNECK, | [ECF Nos. 174, 175, 182] |
| Defendants | |

Plaintiff Michael Sternberg sues 75 individuals and entities regarding events arising out of a custody dispute with the mother of his children, defendant Shelley Warneck. In this order, I address Sternberg's motions for a preliminary injunction, for partial summary judgment, and for declaratory judgment. ECF Nos. 174, 175, 182.[1]

Warneck opposes the motions, even though not directly aimed at her, because they seek to undo court orders in the California custody proceedings. She argues that a federal court should abstain from reviewing state court custody rulings because of the strong state interests in domestic relations. She also contends that I should not interfere in ongoing state custody proceedings. Defendant Steven Wolfson opposed as well, arguing that Sternberg is not likely to succeed on the merits because Wolfson is protected by prosecutorial immunity and because there is no likelihood of irreparable harm from Wolfson where Sternberg no longer has custody of the children and there is no warrant for his arrest at this time. Defendants Attorney General Aaron Ford, William Scott, Gina Lovero, Dave Monroe, Brent Foster, Christine Brady, and Daniel Ulloa joined in Wolfson's argument regarding a lack of irreparable harm. The other defendants

---

[1] ECF No. 182 added defendant Steven Wolfson as a person against whom Sternberg seeks an injunction in ECF No. 174.

did not respond because I entered a stay in the case to allow me to address the numerous motions to dismiss. *See* ECF Nos. 193; 194.

I deny Sternberg's motions because he seeks to overturn orders from the California state court presiding over the custody matter. *See* ECF No. 174 at 9.  As I have ruled in various orders in this case, Sternberg's claims seeking to undo state court orders are barred by the *Rooker-Feldman* doctrine.

Sternberg contends that he can collaterally attack the state court orders in this court under Federal Rule of Civil Procedure 60(b) because the state court orders are void due to violations of his due process rights.  Rule 60(b) allows a court to relieve a party from a judgment that is "void."  But Sternberg cannot do an end run around *Rooker-Feldman* by resort to Rule 60(b). Courts have routinely found that Rule 60(b) "does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment." *In re Reyes*, No. BAP EC-18-1229-BSL, 2019 WL 1759749, at *5 (B.A.P. 9th Cir. Apr. 19, 2019) (collecting cases).  On appeal in *Reyes*, the Ninth Circuit declined to address the issue. *In re Reyes*, 812 F. App'x 464, 466 n.1 (9th Cir. 2020) ("We do not reach the issue of whether the Reyes' Rule (60)(b)(4) motion was also defective because Rule 60(b), like the other Federal Rules of Civil Procedure, applies only to federal court judgments, not to state court judgments.").  However, in another unpublished disposition, the Ninth Circuit stated that a "district court properly dismissed [a] complaint sua sponte because Rule 60(b) does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment." *Holder v. Simon*, 384 F. App'x 669, 2010 WL 2545643, at *1 (9th Cir. 2010).  Other circuits agree. *See Reardon v. Reardon*, 421 F. App'x 141, 142 n.1 (3d Cir. 2011) ("If it was Reardon's intent to use Rule 60(b) to attack the state court judgment, we have previously held that he may not use Rule 60(b) to reopen a state court

2

judgment"); *Burnett v. Amrein*, 243 F. App'x 393, 395 (10th Cir. 2007) (stating that the district correctly court held that Rule 60(b) "does not authorize a federal district court to relieve the [plaintiffs] of a judgment entered in state court . . . because any such action would violate the *Rooker-Feldman* doctrine" (quotation omitted)). Consequently, I deny Sternberg's motions.

I THEREFORE ORDER that Sternberg's motions for preliminary injunction, partial summary judgment, and declaratory judgment **(ECF No. 174, 175, 182) are DENIED**.

DATED this 14th day of November, 2024.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE