Michael C. Sternberg, Self Represented
8545 W Warm Springs Rd Ste A4 #256
Las Vegas, NV 89113
702.234.2539
sternberg_michael@yahoo.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL C. STERNBERG, E.W., & N.W.<br><br>Plaintiffs<br><br>v.<br><br>SHELLEY WARNECK, et al.<br><br>Defendants | Consolidated Cases:<br><br>Case No. 2:23-cv-01466-APG-EJY<br>Case No. 2:23-cv-02022-APG-EJY<br><br>**FIRST MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT** |

### DECLARATION & MEMORANDUM OF POINTS AND AUTHORITIES

### I. PROCEDURAL BACKGROUND

On 11/14/24, the court issued multiple orders on pending Motions to Dismiss ("MTD") **(ECF 270-276)**. The court also issued an order denying my Motion for Preliminary Injunction ("MPI") **(ECF 277)**. The court denied the MPI by sua sponte raising the Rooker-Feldman doctrine. The court also raised the doctrine when partially granting a few MTDs.

I filed a Notice of Appeal on 11/18/24 for the denial of the MPI **(ECF 278)**. I believe the court erred with Rooker-Feldman. I filed my opening brief and the Excerpts of Record with the 9th Circuit on 12/27/24. At that time, only one attorney had registered with that court for electronic filing and notifications - Vivienne Rakowsky for Tristan Aeschleman and Adames & Ash LLP. I electronically served the brief and the Excepts of Record to the NVAG, Clark

County/Wolfson, and Warneck lawyers on 12/27/24. There has been no objection to this method of service.

I have asked the 9th Circuit about whether Rooker-Feldman was appropriately raised and applied by this court in denying my MPI. I have asked it to define the boundaries of the doctrine as relates to this court's application of it in the MTDs.

This case was stayed in this court by Judge Gordon on 5/31/24 **(ECF 193)**. On 12/6/24 and 12/11/24, Warneck and the Nevada Attorney General Defendants ("NVAG") respectively filed status reports (**ECF 284 and 285**).

On 12/18/24, I corresponded with NVAG, and they advised me they would not oppose this Motion to Extend Time. I am filing this motion instead of trying to reach stipulations with so many defendants who are themselves in ambiguous statuses in this case (for example the El Dorado defendants were dismissed, but I filed a surreply), and because of rampant professional misconduct by some attorneys in this case, namely their assertions of law that are clearly refuted by the cases they themselves cite. Their conduct makes it impossible to reach good faith stipulations and a common understanding of what is being agreed to.

## II. ARGUMENT

This court granted me leave to amend the complaint in its orders on the MTDs. The court gave me a deadline of 1/16/24. I will amend the complaint, but I believe it would be wasteful of judicial and party resources to amend the complaint prior to getting a ruling from the 9th Circuit. Should the 9th overturn this court on Rooker-Feldman, even partially, it would have a dramatic effect on the substance of an amended complaint and this court's MTD orders. I therefore request an extension of time to file my Second Amended Complaint until 30 days after the 9th Circuit rules on my appeal. The corresponding deadline to serve the LVMPD defendants should also be extended **(ECF 276)**. I have no objection to the discovery stay remaining in place. I have no objection to motion practice stay remaining in place other than any Motions for Reconsideration on the various MTD rulings.

### III. OATH

I declare under penalty of perjury under the laws of the United States of America and of the State of Nevada that the foregoing is true and correct, and are based on my personal knowledge.

Dated: January 2, 2025     By: *s/ Michael C. Sternberg*
                               Michael C. Sternberg
                               Plaintiff, Self Represented

### CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.