**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL C. STERNBERG,<br><br>          Plaintiff - Appellant,<br><br>  v.<br><br>SHELLEY WARNECK; et al.,<br><br>          Defendants - Appellees,<br><br>and<br><br>JEFF ROSEN; et al.,<br><br>          Defendants. | No. 24-7206<br><br>D.C. No. 2:23-cv-01466-APG-EJY<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted April 22, 2025**

Before:    GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Michael C. Sternberg appeals pro se from the district court's order denying

---

  *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his motions for a preliminary injunction in his action alleging federal and state law claims arising out of state child custody proceedings. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review for an abuse of discretion. *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). We affirm.

The district court did not abuse its discretion in denying Sternberg's motions for a preliminary injunction because Sternberg failed to establish the requirements for such relief. *See id.* (plaintiff seeking preliminary injunction must establish that he is likely to succeed on the merits, he is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor, and an injunction is in the public interest).

We do not consider Sternberg's contentions regarding the merits of his underlying complaint or the district court's orders partially granting motions to dismiss because those issues are outside the scope of this appeal.

The motion (Docket Entry No. 17) to strike a portion of the opening brief is denied as unnecessary.

**AFFIRMED.**