UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL C. STERNBERG, | Case No.: 2:23-cv-01466-APG-EJY |
| Plaintiff | **Order (1) Granting Plaintiff's Motion for Reconsideration and (2) Denying Warneck's anti-SLAPP Motion to Dismiss** |
| v. | |
| SHELLEY WARNECK, et al., | [ECF Nos. 124, 279] |
| Defendants | |

Plaintiff Michael Sternberg moves for reconsideration of my order granting in part defendant Shelley Warneck's motion under Nevada's anti-SLAPP law. I denied Warneck's anti-SLAPP motion with respect to Sternberg's civil conspiracy claim. ECF No. 270 at 24. But I granted it with respect to Sternberg's abuse of process claim. *Id.* at 26-27.

Sternberg moves to reconsider, arguing that he "inadvertently focused on requesting discovery rather than presenting a prima facie case of Warneck's wrongdoing." ECF No. 279 at 1-2. He contends that he has evidence that Warneck's statements were not in good faith, but rather were part of an intentional scheme to manipulate the judicial process to prolong her wrongful relocation of their children out of Nevada.

Warneck responds that Sternberg's evidence is irrelevant because I was "required to apply the standards of a [Federal Rule of Civil Procedure] 12(b)(6) motion" when considering her anti-SLAPP motion, so I could not consider his "extrinsic evidence." ECF No. 283 at 2. She argues that to the extent Sternberg offers evidence to rebut her declaration regarding good faith, Sternberg had all the evidence he now seeks to provide the court, so it is not newly discovered evidence to support reconsideration. Warneck argues that Sternberg's strategic decision to focus

on requesting discovery rather than challenging Warneck's motion on the merits is not grounds for reconsideration.

For the reasons discussed below, I reconsider my prior order granting Warneck's anti-SLAPP motion. Because Warneck attached evidence to her anti-SLAPP motion, it must be treated as one for summary judgment, yet Warneck argued for a motion to dismiss standard. Doing so may have led Sternberg, particularly as a pro se litigant, to not understand that he could challenge Warneck's good faith with evidence. Additionally, because Warneck did not mention the summary judgment standard in her motion, Sternberg may not have understood the need to address his request for discovery under Rule 56 and related federal caselaw. And I should have applied that law instead of Nevada's anti-SLAPP rules on discovery. Accordingly, I reconsider my prior decision on Warneck's anti-SLAPP motion and now address it anew under the summary judgment standard.

Under that standard, genuine disputes remain about whether Warneck made false statements in court and gave Sternberg a different version of a document than the one she filed in court, which allegedly contained a falsehood. She therefore fails at step one of the anti-SLAPP analysis for the aspects of Sternberg's claims that rely on false statements to the court. As for Sternberg's allegations that Warneck made false statements to law enforcement, he should be permitted discovery before a final ruling on that issue. I therefore deny Warneck's anti-SLAPP motion.

## I. LEGAL STANDARD

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001)

(quotation and emphasis omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983); Fed. R. Civ. P. 54(b). The party requesting reconsideration must show "(1) some valid reason why the court should revisit its prior order; and (2) facts or law of a 'strongly convincing nature' in support of reversing the prior decision." *USF Ins. Co. v. Smith's Food & Drug Ctr., Inc.*, 2013 WL 4458776, at *1 (D. Nev. Aug. 16, 2013); *see also* LR 59-1(a) ("A party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood."). Similar to a Rule 59(e) motion, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quotation omitted); *see also* LR 59-1(a). A reconsideration motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890 (emphasis omitted).

## II. ANALYSIS

### A. Standards For a Nevada Anti-SLAPP Motion in Federal Court

"A SLAPP suit is a meritless lawsuit that a party initiates primarily to chill a defendant's exercise of his or her First Amendment free speech rights." *Stubbs v. Strickland*, 297 P.3d 326, 329 (Nev. 2013) (en banc). "Nevada's anti-SLAPP statutes provide defendants with a procedural mechanism whereby they may file a special motion to dismiss the meritless lawsuit before incurring significant costs of litigation." *Stark v. Lackey*, 458 P.3d 342, 344-45 (Nev. 2020) (en banc). Nevada's anti-SLAPP statute sets out "a two-prong analysis to determine the viability of a special motion to dismiss." *Id.* at 345. "First, the district court must determine

whether the moving party has established, by a preponderance of the evidence, that the claim is based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." *Id.* (simplified); Nev. Rev. Stat. (NRS) § 41.660(3)(a). "Second, if the district court finds the defendant has met his or her burden, the court must then 'determine whether the plaintiff has demonstrated with prima facie evidence a probability of prevailing on the claim.'" *Id.* (quoting NRS § 41.660(3)(b)).

Step one of this analysis is itself comprised of two components. First, the movant must show "that the comments at issue fall into one of the four categories of protected communications enumerated in NRS 41.637." *Id.* Second, the movant must show "that the communication 'is truthful or is made without knowledge of its falsehood.'" *Id.* (quoting NRS § 41.637).

"The degree to which [state] anti-SLAPP provisions are consistent with the Federal Rules of Civil Procedure has been hotly disputed." *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1155 (9th Cir. 2021) (quotation omitted). In addressing a motion brought under California's anti-SLAPP law, the Ninth Circuit stated that:

> [r]equiring a presentation of evidence without accompanying discovery would improperly transform the motion to strike under the anti-SLAPP law into a motion for summary judgment without providing any of the procedural safeguards that have been firmly established by the Federal Rules of Civil Procedure. That result would effectively allow the state anti-SLAPP rules to usurp the federal rules. We could not properly allow such a result.

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018), *amended*, 897 F.3d 1224 (9th Cir. 2018). *Planned Parenthood* resolved the issue with respect to California's anti-SLAPP law by adopting the rule that:

> when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6)

4

standard and consider whether a claim is properly stated. And, on the other hand, when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply. But in such a case, discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court. A contrary reading of these anti-SLAPP provisions would lead to the stark collision of the state rules of procedure with the governing Federal Rules of Civil Procedure while in a federal district court.

890 F.3d at 834; *see also Gunn v. Drage*, 65 F.4th 1109, 1120 (9th Cir. 2023) (holding that the *Planned Parenthood* "rules for anti-SLAPP motions to strike apply in federal court regardless of whether a plaintiff challenges the first or second step of the anti-SLAPP analysis," and courts may "rely on extrinsic evidence whether the challenge is as to the first step, the second step, or both steps").

The Ninth Circuit has not addressed whether the *Planned Parenthood* rules apply to Nevada's anti-SLAPP statute, which differs in several respects from California's. For example, California does not require the defendant filing an anti-SLAPP motion to show at step one that the protected conduct was truthful or without knowledge of its falsehood at all, much less by a preponderance of the evidence like Nevada does. *Compare* Cal. Civ. Proc. Code § 425.16 *with* Nev. Rev. Stat. §§ 41.637, 41.660(3)(a). And although the Supreme Court of Nevada stated in a published opinion that "[a]s amended, the special motion to dismiss again functions like a summary judgment motion procedurally,"[1] it has receded from that statement in several unpublished decisions, at least with respect to step one.[2] To the extent the Nevada statute creates

---

[1] *Coker v. Sassone*, 432 P.3d 746, 748 (Nev. 2019).

[2] *Lee v. Liu*, No. 84442, 542 P.3d 429, 2024 WL 463955, at *1 n.3 (Nev. Feb. 6, 2024) (stating the district court "recognized the appropriate preponderance of the evidence standard under NRS 41.660" for step one); *Omerza v. Fore Stars, Ltd*, 455 P.3d 841, No. 76273, 2020 WL 406783, at *2 n.5 (Nev. Jan. 23, 2020) ("To the extent that the district court focused on the existence of a genuine issue of material fact in determining that appellants did not meet their step-one burden on the good faith component, we conclude that the court erred, as the anti-SLAPP burdens and

5

a procedure whereby the judge makes a finding by a preponderance of the evidence at step one, that would directly collide with Federal Rules of Civil Procedure 12 and 56. Judges make no such findings by a preponderance of the evidence under either rule when deciding whether a plaintiff's claim can proceed in federal court. Consequently, I conclude the Ninth Circuit would apply the *Planned Parenthood* and *Gage* analyses to Nevada's anti-SLAPP statute such that the motions should be considered as motions to dismiss if they are legal attacks and motions for summary judgment if they are factual attacks.

The Nevada anti-SLAPP statute also collides with the Federal Rules related to discovery. In my prior order, I looked to Nevada's anti-SLAPP law on when to allow discovery in response to an anti-SLAPP motion because "Warneck cite[d] no authority for the proposition that Rule 56(d) applies" in the anti-SLAPP context. ECF No. 270 at 25. But the Ninth Circuit has found that the discovery rules in California's anti-SLAPP law do not apply in federal court. *See Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001). The Ninth Circuit would almost certainly reach the same conclusion with respect to Nevada's anti-SLAPP statute. Thus, I should have referred to Rule 56(d) and related federal caselaw, and not the Nevada statute, in determining whether to allow Sternberg discovery before ruling on Warneck's anti-SLAPP motion.

---

the summary-judgment burdens are substantively different" and "at step one, the summary-judgment standard is incompatible with the burden set forth in NRS 41.660(3)(a)."). For step two, the Nevada Legislature specifically states in the statute that "in determining whether the plaintiff 'has demonstrated with prima facie evidence a probability of prevailing on the claim' the plaintiff must meet the same burden of proof that a plaintiff has been required to meet pursuant to California's anti-Strategic Lawsuits Against Public Participation law as of June 8, 2015." Nev. Rev. Stat. § 41.665(2). In June 2015, California's anti-SLAPP statute stated that the plaintiff had to establish "that there is a probability that the plaintiff will prevail on the claim." Cal. Civ. Proc. Code § 425.16 (2015). The Supreme Court of California "described this second step as a summary-judgment-like procedure." *Baral v. Schnitt*, 376 P.3d 604, 608 (Cal. 2016) (quotation omitted).

6

Regardless of the difficulties that applying Nevada's anti-SLAPP statute poses in federal court, it suffices here to say that Warneck cannot simultaneously assert that her motion should be resolved under Rule 12(b)(6), contend that I should nevertheless consider her declaration, and then fault Sternberg for not coming forward with evidence of her alleged falsehoods when he responded to her original motion. Warneck's opposition to reconsideration states that the "required" standard to apply to her motion is Rule 12(b)(6), so I should not consider any evidence beyond the first amended complaint's (FAC) allegations. ECF No. 283 at 2. But, as Sternberg points out, that means I should not have considered Warneck's declaration that she attached to her anti-SLAPP motion.[3] Warneck states that she submitted her declaration "only to satisfy [her] burden of proving that [her] alleged conduct and statements were made in 'good faith'" and not to "contest the accuracy of any factual allegations" in the FAC. ECF No. 124-1 at 3. But by denying she made false statements to the court and law enforcement, she contested the accuracy of the FAC's allegations.

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). I considered Warneck's affidavit in ruling on the motion, so I converted it into one for summary judgment by doing so. *See* ECF No. 270 at 25. But I conclude that Sternberg did not have sufficient notice that would happen because

---

[3] *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (stating that in reviewing a motion to dismiss under Rule 12(b)(6), courts "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice" (quotation omitted)); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (stating that a court may also consider documents that are not physically attached to the complaint "if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them" (simplified)).

7

Warneck's motion does not mention summary judgment or its standards. ECF No. 124. And I also did not give Sternberg advance warning. Accordingly, I must give Sternberg a reasonable opportunity to present summary judgment materials to respond, which he has done in his motion for reconsideration. I therefore now address Warneck's anti-SLAPP motion under those standards.

**B. Summary Judgment**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

    1. Statements to Court

In the FAC's abuse of process claim, Sternberg alleged that Warneck made false statements to the court and served him with different versions of documents than what she filed

with the court. ECF Nos. 86-3 at 4-6; 86-4 at 1. Viewing the facts in the light most favorable to Sternberg, a reasonable jury could find that Warneck made false statements to the court in the custody proceedings. Sternberg has presented evidence that Warneck represented to the court that (1) she was and always had been a California resident and (2) the children's relocation from California to Nevada was temporary. ECF No. 279-2 at 92.[4] A reasonable jury could find these statements were knowingly false. Warneck filled out a Nevada voter registration form, which required her to sign, under penalty of perjury, that Nevada was her "sole legal place of residence and [she] claim[ed] no other place as [her] legal residence." ECF Nos. 279-2 at 107, 117; 279-3 at 19. Additionally, Sternberg has presented evidence that contrary to what she represented to the court, Warneck had agreed that the children could stay in Las Vegas "forever" (or at least through the eighth grade), and not merely on a temporary basis. ECF Nos. 279-2 at 135-42; 279-3 at 8-9.

Sternberg has also presented evidence from which a reasonable jury could find that Warneck, through her attorney, served him with a different version of a document than what was filed with the court. ECF No. 279-2 at 4-5, 8-36, 37-67, 82. A reasonable jury could find that those versions differed because the version served on Sternberg did not include some exhibits that were provided to the court, including an email in which Sternberg had previously agreed to receive service by email. Sternberg has presented evidence from which a reasonable jury could find that before Warneck's attorney filed the motion with the court attaching the email

---

[4] In her opposition to the motion to reconsider, Warneck objects that this evidence is unauthenticated. However, she does not dispute the evidence's authenticity, nor does she argue that it could not be presented in admissible form at trial. *See* Fed. R. Civ. P. 56(c)(2); *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents."). I therefore consider the evidence.

agreement, Sternberg had advised Warneck's attorney that he rescinded all agreements, and thus the representation to the court that Sternberg agreed to accept service by email was knowingly false. *Id.* at 5, 69-73, 80. Further, a reasonable jury could find that Warneck, through her attorney, falsely told the California court that she could not locate Sternberg to serve him with a motion to continue a hearing in the California case. ECF No. 279-3 at 31-35, 42. Because Sternberg has presented evidence from which a reasonable jury could find that Warneck made statements to the court with knowledge of their falsehood, she has not met her burden at step one of the anti-SLAPP analysis, so I deny her motion as to the allegations that she made false statements to the court. *See* NRS §§ 41.637, 41.660(3)(a).

### 2. Statements to Law Enforcement

In his abuse of process claim, Sternberg also alleged that Warneck made false statements to "county investigators[] and/or Nevada Attorney General agents." ECF No. 86-4 at 1. The FAC does not identify these false statements. And Sternberg did not identify them in his opposition to the anti-SLAPP motion. Instead, he requested discovery because the "information necessary for [him] to meet or oppose" the motion was "in the possession of other parties in this case and third parties." ECF No. 132 at 11. Specifically, he noted that he has "no access to [his] own court file" in California, and he "need[s] discovery to obtain Warneck's and [her attorney's] communications with law enforcement." *Id.* In his reply on reconsideration, Sternberg asserts that Warneck transmitted her false statements in the custody proceedings to law enforcement for an improper purpose. ECF No. 287 at 9.

Sternberg also renews his request for discovery because he does not have access to the custody court case file or to Warneck's statements to law enforcement. Sternberg states that if given discovery, he expects to find, among other things, evidence that Warneck knowingly made

10

false statements to law enforcement to get him arrested, to seize the children, and to extend her custody of the children after she improperly removed them from Nevada before initiating the California custody case in bad faith.

A party may move for summary judgment "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). But when a party moves for summary judgment "so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56[(d)] motion fairly freely." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773 (9th Cir. 2003). To prevail on a Rule 56(d) motion, the "requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

Sternberg filed his motion for reconsideration and reply brief under oath, so I treat them as his Rule 56(d) affidavits. *See* ECF Nos. 279 at 9; 287 at 12. Sternberg has identified that he hopes to elicit evidence of Warneck making misrepresentations to law enforcement similar to those she made to the courts. It is plausible those facts exist if Warneck told law enforcement the story of her disputes with Sternberg, and thus she may have made the same alleged falsehoods about her residency and the arrangements she and Sternberg had made about where the children would live. Additionally, she may have provided law enforcement with some of the court documents that contain other alleged falsehoods. Sternberg has shown that such evidence would stave off summary judgment on Warneck's anti-SLAPP motion because it would show she made knowingly false statements and thus would not be entitled to anti-SLAPP protection under step one of that analysis. I therefore grant Sternberg Rule 56(d) relief with respect to his

allegations that Warneck lied to law enforcement, so I deny Warneck's anti-SLAPP motion on this basis.

### C. Amendment and Fees

Although I have granted Sternberg's motion for reconsideration and denied Warneck's anti-SLAPP motion, a few words about amendment and attorney's fees are in order. First, this does not revive Sternberg's abuse of process claim. I dismissed it under a Rule 12(b)(6) standard, and that ruling stands. *See* ECF No. 270 at 16-18. But in my prior order, I properly followed the federal Rules in allowing Sternberg to amend. *See Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004) (stating that "granting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment").

In his motion for reconsideration, Sternberg notes that he received a letter from Warneck's attorney "seeking attorney fees regardless of this Court's order granting [Sternberg] leave to amend." ECF No. 279 at 1. Sternberg stated that he "suspect[s] the issue would have become moot after [he] filed [his] amended complaint." *Id.* at 8. But amending his complaint does not necessarily save Sternberg from the possibility of having to pay anti-SLAPP attorney's fees for a motion that was directed at his original complaint.

NRS § 41.670(1)(a) provides that "[i]f the court grants a special motion to dismiss filed pursuant to NRS 41.660," then "[t]he court shall award reasonable costs and attorney's fees to the person against whom the action was brought." The Supreme Court of Nevada held in a published decision that a defendant who prevails on an anti-SLAPP motion is entitled "to recover reasonable attorney fees and costs incurred from the inception of the litigation, rather than just those incurred in litigating the anti-SLAPP motion." *Smith v. Zilverberg*, 481 P.3d 1222, 1230

(Nev. 2021). And it has indicated in an unpublished decision that amending the complaint will not save a litigant from having to pay fees on an anti-SLAPP motion directed at the original complaint. *See Vannah v. L. Off. of Daniel S. Simon*, No. 82058, 506 P.3d 1073, 2022 WL 986138, at *1 (Nev. 2022) ("Because respondents['] amended complaint was not filed before appellants filed their anti-SLAPP special motions to dismiss, the district court erred by relying on respondents' amended complaint to deny appellants' anti-SLAPP special motions to dismiss. On remand, the district court should conduct its anti-SLAPP analysis based on respondents' original complaint."); *Evans Hotels, LLC v. Unite Here! Loc. 30*, No. 23-55692, 2025 WL 17120, at *3 (9th Cir. Jan. 2, 2025) (stating that the "*Verizon* court did not address whether a defendant may obtain fees and costs under [California's anti-SLAPP statute] when it seeks to strike an amended complaint" and concluding that "[w]here a plaintiff abandons its claims after the defendant files an anti-SLAPP motion, the defendant is entitled to fees and costs if it would have prevailed on the merits of its motion"). Thus, amendment alone will not necessarily preclude the possibility that Sternberg may become liable for attorney's fees.

I also note that Sternberg argues in his motion for reconsideration that the litigation privilege does not apply to Warneck's conduct because the "judicial action must be contemplated in good faith." ECF No. 279 at 4. He claims that Warneck did not contemplate or initiate the California custody case in good faith because the case was aimed at prolonging her wrongful removal of the children from Nevada. He cites *Williams v. Lazer*, 495 P.3d 93 (Nev. 2021) (en banc) in support. It appears Sternberg is misreading *Lazer*'s statement that the absolute litigation privilege "applies to communications made by either an attorney or a nonattorney that are related to ongoing litigation or future litigation contemplated in good faith." 495 P.3d at 100 (quotation omitted). As the Supreme Court of Nevada stated elsewhere, the privilege applies "where a

judicial proceeding has commenced or is, in good faith, under serious consideration." *Clark Cnty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 502 (Nev. 2009). Thus, the reference to good faith in Nevada's absolute litigation privilege caselaw concerns whether a pre-litigation statement is made in relation to future litigation that is being contemplated in good faith. The requirement that litigation be under good faith contemplation is meant to allow the absolute litigation privilege to apply to pre-litigation statements, but not to allow parties to later claim they were contemplating litigation to benefit from the privilege. *Fink v. Oshins*, 49 P.3d 640, 644 (Nev. 2002) ("When the defamatory communication is made before a judicial proceeding is initiated, it will be cloaked with immunity only if the communication is made 'in contemplation of initiation' of the proceeding."). But it is long settled under Nevada law that even knowingly false and malicious statements made in the course of judicial proceedings are absolutely privileged. *Jacobs v. Adelson*, 325 P.3d 1282, 1285 (Nev. 2014) (en banc).

## III.  CONCLUSION

I THEREFORE ORDER that plaintiff Michael Sternberg's motion for reconsideration **(ECF No. 279) is GRANTED**.

I FURTHER ORDER that my order granting defendant Shelley Warneck's motion to dismiss **(ECF No. 270) is modified** to deny the anti-SLAPP portion of that motion (ECF No. 124). The order (ECF No. 270) is not modified in any other respect.

DATED this 22nd day of May, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE