UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL C. STERNBERG,<br><br>    Plaintiff<br><br>v.<br><br>SHELLEY WARNECK, et al.,<br><br>    Defendants | Case No.: 2:23-cv-01466-APG-EJY<br><br>**Order**<br><br>[ECF No. 288] |

    Plaintiff Michael Sternberg filed a surreply to the El Dorado Defendants'[1] motion to dismiss. ECF No. 288. Sternberg did so because he interpreted my order granting his motion for leave to file a surreply to allow for additional briefing beyond what he had already filed. *See* ECF No. 271 at 10. He argues in the surreply that I should have granted him leave to amend to allege facts supporting personal jurisdiction over the El Dorado Defendants.

    The El Dorado Defendants respond that Sternberg's prior motion for leave to file a surreply was itself a surreply, which I granted, so Sternberg filed this second surreply without leave of the court. ECF No. 289. The El Dorado Defendants thus contend that I should either strike the second surreply as unauthorized or construe it as a motion to reconsider, which I should deny because there is no basis to reconsider.

    I previously granted Sternberg's motion for leave to file a surreply because I interpreted his motion, which contained argument and evidence, as the surreply. *See* ECF Nos. 244; 244-1; 271. Sternberg's motion did not suggest that Sternberg had additional arguments and evidence to present. ECF Nos. 244; 244-1. I thus do not consider the second surreply, as I did not

---

[1] The El Dorado Defendants are County of El Dorado, Rich Horn, Joseph Alexander, Jeff Dreher, Brittany Griffith, and Van Pierson.

authorize Sternberg to file it. *See* LR 7-2(b) ("Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged.").

But even if Sternberg misunderstood my order and I consider Sternberg's second surreply (either as a surreply or as a motion for reconsideration), I do not alter my order dismissing the El Dorado Defendants. Sternberg's evidence and argument do not change my analysis that I lack personal jurisdiction over those defendants. *See* ECF No. 271 at 8 ("Sternberg does not allege anything beyond California officials communicating (or failing to communicate) with Sternberg and taking acts in California that resulted in Sternberg's arrest in Nevada because that is where Sternberg happened to be located. Haling the El Dorado County defendants into court in Nevada would be unreasonable under these circumstances."). His newly presented evidence shows only coordination between officials located in California with those in Nevada.[2] I already found such coordination across state lines insufficient to establish personal jurisdiction here. *See* ECF No. 271 at 9 ("Subjecting a California county and its employees to personal jurisdiction in Nevada because they performed their official duties in California resulting in an arrest in Nevada, without more, does not comport with due process.").

---

[2] *See* ECF No. 288-2 at 7 (email from an El Dorado County District Attorney's Office investigator to someone in Nevada law enforcement attaching a California court order and giving Sternberg's identifying information); *id.* at 9 (report by the State of Nevada Office of the Attorney General's (NVAG) investigations division that mentions Sternberg's arrest, stating that "AG Investigators were contacted by District Attorney Investigators from Eldorado County, California in reference to a parental abduction where the father (Sternberg) was residing in Las Vegas. After confirming an active warrant for Sternberg, Investigators located him as he left his residence," and arrested him.); *id.* at 11 (NVAG "closure request," which states that "Investigators were contacted by El Dorado County California DA Investigators to assist in the recovery of two boys being kept by taking parent Michael Sternberg in Las Vegas. El Dorado County issued a warrant for child concealment; Sternberg was arrested by [Clark County School Police Department officers] and booked into [Clark County Detention Center] by [NVAG] Investigators, boys were turned over to their mother.").

2

Sternberg objects that I should allow jurisdictional discovery before dismissing these defendants. But I need not grant a request that is "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Despite two surreplies, Sternberg has not demonstrated a basis to conclude that further discovery will uncover facts showing the El Dorado Defendants are subject to personal jurisdiction here.

I THEREFORE ORDER that to the extent plaintiff Michael Sternberg's second surreply (ECF No. 288) is meant to be a motion for reconsideration, I deny it.

DATED this 22nd day of May, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

3