UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL STERNBERG,<br><br>    Plaintiff,<br><br>    v.<br><br>SHELLEY WARNECK, et al.,<br><br>    Defendants. | Case No. 2:23-cv-01466-APG-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff Michael Sternberg's Motion for Original Discipline; Referral to the State Bar of Nevada; Sanctions Against Marc J. Randazza & Ronald D. Green (the "Motion"). ECF No. 303. The Court considered Plaintiff's Motion, Defendant Warneck's Opposition (ECF No. 304), and Plaintiff's Reply (ECF No. 305). The Court finds as follows.

**I.    BACKGROUND**

This matter arises out of a custody dispute in which Plaintiff sued 75 individuals and entities, including Defendant Shelley Warneck, the mother of his children. In the two years since this case was filed there have been hundreds of entries to the docket reflecting constant motion practice before the Court. This Motion concerns events that took place outside of the Court's purview.

In May 2025, an investigative journalist[1] contacted the Randazza Legal Group seeking comment regarding this case. ECF No. 303 at 2. The journalist exchanged emails with both Ronald D. Green and Marc J. Randazza. ECF No. 303-1. Plaintiff points to a statement made by Mr. Green that allegedly disparaged his Ninth Circuit appeal.[2] ECF Nos. 303 at 2, 303-1. Regarding an email sent by Mr. Randazza to the journalist, Mr. Randazza attests that his language was "colorful, explicit and clear." ECF No. 304-2 at 2. The journalist shared the email chain with Plaintiff and Defendant Warneck inviting them and other attorneys on the matter to comment. ECF No. 303-1.

---

[1] Defendant asserts that the person falsely presented themselves as an investigative journalist. ECF No. 304 at 2. That point is inapposite to the Court's analysis.

[2] The Court reviewed Mr. Green's email and while his tone towards Mr. Sternberg and the journalist was rude, it is not enough to entitle Plaintiff to the relief sought. *See e.g. Coleman v. Home Health Resources, Inc.*, Case No. CV-15-01332-PHX-NVW, 2018 WL 2183898, at \*9 (D. Ariz. May 11, 2018) ("rude emails are not a basis for sanctions.").

Plaintiff filed the instant Motion asking the Court to enter disciplinary sanctions against Mr. Randazza and Mr. Green under its inherent authority to do so. ECF No. 303 at 1. Plaintiff further asked the Court to refer these lawyers to the State Bar of Nevada, and to issue a report and recommendation for the initiation of disciplinary proceedings. *Id.* In his Motion, Plaintiff alleges that Mr. Randazza has tried in the past to mislead him about the Federal Rules of Civil Procedure. *Id*. at 3. Plaintiff maintains he has previously alleged bad behavior on the part of defense counsel and that it is the Court's duty to act. *Id*. at 3-4.

Defendant argues that both attorneys' statements are protected by the First Amendment and posits no threat to the legal process. ECF No. 304 at 5. Plaintiff's Reply argues that Defendants have proffered false facts to the Court without evidence. ECF No. 305 at 2. Plaintiff directs the Court to a Las Vegas Review Journal article about a prior referral to the State Bar by this Court. *Id*. at 7. Plaintiff suggests that defense counsel's statements are not protected by the First Amendment because "the media is now laser focused on this case." *Id*. at 8. Plaintiff maintains that defense counsel has violated multiple Nevada Rules of Professional Conduct. *Id*. at 8-9.

## II.   DISCUSSION

A federal district court has inherent authority to sanction conduct evidencing abuse of the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991). However, this power is to be exercised with restraint and discretion. *Id.* at 44. To impose sanctions under the Court's inherent authority, a court must "make an explicit finding that the sanctioned party's conduct constituted or was tantamount to bad faith, which requires proof of bad intent or improper purpose. *Tamares Las Vegas Properties, LLC v. Travelers Indemnity Company*, 696 F.Supp.3d 930, 951 (D. Nev. 2023) (internal citations and quotations omitted).

The Court finds that the language displayed in Mr. Randazza's email was unprofessional and unwarranted. Mr. Randazza is warned that if repeated, such language could lead to sanctions. *See e.g. Ransom v. Herrera*, Case No. 1:11-cv-01709-LJO-EPG (PC), 2018 WL 3923641, at *2 (D. Nev. Aug. 14, 2018) (collecting cases). However, the Court declines to initiate proceedings for Original Discipline under LR IA 11-7(g)(1) or to exercise its inherent authority to sanction defense counsel's conduct at this time. The Court understands and appreciates why Plaintiff is seeking a referral to the

State Bar of Nevada. Plaintiff may initiate referral to the State Bar of Nevada on his own and may attach this Order, but the Court declines to make the referral.

### III.     ORDER

IT IS HEREBY OREDERED that Plaintiff's Motion for Original Discipline; Referral to State Bar of Nevada; Sanctions Against Marc J. Randazza & Ronald D. Green (ECF No. 303) is DENIED.

IT IS FURTHER ORDERED that Plaintiff is not prohibited from initiating a referral to the State Bar of Nevada and attaching a copy of this Order to such a referral.

IT IS FURTHER ORDERED that defense counsel Marc J. Randazza and Ronald D. Green are advised that the use of language and conduct evidenced in the email exchange at ECF No. 303-1 is unprofessional and unwarranted. Use of similar language or engaging in similar conduct in this case in the future may result in sanction and/or a court referral to the State Bar of Nevada.

Dated this 17th day of September, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE