Michael C. Sternberg, Self Represented
8545 W Warm Springs Rd Ste A4 #256
Las Vegas, NV 89113
702.234.2539
sternberg_michael@yahoo.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL C. STERNBERG, E.W., & N.W.<br>Plaintiffs<br>v.<br>SHELLEY WARNECK, et al.<br>Defendants | Consolidated Cases:<br><br>Case No. 2:23-cv-01466-APG-EJY<br>Case No. 2:23-cv-02022-APG-EJY<br><br>**MOTION FOR RECONSIDERATION ON ALL ROOKER-FELDMAN ORDERS; NOTICE OF NEW LAW** |

**DECLARATION & MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION AND BACKGROUND

On 5/20/24, I filed Motions for Preliminary Injunction (MPI) and Partial Summary Judgement (ECF 174, 175). On 5/28/24, I filed a Motion for Preliminary Injunction asking for the same relief against Defendant Wolfson (ECF 182).

On 11/14/24, the Court issued an order denying my motions (ECF 277). The court sua sponte raised the Rooker-Feldman doctrine, found that the court lacked jurisdiction, and denied my relief without addressing the merits (or the Winter factors). The court also threaded its beliefs about Rooker-Feldman into orders partially granting Motions to Dismiss (MTD) (ECF 270, 272, 273).

In its order denying my MPI (ECF 277, page 2, line 12) the court itself cited a case which articulated that the Rooker-Feldman doctrine has a void *ab initio* exception: state court

judgements are subject to collateral attack in federal court if the state court lacked jurisdiction or the judgment or order was procured by extrinsic fraud. *In re Reyes,* No. BAP EC-18- 1229-BSL, 2019 WL 1759749, at *6 (B.A.P. 9th Cir. Apr. 19, 2019) (collecting cases). Somehow this court completely missed that argument and its citations and the fact that I was clearly complaining about lack of jurisdiction and extrinsic fraud in my MPI. The court cited the case to bolster its argument that I can't use FCRP 60(b) as "an end run around Rooker-Feldman." But I never invoked FRCP 60(b), I merely referenced it along with the California counterpart, to demonstrate that rules of civil procedure recognize a path to vacating void orders. The basis of my collateral attack is the 14th Amendment and 42 USC 1983, which were both referenced in my motions and my First Amended Complaint.

Given the flippant nature, and excessive delay, by which this court denied my urgently needed relief, its misapplication of Rooker-Feldman in the MTD orders, and its steadfast refusal to deal with or even acknowledge my complaints about the rampant professional misconduct going on in this case, I elected to use my right to appeal the MPI denial to the 9th Circuit.

On 4/25/25, the 9th Circuit issued a two-page memorandum affirming the denial (ECF 298). They did not do a de novo review as required by their own case law, notwithstanding all parties agreeing that was the correct standard. Instead, they used an abuse of discretion standard to deny on the Winter factors, which this court never even analyzed, and which they also didn't address, thus denying me basic due process. As such, I filed a Petition for Panel Rehearing and Rehearing En Banc on 4/28/25 (Case No. 24-7206, DktEntry 42.1).

On 5/8/2025, the 9th Circuit, in an unrelated case, issued a published opinion on Rooker-Feldman flatly stating that Rooker-Feldman does not apply when extrinsic fraud on a court is used to kidnap children from parents. See *Miroth v. Cnty. of Trinity*, 136 F.4th 1141 (9th Cir. 2025). I filed a Motion for Judicial Notice with the 9th putting that case before my panel (DktEntry 43.1)

On 5/22/25, this court granted my Motion for Reconsideration (MFR)(ECF 299) of its order granting Warneck's anti-SLAPP motion. In that order this court found, using the

summary judgement standard, that I supplied credible evidence that a jury could conclude that Warneck and Aeschleman used intrinsic and extrinsic fraud on the Santa Clara County Superior Court to deprive me of due process. I filed a Motion for Judicial Notice with the 9th to put that order in front of them (DktEntry 46.1).

On 9/1/25, I filed yet another Motion for Judicial Notice in my 9th Circuit case (DktEntry 49.1) to put them on notice that Judge Pitts of the Northern District of California issued an order in an unrelated case. The order applied *Miroth v. Trinity County* and confirmed that Rooker-Feldman is narrow and inapplicable where claims are independent or where extrinsic fraud is alleged. In other words, Judge Pitts made the same arguments I did.

On 9/4/25, I filed an emergency motion at the 9th, because I could not tolerate their delays and due process violations any longer. On 9/5/25, they issued an order denying all relief (DktEntry 53.1). The mandate was filed in this court on 9/15/25 (ECF 309).

## II. LEGAL STANDARD

This court has already conceded that it has inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient provided I supply the court with new evidence, a demonstration of clear error, or show an intervening change in controlling law (ECF 299, page 2, line 21) .

## III. SUPPORT FOR RECONSIDERING MPI & PARTIAL SUMMARY JUDGEMENT

New evidence: The evidence in my original MPI was never considered by the court because it erroneously raised Rooker-Feldman as a jurisdictional bar despite my allegations and evidence of extrinsic fraud. And the court never considered the evidence of extrinsic fraud I submitted subsequent to its denial of my MPI in my Motion for Reconsideration of the anti-SLAPP order (ECF 279).

Clear error: this court cited *In re Reyes,* No. BAP EC-18- 1229-BSL, 2019 WL 1759749, at *5 (B.A.P. 9th Cir. Apr. 19, 2019) in its order denying my MPI, but that case, on page 6 explicitly outlines the void ab initio and extrinsic fraud exceptions. It was improper

for this court to claim that that case did not support my requests when it obviously did. I clearly alleged, and supplied evidence for, extrinsic fraud and secret ex parte get togethers between Aeschleman and California judges, which denied me a right to heard. And this court found even more credible evidence of extrinsic fraud in its anti-SLAPP reconsideration. Further, this court explicitly recognized the extrinsic fraud exception and setting aside state court judgements in its other orders (ECF 272, page 9, line 12).

Intervening law: *Miroth v. Cnty. of Trinity*, 136 F.4th 1141 (9th Cir. 2025) came out after this court's denial of my MPI and after the 9th Circuit Panel affirmed.

## IV. SUPPORT FOR RECONSIDERING MTDS

**Defendant Shelley Warneck (ECF 270):**

The court seems to be saying, at least for my claims for non-monetary relief, that Shelley Warneck's extrinsic fraud somehow becomes legal error, and thus barred by Rooker-Feldman, simply because the California judges willingly participated in some of it. Extrinsic fraud does not go away just because a judge participates in it. As mentioned above, this court itself cited a case which articulated that collateral attacks on void orders are not barred by Rooker-Feldman. That is clear error. Furthermore, *Miroth*, which is new intervening law, defines "extrinsic fraud" on page 1150, "Even though in this situation "[i]t is clear" that "the plaintiff is seeking to set aside a state court judgment," Rooker-Feldman still was not implicated because "[e]xtrinsic fraud on a court is, by definition, not an error by that court." And the 9th also stated plainly, "Special difficulties can arise under Rooker-Feldman when the federal plaintiff sues an adverse party from a state court proceeding and claims that the adverse party fraudulently procured the state court judgment. Our cases make clear that while principles of preclusion may ultimately render the federal suit meritless, suits like this may be maintained without running afoul of Rooker-Feldman." *Id.*

The 9th also made my exact argument that under California law, extrinsic fraud is a basis for setting aside a prior judgement. *Id.*

Subsequent to responding to this MTD, I filed the MPI and MFR mentioned above, which documented with new evidence, her extrinsic fraud upon the court. This court found, under the summary judgement standard, that a reasonable jury could conclude Warneck and Aeschleman defrauded the court. This court must not shy away from providing me the non-monetary relief I seek by dodging jurisdiction erroneously. *Id at 1149*. I can directly challenge state court decisions in this court without running afoul or Rooker-Feldman. I did not allege a legal error or erroneous decision. I alleged illegal acts and omissions *Id at 1151.*

As for monetary relief, Rooker-Feldman does not prohibit seeking money damages for Warneck and Aeschleman's frauds on the court. Seeking relief from a state court judgement is not the same thing as seeking relief that would ameliorate the effects of an adverse state court judgement. *Id at 1154.* Further, Private parties who corruptly conspire with a judge performing judicial acts violative of constitutional rights are acting under color of state law. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

**The NVAG Defendants (ECF 272):**

This court erroneously claimed that I conceded "that [I] cannot currently pursue claims that would effectively undo [my] plea." I made no such concession. At ECF 167, page 8, line 9, I stated in part "As for the criminal case, it may be that for now, that I cannot pursue claims that would undue my plea…**However, that has nothing to do with Rooker-Feldman**…" I was referring to the doctrine of Heck Bar articulated in *Heck v. Humphrey,* 512 U.S. 477 (1994), because it had been raised in the El Dorado County MTD. Only two weeks later, I learned while responding to that MTD that it is not a blanket bar and that this court must do a fact intensive inquiry and look to the record to see what act formed the basis of my plea. (ECF 181, page 6, line 26). Because I did not plea to any actual facts, which is something I can allege in my second amended complaint, there is no Heck Bar. This court therefore erred and denied me due process when it granted a dismissal with prejudice on any claims that would undue my plea. It falsely asserted that I made a concession I did not make, and

improperly invoked Rooker-Feldman as authority for the dismissal (ECF 272, page 10, line 21).

Lastly, this court argued that I cannot challenge my false arrest, because it would be a de facto appeal of the Nevada criminal proceedings. This ruling is ambiguous an not clear. There weren't really any proceedings in Nevada other than my extradition hearings. The final disposition of that case was DISMISSED. That is hardly something I am trying to de facto appeal. And Rooker-Feldman does not apply to interlocutory orders, which I will discuss below.

**Defendant Tristan Aeschleman (ECF 273):**

I incorporate all of my arguments above.

## V. INTERLOCUTORY ORDERS

The only remaining issue is whether Rooker-Feldman applies to interlocutory orders as this court contends (ECF 273, page 10 line 22, ECF 270, page 4, line 22). This court cited *Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001). But that case is pre-*Exxon*. *Exxon* made clear that Rooker-Feldman only applies to de facto appeals of FINAL state court judgements. Regardless, because each interlocutory order I want relief from was issued after a case of extrinsic fraud by Warneck and Aeschleman, and after the court started exercising jurisdiction by way of extrinsic fraud, all of the above arguments still apply.

## VI. REQUESTED RELIEF AND PLAN OF ACTION

As to the MPIs (ECF 174, 182), United States Supreme Court Rule 13 says I have 90 days to file a Petition for Certiorari from the date the 9th Circuit issued its last order. That would be 12/4/25. I have not found any rule or law that would prevent this court from reconsidering its denial prior to then. I therefore ask this court to reconsider and to grant my preliminary injunction no later than 11/14/25. If this court refuses, I likely will file at the U.S. Supreme Court given the way the 9th Circuit handled this.

As for the Motion for Partial Summary Judgment (ECF175), I ask the court to reconsider and declare the California State jurisdictional order void for lack of due process pursuant to the 14th Amendment and 42 USC 1983.

As to the partial grants on the MTDs (ECF 270, 272, 273), I ask this court to reconsider its rulings, so that I may appropriately amend my complaint.

## VII. TIMELINESS

I did not file this motion sooner, because I was trying to preserve judicial resources by having the 9th Circuit address all Rooker-Feldman issues during my preliminary injunction appeal. However, as stated above, they declined to resolve any Rooker-Feldman issues.

## VIII. OATH

I declare under penalty of perjury under the laws of the United States of America and of the State of Nevada that the foregoing is true and correct, and are based on my personal knowledge.

Dated: October 3, 2025 By: *Michael Sternberg*

Michael C. Sternberg
Plaintiff, Self Represented