UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL STERNBERG,<br><br>Plaintiff,<br><br>v.<br><br>SHELLEY WARNECK, et al.,<br><br>Defendants. | Case No. 2:23-cv-01466-APG-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Extension of Time (ECF No. 312), which Defendant Warneck opposes (ECF No. 314). The Court considered Plaintiff's Motion, Warneck's Opposition, and Plaintiff's Reply (ECF No. 316).

Plaintiff seeks an extension of time to file his second amended complaint until after the Court rules on his Motion for Reconsideration. Plaintiff's Motion was filed after the Ninth Circuit Court of Appeals affirmed the district court's order finding the court "did not abuse its discretion in denying Sternberg's motions for a preliminary injunction because Sternberg failed to establish the requirements for such relief." ECF No. 298 at 2. Plaintiff argues that despite the Ninth Circuit decision, he seeks reconsideration of the District Court's application of the *Rooker-Feldman* doctrine that resulted in partial dismissal of his claims. ECF No. 316 at 1.

A motion for reconsideration must demonstrate (1) an intervening change in controlling law, (2) the discovery of new evidence not previously available, or (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice. *School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d. 1255, 1263 (9th Cir. 1993). Upon a showing of one of these three grounds for reconsideration, a moving party must argue "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.,* 947 F.Supp. 429, 430 (D. Haw. 1996).

The Court finds the high bar required to warrant reconsideration, when taken together with the history of this case, militates against the extension of time requested by Plaintiff. It has taken quite some time for the case to be potentially narrowed to defendants against whom Plaintiff may,

upon the filing of a second amended complaint, ultimately proceed. "[I]t is the trial court's responsibility to exercise its discretion in granting or denying extensions of time as it manages the progress of litigation." *Manley v. Zimmer*, Case No. 3:11-cv-0636- RCJ-WGC, 2014 WL 4471662, at *6 (D. Nev. Sept. 10, 2014). Exercising that discretion here, the Court finds delaying the filing of a second amended complaint based on the pending Motion for Reconsideration is contrary to the overall stated goals of the Federal Rules of Civil Procedure as explained in Rule 1: "These rules govern the procedure in all civil actions and proceedings in the United States district courts …. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Accordingly, IT IS HEREBY OREDERED that Plaintiff's Motion for Extension of Time (ECF No. 312) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's second amended complaint must be filed no later than **November 19, 2025**.

Dated this 22nd day of October, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE