THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 006270
OLSON CANNON & GORMLEY
9950 W. Cheyenne Avenue
Las Vegas, NV 89129
P: (702) 384-4012
F: (702) 383-0701
tdillard@ocgattorneys.com
Attorney for Defendants
CLARK COUNTY SCHOOL DISTRICT
POLICE DEPARTMENT, JASON
ELFBERG AND HENRY BLACKEYE

Law Offices of
OLSON CANNON & GORMLEY
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL C. STEINBERG,<br><br>Plaintiff,<br><br>v.<br><br>SHELLY WARNECK, et al,<br><br>Defendants. | Consolidated Cases:<br><br>Case No. 2:23-cv-01466-APG-EJY<br>Case No. 2:23-ccv-02022-APG-EJY |

**DEFENDANTS CLARK COUNTY SCHOOL DISTRICT POLICE DEPARTMENT, JASON ELFBERG, AND HENRY BLACKEYE'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [ECF No. 333]**

COME NOW Defendants, CLARK COUNTY SCHOOL DISTRICT POLICE DEPARTMENT, JASON ELFBERG and HENRY BLACKEYE (collectively "CCSD DEFENDANTS"), by and through their attorney of record, THOMAS D. DILLARD, JR., ESQ., of the law firm OLSON CANNON & GORMLEY, and hereby moves to dismiss Plaintiffs' Second Amended Complaint [ECF No. 333] pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief.

This Motion is made and based upon all of the pleadings and papers on file herein, the attached points and authorities, together with any argument that may be introduced at the time of hearing this matter before this Honorable Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

On May 29, 2025, Plaintiff filed a Second Amended Complaint that included three causes of action against the CCSD Defendants. [ECF No. 333]. Frist, Plaintiff alleges in Count IV, pursuant to 42 U.S.C. Section 1983, that the CCSD Defendants, among others and at some unknown time after September 21, 2021, violated the Procedural Due Process Clause of the Fourteenth Amendment by "refusing to conduct meaningful investigations despite substantial evidence and repeated requests" by Plaintiff. Id. at 43-44. Plaintiff seemingly alleges that the Clark County School District Police Department personnel declined to investigate his claims that the Nevada Attorney General "participated in a false arrest" and other misconduct related to an alleged seizure that occurred on September 21, 2021. Id. at 24-25. Second, Plaintiff alleges in Count XVIII, that the CCSDPD caused violations of his Fourth Amendment rights (that are time barred per court order), his Fourteenth Amendment rights and corresponding provision of the Nevada Constitution based upon the theory enunciated in Monell v. Dep't of Social Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018 (1978). [ECF No. 333 at 73-76]. Third, Plaintiff alleges the CCSD Defendants violated his First Amendment right to petition the government because they did not give, in his view, due heed and diligence to his speech regarding his complaints against the Nevada Attorney General. Id. at 83.

The Court should now dismiss the CCSD Defendants with prejudice from this instant litigation and finally bring to an end Plaintiffs' specious claims against these moving



Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

Defendants in this already protracted and pricey litigation. Plaintiff does not have a protected property interest in a police investigation. The law is well-settled that a purported victim of a crime is not entitled to a mandatory investigation or a mandatory prosecution regardless of the merits of his story. Despite instructions from the Court to give this type of a theory some constitutional shelter, Plaintiff alleged no facts that the CCSD Defendants discriminated against Plaintiff due to his membership in any protected or identifiable class of persons to give rise to a claim under the Equal Protection Clause. Indeed, Plaintiff's prolix Second Amended Complaint contains no equal protection claim. Plaintiff further has no First Amendment right to compel a public official to take action in his interest as a result of his expression. Plaintiff has failed to allege any facts suggesting the CCSD Defendants took any action against him for the direct purpose of chilling his free speech. Plaintiff, in fact, goes to great lengths to allege that he continuously expressed himself about his grievances against the Nevada Attorney General without being deterred. Since Plaintiff failed to allege any facts supporting an underlying constitutional violation by any of the CCSD officers, Plaintiff has no valid claim against their public employer under *Monell* and its innumerable progeny. Furthermore, the Clark County School District Police Department is not a suable political subdivision of the State of Nevada and must be dismissed for this independent basis as well.

## II. <u>PERTINENT PROCEDURAL HISTORY</u>

1. On February 20, 2024, Plaintiff filed a First Amended Complaint ("FAC") naming numerous municipal entities from the States of California and Nevada as well as two officers employed with the Clark County School District Police Department. [ECF No. 86].

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

2. On June 14, 2024, Defendants Henry Blackeye and Jason Elfberg (CCSDPD officers) moved to dismiss Plaintiff's First Amended Complaint. [ECF No. 215].

3. On November 14, 2024, the Court granted Defendants Blackeye and Elfberg's motion to dismiss but afforded Plaintiff leave to amend his complaint again. [ECF No. 274.

    a. The Court concluded that Plaintiff's claims against these Defendants based upon an alleged arrest on September 20, 2021 are time barred by the running of the applicable two year limitation period. Id. at 6-9, 14.

    b. As to any claim based upon failure to investigate, the Court noted that Plaintiff does not have a property or a liberty interest in a police investigation and that Plaintiff has no viable claim based upon his dissatisfaction regarding the alleged manner these Defendants carried out an investigation or responded to his allegations. Id. at 10-11.

    c. The Court further noted that the FAC did not include any allegations giving rise to discriminatory conduct involving these Defendants to state an equal protection claim. Id. at 11.

    d. The Court held that Plaintiff was afforded leave to amend to the extent that he did not reassert or add any claims for alleged acts or omissions of these Defendants or with regard to any other Clark County School District ("CCSD") Defendant that occurred prior to September 20, 2021. Id. at 14.

4. On May 29, 2026, Plaintiff (after having received numerous extensions from the Court) filed a Second Amended Complaint ("SAC") against the Clark County

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

School District Police Department ("CCSDPD"), Jason Elfberg and Henry Blackeye. [ECF No. 333].

## III. PLAINTIFF'S ALLEGATIONS AGAINST THE CCSD DEFENDANTS

Plaintiff alleges he informed Lt. Jason Elfberg that he believed the Nevada Attorney General personnel had participated in a false arrest and other related misconduct. [ECF No. 333 at 24]. Plaintiff contends that he "declined to initiate meaningful investigations" notwithstanding his ongoing communication with him regarding alleged government misconduct. Id. Plaintiff also alleges that he gave notice to Officer Henry Blackeye of his complaints against Lt. Elfberg (seemingly in an internal affairs complaint) but Officer Blackeye "approved, tolerated, condoned, or ratified conduct despite receiving notice and supporting evidence." Id. at 25. Plaintiff goes on to allege that he "repeatedly informed CCSDPD personnel" that he was subject to an unreasonable seizure by others but did not move them to conduct a meaningful investigation. Id. at 44.

Plaintiff alleges that despite him "repeatedly request[ing] investigations into the conduct of Nevada Attorney General personnel and others involved in his arrest and related events" that CCSDPD personnel "repeatedly refused to conduct meaningful investigations despite [unspecified] substantial evidence and [unspecified] repeated requests." Id. at 74. Plaintiff alleges that CCSDPD policies and practices "caused violations of Plaintiff's rights under the Fourth Amendment, Fourteenth Amendment, and corresponding provisions of the Nevada Constitution." Id.

Based upon conclusory assertions of law, Plaintiff further contend that numerous Defendants (including the CCSD Defendants) repeated refusal to investigate that he has been

deprived of his "right t o petition government and seek redress of grievances" under the First Amendment. Id. at 283.

## IV. STANDARDS OF REVIEW FOR A MOTION TO DISMISS

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the allegations in the complaint and examines whether it states a plausible claim for relief. When considering whether Plaintiffs stated a plausible claim in his Complaint, the court must take all well-pled allegations as true and consider them in the light most favorable to . Plaintiff. See Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs., 727 F.3d 917, 922 (9th Cir. 2013). However, the court cannot exclusively rely on conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. Id. An allegation is conclusory when it "amount[s] to nothing more than formulaic recitation of the elements of a . . . claim." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681, 129 S.Ct. 1937, 1950 (2009)).

The Supreme Court case of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007) sets forth the pleading requirements necessary to pass Rule 12 scrutiny for failure to state a claim. The Court revised the old standard and held that a complaint should be dismissed if the plaintiff has failed to plead "enough facts to state a claim for relief that is plausible on its face" or does not "raise a right to relief above the speculative level." Id. at 570-71. "A plaintiff is obligated to provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id. at 571.

The Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009) laid out the following approach for assessing the adequacy of a plaintiff's complaint:



Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 679. The well pled facts must go beyond the "sheer possibility that a defendant has acted unlawfully" or facts that are "merely consistent with" a defendant's liability. Id.

This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level." Twombly, 550 U.S. at 570. In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under some viable legal theory." Iqbal, 556 U.S. at 678.

The court at the dismissal stage must also consider whether the alleged conduct is objectively unreasonable based upon law particularly germane to the alleged facts. The Supreme Court held:

> [A] ruling on that issue should be made early in the proceedings so that costs and expenses of trial are avoided where the defense is dispositive. ... [I]mmunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Ibid.* As a result, "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991).

Saucier v. Katz, 533 U.S. 194, 200-01, 121 S.Ct. 2151 (2001) (emphasis in original); see also State of Nevada v. Second Judicial District Court, 118 Nev. 609, 615, 55 P.3d 420, 423 (2002)



Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

("Absolute immunity is a broad grant of immunity not just from the imposition of civil damages, but also from the burdens of litigation, generally.").

## V. LEGAL ARGUMENT

### A. Plaintiff Alleged No Facts Stating a Plausible Claim for a Deprivation of His Procedural Due Process Clause Rights.

Plaintiff's third claim for relief based upon a procedural due process deprivation states no valid claim because Plaintiff holds no property interest in compelling law enforcement to conduct a criminal investigation in any manner. As this Court previously held, "[t]here is no right to an investigation or that an investigation be performed in any particular manner so long as no other constitutional rights are violated." [ECF No. 274 at 10-11] (citing Devereaux v. Abbey, 263 F.3d 1070, 1075 (9th Cir. 2001); Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985)). Plaintiff does not hold a property or liberty interest in having his allegations give rise to any criminal investigation or prosecution; therefore, Plaintiff fails to plausibly state a claim for a Procedural Due Process Clause violation as a matter of law.

The first element of a 42 U.S.C. § 1983 claim brought under any due process theory is that the plaintiff must show a liberty or property interest protected by the Constitution. See Board of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701 (1972). In other words, the Due Process Clause is only triggered upon a deprivation of a constitutionally protected property or liberty interest. See City of Cuyahoga Falls, Ohio v. Buckeye Comm. Hope Foundation, 538 U.S. 188, 198, 123 S.Ct. 1389, 1396 (2003); Matthews v. Eldridge, 424 U.S. 319, 332, 96 S.Ct. 893, 901 (1976). This is because "[t]here is no general liberty [or property] interest in being free from capricious government action." Nunez v. City of Los Angeles, 147 F.3d 867, 873 (9th Cir. 1998); see also City of Cuyahoga Falls v. Buckeye Cmty. Hope Found., 538 U.S. 188, 200, 123

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

S. Ct. 1389 (1987) (Scalia, J., concurring) (finding that the Due Process Clause does not apply to non-fundamental interests). Thus, in order to establish a constitutional violation for of any variant of due process, Plaintiff must show a deprivation of a constitutionally protected property or liberty interest. This is a question of law for the court to decide. See RRI Realty Corp. v. Inc. Village of Southhampton, 870 F.2d 911, 918 (2d Cir.), cert. denied, 493 U.S. 893 (1989).

The United States Supreme Court in Town of Castle Rock, Colorado v. Gonzales, 545 U.S. 748, 125 S. Ct. 2796 (2005) explained in detail the source of law for which courts must look in identifying the interest and what is required to show that the interest has constitutional significance to trigger protection under the Due Process Clause. The Court stated:

> The procedural component of the Due Process Clause does not protect everything that might be described as a "benefit": "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire" and "more than a unilateral expectation of it. He must instead, have a legitimate claim of entitlement to it." Such entitlements are "of course, . . . not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law."
>
> Our cases recognize that a benefit is not a protected entitlement if government officials may grant or deny it in their discretion. . . .
>
> . . . "Although the underlying substantive interest is created by 'an independent source such as state law,' federal constitutional law determines whether that interest rises to the level of a 'legitimate claim of entitlement' protected by the Due Process Clause." Resolution of the federal issue begins, however, with a determination of what it is that state law provides. . . .

Id. at 756-757, 125 S. Ct. at 2803-04 (emphasis added).

The Court then went on to decide that even though the language under Colorado state law for enforcing restraining orders stated that the officer "shall enforce" the order and "shall arrest" a violator these commandments were still insufficient to create an entitlement protected by the Due Process Clause because of the "deep-rooted nature of law-enforcement discretion,

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

even in the presence of seemingly mandatory legislative commands." Id. at 761, 125 S. Ct. at 2806. Accordingly, the Court held that property interests arise only when the state law provisions "truly ma[k]e [the conferral] of [the benefit] **mandatory**." Id. at 760, 125 S.Ct. at 2805 (emphasis added). The Court held that it was thus not only mandatory in outcome but mandatory in result. Stated alternatively, a due process claim alleging the deprivation of a protected benefit or right cannot succeed as a matter of law if "government officials may grant or deny it in their discretion." Id.; see also Wedges/Ledges of California Inc. v. City of Phoenix, 24 F.3d 56, 62 (9th Cir. 1994) ("[A] reasonable expectation of entitlement is determined largely by the language of the statute and the extent to which the entitlement is couched in **mandatory terms**.") (emphasis added).

In Town of Castle Rock, the Supreme Court, concluded on these facts, that the plaintiff "did not, for purposes of the Due Process Clause, have a property interest in police enforcement of the restraining order against her husband." 545 U.S. at 768, 125 S. Ct. at 2810. The Court then, in the context of police protection, summed up the law for purposes of due process as follows:

> In light of today's decision and that in *DeShaney* [*v. Winnebago County*, 489 U.S. 189 (1989)], the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its "substantive" manifestations. This result reflects our continuing reluctance to treat the Fourteenth Amendment as "a font of tort law," Parratt v. Taylor, 451 U.S. 527, 544, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) . . . .

545 U.S. at 768, 125 S. Ct. at 2810.[1]

---

[1] The facts of this case were "undeniably tragic". Id. at 755, 125 S.Ct. at 2803. The case was brought by an aggrieved mother whose children were murdered by the estranged father. Id. at 2801. The mother had obtained a permanent restraining order against her husband to stay away

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

Ordinarily, the decision to pursue an investigation or not is one afforded to the sole discretion of law enforcement and the decision to prosecute is a discretionary function of the prosecutor. The purported victim of a crime is not entitled to a mandatory investigation or a mandatory prosecution regardless of the merits of her story. Since law enforcement and prosecutions are accorded substantial–if not absolute–discretion concerning decisions to investigate, arrest and prosecute, Plaintiff has alleged no facts giving rise to any protected property right to trigger due process procedural safeguards or substantive rights.

Likewise, Plaintiff has alleged no facts giving rise to a protected liberty interest either. The law is well settled that there is no constitutionally protected liberty interest either in having criminal wrongdoers brought to justice. [ECF No. 274 at 10-11]. See also Leeke v. Timmerman, 454 U.S. 83, 87, 102 S.Ct. 69 (1981) (per curiam ) (holding inmates who claimed they were needlessly beaten by guards during prison uprising lacked standing to challenge state officials' opposition to application for criminal arrest warrants against guards); Linda R.S. v. Richard D, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149 (1973) (stating "a private citizen lacks a judicially

---

from the family home and gave him only limited visitation rights to his three daughters. Id. However, the husband took all three daughters while they were playing outside the home without notice and not during his limited visitation period. The mother reported the situation to the police but was allegedly told there was nothing they could do and to call back if the children did not return home later than 10:00 p.m. Id. She subsequently talked to her husband on the phone and he told her that they were at an amusement park. The mother reported the information to the police and they allegedly again declined to respond. When the children were not returned by 10:00 p.m., she called again but was told just to wait and call back if they did not come before midnight. Id. at 2802. After the midnight hour passed, the mother then went down to the police to report in person and completed an incident report. Id. The mother alleged that the officer who took the report "made no reasonable effort to enforce the TRO or locate the children. Instead, he went to dinner." Id. Approximately three hours later, the husband arrived at the police station and opened fire with a gun he had purchased earlier that evening. The police shot back and killed him. The police then found the bodies of all three daughters inside the cab of his truck, whom he already murdered. Id.

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

cognizable interest in the prosecution or non-prosecution of another."). Indeed, a myriad of federal courts have addressed this issue and unanimously concluded that a victim has no protected interest in seeing the perpetrators investigated, arrested or prosecuted for the criminal conduct.[2] There is simply an utter absence of any case law suggesting there is a constitutional duty to investigate, arrest or prosecute; indeed, the well-established public duty doctrine precludes any such action under a general negligence theory either.[3]

Accordingly, Plaintiff has failed to state a Section 1983 claim for relief based on a due process violation under the Fourteenth Amendment. Plaintiff was not entitled to mandatory

---

[2] See e.g., Vineyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002) (holding there is no substantive or constitutional right of any kind to an investigation of a victim's excessive force complaint); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (stating there is no constitutional right as a "member of the public at large and as a victim" to have someone criminally prosecuted); Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) (holding that appellants did not have a right to have a full and fair police investigation into violence done against them); see also Osuch v. Gregory, 303 F.Supp.2d 189, 194 (D. Conn. 2004) ("An alleged victim of a crime does not have a right to have the alleged perpetrator investigated or criminally prosecuted."); Love v. Bolinger, 927 F.Supp. 1131, 1137 (S.D. Ind. 1996) (granting motion to dismiss against heirs in wrongful death claim for allegations that government officials prevented the investigation and prosecution of persons responsible for the death of decedent); Slagel v. Shell Oil Refinery, 811 F.Supp. 378, 382 (N.D .Ill. 1993), *aff'd* 23 F.3d 410 (1994) (holding that police officer, has no federal, constitutional mandate to conduct an investigation into the plaintiff's assault charge), cert. denied, 513 U.S. 1031 (1994); Nieves-Ramos v. Gonzales-De-Rodriquez, 737 F.Supp. 727 (D. Puerto Rico 1990) (citing *Linda R.S.* and holding no cause of action under § 1983 for failure to prosecute crime); Johnson v. Craft, 673 F.Supp. 191, 193 (S.D. Miss. 1987) (dismissing action brought by victim of assault alleging conspiracy to prevent prosecution of perpetrators).

[3] A public official charged with the duty to investigate or prosecute crime does not owe that duty to any one member of the public, and thus no one has a right to compel a public official to act and there is no right of redress for failure to do so. See Doe v. Mayor and City Council of Pocomoke City, 745 F.Supp. 1137, 1139-40 (D. Md. 1990). The State of Nevada codified the public duty doctrine in NRS 41.0336. See Coty v. Washoe County, 108 Nev. 757, 761, 839 P.2d 97, 99 (1992).

investigation, arrest or prosecution of anyone allegedly involved in his September 2021 arrest, including the Nevada Attorney General. There exists no protected property or liberty interest to give rise to any due process protection–whether procedural or substantive. Absent an underlying federally protected interest, the fourth claim for relief based on the due process theory must therefore be dismissed now with prejudice.

**B. Plaintiff Failed to Allege Any Claim for Denial of Equal Protection Rights.**

Notwithstanding the Court's gracious suggestion to bring Plaintiff's inadequate investigation claims into a plausible realm, Plaintiff alleged no facts suggesting that he was subject to class-based discrimination. The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any persons within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. A denial of equal protection entails, at a minimum, a classification that treats individuals unequally." Coalition for Economic Equity v. Wilson, 122 F.3d 692, 707 (9th Cir.1997) (citing Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 223–25, 115 S.Ct. 2097 (1995)). It is "essentially a direction that all persons similarly situated be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985).

A § 1983 equal protection claim requires proof that "defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005). Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir.2001)). A claim for denial of equal protection of law will only lie when there is intentional class-based discrimination. See Personnel Adm'r of Massachusetts v. Feeney, 442 U.S. 256, 279, 99 S.Ct.



Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

2282 (1979). Intentional discrimination means that a defendant acted because of a plaintiff's protected status. Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003). Accordingly, Plaintiff 'must allege and prove that [(1) he] received treatment different from that received by similarly situated individuals and that [(2)] the unequal treatment stemmed from a discriminatory intent.' " Priester v. Lowndes Cty., 354 F.3d 414, 424 (5th Cir.2004).

In addition, after identifying a classification, it is necessary for a § 1983 plaintiff to identify a 'similarly situated' class against which the plaintiff's class can be compared. See Nordyke v. King, 563 F.3d 439, 463 (9th Cir. 2009); see also Gerber v. Hickman, 291 F.3d 617, 623 (9th Cir. 2002) (en banc) (holding that Equal Protection claim lacked merit where groups compared were not similarly situated). Thus, Plaintiff must establish that the CCSD Defendants intentionally acted toward him in a way that is different from similarly situated persons that are not members of his class. Lee, 250 F.3d at 686. There can be no claim for an equal protection violation without evidence that a specific comparator (similarly situated to the plaintiff with respect to the state actor's policy or conduct at issue) received better treatment from the defendant. Olson v. California, 104 F.4th 66, 77 (9th Cir. 2024); Taylor v. San Diego, 800 F.3d 1164, 1169 (9th Cir. 2022); see also Jennings v. City of Stillwater, 383 F.3d 1199, 1214-15 (8th Cir. 2004) (holding the plaintiff must "provide compelling evidence of other similarly situated who were in fact treated differently" and noting that the plaintiff's class-of-one claim was lacking where she claimed she was treated differently from other rape victims because her alleged attackers were Oklahoma State football players but did not demonstrate other victims in similar circumstances were treated different). Without evidence that a suitable comparator received better treatment, there will be no evidence "at least susceptible of an inference of

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

discriminatory intent." Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998).

Plaintiff did not allege that he belonged to any identifiable class of persons. Plaintiff did not allege that moving Defendants subjected him to discriminatory treatment. Plaintiff further did not allege that there was a suitable comparator that received different treatment. Plaintiff alleged no facts that any alleged treatment that he was given was barren of rationale justification. Plaintiff did not allege denial of equal protection in fact or indicate that any of his numerous theories were predicated upon the Equal Protection Clause. Therefore, Plaintiff's allegations of inadequate investigation have no legal footing in equal protection and are unsupported by any allegations inferring discrimination. Plaintiff had a full and fair opportunity to amend to state a plausible claim after receiving informed instruction from the Court. [ECF No. 274 at 11]. Dismissal of the theory based in failing to investigate his complaints at this point must now be dismissed with prejudice.

### C. Plaintiff Failed to Allege Any Claim for Denial of First Amendment Rights.

Plaintiff's twenty-third clause of action under the First Amendment fails to state a plausible claim for relief. "To establish a First Amendment retaliation claim, a plaintiff must show that (1) "he engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." Pinard v. Clatskanie Sch. Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006); Dodge v. Evergreen Sch. Dist. #114, 56 F.4th 767, 776 (9th Cir. 2022). Where a plaintiff establishes the three elements of a First Amendment retaliation claim, "the government can escape liability by showing that it

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

would have taken the same action even in the absence of the protected conduct." Keyser v. Sacramento City Unified Sch. Dist., 265 F.3d 741, 750 (9th Cir. 2001) (quoting Bd. of Cty. Comm'rs v. Umbehr, 518 U.S. 668, 675, 116 S.Ct. 2342 (1996)). Plaintiff must but cannot establish a nexus between the alleged retaliatory act and the alleged protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

Plaintiff further has alleged no fact suggesting that any of the moving Defendants expressed any retaliatory opposition to anything that he ever said. The SAC contains no allegations that provide a sufficient nexus between any protected activity and any adverse action taken against him by Defendants Elfberg and Blackeye that can be deemed retaliatory in nature. Plaintiff alleges no facts that his freedom to express (in the form of complaining about his perceived mistreatment by others) was ever rebutted or served to motivate any alleged act or omission on the part of the moving Defendants. Plaintiff alleges no facts that his speech was limited, interfered with or subject to a chilling effect. Rather Plaintiff seeks First Amendment protection in the fact that his speech did not result in governmental action to his liking (i.e. an investigation into the Nevada Attorney General's conduct and an arrest). Plaintiff, to be sure, has no First Amendment right to have others respond, in his subjective view, favorably to his speech. The late throw-in and glib First Amendment claim set forth on page 83 of the SAC fails to state a plausible claim for relief.

**D. Defendants Blackeye and Elfberg are Entitled to Qualified Immunity.**

Since there is no case law making it apparent to Defendants Elfberg and Blackeye that their alleged conduct was violative of Plaintiff's rights, they are immune from this suit and entitled to a dismissal. The rule of law is that a government officer or employee, like a police officer, is cloaked with immunity if he could have reasonably believed his conduct appropriate

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

in light of well settled law. Hunter v. Bryant, 502 U.S. 162, 112 S. Ct. 534, 536 (1991). This requires demonstrating that the law prohibited the "particular conduct" in the "specific context of the case" at issue. Mullenix v. Luna, 577 U.S. 7, 11, 136 S. Ct. 305, 308 (2015). Plaintiff's inability to provide a specific controlling citation that has particular application to the facts at issue here precludes Plaintiffs from averting the individual officers' immunity from suit. Id. at 12, 136 S.Ct. at 308. A legal ruling is warranted now because Defendants Elfberg's and Blackeye's immunity is effectively forfeited if this case is not dismissed, if at all possible, at the pleading stage.[4]

Qualified immunity is not afforded out of some special solicitude for the interests of public employees over those of citizenry at large. The purpose of this doctrine is to allow public servants, like school administrators, teachers and aides, to perform their duties with vigor rather than with timidity. See Scheuer v. Rhodes, 416 U.S. 232, 240 41 (1974). Indeed, school teachers vigorous pursuit of their duties very much furthers the interests of the child. The purpose of qualified immunity is to ensure that public servants are given fair notice of the law that they are required to uphold. Rosenbaum v. Washoe County, 663 F.3d 1071, 1079 (9th Cir. 2011). In defining this objective standard and the public policy interest justifying its use, the Court stated in Malley v. Briggs, 475 U.S. 335, 344 45, (1986), that qualified immunity was designed to protect "all but the plainly incompetent or those who knowingly violate the law." In

---

[4] The Supreme Court emphasized that immunity is immunity from suit altogether, not just immunity from damages. Saucier, 533 U.S. at 200-01. Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." The privilege is "an immunity from suit rather than a mere defense to liability; and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." As a result, we have repeatedly stressed the importance of resolving immunity questions at the earliest possible stages in the litigation. Id. at 201-02. (citations omitted).

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

short, public school employees "are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." Maciariello v. Sumner, 973 F.2d 295, 298 (4th Cir. 1992), cert. denied, 506 U.S. 1080 (1993).

The district court should apply a two prong analysis to determine whether Defendants Elfberg and Blackeye are entitled to qualified immunity: (1) whether the facts alleged show that they violated a constitutional right; and (2) if so, whether that right was clearly established at the time of the event. Rosenbaum v. Washoe Cty., 663 F.3d 1071, 1075 (9th Cir. 2011). The court may address these questions in either order. Pearson v. Callahan, 555 U.S. 223, 236, 129 S.Ct. 808 (2009).

To be clearly established and afford the state actor fair notice, a right must be sufficiently clear that every similarly situated government employee would have understood that what she is doing violates that right. Riechle v. Howards, 566 U.S. 658, 664, 132 S.Ct. 2088 (2012). This requires demonstrating that the law prohibited the "particular conduct" in the "specific context of the case" at issue. Mullenix v. Luna, 577 U.S. 7, 11, 136 S. Ct. 305, 308 (2015). "What matters is whether existing precedent" establishes the right "beyond debate" that there is a "clear and obvious violation" of the Constitution. Hines v. Youseff, 914 F.3d 1218, 1230 (9th Cir. 2019). Qualified immunity focuses on whether the officer "had fair notice" of that potential violation. Nicholson v. City of Los Angeles, 935 F.3d 685, 690 (9th Cir. 2019). Plaintiff "bears the burden of showing that the rights allegedly violated were clearly established." Vos v. City of Newport Beach, 892 F.3d 1024, 1035 (9th Cir. 2018).

Plaintiff cannot satisfy his burden of "proving that the right allegedly violated was clearly established at the time of the official's allegedly impermissible conduct" to defeat qualified immunity. Camarillo v. McCarthy, 998 F.2d 638, 640 (9th Cir. 1993). Plaintiffs

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

attempt to avert immunity in the Complaint was to define the substantive due process right at a high level of generality. See Kisela v. Hughes, 584 U.S. 100, 104, 138 S. Ct. 1148, 1152 (2018). Although Plaintiff is not required to cite a case to be directly on point for a right to be clearly established, Plaintiff must still establish that existing precedent showed Defendants Elfberg and Blackeye that it was "beyond debate" that their alleged conduct in these circumstances was unconstitutional. See White v. Pauly, 580 U.S. 73, 79, 137 S. Ct. 548, 551 (2017). "Of course, general statements of the law are not inherently incapable of giving fair and clear warning to officers." Id., 137 S.Ct. at 552 (internal quotation marks omitted). The precedent "must be 'particularized' to the facts of the case." Id. Also, "the prior precedent must be 'controlling'—from the Ninth Circuit or Supreme Court—or otherwise be embraced by a 'consensus' of courts outside the relevant jurisdiction." Gordon v. Cnty. of Orange, 6 F.4th 961, 969 (9th Cir. 2021) (quoting Sharp v. Cnty. of Orange, 871 F.3d 901, 911 (9th Cir. 2017)).

There was not existing case law that made it apparent that the allegations against Defendants Elfberg and Blackeye in failing to investigate Plaintiff's complaints is violative of clearly established law. There is not a controlling case on point both factually and legally to the instant case and there is certainly not a robust body of authority outside of this circuit from the remainder of the federal judiciary. These Defendants cannot be placed on clear notice that their alleged conduct transgressed clear constitutional lines. Defendants Elfberg and Blackeye are therefore entitled to qualified immunity as to Plaintiffs' Section 1983 claim whether based in due process or free expression.. Dismissal of the claims now is warranted.

/ / /

/ / /

/ / /

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

### E. Plaintiff Fails to State Facts Supporting a *Monell* Claim.

Plaintiff failed to state facts constituting an underlying violation of federal law to support a Section 1983 claim; therefore, Plaintiff's eighteenth cause of action based upon Monell liability is without legal merit as a matter of law. To establish municipal liability under Monell, a Section 1983 plaintiff must prove: "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). A municipal liability claim or Monell claim, against an entity like CCSD, requires the deprivation come directly from a plan or policy of the municipality. See Monell v. Dept. of Social Service, 463 U.S. 658, 690-91 (1978). It will only yield liability when the "execution of the government's policy or custom . . . inflicts the injury" Id. at 694. Moreover, to prevent "municipal liability collaps[ing] into respondeat superior liability," federal courts must apply "rigorous standards of culpability and causation" in order to "ensure that the municipality is not held liable solely for the actions of its employees." Board of Comm. of Bryan County, Ok. v. Brown, 520 U.S. 397, 404 (1997))

A necessary concomitant for the federal civil rights statutes for a municipal claim is the deprivation of a federally protected right. See Los Angeles v. Heller, 475 U.S. 796, 799, 106 S. Ct. 1571 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the department regulations might have authorized the use of constitutionally excessive force is quite beside the point."). Plaintiff alleged no facts filling the

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

measure of an underlying constitutional violation. Hence, Plaintiff's eighteenth claim for relief for "*Monell* Liability" cannot resist dismissal.

**F. The Clark County School District Police Department is Not a Suable Entity Under Nevada Law.**

Defendant CCSDPD is entitled to a dismissal in this case because it is merely a department of a political subdivision of the State of Nevada and may not be sued as a matter of law. A department of Clark County (or the Clark County School District) is not a political subdivision and therefore is not a suable entity. See Wayment v. Holmes, 112 Nev. 232, 912 P.2d 816 (1996); see also Hervey v. Estes, 65 F.3d 784, 791-92 (9th Cir. 1995) (holding a public agency is not a person or entity subject to suit unless that agency is a separate legal entity). Rule 12(b)(6) requires dismissal, therefore, because there is no cognizable claim for relief against CCSDPD.

Federal Rule of Civil Procedure 17(b) provides that for parties other than individuals or corporations, the capacity to sue or be sued is determined by state law. Fed. R. Civ. P. 17(b)(3). See Streit v. City of Los Angeles, 236 F.3d 552, 565 (9th Cir. 2001). In Wayment, the Nevada Supreme Court stated:

> We conclude that the Washoe County District Attorney's office is not a suable entity because it is a department of Washoe County, not a political subdivision. "In the absence of statutory authorization, a department of a municipal government may not, in the departmental name, sue or be sued." 64 C.J.S. Municipal Corporations § 2195 (1950)(footnotes omitted). The State of Nevada has not waived immunity on behalf of its departments of political subdivisions, and the Washoe County District Attorney's office has not been conferred the power to sue and be sued. N.R.S. 41.031.

Id. at 237-38, 912 P.2d at 916.

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

Similarly, the CCSDPD operates only as a department of the Clark County School district, a political subdivision. It is not an independent political subdivision against which Plaintiff can properly bring a cause of action. Id.; Smith v. Wolfson, Case No. 2:25-cv-00350-BNW, 2025 WL 1083900 *2 (D. Nev. April 10, 2025) (recommending the Clark County District Attorney be dismissed with prejudice because it is not a separate entity and thus not a proper defendant); Clark on behalf of Clark v. Coombes, Case No.: 3:18-cv-00579-MMD-WGC2019 WL 720981 *2 (D. Nev. Feb. 20, 2019) ("As to the Washoe County School District Police, under Nevada law, "in the absence of statutory authorization, a department of the municipal government may not, in the department name, sue or be sued."). Therefore, there can be no dispute that the Clark County School District Police Department is entitled to be dismissed from this action based on both its well-defined entity status and well-established Nevada law.

## VI. CONCLUSION

IN ACCORDANCE WITH THE FOREGOING, Plaintiff has failed to state facts that the CCSD Defendants violated any of his rights protected by the Fourteenth or First Amendments. Plaintiff further cannot pierce Defendants Blackeye's or Elfberg's qualified immunity defense. CCSDPD is not a suable entity and neither it nor CCSD is liable to Plaintiff

///

///

///

///

///

///

based upon the allegations in the SAC because Plaintiff was not deprived of any federal right. The Court should therefore grant this instant motion and dismiss the CCSD Defendants with prejudice.

Dated this 12th day of June, 2026.

OLSON CANNON & GORMLEY

By: /s/ Thomas D. Dillard, Jr.
THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 6270
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
Attorney for Defendants
CLARK COUNTY SCHOOL DISTRICT
POLICE DEPARTMENT, JASON
ELFBERG and HENRY BLACKEYE

*Law Offices of*
**OLSON CANNON & GORMLEY**
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

Law Offices of
OLSON CANNON & GORMLEY
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of June, 2026, I served the above and foregoing, **DEFENDANTS CLARK COUNTY SCHOOL DISTRICT POLICE DEPARTMENT, JASON ELFBERG, AND HENRY BLACKEYE'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [ECF 332],** through the CM/ECF system of the United States District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class, postage pre-paid), upon the following:

MICHAEL C. STERNBERG
8545 W. Warm Springs Rd. Ste A4-#256
Las Vegas, Nevada 89113
sternberg_michael@yahoo.com
*In Proper Person*

Marc J. Randazza, Esq.
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Ste. 100
Las Vegas, Nevada 89118
*Attorneys for Defendant Shelly Waraneck*

Claire T. Cornier, Esq.
Deputy County Counsel
Office of the County Counsel,
County of Santa Clara
70 West Hedding Street, 9th Fl. E. Wing
San Jose, California 95110-1705
*Attorneys for Defendant Jeff Rosen*

Iva V. Todorova, Esq.
Marni Rubin Watkins, Esq.
Office of Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, Nevada 89119
*Attorney for Defendants Aaron D. Ford, William Scott, Gina Lovero, Brent Foster, Christine James Brady, Danel Ulloa, and Dave Monroe*

Jennifer McMenomy, Esq.
JEPSEN & McMENOMY
100 Vine Street
Reno, Nevada 89503
*Attorney for Defendants Vern Pierson, Brittany Griffith, Joseph Alexander, Rich Horn, and Tristan Aeschleman*

Joseph P. Garin, Esq.
LIPSON & NEILSON, P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
*Attorney for Defendants Gina Policastri and Lonich Patton Ehrlich Policastri, PC*

/ / /

/ / /

/ / /

/ / /

/ / /

Taylor Pitz
Trial Attorney
Brett A. Shumate, Acting Assistant
Alexander K. Haas
Director, Federal Programs Branch
Andrew I. Warden
UNITED STATES DEPT. OF JUSTICE
CIVIL DIV.
FEDERAL PROGRAMS BRANCH
1101 L Street, NW
Washington, D.C. 20005
*Counsel for United States*

STEVEN B. WOLFSON
District Attorney
CIVIL DIVISION
TIMOTHY ALLEN
Deputy District Attorney
500 South Grand Central Parkway
Ste. 5075
Las Vegas, Nevada 89155-2215
*Attorneys for Defendants Judge Eric Goldman, Caroline Morales, Clark County, and Steven B. Wolfson*

/s/ Nan Langenderfer
An Employee of OLSON CANNON & GORMLEY

*Law Offices of*
**OLSON CANNON & GORMLEY**
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Fax (702) 383-0701