# EXHIBIT A

California Vexatious Litigant Order

(May 3, 2022)

FL-340

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | FILED <br> MAY 3 2022 <br> Clerk of the Court <br> Superior Court of CA County of Santa Clara <br> BY [signature] DEPUTY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF <br> STREET ADDRESS: 201 North First Street <br> MAILING ADDRESS: 191 North First Street <br> CITY AND ZIP CODE: San Jose California 95113 <br> BRANCH NAME: Family Justice Center Courthouse | |
| PETITIONER/PLAINTIFF: Shelley Warneck <br> RESPONDENT/DEFENDANT: Michael Sternberg <br> OTHER PARTY: | |
| **FINDINGS AND ORDER AFTER HEARING** | CASE NUMBER: <br> 2012-1-CP-020194 |

1. This proceeding was heard
   on *(date)*: May 3, 2022 at *(time)*: 9:00 a.m. in Dept.: 65 Room:
   by Judge *(name)*: Cindy Seeley Hendrickson ☐ Temporary Judge
   On the order to show cause, notice of motion or request for order filed *(date)*: by *(name)*:
   a. ☑ Petitioner/plaintiff present ☑ Attorney present *(name)*: Tristan Aeschleman
   b. ☑ Respondent/defendant present ☐ Attorney present *(name)*:
   c. ☐ Other party present ☐ Attorney present *(name)*:

**THE COURT ORDERS**

| | | | | |
|---|---|---|---|---|
| 2. Custody and visitation/parenting time: | As attached ☐ | on form FL-341 | ☐ Other | ☐ Not applicable |
| 3. Child support: | As attached ☐ | on form FL-342 | ☐ Other | ☐ Not applicable |
| 4. Spousal or family support: | As attached ☐ | on form FL-343 | ☐ Other | ☐ Not applicable |
| 5. Property orders: | As attached ☐ | on form FL-344 | ☐ Other | ☐ Not applicable |
| 6. Attorney's fees: | As attached ☐ | on form FL-346 | ☐ Other | ☐ Not applicable |
| 7. Other orders: | ☐ As attached | ☐ Not applicable | | |

8. All other issues are reserved until further order of court.

9. ☐ This matter is continued for further hearing on *(date)*: at *(time)*: in Dept.:
   on the following issues:

Date: 5/3/22

[signature: Cindy A Hendrickson]
JUDICIAL OFFICER
Judge Cindy Seeley Hendrickson

Approved as conforming to court order.
FOAH prepared by Court

SIGNATURE OF ATTORNEY FOR ☐ PETITIONER / PLAINTIFF ☐ RESPONDENT/DEFENDANT ☐ OTHER PARTY

**FINDINGS AND ORDERS AFTER 5/3/22 HEARING:**

Respondent Michael Sternberg (Father) asks the Court to set aside four separate orders. Petitioner Shelley Warneck (Mother) opposes his motion and asks for sanctions.

As a preliminary issue, in Father's moving papers, he states he objects to "the hearing of this motion before Judge Hendrickson" and cites Code of Civil Procedure section 170.1, subdivision (a)(6)(iii). That statute provides a judge shall be disqualified if a person aware of the facts might reasonably entertain a doubt as to his or her capacity to be impartial.

Father has submitted four other similar requests for disqualification, against three different judicial officers including Judge Hendrickson, all of which have been stricken based on failure to disclose legal grounds for disqualification. With respect to the current request for disqualification, Code of Civil Procedure section 170.4, subdivision (d) provides: "Except as provided in [Code of Civil Procedure section 170.4], a disqualified judge shall have no power to act in any proceeding after . . . the filing of a statement of disqualification until the question of his or her disqualification has been determined." Here, Father has not yet filed a new verified statement of disqualification as required by Code of Civil Procedure section 170.3, subdivision (c)(1). Therefore, Judge Hendrickson has authority to hear this motion.

**I. Set Aside of Orders**

Father asks the Court to set aside the following orders: (1) a "bench order" issued by Judge Blecher on August 11, 2021, (2) an August 25, 2021 Findings and Order After Hearing regarding the August 11, 2021 hearing (signed by Judge Blecher on August 23, 2021), (3) an August 25, 2021 emergency order issued by Judge Kuhnle (signed August 24, 2021), and (4) a separate order issued by Judge Kuhnle on September 20, 2021.

Father's motion is brought primarily pursuant to Code of Civil Procedure section 473, subdivision (b), which provides that a court may set aside an order or judgment taken against a party through his or her "mistake, inadvertence, surprise, or excusable neglect."

Regarding mistake, for purposes of Code of Civil Procedure section 473, a mistake can be one of fact (understanding facts to be different than what they are) or one of law (misunderstanding the legal consequences of known facts). (*Hodge Sheet Metal Products v. Palm Springs Riviera Hotel* (1961) 189 Cal.App.2d 653, 656.) "Inadvertence is defined as a lack of heedfulness or attentiveness, inattention, fault from negligence." (*Baratti v. Baratti, supra*, 109 Cal.App.2d at p. 921.) "[N]eglect is excusable if a reasonably prudent person under similar circumstances might have made the same error." (*Austin v. Los Angeles Unified School Dist.*, *supra*, 244 Cal.App.4th at p. 929.) "Surprise" is "some condition or situation in which a party . . . is unexpectedly placed to his injury, without any default or negligence of his own, which ordinary prudence could not have guarded against." (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1206, citations omitted.)

The Court finds that Father's motion is untimely with respect to all four orders at issue. Motions brought under Family Code section 473, subdivision (b) must be made "within a

reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken."

Here, the first three orders identified were issued in August 2021. Six months after August 2021 was February 2022. Given that Father's motion was not brought until March 22, 2021, it is untimely with respect to those three orders.

As for the remaining order issued on September 20, 2021, it appears Father's motion was submitted for filing on March 19, 2022 but was not stamped filed until March 21, 2022 (one day after the six-month time limit.) Based on either of these two dates, the Court finds that the motion is untimely. The six-month time limit merely provides the outermost limits for considering a motion under Code of Civil Procedure section 473, subdivision (b). As such, a court can still consider a motion untimely if brought within six months if it is not brought within a "reasonable time." Here, Father provides no explanation regarding why he waited six months to challenge Judge Kuhnle's order. Given that the orders concerned custody and visitation, and included directions that required immediate compliance (such as immediately delivering the minor children to Mother's custody and care), the Court finds that waiting six months to challenge the order is not reasonable.

Accordingly, Father's motion is denied as untimely. Below are the Court's observations regarding the merits of Father's arguments for the parties' further reference and understanding.

With respect to Judge Blecher's orders, Father argues they were improper because she did not have authority to issue them due to his filing of a statement of disqualification directed to her. The Court finds that he is incorrect in this assertion. The first order Judge Blecher issued from the bench on August 11, 2021 was made before any statement of disqualification was filed. Therefore, the argument that the order was improper on that basis is without merit. With respect to the related written order Judge Blecher signed on August 25, 2021, Father argues that because his statement of disqualification was filed before she signed the order (his statement is stamped filed August 23, 2021), she had been divested of authority to make the order. However, Code of Civil Procedure section 170.4 explicitly allows a judge whose qualification is challenged to issue an order in these circumstances. Specifically, section 170.4, subdivision (c)(1) provides:

> If a statement of disqualification is filed after a trial or hearing has commenced by the start of voir dire, by the swearing of the first witness or by submission of a motion for decision, the judge whose impartiality has been questioned may order the trial or hearing to continue, notwithstanding the filing of the statement of disqualification. The issue of disqualification shall be referred to another judge for decision . . . and if it is determined that the judge is disqualified, all orders and rulings of the judge found to be disqualified made after the filing of the statement shall be vacated.

Here, Judge Blecher was simply signing the written order that corresponded to a hearing that had already been completed. Additionally, in an order dated August 31, 2021, Judge Blecher directed that the statement of disqualification be stricken because it did not disclose a

legal ground for disqualification. Given that Judge Blecher never lost authority to make orders in this matter, they will not be set aside on that basis.

As for the emergency order issued by Judge Kuhnle, Father argues the orders were improper because they were issued on an ex parte basis and Mother did not allege any immediate harm. Father also argues that because Judge Kuhnle was not present at the August 11, 2021 hearing (the hearing on which the ex parte orders were based), Judge Kuhnle "had no idea if [the previously issued order] was valid." It is unclear what exactly Father means by this, as it is certainly appropriate for a judge to rely on previous orders regardless of whether he or she was present when they were made. Additionally, simply disagreeing with the Court's issuance of an ex parte order is not a proper basis for a set aside.

With respect to the remaining order issued by Judge Kuhnle on September 20, 2021, Father presents arguments regarding fraud, mistake, surprise, and excusable neglect. The Court concludes that none of the arguments presented have merit, as they are either based on an incorrect understanding of the purpose of Family Code section 473, an incorrect understanding that the orders discussed above were not valid, or a poorly articulated argument. For example, with respect to mistake, Father states: "Either I am correct that the above referenced orders are void, or I am mistaken." This is not a mistake as contemplated by section 473 because it does not reflect a misunderstanding of the facts or a misunderstanding of the legal consequences of known facts. As another example, with respect to fraud, Father insists Mother's counsel previously served documents on him that were different than the versions filed with the Court (which Mother disputes). He insists this constitutes fraud and essentially suggests it is possible some other fraudulent activity occurred here. The possibility of fraud, however, is not a proper basis for set aside.

Accordingly, even if Father's motion for a set aside were timely, it would be DENIED on the merits.

## II. Sanctions

In Mother's opposition, she asks for $5,300 under Family Code section 271, including $3,300.00 incurred in connection with filing a response to the motion, and additional fees incurred to prepare for and attend the hearing on the motion.

Family Code section 271 allows the court to base an award of attorney's fees and costs on the extent to which a party or attorney engages in conduct that frustrates the policy of the law favoring settlement of litigation and reduction of litigation costs. "An award of attorney's fees and costs pursuant to this section is in the nature of a sanction." (Fam. Code, § 271, subd. (a).) Sanctions awarded under section 271 must be based on attorney's fees and costs actually incurred as a result of sanctionable conduct. (See *Sagonowsky v. Kekoa* (2016) 6 Cal.App.5th 1142, 1155.) The court cannot "impose a sanction pursuant to this section that imposes an unreasonable financial burden on the party against whom the sanction is imposed." (Fam. Code, § 271, subd. (a).) "If a court orders a party to pay attorney's fees or costs under this code, the court shall first determine that the party has or is reasonably likely to have the ability to pay." (Fam. Code, § 270.)

In support of Mother's request, she states: "I respectfully ask the court to grant my request for monetary sanctions. Respondent's motion is frivolous, and I believe his conduct has been uncooperative. As a result, I have incurred unnecessary attorney's fees and costs."

The Court agrees with Mother and finds that Father's motion was without merit. Moreover, the Court finds that Mother's Response to the pending RFO was thorough, responsive and helpful and does, along with Mother's attorney's fee declaration required pursuant to Local Rule 4(b), reasonably support a request for $3,300.00 in attorney fees incurred prior to the hearing. The Court is now tasked with determining whether Father has or is reasonably likely to have the ability to pay.

Before turning to the issue of Father's ability to pay, the Court queries whether Father's filing of this motion is squarely on point with what Family Code section 271 is meant to address. On the one hand it clearly is, as a meritless motion and part of a pattern of such filings. On the other hand, the Court notes that Father's tactics have the curious effect of harming his own interests even more than those of the other party. To wit, his behavior in this litigation since August 2020 has effectively derailed his efforts to establish himself as the primary parent for his sons, who are currently in Mother's sole custody.[1] Without intending to minimize the extreme financial cost to Mother due to Father's actions, or create a mens rea requirement not contained in Family Code section 271, the Court simply notes that diagnosing Father's tactics in this case generally, and in the filing of the instant motion in particular, is more complicated in a court of equity.

Another issue rendered more complicated by the facts and circumstances of this particular case is Father's ability to pay. In recent support hearings, testimony and evidence supported an inference that Father has access to income and assets he has not forthcomingly disclosed[2]; however, the facts proven sufficiently to support findings indicated that Father has limited income. Moreover, the Court is aware that Father has orders for substantial child support arrears and attorney fees recently issued against him.

Accordingly, Mother's request for attorney fees pursuant to Family Code section 271 is denied based on the Court's inability to find that Father has or is reasonably likely to have the ability to pay.

## III. Vexatious Litigant Finding

The Court on its own motion and based on the records in this file and Father's conduct during court hearings from August 2020 through the present declares Father to be a vexatious litigant as defined by Code of Civil Procedure section 391.7. A Prefiling Order – Vexatious Litigant (VL-100) shall issue.

---

[1] In a recent hearing the Court inquired about the parties' interest in addressing substantively the custody and visitation issues once set for trial in the summer of July 2020, and neither party expressed a desire to set a hearing for that purpose.

[2] E.g. Father owns multiple residential properties but claims to operate them for/with limited gain and equity, and did not volunteer details about a recent real estate purchase alleged by Mother.

The Court finds that Father has on multiple occasions filed unmeritorious motions including the instant one, has sought to re-litigate the same issues, and has abused the subpoena process. As a non-exhaustive list of examples, not including the earlier-referenced filings against judicial officers, the Court cites the following: Father filed a 126-page TEO on 8/21/20 challenging a 2012 order and all orders from 7/1/19 through 7/31/20. On 10/29/20 Father filed an OSC re: contempt against Mother seeking to enforce visitation in Santa Clara County while Mother and Father were living in South Lake Tahoe and Las Vegas respectively. In 2020, Father served SDTs on 7 of Mother's financial institutions. (Mother filed a Motion to Quash and the parties resolved the issue by stipulation.) In December 2021 Father served SDTs on 7 of Mother's financial institutions seeking records from 3/9/09 through the present. (Mother filed a Motion to Quash which was granted in part.) On 7/28/21 Father filed a TEO seeking an order barring Mother from filing any further TEOs and alleging facts constituting contempt by Mother's attorney. On 12/1/21 Father filed a TEO requesting a long cause hearing on "procedural issues." On 3/21/22 Father filed the RFO (to vacate prior orders) that was the subject of today's hearing. Father's filings, regardless of the relief requested, repeatedly and extraneously recount Father's opposition to previous court orders, court procedure, and individuals involved in the case.

In light of the foregoing, **Father, unless represented by an attorney, is prohibited from filing any new litigation in the courts of California without approval of the Presiding Justice or Presiding Judge of the court in which the action is to be filed.** This order includes any new filings within this existing case.