# EXHIBIT B

California Vexatious Litigant Order

(Dec. 12, 2023)

FL-340

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | FILED <br> DEC 12 2023 <br> Clerk of the Court <br> Superior Court of CA County of Santa Clara <br> BY ______ DEPUTY <br> R. GUEVARA |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara** <br> STREET ADDRESS: 201 North First Street <br> MAILING ADDRESS: 191 North First Street <br> CITY AND ZIP CODE: San Jose CA 95113 <br> BRANCH NAME: Family Justice Center Courthouse | |
| PETITIONER/PLAINTIFF: Shelley Warneck <br> RESPONDENT/DEFENDANT: Michael Sternberg <br> OTHER PARTY: | |
| **FINDINGS AND ORDER AFTER HEARING** | CASE NUMBER: <br> 2012-1-CP-020194 |

1. This proceeding was heard
on *(date)*: December 12, 2023 at *(time)*: 9:00 a.m. in Dept.: 65 Room:
by Judge *(name)*: Cindy Seeley Hendrickson ☐ Temporary Judge
On the order to show cause, notice of motion or request for order filed *(date)*: by *(name)*: * via Teams

a. ☒ Petitioner/plaintiff present * ☒ Attorney present *(name)*: Tristan Aeschleman, Esq. *
b. ☒ Respondent/defendant present * ☐ Attorney present *(name)*:
c. ☐ Other party present ☐ Attorney present *(name)*:

**THE COURT ORDERS** The proceedings were reported by Noelia Espinola, CSR.

| | | | | |
|---|---|---|---|---|
| 2. Custody and visitation/parenting time: | As attached ☐ | on form FL-341 | ☐ Other | ☐ Not applicable |
| 3. Child support: | As attached ☐ | on form FL-342 | ☐ Other | ☐ Not applicable |
| 4. Spousal or family support: | As attached ☐ | on form FL-343 | ☐ Other | ☐ Not applicable |
| 5. Property orders: | As attached ☐ | on form FL-344 | ☐ Other | ☐ Not applicable |
| 6. Attorney's fees: | As attached ☐ | on form FL-346 | ☐ Other | ☐ Not applicable |

7. Other orders: ☒ As attached ☐ Not applicable
8. All other issues are reserved until further order of court.
9. ☐ This matter is continued for further hearing on *(date)*: at *(time)*: in Dept.:
on the following issues: A separate hearing on Respondent's 12/12/23 TEO has been set for 2/13/24 at 9:00 a.m. in Dept 65.

Date: 12/12/23

[signature] Cindy S Hendrickson
JUDICIAL OFFICER
Judge Cindy Seeley Hendrickson

Approved as conforming to court order.

FOAH prepared by Court

SIGNATURE OF ATTORNEY FOR ☐ PETITIONER / PLAINTIFF ☐ RESPONDENT/DEFENDANT ☐ OTHER PARTY



Form Adopted for Mandatory Use
Judicial Council of California
FL-340 [Rev. January 1, 2012]

**FINDINGS AND ORDER AFTER HEARING**
**(Family Law—Custody and Support—Uniform Parentage)**

Shelley Warneck and Michael Sternberg, 2012-1-CP-020194

**FINDINGS AND ORDER AFTER 12/12/23 HEARING:**

The matter came on for hearing December 12, 2023 at 9:00 a.m. in Department 65. Petitioner and her attorney Tristan Aeschleman, Esq. and Respondent all appeared remotely via Microsoft Teams. The hearing was reported.

The hearing had been set by the Court to provide both parties with notice and an opportunity to be heard on the issue of whether the Respondent qualifies as a vexatious litigant under California Code of Civil Procedure section 391(b).

After considering the filings invited by the Court and filed by the Petitioner and Respondent on November 14, 2023 and November 29, 2023 respectively, and after hearing the arguments of counsel for Petitioner and arguments of Respondent, the Court FINDS as follows.

The Respondent qualifies as a vexatious litigant for the reasons contained in the original Findings and Order after Hearing from May 3, 2022, attached hereto as **Exhibit A.**

Moreover, Respondent has engaged in further acts of repeatedly attempting to re-litigate issues that have been decided previously, and has engaged in tactics that are frivolous, as shown by e-mails and their attachments sent to the Court between the dates of October 31, 2023 and December 12, 2023, and attached hereto as **Exhibit B.**[1]

Accordingly, the Court ORDERS that a Prefiling Order – Vexatious Litigant (VL-100) shall be issued forthwith. Respondent, unless represented by an attorney, is prohibited from filing any new litigation in the courts of California without approval of the Presiding Justice or Presiding Judge of the court in which the action is to be filed. This order includes any new filings within this existing case.

---

[1] Exhibit B does not include all e-mails sent by Respondent to the court during that time frame or every attachment to each e-mail. Exhibit B contains the writings and attachments from Respondent which the Court considered in making its findings herein.

# EXHIBIT A

FL-340

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | FILED<br>MAY 3 2022<br>Clerk of the Court<br>Superior Court of CA County of Santa Clara<br>BY [signature] DEPUTY |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF**<br>STREET ADDRESS: 201 North First Street<br>MAILING ADDRESS: 191 North First Street<br>CITY AND ZIP CODE: San Jose California 95113<br>BRANCH NAME: Family Justice Center Courthouse | |
| PETITIONER/PLAINTIFF: Shelley Warneck<br>RESPONDENT/DEFENDANT: Michael Sternberg<br>OTHER PARTY: | |
| **FINDINGS AND ORDER AFTER HEARING** | CASE NUMBER:<br>2012-1-CP-020194 |

1. This proceeding was heard
   on *(date)*: May 3, 2022 at *(time)*: 9:00 a.m. in Dept.: 65 Room:
   by Judge *(name)*: Cindy Seeley Hendrickson ☐ Temporary Judge
   On the order to show cause, notice of motion or request for order filed *(date)*: by *(name)*:
   a. ☑ Petitioner/plaintiff present ☑ Attorney present *(name)*: Tristan Aeschleman
   b. ☑ Respondent/defendant present ☐ Attorney present *(name)*:
   c. ☐ Other party present ☐ Attorney present *(name)*:

**THE COURT ORDERS**

| | | | | |
|---|---|---|---|---|
| 2. Custody and visitation/parenting time: | As attached ☐ | on form FL-341 ☐ | Other ☐ | Not applicable |
| 3. Child support: | As attached ☐ | on form FL-342 ☐ | Other ☐ | Not applicable |
| 4. Spousal or family support: | As attached ☐ | on form FL-343 ☐ | Other ☐ | Not applicable |
| 5. Property orders: | As attached ☐ | on form FL-344 ☐ | Other ☐ | Not applicable |
| 6. Attorney's fees: | As attached ☐ | on form FL-346 ☐ | Other ☐ | Not applicable |

7. Other orders: ☐ As attached ☐ Not applicable
8. All other issues are reserved until further order of court.
9. ☐ This matter is continued for further hearing on *(date)*: at *(time)*: in Dept.:
   on the following issues:

Date: 5/3/22

[signature: Cindy A Hendrickson]
JUDICIAL OFFICER
Judge Cindy Seeley Hendrickson

Approved as conforming to court order.

FOAH prepared by Court

SIGNATURE OF ATTORNEY FOR ☐ PETITIONER / PLAINTIFF ☐ RESPONDENT/DEFENDANT ☐ OTHER PARTY

**FINDINGS AND ORDERS AFTER 5/3/22 HEARING:**

Respondent Michael Sternberg (Father) asks the Court to set aside four separate orders. Petitioner Shelley Warneck (Mother) opposes his motion and asks for sanctions.

As a preliminary issue, in Father's moving papers, he states he objects to "the hearing of this motion before Judge Hendrickson" and cites Code of Civil Procedure section 170.1, subdivision (a)(6)(iii). That statute provides a judge shall be disqualified if a person aware of the facts might reasonably entertain a doubt as to his or her capacity to be impartial.

Father has submitted four other similar requests for disqualification, against three different judicial officers including Judge Hendrickson, all of which have been stricken based on failure to disclose legal grounds for disqualification. With respect to the current request for disqualification, Code of Civil Procedure section 170.4, subdivision (d) provides: "Except as provided in [Code of Civil Procedure section 170.4], a disqualified judge shall have no power to act in any proceeding after . . . the filing of a statement of disqualification until the question of his or her disqualification has been determined." Here, Father has not yet filed a new verified statement of disqualification as required by Code of Civil Procedure section 170.3, subdivision (c)(1). Therefore, Judge Hendrickson has authority to hear this motion.

**I. Set Aside of Orders**

Father asks the Court to set aside the following orders: (1) a "bench order" issued by Judge Blecher on August 11, 2021, (2) an August 25, 2021 Findings and Order After Hearing regarding the August 11, 2021 hearing (signed by Judge Blecher on August 23, 2021), (3) an August 25, 2021 emergency order issued by Judge Kuhnle (signed August 24, 2021), and (4) a separate order issued by Judge Kuhnle on September 20, 2021.

Father's motion is brought primarily pursuant to Code of Civil Procedure section 473, subdivision (b), which provides that a court may set aside an order or judgment taken against a party through his or her "mistake, inadvertence, surprise, or excusable neglect."

Regarding mistake, for purposes of Code of Civil Procedure section 473, a mistake can be one of fact (understanding facts to be different than what they are) or one of law (misunderstanding the legal consequences of known facts). (*Hodge Sheet Metal Products v. Palm Springs Riviera Hotel* (1961) 189 Cal.App.2d 653, 656.) "Inadvertence is defined as a lack of heedfulness or attentiveness, inattention, fault from negligence." (*Baratti v. Baratti*, *supra*, 109 Cal.App.2d at p. 921.) "[N]eglect is excusable if a reasonably prudent person under similar circumstances might have made the same error." (*Austin v. Los Angeles Unified School Dist.*, *supra*, 244 Cal.App.4th at p. 929.) "Surprise" is "some condition or situation in which a party . . . is unexpectedly placed to his injury, without any default or negligence of his own, which ordinary prudence could not have guarded against." (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1206, citations omitted.)

The Court finds that Father's motion is untimely with respect to all four orders at issue. Motions brought under Family Code section 473, subdivision (b) must be made "within a

reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken."

Here, the first three orders identified were issued in August 2021. Six months after August 2021 was February 2022. Given that Father's motion was not brought until March 22, 2021, it is untimely with respect to those three orders.

As for the remaining order issued on September 20, 2021, it appears Father's motion was submitted for filing on March 19, 2022 but was not stamped filed until March 21, 2022 (one day after the six-month time limit.) Based on either of these two dates, the Court finds that the motion is untimely. The six-month time limit merely provides the outermost limits for considering a motion under Code of Civil Procedure section 473, subdivision (b). As such, a court can still consider a motion untimely if brought within six months if it is not brought within a "reasonable time." Here, Father provides no explanation regarding why he waited six months to challenge Judge Kuhnle's order. Given that the orders concerned custody and visitation, and included directions that required immediate compliance (such as immediately delivering the minor children to Mother's custody and care), the Court finds that waiting six months to challenge the order is not reasonable.

Accordingly, Father's motion is denied as untimely. Below are the Court's observations regarding the merits of Father's arguments for the parties' further reference and understanding.

With respect to Judge Blecher's orders, Father argues they were improper because she did not have authority to issue them due to his filing of a statement of disqualification directed to her. The Court finds that he is incorrect in this assertion. The first order Judge Blecher issued from the bench on August 11, 2021 was made before any statement of disqualification was filed. Therefore, the argument that the order was improper on that basis is without merit. With respect to the related written order Judge Blecher signed on August 25, 2021, Father argues that because his statement of disqualification was filed before she signed the order (his statement is stamped filed August 23, 2021), she had been divested of authority to make the order. However, Code of Civil Procedure section 170.4 explicitly allows a judge whose qualification is challenged to issue an order in these circumstances. Specifically, section 170.4, subdivision (c)(1) provides:

> If a statement of disqualification is filed after a trial or hearing has commenced by the start of voir dire, by the swearing of the first witness or by submission of a motion for decision, the judge whose impartiality has been questioned may order the trial or hearing to continue, notwithstanding the filing of the statement of disqualification. The issue of disqualification shall be referred to another judge for decision . . . and if it is determined that the judge is disqualified, all orders and rulings of the judge found to be disqualified made after the filing of the statement shall be vacated.

Here, Judge Blecher was simply signing the written order that corresponded to a hearing that had already been completed. Additionally, in an order dated August 31, 2021, Judge Blecher directed that the statement of disqualification be stricken because it did not disclose a

legal ground for disqualification. Given that Judge Blecher never lost authority to make orders in this matter, they will not be set aside on that basis.

As for the emergency order issued by Judge Kuhnle, Father argues the orders were improper because they were issued on an ex parte basis and Mother did not allege any immediate harm. Father also argues that because Judge Kuhnle was not present at the August 11, 2021 hearing (the hearing on which the ex parte orders were based), Judge Kuhnle "had no idea if [the previously issued order] was valid." It is unclear what exactly Father means by this, as it is certainly appropriate for a judge to rely on previous orders regardless of whether he or she was present when they were made. Additionally, simply disagreeing with the Court's issuance of an ex parte order is not a proper basis for a set aside.

With respect to the remaining order issued by Judge Kuhnle on September 20, 2021, Father presents arguments regarding fraud, mistake, surprise, and excusable neglect. The Court concludes that none of the arguments presented have merit, as they are either based on an incorrect understanding of the purpose of Family Code section 473, an incorrect understanding that the orders discussed above were not valid, or a poorly articulated argument. For example, with respect to mistake, Father states: "Either I am correct that the above referenced orders are void, or I am mistaken." This is not a mistake as contemplated by section 473 because it does not reflect a misunderstanding of the facts or a misunderstanding of the legal consequences of known facts. As another example, with respect to fraud, Father insists Mother's counsel previously served documents on him that were different than the versions filed with the Court (which Mother disputes). He insists this constitutes fraud and essentially suggests it is possible some other fraudulent activity occurred here. The possibility of fraud, however, is not a proper basis for set aside.

Accordingly, even if Father's motion for a set aside were timely, it would be DENIED on the merits.

## II. Sanctions

In Mother's opposition, she asks for $5,300 under Family Code section 271, including $3,300.00 incurred in connection with filing a response to the motion, and additional fees incurred to prepare for and attend the hearing on the motion.

Family Code section 271 allows the court to base an award of attorney's fees and costs on the extent to which a party or attorney engages in conduct that frustrates the policy of the law favoring settlement of litigation and reduction of litigation costs. "An award of attorney's fees and costs pursuant to this section is in the nature of a sanction." (Fam. Code, § 271, subd. (a).) Sanctions awarded under section 271 must be based on attorney's fees and costs actually incurred as a result of sanctionable conduct. (See *Sagonowsky v. Kekoa* (2016) 6 Cal.App.5th 1142, 1155.) The court cannot "impose a sanction pursuant to this section that imposes an unreasonable financial burden on the party against whom the sanction is imposed." (Fam. Code, § 271, subd. (a).) "If a court orders a party to pay attorney's fees or costs under this code, the court shall first determine that the party has or is reasonably likely to have the ability to pay." (Fam. Code, § 270.)

In support of Mother's request, she states: "I respectfully ask the court to grant my request for monetary sanctions. Respondent's motion is frivolous, and I believe his conduct has been uncooperative. As a result, I have incurred unnecessary attorney's fees and costs."

The Court agrees with Mother and finds that Father's motion was without merit. Moreover, the Court finds that Mother's Response to the pending RFO was thorough, responsive and helpful and does, along with Mother's attorney's fee declaration required pursuant to Local Rule 4(b), reasonably support a request for $3,300.00 in attorney fees incurred prior to the hearing. The Court is now tasked with determining whether Father has or is reasonably likely to have the ability to pay.

Before turning to the issue of Father's ability to pay, the Court queries whether Father's filing of this motion is squarely on point with what Family Code section 271 is meant to address. On the one hand it clearly is, as a meritless motion and part of a pattern of such filings. On the other hand, the Court notes that Father's tactics have the curious effect of harming his own interests even more than those of the other party. To wit, his behavior in this litigation since August 2020 has effectively derailed his efforts to establish himself as the primary parent for his sons, who are currently in Mother's sole custody.[1] Without intending to minimize the extreme financial cost to Mother due to Father's actions, or create a mens rea requirement not contained in Family Code section 271, the Court simply notes that diagnosing Father's tactics in this case generally, and in the filing of the instant motion in particular, is more complicated in a court of equity.

Another issue rendered more complicated by the facts and circumstances of this particular case is Father's ability to pay. In recent support hearings, testimony and evidence supported an inference that Father has access to income and assets he has not forthcomingly disclosed[2]; however, the facts proven sufficiently to support findings indicated that Father has limited income. Moreover, the Court is aware that Father has orders for substantial child support arrears and attorney fees recently issued against him.

Accordingly, Mother's request for attorney fees pursuant to Family Code section 271 is denied based on the Court's inability to find that Father has or is reasonably likely to have the ability to pay.

## III. Vexatious Litigant Finding

The Court on its own motion and based on the records in this file and Father's conduct during court hearings from August 2020 through the present declares Father to be a vexatious litigant as defined by Code of Civil Procedure section 391.7. A Prefiling Order – Vexatious Litigant (VL-100) shall issue.

---

[1] In a recent hearing the Court inquired about the parties' interest in addressing substantively the custody and visitation issues once set for trial in the summer of July 2020, and neither party expressed a desire to set a hearing for that purpose.

[2] E.g. Father owns multiple residential properties but claims to operate them for/with limited gain and equity, and did not volunteer details about a recent real estate purchase alleged by Mother.

The Court finds that Father has on multiple occasions filed unmeritorious motions including the instant one, has sought to re-litigate the same issues, and has abused the subpoena process. As a non-exhaustive list of examples, not including the earlier-referenced filings against judicial officers, the Court cites the following: Father filed a 126-page TEO on 8/21/20 challenging a 2012 order and all orders from 7/1/19 through 7/31/20. On 10/29/20 Father filed an OSC re: contempt against Mother seeking to enforce visitation in Santa Clara County while Mother and Father were living in South Lake Tahoe and Las Vegas respectively. In 2020, Father served SDTs on 7 of Mother's financial institutions. (Mother filed a Motion to Quash and the parties resolved the issue by stipulation.) In December 2021 Father served SDTs on 7 of Mother's financial institutions seeking records from 3/9/09 through the present. (Mother filed a Motion to Quash which was granted in part.) On 7/28/21 Father filed a TEO seeking an order barring Mother from filing any further TEOs and alleging facts constituting contempt by Mother's attorney. On 12/1/21 Father filed a TEO requesting a long cause hearing on "procedural issues." On 3/21/22 Father filed the RFO (to vacate prior orders) that was the subject of today's hearing. Father's filings, regardless of the relief requested, repeatedly and extraneously recount Father's opposition to previous court orders, court procedure, and individuals involved in the case.

In light of the foregoing, **Father, unless represented by an attorney, is prohibited from filing any new litigation in the courts of California without approval of the Presiding Justice or Presiding Judge of the court in which the action is to be filed.** This order includes any new filings within this existing case.

# EXHIBIT B

**From:** Michael Sternberg <sternberg_michael@yahoo.com>
**Sent:** Monday, December 11, 2023 10:21 AM
**To:** Department 65
**Cc:** tristan@adamesashllp.com; Sonia Padron; Christina Adames; Meghan Trifilo; Hernandez, Sandra; Department 72; Department 73; Arianna Le; Aigboboh, David; ExecutiveDirector; Louisa Ayrapetyan; jrosen@dao.sccgov.org; Jay Boyarsky; ttefertiller@dao.sccgov.org; Maria Gershenovich; Rob Imobersteg; grant.silva@asm.ca.gov; Timothy.griffiths@sen.ca.gov; SS Family Info; ADA Coordinator
**Subject:** Re: Matter of Warneck; Case No.: 2012-1-CP-020194 (Rescheduling Nov. 28th Hearing)

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender!

Department 65 Clerk,

After I filed the ex parte on Friday for the third and threatened to sue the clerk for abuse of process, the filing was accepted. However, I still do not have an answer as to whether the sua sponte hearing scheduled for tomorrow will be sua sponte removed from calendar. I need to pay the court reporter today ASAP. I am requesting that you notify me immediately as to Hendrickson's intentions, so that I am not unnecessarily financially damaged another $600 for per diem (not including transcript costs).

* California Rule of Professional Conduct 8.3 Notice: This email contains evidence that a California "attorney" has committed a crime and/or engaged in reportable misconduct.
** California Rule of Professional Conduct 8.4(f) Notice: This email contains evidence that a California "judicial officer" has committed a crime and/or engaged in reportable misconduct.
*** California Code of Judicial Ethics 3(D)(1) and (2) Notice: This email contains evidence that California "judicial officers" and lawyers have committed crimes and/or engaged in reportable misconduct.
**** Notice to court clerks: you are not judicial officers, do not have judicial authority, and do not have judicial immunity. I am going to sue you for any of abuse of power and obstructionism.

Sincerely,

Michael Sternberg

> On Dec 8, 2023, at 2:05 PM, Michael Sternberg <sternberg_michael@yahoo.com> wrote:
>
> * California Rule of Professional Conduct 8.3 Notice: This email contains evidence that a California "attorney" has committed a crime and/or engaged in reportable misconduct.
> ** California Rule of Professional Conduct 8.4(f) Notice: This email contains evidence that a California "judicial officer" has committed a crime and/or engaged in reportable misconduct.
> *** California Code of Judicial Ethics 3(D)(1) and (2) Notice: This email contains evidence that California "judicial officers" and lawyers have committed crimes and/or engaged in reportable misconduct.

**From:** Michael Sternberg <sternberg_michael@yahoo.com>
**Sent:** Wednesday, November 29, 2023 6:12 PM
**To:** Department 65
**Cc:** tristan@adamesashllp.com; Sonia Padron; Christina Adames; Meghan Trifilo; sandra.hernandez@calbar.ca.gov; Department 72; Department 73; Arianna Le; Aigboboh, David; ExecutiveDirector; Louisa Ayrapetyan; jrosen@dao.sccgov.org; Jay Boyarsky; ttefertiller@dao.sccgov.org; Masha Gershenovich; Rob Imobersteg; grant.silva@asm.ca.gov; Timothy.griffiths@sen.ca.gov
**Subject:** Re: Matter of Warneck; Case No.: 2012-1-CP-020194 (Rescheduling Nov. 28th Hearing)
**Attachments:** 2023-09-20-Complaint.pdf

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender!

* California Rule of Professional Conduct 8.3 Notice: This email contains evidence that a California "attorney" has committed a crime and/or engaged in reportable conduct.

Department 65 Clerk and Santa Clara DA,

The attached federal lawsuit was mailed out last week to all defendants pursuant to Federal Rule of Ciivl Procedure 4(d). Tristan Aeschleman and his law firm now have a direct conflict of interest with their client Shelley Warneck in this case (California Rule of Professional Conduct 1.7). I am requesting that Judge Hendrickson sua sponte remove the 12/12 hearing from calendar since she sua sponte put in on calendar. If Aeschleman wants to pursue a vexatious litigant motion than the onus is on him to do so. And then I will cross examine him on any "informed written consent" he got from Shelley Warneck to represent her. If Hendrickson refuses, she can expect another judicial misconduct complaint to the presiding judge and the CJP with a copy of this email attached.

Santa Clara DA,

You are named defendant in the above mentioned lawsuit. You were mailed a copy, and now you have it by email as well. If you fail to waive service, I will seek service costs against you from the federal court.

Sincerely,

Michael Sternberg

> On Nov 4, 2023, at 5:30 PM, Michael Sternberg <sternberg_michael@yahoo.com> wrote:
>
> * California Rule of Professional Conduct 8.3 Notice: This email contains evidence that a California "attorney" has committed a crime and/or engaged in reportable misconduct.
>
> Department 65 and All Concerned,
>
> Attached you will find my complaint to Presiding Judge McGowen dated 11/4/2023 of judicial misconduct and fundamental rights deprivations by Santa Clara judicial officers. It has also been filed

with complaints at the California Commission of Judicial Performance against Judges McGowan, Blecher, and Hendrickson.

I ask that the Department 65, 72, and 73 clerks confirm receipt and that this email and the attachment will be forwarded to the respective judges.

Sincerely,

Michael Sternberg

<2023-11-04-PresdingJudgeComplaint.pdf>

On Nov 2, 2023, at 3:43 PM, Michael Sternberg <sternberg_michael@yahoo.com> wrote:

* California Rule of Professional Conduct 8.3 Notice: This email contains evidence that a California "attorney" has committed a crime and/or engaged in reportable misconduct.

Department 65 and All Concerned,

Attached you will find my complaint to then Presiding "Judge" Zayner about "Attorney" Tristan Aeschleman's felony fraud upon the court and professional misconduct sent on 6/11/2021. You will also see that I filed a contempt declaration for the same facts. In that declaration, I believed that Aeschleman rescinded the ex parte, but I was mistaken. He later pushed forward, and "Judges" Kuhnle and Blecher refused to hear the contempt, violated my due process rights, my constitutional right to the care, custody, and control of children (Troxel v. Granville, 530 U.S. 57 (2000)), and their ethical and legal duties under the California Code of Judicial Ethics. As did "Judges" Zayner and Adams, when they refused to investigate or to report Aeschleman to the Bar or law enforcement. "Judge" Hendrickson then later refused to hear the contempt, refused to grant me access to my unconstitutionally seized and kidnapped children, and then, without due process, as she has admitted in her sua sponte filed 10/6/2023, labeled me a vexatious litigant.

Again, I am not going to bother with electronic proof of service forms, since the Santa Clara County Superior "Court" does not follow any rules or laws.

I remind "Judge" Hendrickson that she has a legal and ethical duty to recuse herself from this case. If she is going to continue to refuse to obey the law and recuse, then she has a legal and ethical duty to take further sua sponte action on these issues. "Judges" Kuhnle and Blecher also have a legal and ethical duty to report these issues to the California Bar, Presiding "Judge" McGowan, and to the California Commission on Judicial Performance. They also have a legal and ethical duty to recuse themselves from this case.

Finally, I remind all "attorneys" copied on this email, that you have a legal and ethical duty to inform the State Bar and/or an appropriate tribunal when you know of credible evidence that another lawyer has committed a criminal act or has engaged in conduct involving dishonesty, fraud, deceit, or reckless or intentional misrepresantiontions. For your convenience, I have attached the California Supreme Court Administrative Order, which outlines your legal and ethical duties.

Department 65 clerk, thank you for continuing to confirm receipt of my emails. I anticipate that you will continue to do so and forward them to "Judge" Hendrickson. It is unfortunate that "Judge" Blecher's (Supervising "Judge" of Family Court) and "Judge" Kuhnle's clerks continue to refuse to confirm receipt of these emails and whether they will deliver them to the "judges." I will take that issue up with Presiding "Judge" McGowan and the federal court.

Have a nice weekend.

Sincerely,

Michael Sternberg

<CompressedSecondLetterPresidingJudge11JUN21.pdf>
<2023-06-21-SupremeCourtOrderRule8.3.pdf>
<ContemptAeschleman6_14_21_.pdf>

On Oct 31, 2023, at 7:12 PM, Michael Sternberg <sternberg_michael@yahoo.com> wrote:

Department 65,

Although "Judge" Hendrickson did not say why she suddenly revoked her illegal order and admitted she denied me due process, I suspect it has something to do with the complaint that I sent to Presiding Judge McGowan on 03-18-2023. I am attaching it, so that there is a record that I gave this to "Judge" Hendrickson, and to "Attorney" Tristan Aeschleman. I am not going to bother with the electronic proof of service form, because as the record in this case demonstrates, "Judge" Hendrickson does not obey any rules of laws. I remind "Judge" Hendrickson that "Attorney" Aeschleman has a legal and ethical duty under the Rules of Professional Conduct 3.3 (Candor Toward the Tribunal) and California Law to either concede the facts in the attached declaration which are self-authenticated on the record, and which he knows to be true, or to plead the Fifth Amendment. I also remind "Judge" Hendrickson, that she has a legal and ethical duty to recuse herself from this case, pursuant to the California Code of Judicial Ethics, and if she is going to continue to violate that duty, then she has another duty to take further sua sponte action in this case to address the crimes raised in the attached declaration.

Also, the Department 72 and 73 clerks have refused to confirm receipt of the below email despite my follow up attempts. Could you please confirm that I have the correct email addresses for those departments, and that "Judge" Kuhnle is in Department 73 and "Judge" Blecher is Department 72?

Finally, I am attaching the investigative assignment letter for Tristan Aeschleman, so that should these "judges" and others continue to obstruct and participate in crimes and deprivations of my rights, they

will know for sure, that they are doing so, while third parties are watching.

Sincerely,

Michael Sternberg

<2023-03-18-ComplaintPresidingJudgeCompressed.pdf>
<Case Assignment Letter.pdf>

On Oct 18, 2023, at 1:13 PM, Michael Sternberg <sternberg_michael@yahoo.com> wrote:

Department 65 and All Concerned,

I have received and reviewed Judge Hendrickson's sua sponte order filed on 10/06/2023. Please advise Judge Hendrickson that I am preparing a federal civil rights lawsuit against her, Judge Kuhnle, Judge Blecher, and others in the California Judiciary. I am going to ask the federal court for a declaratory judgement declaring that the Santa Clara County Superior Court has systematically denied me due process, issued numerous void and illegal orders, and unconstitutional seized my children. I am going to ask the federal court to remind the California Judiciary that I have a constitutional right to the care, custody, and control of my children that can only be interfered with under the frame work of due process. Judge Hendrickson admitted in her sua sponte order that she denied me due process. All of her other orders for the last 3 years have been similarly issued as the record in this case demonstrates; a record the Santa Clara Superior Court has been withholding from me, which is another issue I will be bringing to the federal court's attention. This lawsuit will form the basis for judicial misconduct complaints I intend to file against Judges Hendrickson, Kuhnle, Blecher, and others, and will also lay the groundwork for the recall election petition I intend to circulate.

I remind Judge Hendrickson that I have reported numerous acts of professional misconduct and actual felonies to her, Kuhnle, Blecher, Zayner, and McGowen by Tristan Aeschleman, and have even filed several contempt statements against him for fraud upon the court, which Judges Hendrickson, Kuhnle, and Blecher refused to hear before kidnapping my children for a second time. Judge Hendrickson refused to hear them before labeling me a vexatious litigant and then cited the unheard motions as evidence that I was a vexatious litigant. The record in this case documents clearly that these judges are protecting Tristan Aeschleman. There is now an active California Bar investigation open against Tristan Aeschleman, his wife Christina Adames, and several other attorneys involved in this case, including the El Dorado County, CA District Attorneys who went and fraudulently got a warrant for my arrest without disclosing to the judge my whole history with them, and all of the exculpatory evidence I provided to them. I am copying the Bar investigator on this email.

I have already filed a federal civil rights lawsuit against Tristan Aeschleman, Shelley Warneck, and the law enforcement officers involved in my false arrest. I will be mailing that out to the defendants by next week. They have a duty under the Federal Rules of Civil Procedure to concede service once they receive it. Tristan Aeschleman now has a conflict of interest with his client and he needs to appropriately address that pursuant to the California Rules of Professional Conduct before making any appearances on Shelley Warneck's behalf in this court.

Finally, I remind Judge Hendrickson that she has a duty to recuse herself from this case pursuant to the California Code of Judicial Ethics. So do Judges Kuhnle and Blecher.

Now that the vexatious order litigant has been vacated, and for the above stated reasons, I have no interest in being called into court to defend myself and be extorted for filing fees and $1,000 for a court reporter. If Judge Hendrickson is going to continue to refuse to recuse herself, in violation of the California Code of Judicial Ethics, then she has a duty to go back and look at my motions I have already filed explaining why orders are void and I have been systematically denied due process and have been victimized by Tristan Aeschleman's frauds on the court. My motion filed on 8/21/2020 would be a good place to start. I remind Judge Hendrickson that she has already been repeatedly briefed on these issues in motion, in objections, in statements to disqualify her, in contempt motions, and in writ petitions. I have every certified court reporter transcript of every hearing. She cannot claim ignorance. She has a legal and ethical duty to take further sua sponte action on these issues.

I intend to send a copy of this email to Presiding Judge McGowen and to file it with the Commission on Judicial Performance. In the meantime, I am requesting that the clerks addressed on this email respond to me and confirm that they will be providing it to Judges Hendrickson, Kuhnle, and Blecher. If they refuse to confirm and saddle me with postage costs, it just adds to the evidence that the Santa Clara Superior Court is a fee extortion racket, among other nefariousness.

Sincerely,

Michael Sternberg

On Oct 18, 2023, at 12:04 PM, Tristan Aeschleman <tristan@adamesashllp.com> wrote:

Dear Department 65:

We recently received Judge Hendrickson's Sua Sponte order, which set a hearing to determine whether Respondent should be deemed a vexatious litigant. The court scheduled the hearing for November 28, 2023. I am unavailable on that date. We contacted Respondent, copied on this email, to see if he would agree to continue the hearing. He was unable to decide pending receipt of the court's order. I am reaching out to see if the court would be willing to reschedule the hearing for a date after December 4, 2023, or whether the court requires a motion. I have attached a copy of the

court's Sua Sponte order to this email for the department's convenience.

Thank you.

With Regards,

Tristan R. Aeschleman | Partner
Adames & Ash, LLP | Family Law Attorneys
1550 The Alameda, Ste. 308 | San Jose, CA 95126
**Phone:** 650. 995.5095
| **Fax:** 650.995.5090
| **Email:** tristan@adamesashllp.com

**If I am unavailable and you have an urgent issue, you may also contact the following:**

Christina M. Adames|christina@adamesashllp.com
Sonia Padron
| sonia@adamesashllp.com
Meghan Trifilo
| meghan@adamesashllp.com

**CONFIDENTIAL COMMUNICATION:** This is a confidential communication intended solely for the named recipient. The information transmitted is intended only for the person or entity to whom it is addressed and may contain privileged information. Unless you are the addressee named above, you may not copy, use, or distribute this email. If you have received this email in error, please contact the sender by reply email and delete all copies.

**CIRCULAR 230 NOTICE:** To ensure compliance with the requirements imposed by the IRS, we inform you that any U. S. federal tax advice contained in this document is not intended or written to be used, and cannot be used, for (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing, or recommending to another party any transaction or matter that is contained in this document.

<073_Sua Sponte Order_10-6-23.pdf>