# EXHIBIT C

The Uniform Child Custody Jurisdiction and Enforcement Act Hearing Transcript (Aug. 7, 2019)

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

BEFORE THE HONORABLE ROBERTA S. HAYASHI, JUDGE

DEPARTMENT NO. 65

---o0o---

| | |
|---|---|
| In re the Matter of<br>Petitioner: SHELLEY WARNECK<br>and<br>Respondent: MICHAEL STERNBERG | CASE NO. 2012-1-CP-020194 |

***REPORTER'S TRANSCRIPT OF PROCEEDINGS***

FAMILY JUSTICE CENTER COURTHOUSE

AUGUST 7, 2019

APPEARANCES:

For the Petitioner: ADAMES & ASH, LLP
By: TRISTAN R. AESCHLEMAN

For the Respondent: MICHELLE BRENOT
By: Attorney at Law

WEDNESDAY, AUGUST 7, 2019 MORNING SESSION

***P R O C E E D I N G S***

---o0o---

JUDGE HAYASHI: All right. Let's go ahead and go on the record here. This is in Case No. 2012-1-CP020194.

In the courtroom here, may I have appearances, please.

MR. AESCHLEMAN: Yes. Tristan Aeschleman for the petitioner, Shelley Warneck, who is present.

JUDGE HAYASHI: Very good. Thank you.

This is an informal hearing under the UCCJEA which has been set by order of the court in Nevada with coordination with this court. Under the UCCJEA, it requires that wherever there are two courts in which parties have asserted that they -- that each court has jurisdiction with regard to decisions relating to custody for a minor child or minor children, that the courts meet informally for purposes of the respective judges of those courts discussing whether -- which court has jurisdiction and which court is going to waive jurisdiction. So the purpose of this hearing is for that reason.

So we're waiting for the court in Nevada to call.

MR. AESCHLEMAN: Okay.

JUDGE HAYASHI: Thank you.

MR. AESCHLEMAN: Did you happen to get our supplemental declaration?

JUDGE HAYASHI: I did.

MR. AESCHLEMAN: Okay. Great.

JUDGE HAYASHI: Was this also lodged with the court in Nevada?

MR. AESCHLEMAN: We sent a copy to Mr. Alderman who is representing Mr. Sternberg in the Nevada court case. We were able to email serve him, but because of the short notice that's all we were able to do. I'm not sure whether other counsel was able to lodge it in time.

JUDGE HAYASHI: All right. We'll see. Thank you.

We'll go off the record until the Nevada court is on calendar.

(Discussion off the record.)

JUDGE HAYASHI: Let's go back on the record, then, in the --

THE CLERK: They're calling in right now, actually.

JUDGE HAYASHI: All right.

THE CLERK: Department 65.

UNIDENTIFIED SPEAKER: Yes. Good morning.

This is Judge Hayashi's courtroom?

JUDGE HAYASHI: Yes. This is Judge Hayashi of the Santa Clara County Superior Court. You are on CourtCall here in Santa Clara County. You are also on the record, as we do have a court reporter present.

UNIDENTIFIED SPEAKER: Okay. Wonderful. I am going to put you also on the record here. And we're all set.

JUDGE FORSBERG: Is this Judge Hayashi?

JUDGE HAYASHI: Yes. This is Judge Hayashi of the Santa Clara County Superior Court.

JUDGE FORSBERG: Hello. This is Judge Forsberg.

We're on the record in our court. I assume you are as well.

JUDGE HAYASHI: We are.

Would you like me to go ahead and have appearances stated here in our court?

JUDGE FORSBERG: Sure. That would be fine.

JUDGE HAYASHI: Very good. Thank you.

MR. AESCHLEMAN: This is Tristan Aeschleman for the petitioner, Shelley Warneck, who is present.

MS. BRENOT: Michelle Brenot appearing on behalf of Michael Sternberg, specially appearing.

JUDGE FORSBERG: Okay. And then in our courtroom, I have counsel.

MR. ALDERMAN: Good morning. Chris Alderman, Bar No. 13061, on behalf of --

(Reporter interrupts.)

JUDGE HAYASHI: Okay. I'm sorry. Our court -- can you hold on just one moment, Judge Forsberg? We just need to adjust the volume here. Our court reporter here cannot hear what's being said in Nevada.

JUDGE FORSBERG: Okay. Can you hear me, though?

JUDGE HAYASHI: Can we try and increase the volume in the courtroom?

JUDGE FORSBERG: We'll proceed, and I'll have them state it again. Okay, Judge?

JUDGE HAYASHI: Very good. Thank you.

MR. ALDERMAN: Chris Alderman, Bar No. 13061, on behalf of the plaintiff, Michael Sternberg.

MS. WEINER: It's Meredith Weiner, Bar No. 12299, on

behalf of Shelley Warneck.

JUDGE FORSBERG: Your Honor, did you hear them now?

JUDGE HAYASHI: Unfortunately, no.

JUDGE FORSBERG: Okay. It is -- I have both counsel here for both parties as well, and so we'll move forward on it. And I know -- I don't know if it's yours or mine. We just had new phone systems been put in our court so you know how that works.

JUDGE HAYASHI: Well, Judge, I appreciate it, 'cause I can hear you just fine. It's just we can't -- we could not hear the attorneys.

JUDGE FORSBERG: Okay. Okay, Your Honor. So I believe that most of this will be between you and I anyways. So if we could proceed.

The reason I asked for the UCCJEA, as you know, you had a previous case in your courtroom, but when they appeared before me at the previous hearing, we discussed on 7/31 that Ms. Warneck -- the allegation is this, Your Honor. The children have lived here for a year. And according to mom's statement, she rented an apartment, and she admits she even registered to vote here for a year, and now she's saying -- the plaintiff's position is that now she's running back to California to get jurisdiction to remain back there when she's actually been here in Nevada for a year. That's the allegations that were before my court why we set this hearing.

JUDGE HAYASHI: I understand. And I've been provided with a supplemental declaration by petitioner and her counsel. And it did appear to the Court that throughout this

time, at least based on her declaration, she is contending that she maintained a home in California and maintained -- and filed taxes in California, maintained employment in California and maintained a vehicle and driver's license in California; that she is employed out of Oakland Airport and that her stay in Nevada was for less than a year, during which time she was routinely returning to her home in California. She also said that the boys came with her to California on several occasions and that the boys maintained that their home is in South Lake Tahoe. So --

JUDGE FORSBERG: Your Honor, my understanding is they attended school for the whole year here in Clark County. That was what both parties stated in my court at my last hearing on 7/31.

JUDGE HAYASHI: I understand that.

JUDGE FORSBERG: So now my thought is -- I don't know what your thought is, Your Honor, but my thought is, look, I don't know either. Look, she -- by her own statement, she even registered to vote here. You have to swear that you're a resident of Clark County in order to do so. So she got an apartment, leased it for a year and just given it up. Our understanding is it's to be given up either this month. It would have been a year this month. So she gave it up at the end of the lease, at the end of year, and the children have been here. So my thought is even if -- even if the other party is true that she is flying back and forth, it would seem like Nevada -- that California would be an inconvenient forum when the children, now there's -- it's all child issues, that

the children have lived in Nevada for the school year. So I'm just not sure what your position is to that.

JUDGE HAYASHI: Well, my tentative inclination had been to not cede jurisdiction.

MR. AESCHLEMAN: Yes, Your Honor. If I may.

JUDGE FORSBERG: And, Your Honor, your request is what, Your Honor?

JUDGE HAYASHI: No, I was -- I was not intending to cede jurisdiction. It did appear to me from what I had seen that the original -- the parties have been acting pursuant to the custody orders that had previously been made by their agreement. They had modified it for the -- temporarily. I didn't -- and I didn't -- it didn't appear to me that mother had given up residency in California.

I do understand the issue with regard -- and I'd like to -- with regard to registering to vote, but -- and I'm not sure why that was done, why she registered to vote in Clark County, if that was, in fact, her intent, to change residency for there -- in order to be able to avail herself of the ability to vote.

JUDGE FORSBERG: Um-hum.

JUDGE HAYASHI: But other than that fact, it appeared that all facts seemed consistent with her remaining a resident of California.

JUDGE FORSBERG: Well, I'm not sure that I would agree, only because she got an apartment here. She flies out of our airport here, even though she keeps her base of her work in Oakland. I'm still a little concerned about that.

But when she came to my court, when she stated that -- she admitted that she registered to vote. She, you know, rent -- leased an apartment for a year. The children have been here for a year, in school for the school year. Other than this summer and any, you know, off-track times, they've been here in Clark County attending school. So I'm a little unclear of why -- you know, how we will proceed, Your Honor.

JUDGE HAYASHI: Um-hum.

Well, frankly, I've never run into a situation where the two judges can't agree with regard to where jurisdiction is appropriate. So if --

JUDGE FORSBERG: And, Your Honor, I would agree with you if she hadn't of come here and registered to vote and stated, you know, by her swearing that she is a resident of Clark County. That's where I -- that's where the glitch is.

JUDGE HAYASHI: Um-hum.

JUDGE FORSBERG: That Ms. Warneck pursued that avenue.

JUDGE HAYASHI: All right. May I -- may I go ahead and hear from Ms. Warneck's counsel, please.

JUDGE FORSBERG: You bet.

MR. AESCHLEMAN: If I may, Your Honor.

With regard to the registration to vote, that is --

JUDGE HAYASHI: Mr. Aeschleman, you're going to have to talk into the microphone. Thank you.

MR. AESCHLEMAN: Is that better?

JUDGE HAYASHI: Judgment Forsberg, can you hear Mr. Aeschleman?

JUDGE FORSBERG: Yes, we can hear him, Your Honor.

JUDGE HAYASHI: Thank you.

MR. AESCHLEMAN: So with respect to Ms. Warneck registering to vote in Nevada, that is accurate. And, first, I reviewed the requirements for registering to vote, and it does ask the question are you a resident of Nevada or have you been a resident of Nevada for the past 30 days and in that county for 10 days, but the problem with that question is is that it presupposes that you can't have multiple residences under the UCCJEA. And *In re Marriage of Nurie*, you are permitted to have two residences. The question is is whether she was no longer a resident of California, and that was not the case. She maintained a home here. She continued to travel here when she wasn't visiting the children. She was employed here. She filed property tax -- or paid property taxes here and filed her taxes here, among other things.

So she remained a resident of California while she did rent an apartment. And *In re Marriage of Nurie*, the husband or the father lived in Pakistan predominantly for three years, and the court still determined that he had not given up his residency in California and that California should maintain jurisdiction. So the fact that she did register to vote in Nevada is really moot. And, also, it's about where she presently resides, and I don't think it can be disputed that she presently resides in California. And present residence is based on at the time the determination of UCCJEA is being made, which is right now.

JUDGE FORSBERG: Your Honor, can we ask him a

question, please.

Did she get a driver's license in Clark County, Nevada?

MR. AESCHLEMAN: No, she did not.

JUDGE FORSBERG: Okay. Then -- so she went online and -- so she had to take affirmative -- see, my question was did she inadvertently register to vote while she was getting a driver's license?

It sounds like she intentionally sought to declare Nevada as her residency by -- by declaring herself a resident here to vote.

MR. AESCHLEMAN: But even if that were the case, she doesn't presently reside in Nevada. And what matters is that she presently resides in California while this determination is being made.

JUDGE FORSBERG: Counsel, my question for the judge -- look, Your Honor, this is the other thing. You can't, like, move out of there for a year and then, oh, run back there would be my question because now do we have a question of inconvenient forum for the children because the children have been -- were here for a year going to school. That's the other question, Your Honor. So I guess that's the other question you and I have to determine because I don't think that either court, either state would want people to move out and then the minute somebody is going to file an action, they run back to their old state, even though they've been here for a year. That's my question.

JUDGE HAYASHI: Oh, I agree with you a hundred

percent. It's just not a question -- it's not a situation where I see that somebody ran back to Santa Clara County or, for that matter, to California. She's not in Santa Clara County. But it's not a situation where I see somebody running back to California if they maintained a home here, continued to maintain employment here, continued to -- I mean, other than the fact that she registered to vote and kept a temporary home so that she could be closer to the children, which is entirely understandable, while they were attending school, it's not unusual, frankly, that we have people that do maintain two homes.

JUDGE FORSBERG: I understand, Your Honor. I understand, Your Honor.

You can see my only concern was whether it'd be -- was -- most importantly, was her registering to vote. I mean, you're declaring where you're going usually.

JUDGE HAYASHI: I understand. And I just don't -- you know, this is a -- this is not a situation where I think that somebody departed the state of California and severed -- and severed the ties of residence, employment, driver's registration. This did appear to be more akin to somebody establishing a temporary second home.

JUDGE FORSBERG: Okay. Then I will -- I will -- I'm willing to succeed to you, Judge Hayashi. I just wanted us to explore it because, look, that was even your -- when Ms. Warneck states that she declared herself as a resident here by doing the voter registration, that's where we got, you know, a little sideways on it, as you can imagine.

JUDGE HAYASHI: Absolutely. And I do understand that and appreciate that you set up this opportunity for us to hear from everybody at the same time. Thank you.

JUDGE FORSBERG: So, Your Honor, so on that side, they're saying that she's still paying her taxes in California and still -- we don't have state income tax so it wouldn't be an issue here. So --

MR. AESCHLEMAN: Correct. And we have copies of tax returns.

JUDGE HAYASHI: Yes. The representation has been made to me that she's been paying both state property tax and state income tax here in California. And given her employment, it would be in California. I would assume that as a California employer, she's being withheld income taxes here in California. Is that correct?

JUDGE FORSBERG: Okay. Then I -- then I believe under that basis the only right I would have to establish jurisdiction in Nevada would be whether it was an inconvenient forum because the children have attended school here. And if you're not willing to succeed -- to cede the jurisdiction, then I will let it remain in California.

MR. ALDERMAN: Your Honor, can I address this?

JUDGE FORSBERG: I do have -- plaintiff on my side would like to address it as well, like you had Ms. Warneck.

JUDGE HAYASHI: Absolutely.

JUDGE FORSBERG: Mr. Sternberg's attorney would like to address it as well.

Go ahead, please, Counsel.

MR. ALDERMAN: Thank you.

Can you hear me, Your Honor?

JUDGE HAYASHI: Yes. Thank you.

MR. ALDERMAN: And thank you.

Sorry. I'm trying to get as close as I can here.

(Reporter interrupts.)

JUDGE HAYASHI: So, Counsel? Counsel in Nevada, may I ask that you restate your name, please.

MR. ALDERMAN: Yes. Absolutely. My name is Chris Alderman. I'm the attorney for Michael Sternberg.

JUDGE HAYASHI: Thank you.

MR. ALDERMAN: Thank you.

So I think first and foremost, I think we're forgetting a few key facts here. First of all, there was a temporary order issued in California. There was no final order. So to sit there and say that there was a final order that the parties subsequently agreed to make a temporary change to is not accurate. They went to a mediation, entered a temporary order which got filed. There's never been an evidentiary hearing or anything in that court. One -- less than a year later the parties, through counsel, stipulated to dismiss that case. The pleading was drafted. That was not filed through the fault of counsel, but the parties' intent was to dismiss that California case over four years ago. Okay?

So then we fast-forward to now. She, meaning Shelley, the party in your courtroom, the defendant here, she relinquished custody to my client after she had a DUI with the

kids in the car. She didn't ask for custody of those kids. She voluntarily gave the kids up knowing that they would be in Nevada for one year. He's had primary physical custody of the children for one entire year, where they've been in school. He's been open with communication. She's had visitations. And I think it is -- I think we need to give more credence to the fact that she did have an apartment here, she did register to vote.

Now, I understand you can own property in California --

JUDGE HAYASHI: Counsel? Counsel, I need to -- this is Judge Hayashi. I need to point out that there was a judgment entered here in Santa Clara County on October 4th, 2012. The judgment was not only a judgment to parentage, but it also was a judgment with regard to custody and visitation. And custody under the parties' judgment was joint legal custody as to both parents. That judgment has not ever been modified, Counsel.

JUDGE FORSBERG: I think -- I think what he's saying, Your Honor -- and this is Judge Forsberg -- he's saying that the parties entered a stipulation to dismiss that entire action, but somebody's counsel did -- I believe it was Ms. Warneck's counsel; is that correct? -- did not file the dismissal. They signed it off. They both stip -- they both stated in my court that they did sign a dismissal request, both parties. And I have both counsel are saying that's true. Ms. Warneck said they both signed a dismissal of that action. Somehow it did not get filed. That's what Mr. Sternberg's

counsel is stating, Your Honor.

JUDGE HAYASHI: I understand, Judge Forsberg.

And it was my understanding, and perhaps I'm wrong, but it was my understanding that the request for dismissal was made after the judgment had been entered. So under our procedures, a request for dismissal that is made after judgment is entered does not serve to set aside the judgment. The judgment --

JUDGE FORSBERG: Okay.

JUDGE HAYASHI: -- has already been entered.

JUDGE FORSBERG: Okay. And certainly that would be different in our court. So -- and that was also our question because we did not know what -- of course not knowing the law in California, being a Nevada judge, I don't follow all of that, but you clearly -- that's different in Nevada. If they had stipulated it should be dismissed, it would have been dismissed here in Nevada.

So you're saying, Judge, that that's different. It's still an order of -- your position is it's still an order because they -- nobody dismissed it. Until the judge says it's not an order, it's still an order; correct, Your Honor?

JUDGE HAYASHI: Until -- unless the judge sets aside the judgment, and there would have been a procedure to set aside the judgment --

JUDGE FORSBERG: Okay.

JUDGE HAYASHI: -- and then dismiss the action, but there was never a request to set aside the judgment or for the parties to be relieved of the effect of the judgment. So even

if they had filed a request to dismiss the action, if the judgment is not set aside, the judgment still stands.

JUDGE FORSBERG: Okay, Your Honor. Then it's clear that you're requesting that jurisdiction remain in California based on the facts, and I'll certainly agree with that.

THE RESPONDENT: Your Honor, excuse me. I'm sorry. May I have a minute with my attorney, please.

(Discussion off the record.)

JUDGE FORSBERG: Your Honor, Mr. Sternberg would like a moment to add something --

JUDGE HAYASHI: Okay. But --

JUDGE FORSBERG: -- to try to make a record.

JUDGE HAYASHI: But excuse me, Judge Forsberg, because I have a 9 o'clock call --

JUDGE FORSBERG: I do, too, Your Honor.

JUDGE HAYASHI: -- in another case, and so if I can ask that we just either --

JUDGE FORSBERG: He's going to state -- his counsel is going to state it right now, Your Honor, and then we'll resolve this call, if that's okay.

JUDGE HAYASHI: Okay.

MR. ALDERMAN: Mr. Sternberg represented to me that all of the stuff regarding this California residency happened after the fact. So E[redacted] was already born here.

And we also need to remember, too, that -- and we're conceding that she was here temporary -- maybe temporarily, maybe permanently with the apartment and the registration to vote, but at that point counsel already lost UCCJEA

jurisdiction because nobody was there anymore. Everybody was in Nevada. So that was when -- California relinquishes jurisdiction at that time. One of the minor children was even born here.

JUDGE HAYASHI: Counsel? Counsel, you need to slow down.

MR. ALDERMAN: Okay.

JUDGE HAYASHI: You cannot talk that fast.

MR. ALDERMAN: Okay, Your Honor. Thank you.

Did you want me to back up a bit or --

JUDGE HAYASHI: No. No.

MR. ALDERMAN: Okay. One more thing I would like to ask. I was served with the brief from counsel in your court there. Yesterday at 2 o'clock I got an email of a brief. My client's attorney in California hasn't had the opportunity to send any such brief to the court. I would ask that we defer that determination for the UCCJEA until his counsel in California can submit a brief as well.

JUDGE HAYASHI: Counsel, this is an informal proceeding between courts. There are some jurisdictions in which there is not -- there is no briefing, and there is no briefing schedule for these procedures.

JUDGE FORSBERG: There is not in our court either, Your Honor. So -- this is Judge Forsberg. But you are -- there is not a requirement in our court either.

I understand counsel's position. He's making a record. But based upon the statements you've stated, Your Honor, and the fact how California law is, I am going to

succeed jurisdiction to California. That will be based upon the statements that you've made. We will go ahead now that we've placed all the facts on the record. Okay?

JUDGE HAYASHI: Thank you very much.

JUDGE FORSBERG: So will you do a minute order and let me know that -- I mean, how do you want to proceed procedurally, Your Honor?

JUDGE HAYASHI: We will prepare a minute order here and send it to you. And then if you would also just prepare a minute order for your court and send it to our court so that they can both be filed in the cases respect -- confirming that jurisdiction has been ceded to the court in California.

JUDGE FORSBERG: Thank you, Your Honor. We'll go ahead and do that.

UNIDENTIFIED SPEAKER: Your Honor, I'd like to make one more --

JUDGE HAYASHI: Thank you.

JUDGE FORSBERG: There's nothing else to be said.

Thank you.

JUDGE HAYASHI: Thank you.

(Adjournment.)

---o0o---

STATE OF CALIFORNIA )
) ss.
COUNTY OF SANTA CLARA )

I, MARYLOU GUTIERREZ, hereby certify that I am now and at all times herein mentioned was the duly certified, appointed and acting shorthand reporter of said department of said court; that as such reporter I attended the proceedings of the above-entitled cause and took down said proceedings in shorthand, and the foregoing is a full, true, and correct transcript of my shorthand notes so made thereof.

Dated: September 25, 2019

MARYLOU GUTIERREZ, CSR 5980