**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JEFFREY D. OLSTER
Nevada Bar No. 008864
Jeff.Olster@lewisbrisbois.com
VIVIENNE RAKOWSKY
Nevada Bar No. 009160
Vivienne.Rakowsky@lewisbrisbois.com
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Facsimile: 702.893.3789

*Attorneys for Defendant,*
*Tristan Aeschleman and*
*Adames & Ash, LLP*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

MICHAEL C. STERNBERG,

Plaintiff,

vs.

SHELLY WARNECK, et al.

Defendants

CASE NO.: 2:23-CV-01466-APG-EJY

---

MICHAEL C. STERNBERG,

Plaintiff,

vs.

SHELLEY WARNECK, et al.

Defendants

CASE NO.: 2:23-cv-02022-APG-EJY

**DEFENDANTS TRISTAN AESCHLEMAN AND ADAMES & ASH, LLP'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants, TRISTAN AESCHLEMAN and ADAMES & ASH, LLP, by and through their attorney of record, Jeffrey Olster, Esq. and Vivienne Rakowsky, Esq. of LEWIS BRISBOIS BISGAARD & SMITH LLP, hereby respectfully submit their Motion to Dismiss Plaintiff's Second Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6).

This Motion is based on the following Memorandum of Points and Authorities, the papers and pleadings on file herein, and any oral argument which may be requested by this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Pro Per Plaintiff Michael C. Sternberg (hereinafter, "Sternberg") has filed his Second Amended Complaint (ECF No. 332 and "Corrected Version" ECF No. 333-1) against thirty-two (32) specifically named Defendants related to proceedings involving the custody of his children. Two of the Defendants named by Plaintiff are private California attorney Tristan Aeschleman, and his law firm, Adames & Ash, LLP (hereinafter, the "Aeschleman Defendants"). Mr. Aeschleman is a California family law attorney who, at a certain point in time, represented the mother of Sternberg's children, Defendant Shelley Warneck (hereinafter, "Warneck") within the State of California.

**Relevant Procedural History**

On February 20, 2024, Sternberg filed a single First Amended Complaint ("FAC"), which combined his alleged facts and requests for relief into twenty-nine (29) separate causes of action.

On March 12, 2024, the Aeschleman Defendants filed a Motion to Dismiss the Amended Complaint (ECF No. 122) primarily arguing the Nevada District Court's lacked personal jurisdiction over the Aeschleman Defendants because they are residents of California without any ties to the State of Nevada. In the event this Court had somehow found personal jurisdiction, the Aeschleman Defendants also argued for dismissal of the individual claims.

On November 14, 2024, the Court issued an Order Granting in Part the Aeschleman Defendants

Motion to Dismiss and Granting Plaintiff leave to amend with very specific instructions. ECF No. 273. In granting the Plaintiff's Motion to Amend, the Court stated that in order to show personal jurisdiction over the Aeschleman Defendants, Plaintiff would need to allege facts that the Aeschleman Defendants actually assisted Warneck in her plan to remove the children from Nevada or somehow participated in Sternberg's later arrest and seizure of the children, beyond just representing Warneck in California. The Court also specifically advised Plaintiff that "conclusory allegations that the Aeschleman Defendants assisted Warneck are insufficient." ECF No. 273, p. 7:22-23.

The Court also addressed all other claims in the Aeschleman Defendants Motion to Dismiss. The Court dismissed the claims for lack of subject matter jurisdiction pursuant to the Rooker Feldman Doctrine, finding Plaintiff asserted harm from state court errors rather than alleging extrinsic fraud by the Aeschleman Defendants, with the exception of the fraud claim for assisting Warneck in relocating the children in 2019. Sternberg was given leave to amend if he can allege facts supporting independent claims against the Aeschleman Defendants, but he must plead the claims pursuant to Nev. R. Civ. P. 9(b) with particularity to include the who, what, when, where and how of the misconduct charged, and must set forth the what is false or misleading about a statement and why it is false. ECF No. 273 p. 12:3-6.

The Court also found the Section 1983 and 1985 claims based on conduct prior to September 20, 2021 are time barred. With respect to the *Noerr Pennington* Doctrine the Court found that Plaintiff did not plausibly plead allegations grounded in fraud, but was given leave to amend if he can plausibly plead why the statements were false and how the alleged misrepresentations deprived the state court custody proceeding or the law enforcement actions against him of their legitimacy.

With respect to the state law claims that have been re-alleged in Plaintiff's SAC, the claim for tortious interference with parental rights was dismissed because the Court felt there was not enough authority as to whether this tort exists. Plaintiff has recently filed a Motion to Certify this question. ECF No. 335. The Court dismissed the claim for Abuse of Process because the Plaintiff did not plausibly

allege that the Aeschleman Defendants used judicial process in an improper manner, or that the Aeschleman Defendants had an ulterior motive other than resolving a custody dispute in which the Aeschleman Defendants represented Ms. Warneck. Sternberg was given leave to amend if he can assert facts to support the claim. The Court also gave Sternberg leave to amend the civil conspiracy claim if he can allege facts to plausibly infer an agreement to accomplish an unlawful objective.

Plaintiff appealed to the Ninth Circuit with respect to other Motions to Dismiss which did not involve the dismissal of the Aeschleman Defendants based on personal jurisdiction. Following Plaintiff's defeat on his appeal to the Ninth Circuit, Plaintiff filed the SAC on May 29, 2026 and the corrected version which made changes to the SAC (ECF 332) and the later version (ECF No. 333-1).

Plaintiff has failed to cure the deficiencies in the SAC with respect to providing the Court 3with a factual basis to show personal jurisdiction over the Aeschleman Defendants. Nevertheless, in the event this Court were to determine it can assert personal jurisdiction over the Aeschleman Defendants (which it should not), the Aeschleman Defendants also argue that Sternberg's corrected version of the SAC ("SAC") ECF No. 333-1, should still be dismissed substantively under Fed. R. Civ. P. 12(b)(6).

## II.

## <u>STATEMENT OF PERTINENT FACTS</u>

The following facts are pertinent to the dispositive arguments below:

1. Sternberg is the natural father of two children, E.W. and N.W. ECF No. 332 ¶ 1. Warneck ("Warneck") is the mother of the children. ECF No. 86-3 at ¶3.

2. Sternberg and Warneck are parties to a family court action in Santa Clara County Superior Court, Case No. 2012-1-CP-020194. ECF No. 86-3 at ¶ 7, ECF No. 332 ¶ 2.

3. Tristan Aeschleman is an attorney licensed in California and Adames & Ash LLP is a law firm organized under the law of California. SAC p.2:21-22, Declaration ¶ 2, **Exhibit A.**

4. Warneck first retained Mr. Aeschleman in 2019. Declaration at ¶ 10, **Exhibit A**.

5. Mr. Aeschleman is a life-long California resident, has never resided in Nevada, and owns no real

property in Nevada. Declaration at ¶ 4, **Exhibit A**.

6. His firm, Adames & Ash, LLP, does not advertise services in Nevada. *Id.* at ¶¶ 3, 5. Mr. Aeschleman is licensed to practice law only in California. Decl. at ¶ 2, **Exhibit A**, SAC p.2:21.

7. The 2012 custody matter in Santa Clara was never closed. ECF No. 86-3¶ 33, Decl. at ¶¶ 10 & 12. **Exhibit A.**

8. On July 1, 2019, Warneck filed a motion to modify visitation with the Santa Clara County Superior Court. ECF No. 86-3 at ¶ 36. Declaration at ¶ 12, **Exhibit A**.

9. On July 7, 2019, Mr. Aeschleman emailed Sternberg, informing him that he represented Warneck regarding the already pending California custody action. ECF No. 86-3 at ¶ 38.

10. On July 11, 2019, Sternberg filed a separate custody case in Clark County, Nevada. ECF No. 86-3 at ¶ 45. Declaration at ¶ 13, **Exhibit A**.

11. On July 31, 2019, Nevada Judge Forseburg held a hearing on Sternberg's custody motion filed in Nevada on July 11, 2019. Judge Forseburg noted the simultaneously pending actions and informed the parties it would schedule a joint UCCJEA conference with the Superior Court of Santa Clara County. Declaration at ¶ 14, **Exhibit A**. On or about August 1, 2019, the Santa Clara Court contacted Mr. Aeschleman to notify him of the joint conference. Declaration at ¶ 15, **Exhibit A**.

12. On August 7, 2019, Clark County, Nevada Judge Forseburg held a jurisdictional conference with Judge Hayashi with the Santa Clara County, CA court to address jurisdiction under the UCCJEA. ECF No. 86-3 at ¶ 60. Declaration at ¶ 19 **Exhibit A**,

13. On August 7, 2019, Nevada Judge Foresburg ceded jurisdiction to Santa Clara County, CA and dismissed Sternberg's Nevada action. Accordingly, California maintained continuing, exclusive jurisdiction under the UCCJEA. ECF No. 86-3 at ¶ 72. Declaration at ¶ 19, **Exhibit A**.

14. On August 21, 2019, Mr. Aeschleman submitted a proposed Finding and Order After Hearing to Judge Hayashi via U.S. mail and copied Sternberg. ECF No. 86-3 at ¶ 84. Declaration at ¶ 20, **Exhibit A**.

15. On September 11, 2019, Sternberg filed an emergency motion to transfer jurisdiction, modify custody and visitation, and request attorney's fees and costs with the Santa Clara County Family Court. ECF No. 86-3 at ¶ 102. Declaration at ¶ 22, **Exhibit A**.

16. On September 18, 2019, a hearing was held on Sternberg's motion filed on September 11, 2019. Mr. Sternberg and his counsel physically appeared in California, and his requests were denied. Ms. Warneck was awarded temporary primary custody of the E.W. and N.W. during the school year and Mr. Sternberg during their summer school break. ECF No. 86-3 at ¶ 103. Declaration at ¶ 23, **Exhibit A**. On September 19, 2019, the parties attended mediation with Family Court Services and agreed to interim visitation orders, which Judge Hayashi approved the same day. Declaration at ¶ 23, **Exhibit A.**

17. On September 27, 2019, Judge Hayaski of the Santa Clara County Superior Court signed the Finding and Order After Hearing previously submitted by Mr. Aeschleman regarding the UCCJEA conference/hearing. ECF No. 86-3 at ¶ 115. It was filed on October 1, 2019.

18. On September 20, 2021, Ms. Warneck and Sternberg appeared for a hearing in a California court on Ms. Warneck's *Request for Temporary Emergency Order* filed on August 25, 2021. After reviewing the pleadings, hearing arguments, and receiving testimony, the court granted Ms. Warneck temporary sole legal and physical custody of E.W. and N.W., and ordered Sternberg to return E.W. and N.W. to Ms. Warneck's care by noon on September 21, 2021, at the Las Vegas Airport. The court also ordered the El Dorado County District Attorney's Office to comply with Family Code section 3131 by taking all necessary steps to locate and return the minor children to Ms. Warneck's custody and assist in the enforcement of custody orders by use of appropriate civil and criminal proceedings. Declaration at ¶¶ 31, 32, **Exhibit A**.

19. On September 21, 2021, Sternberg did not return the children in violation of the Court's order. Pursuant to the Court Order, the El Dorado DA prepare a warrant. Declaration at ¶ 33, 34 **Exhibit A.**

19. Sternberg was arrested on September 29, 2021, on two felony counts for violating Penal Code section 278.5. Subsequently, Sternberg agreed to a plea deal. Declaration at ¶ 35, **Exhibit A.**

## III.

## ARGUMENT

**This Court Lacks Personal Jurisdiction over the Aeschleman Defendants; Therefore, Plaintiff's SAC Should Be Dismissed Pursuant to FRCP 12(b)(2).**

This Court's Order issued November 14, 2024 dismissed the FAC against the Aeschleman Defendants because it did not have either general or specific personal jurisdiction over them, finding that Plaintiff did not allege any plausible facts to support a prima facia case of personal jurisdiction over the Aeschleman Defendants. ECF No. 273. p. 6:11-12. The Court cited to *World Wide Volkswagen v. Woodson,* 444 U.S. 286, 295 (1980) and found that "[m]eer foreseeability that a lawyer's representation of a client in California may impact an opposing party who resides in another state does not subject the lawyer or his law firm to personal jurisdiction in that other state." ECF No. 273, p. 6:13-17. To find personal jurisdiction, the Court must assess the Aeschleman Defendants' actual conduct with respect to Nevada. Although Plaintiff alleged personal jurisdiction based on conspiring with Warneck to abduct his children and participating in his arrest in Nevada, the Court found that even where law enforcement officers obtained a warrant for arrest to be executed in another state, the activity did not provide the court with personal jurisdiction over them. See ECF No. 273, p.5-7, and *Bush v. Adams,* No. CIV.A 07-4936, 2008 WL 4791647 at *12 ( E.D. Pa Nov. 3, 2008) ("Merely obtaining an arrest warrant for someone who is known to be in another state is not sufficient to subject the officer obtaining the warrant to personal jurisdiction in that state.") This is true even if it is foreseeable that an arrest warrant will be executed in the forum state and defendants made phone calls to have the warrant acted upon, these activities will not establish personal jurisdiction. *Bush* at *12.

Notwithstanding, the Court provided Plaintiff with leave to amend if he could assert actual, not conclusory facts, outside of representing Warneck in California, that show that the Aeschleman Defendants assisted Warneck in her plan to remove the children from Nevada, or facts to show that the Aeschleman Defendants participated in Sternberg's arrest and seizure of his children. ECF No. 273,

p. 7:12-16.

Although this Court provided Plaintiff with a specific road map to cure the defects in the FAC with respect to personal jurisdiction, Plaintiff has still failed to allege facts to show personal jurisdiction over the Aeschleman defendants.

**Legal Standard – Fed. R. Civ. P. 12(b)(2).**

Every court is bound to know the limits of its own jurisdiction and to keep within them. *Burnet v. Brooks*, 288 U.S. 378, 401(1933); *Phillips v. Welch*, 11 Nev. 187, 188, 1876 WL 4547 (1876). "Without jurisdiction, a court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). The Plaintiff bears the burden to show personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (2004).

Under Fed. R. Civ. P. 12(b)(2), a court can dismiss any action in which it does not have personal jurisdiction over a defendant. The plaintiff has the burden of establishing personal jurisdiction by demonstrating jurisdiction: (1) permitted under the applicable state's long-arm statute, and (2) that the exercise of jurisdiction does not violate federal due process. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). When no federal statute governs personal jurisdiction, the district court applies the law of the forum state. *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). The personal jurisdiction of a federal court is limited to the breadth of the state court's personal jurisdiction in the state where the federal court sits. *Omni Capital Int'l. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104-05 (1987). Under NRS 14.065, Nevada state courts have personal jurisdiction limited only by the Nevada and United States Constitutions. *Graziose v. Am. Home Prods. Corp.*, 161 F. Supp. 2d 1149, 1152 (D. Nev. 2001).

There are two types of personal jurisdiction, general and specific. As will be shown below, the District of Nevada has neither general nor specific jurisdiction over the Aeschleman Defendants.

**<u>This Court Lacks General Jurisdiction.</u>**

For general jurisdiction to exist over a nonresident defendant, that defendant must engage in "continuous and systematic general business contacts that approximate physical presence in the forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374F.3d 797, 801 (9th Cir. 2004). Courts consider such factors as whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there. *Gator.Com Corp v. L.L. Bean, Inc.*, 341 F.3d 1072, 1077 (9th Cir. 2003). A defendant whose contacts are substantial, continuous, and systematic is subject to a court's general jurisdiction even if the suit concerns matter not arising out of his contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984)). Continuous and systematic is a fairly high standard in practice. *Id.* at 420 (1984).

Here, this Court lacks general jurisdiction because the Aeschleman Defendants are domiciled in California, are licensed to practice law only in California and do not own real property in Nevada, and do not practice law in Nevada. They do not market or solicit business in Nevada, have not incorporated in Nevada, do not have a designated agent for service of process in Nevada, and were not served in Nevada. Thus, the Aeschleman Defendants additionally do not have any continuous or systematic general business contacts in Nevada, they did not commence custody litigation on behalf of Warneck in Nevada and have not consented to personal jurisdiction in Nevada. ECF No. 332 at p.2:21-22, Aeschleman Declaration, **Exhibit A**.

**<u>This Court Lacks Specific Jurisdiction.</u>**

Specific jurisdiction may give court jurisdiction over a nonresident when the claims at issue arise out of the particular activities of the defendant in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Specific jurisdiction does not require continuous and systematic contacts with the forum state, as general jurisdiction does, but minimum contacts must exist to establish specific jurisdiction. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d1482, 1485 (9th Cir. 1993). The Ninth Circuit employs a three-part test to determine whether the exercise of specific jurisdiction over a nonresident

defendant is appropriate: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. *Schwarzenegger*, 374 F.3d at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). The burden is on the Plaintiff to show the first two prongs of the three-part test, and if the Plaintiff succeeds, then the Defendant must show a compelling reason that jurisdiction is unreasonable. *Schwarzenegger*, 374 F.3d at 802. Here, Plaintiff only makes vague and unsubstantiated allegations related to Sternberg's arrest and the return of his children to their mother in California that fail to tie the Aeschleman Defendants to the activities in Nevada, and never provides any facts that show that the Aeschleman Defendants purposefully availed themselves or conducted any activities within the State of Nevada.

When a plaintiff's claims sound in tort (which is the case at bar), this Court is to apply a "purposeful direction" test to determine if the plaintiff satisfied the first two prongs of the specific jurisdiction analysis. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). Under this test, personal jurisdiction exists if the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant [knew was] likely to be suffered in the forum state." *Id.* at 1214 (quotation omitted).

Plaintiff cannot demonstrate the purposeful direction of the Aeschleman Defendants toward Nevada. At all times, Tristan Aeschleman was a California attorney representing a California client in California in a child custody case initially commenced in California seven years prior to retention of the Aeschleman Defendants. None of Mr. Aeschleman's professional actions in the representation of his client were aimed at Nevada. The use of mail or the telephone does not amount to purposeful activity that would involve the benefits and protections of the state at the receiving end of the communications.

*Campbell v. Gasper,* 102 F.R.D. 159, 163 (D. Nev. May 18, 1984); see also *Bright Development v. Touton*, 2010 WL 2842919 ( E.D. Cal. July 19, 2010)( holding the incidentals of legal representation do not satisfy the requirement for specific jurisdiction); *Sher v. Johnson,* 911 F.2d 1357, 1363 (9th Cir.1990) (holding that to find personal jurisdiction in a forum state over an out-of-state attorney, the attorney must take affirmative action to do business in the forum state, rather than simply being involved in out-of-state litigation, part of which ends up in the forum state.)

Mr. Aeschleman filed a motion to modify visitation in the custody action pending in the Superior Court of Santa Clara County, not in a Nevada court. Sternberg, not Warneck, commenced the parallel custody action in Nevada and Mr. Aeschleman at all times operated as a California attorney advocating California law on behalf of Warneck. The Nevada custody action was dismissed after the Nevada court ceded jurisdiction to California. Thereafter, Mr. Aeschleman has continued to represent Warneck in California, and all his professional actions were directed toward his representation of Warneck in and from California. The Aeschleman Defendants have never taken any steps to transact business in Nevada either with regard to Sternberg or any other opposing litigant of client. All their work was performed in California and was for the benefit of their California client, Warneck, in their role as California counsel. ECF No. 85-3 at ¶¶ 7, 30, 36, 38, 45, 60, 72. Declaration, **Exhibit A**.

**<u>Conclusion on Personal Jurisdiction.</u>**

Based upon the foregoing, it is clear that this Court lacks personal jurisdiction, either general or specific, over the Aeschleman Defendants. Therefore, Sternberg's First Amended Complaint against the Aeschleman Defendants must be dismissed for lack of personal jurisdiction.

**<u>Even if This Court Were to Find It Has Personal Jurisdiction Over the Aeschleman Defendants (Which It Should Not), All of Plaintiff's Claims Still Substantively Fail as a Matter of Law.</u>**

As demonstrated above, this Court does not have personal jurisdiction over the Aeschleman Defendants, and the SAC should be dismissed. Even if this Court rules to the contrary (which it should not), Plaintiff's Complaint is still subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) upon a number

of substantive legal grounds. The Aeschleman Defendants join here their substantive grounds for dismissal without waiving the grounds set forth in Subsection A, *supra*. Fed. R. Civ. P. 12(b);

**Legal Standard - Fed. R. Civ. P. 12(b)(6).**

Pursuant to Fed. R. Civ. P. 12(b)(6), a federal court may dismiss a complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Fed. R. Civ. P. 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "[f]actual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a plaintiff's complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662.

In *Iqbal*, the United States Supreme Court clarified the two-step approach federal district courts shall apply when considering a motion to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions such as mere recitals of the elements of a cause of action are not entitled to the assumption of truth. *Id.* at 678-79. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Iqbal* at 678. (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, a plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570. *See also, generally*, *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

While the pleading rules of Fed R. Civ. P. 8 provide for notice pleading, Plaintiff's claims for conspiracy and fraud must be pled with particularity pursuant to Fed. R. Civ. P. 9(b) ("Rule 9(b)"). That includes pleading the who, what when, where, and how of the alleged actions. *Trident E&P v. HO, Inc,* 2024 WL 4505471 ( N.D. Cal. Oct 15, 2024); see also *Rocker v. KPMG, LLP,* 122 Nev. 1185, 1192, 148 P.3d 703 (2026) (There are no exceptions to Nevada's jurisprudence that to plead with particularity, plaintiffs must include in their complaint "averments to the time, the place, the identity of the parties involved, and the nature of the fraud."). To allege federal fraud, a plaintiff must also plead scienter with particularity. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007). Rule 9(b) also does not allow a complaint to merely lump multiple defendants together but requires the plaintiff to differentiate their allegations when suing more than one defendant in order to inform each defendant separately of the allegations surrounding his alleged participation in the fraud. *Swarz v. KPMG, LLP*, 476 F.3d 756, 764 -765 (9th Cir. 2007); *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 541 (9th Cir.1989) (In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, "identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.") (Internal quotations omitted).

Plaintiff has failed to follow the requirements of Rule 9(b) as he has lumped the Aeschleman Defendants with Warneck and then attempts to add State official defendants together with the Aeschleman Defendants (and Warneck), and does not specify any role specific the Aeschleman Defendants played in the alleged frauds or conspiracies.

**<u>All Section 1983 Claims against the Aeschleman Defendants must be dismissed</u>**

**Plaintiff has failed to plead a plausible claim for conspiracy under Section 1983 and Count V (Conspiracy to Cause false Arrest), VI (Conspiracy to Interfere with Familial Association, and VII (Conspiracy to Deprive Procedural Due Process) must be dismissed.**

A plaintiff may assert a claim under 42 U.S.C. § 1983 ("Civil action for deprivation of rights") when s/he has been deprived of a federal statutory or constitutional right by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48(1988). *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978).

Although Section 1983 can generally only be asserted against a state action, under specific circumstances a private person or entity can be a state actor. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 954 (9th Cir. 2008) (en banc). "[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295(2001) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351(1974)).

A private individual or entity may be liable under Section 1983 is by engaging in joint action with a state actor. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012). The joint action test is met if "state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Tsao,* 698 F.3d at 1140 (internal quotation omitted). A plaintiff can show joint action "either by proving the existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents." *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989) (quotation omitted). "Joint action therefore requires a substantial degree of cooperative action." *Collins* 878 F.2d at 1154. For example, "merely complaining to the police" does not suffice to make the complaining party a state actor. *Collins 878 F.2d* at 1155. The plaintiff bears the burden of alleging and proving the state actor requirement for Section 1983 claims. *Lee v. Katz*, 276 F.3d 550, 553-54 (9th Cir. 2002).

"To state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. City of King,* 883 F.2d 819, 821 (9th Cir. 1989). "[A] plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights. *Crowe v. Cty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1301 (9th Cir. 1999)) (internal quotation marks omitted).

Tristan Aeschleman is a private citizen who presumptively is not a state actor. His law firm Adames and Aimes is a private law firm. Sternberg has not plausibly alleged facts to support a conspiracy

or joint action theory to make the conduct of the Aeschleman Defendants attributable to the State. Rather, the SAC alleges that the Aeschleman Defendants represent Warneck (who is also a private citizen and not a State actor) in a custody dispute in California court. In the scope of representation, the Aeschleman Defendants have appeared in California courts, submitted briefs and declarations and proposed orders to the court in California. Initiating a custody proceeding and asking a court for relief does not amount to state action.

Moreover, labeling something a conspiracy is insufficient to plausibly allege an agreement to violate constitutional rights. The factual allegations in the SAC do not support the conclusion that the State has put itself into a position of interdependence with the Aeschleman Defendants so that these private actors' conduct is attributable to the State. In sum, the SAC does not plausibly allege that the Aeschleman Defendants are state actors or that they conspired to violate Plaintiff's constitutional rights, so the § 1983 claims fail as a matter of law.

**Plaintiff's Section 1983 Conspiracy Claims (Counts V, VI, VII) against the Aeschleman Defendants must be dismissed as they are not pled with particularity pursuant to Fed. R. Civ. P. 9(b), and are solely conclusory statements of activities that took place prior to September 2021.**

To survive a motion to dismiss a claim for conspiracy under Section 1983, Plaintiff must plausibly allege "an agreement or meeting of the minds to violate constitutional rights," and each member of the conspiracy must at least share the common objective of the conspiracy." *Franklyn v. Fox,* 312 F.3d 423, 441 (2002) *citing United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir.1989).

**Plaintiff alleges facts and actions in the Section 1983 Conspiracy claims that were previously dismissed with Prejudice.**

This court has previously dismissed with prejudice all Section 1983 claims based on occurrences prior to September 20, 2021 because they are time barred. ECF No. 273, p.18:17-19. Nevertheless, Plaintiff continues to base his claims on actions that took place prior to September 2021 in his Section 1983 conspiracy claims. The Court was clear that Section 1983 claims can only be asserted against the

Aeschleman Defendants if Plaintiff can provide facts, not conclusory statements, that the Aeschleman Defendants were involved with his arrest and the seizure of his children, and not just representing the mother of his children in court. ECF No. 273. Just as a few examples; Plaintiff alleges in ¶¶ 518 concerns about the May 2019 visitation, in ¶519 about withholding children from Nevada which occurred in 2019, in ¶520 about false or misleading jurisdictional claims which allegedly occurred in 2019, in ¶521 about concealing material facts regarding residence, notice, service and jurisdiction which allegedly occurred in 2019, and in ¶522, about maintaining alleged void California proceedings which allegedly occurred in 2012 and 2019. Accordingly, these and all the allegations related to acts prior to September 2021 are time barred.

Moreover, Plaintiff cannot defeat the statute of limitations by omitting the dates of the occurrences in the SAC when they are already part of the Court record. *See* ECF No. 86-3. He cannot cover up the fact that he previously alleged the Aeschleman Defendants committed perjury, fraud upon the court and filed false sworn documents in the custody case and made fraudulent findings with the court in 2012 and 2019. ECF # 273:6-9. ECF 86-3: 7-11, ECF No 273, p.17:10-14. Nor can he cover up that this Court limited his Section 1983 claims to acts that allegedly injured him that occurred after September 20, 2021.[1] ECF No. 273, p18:5-9.

Additionally, all Plaintiffs Section 1983 conspiracy claims against the Aeschleman Defendants should be dismissed because Plaintiff's statements are conclusory and fail to differentiate between the Aeschleman Defendants and the rest of the defendants as required pursuant to Fed. R. Civ. P. 9(b). The pleading must contain facts to inform the Aeschleman Defendants of the specific facts of their alleged involvement in the conspiracy. The following are just as a few of the many examples:

---

[1] This Court already ruled that the allegations are discrete acts and are not continuing harm because continuing violations must be distinguished from continuing impact from past violations. *See Knox* 260 F.3d at 1013, ECF No.273.

**Count V, VI, and VII contain conclusory allegations and Plaintiff does not differentiate between the acts of Aeschleman and Warneck, and does not tie the actions to a State actor.**

**In Count V, Plaintiff alleges:**

> Plaintiff alleges that Warneck and Aeschleman knowingly advanced false statements, concealed material facts, submitted misleading information, omitted material information or combinations thereof. Concerning custody, jurisdiction, residence notice, service and related matters.

ECF No. 333¶507

> As a direct and proximate result of the conspiracy described herein, Plaintiff suffered arrest, incarceration, loss of liberty, emotional distress, financial damages, deprivation of constitutional rights, deprivation of parental rights, and other damages according to proof

ECF No. 333¶527

**In Count VI Plaintiff states**:

> Plaintiff alleges that Warneck and Aeschleman thereafter relied on allegedly fraudulent, misleading, unconstitutional, void, or improperly obtained proceedings to prevent the children's return.

ECF No. 333¶524

> Plaintiff alleges that Defendants shared a common objective of preserving, legitimizing, facilitating or benefiting from the continued separation of Plaintiff from his children.

ECF No. 333 ¶539

> As a direct and proximate result of the conspiracy described herein, Plaintiff suffered arrest, incarceration, loss of liberty, emotional distress, financial damages, deprivation of constitutional rights, deprivation of parental rights, and other damages according to proof

ECF No. 333¶527

**In Count VII Plaintiff states:**

> Plaintiff alleges that Warneck and Aeschleman knowingly advanced false statements, concealed material facts, submitted misleading information, omitted material information, relied on or false information, or combination thereof concerning residency jurisdiction, custody, notice, service and related matters

ECF No. 333 ¶559.

> Plaintiff alleges that Defendants shared a common objective of preserving, legitimizing, enforcing, or benefiting from proceedings and enforcement actions despite substantial notice of fraud, jurisdictional defects and constitutional violations.

ECF No. 333 ¶ 568

**In all three claims, Plaintiff states**:

> Plaintiff alleges that Adames and Ash LLP participated in and benefited from the conduct of Aeschleman undertaken within the course and scope of his representation and ownership interest in the firm

ECF No. 333¶510, 536, 563,

> Plaintiff alleges that the Defendants acted intentionally, recklessly, maliciously, oppressively, or with deliberate indifference to Plaintiff's constitutional rights.

ECF No 333¶ 526, 551, 581

Obvious from the few examples above, Plaintiff has also lumped the defendants together in violation of Rule 9(b). *Swarz v. KPMG, LLP*, 476 F.3d 756, 764 -765 (9th Cir. 2007). Plaintiff has additionally failed the plead any facts as to specific activities, such as which constitutional right was violated by the Aeschleman Defendants, the dates the alleged activities took place, where the conspiracy took place, which specific state actor was involved, and how the specific actions taken by Tristan Aeschleman and specific activities taken by Adames and Ash LLP contributed to the conspiracy to deprive Plaintiff of his civil rights. A simple recital of the elements of the claim in a conclusory manner is insufficient under Rule 9(b). Simply "labeling something a conspiracy is insufficient to plausibly allege an agreement to violate constitutional rights." ECF No. 273, p.15:5-6.

**Count V must be dismissed against the Aeschleman Defendants**

Plaintiffs Paragraphs 507 and 508 detail events that took place before September 20, 2019. ECF No. 333-1. Plaintiff alleges certain conduct by Warneck and Aeschleman in ¶¶ 508 and 509, but fails to allege what role the Aeschleman Defendants played and what role Warneck played, instead, Plaintiff just lumped the Aeschleman Defendants and Warneck together in violation of the pleading requirements of Rule 9(b) because the Aeschleman Defendants are not given notice of any facts concerning who they conspired with, when they conspired, what they conspired to do, and how the conspiracy lead to cause Plaintiff's alleged false arrest.

As discussed above, a state actor is required to pursue a Section 1983 claim. Neither Warneck nor the Aeschleman Defendants are state actors, and Plaintiff never ties the Aeschleman Defendants to state actors Morales and/or Lovato and the executed a criminal complaint which advanced the objective of securing Plaintiff's incarceration as alleged in Count V. There are no allegations that the Aeschleman Defendants executed the criminal complaint, enforced the September 2021 warrant or participated in

Plaintiff's arrest and incarceration. ECF No. 333-1 ¶¶518-525. Plaintiff fails to show joint action between the state actors and the Aeschleman Defendants. *See Tsao.* 698 F.3d at 1140. Without such connection Count V must be dismissed against the Aeschleman Defendants.

**Count VI must be dismissed against the Aeschleman Defendants**

Likewise, Count VI alleges a conspiracy to interfere with familial association. Again, Plaintiff alleges Warneck and Aeschleman, who are not state actors, participated in, encouraged and furthered a course of conduct intended to interfere with Plaintiff's relationship with his children. ECF No.333-1 ¶ 531. Plaintiff pleads actions that allegedly occurred prior to September 2021 including the May 2019 agreement (¶532) alleged activities prior to the May 2019 agreement (¶533) Warneck obtained possession of the children through false pretenses and refused to return them (¶534). All of these alleged activities are barred by the statute of limitations and cannot be pled. ECF No. 273, p. 18:5-9.

Furthermore, Plaintiff has pled this claim in a conclusory manner and has failed to plead the who, what, when, where and how required under Rule 9(b) in order to give the Aeschleman Defendants factual information as to the specific act that violated a specific constitutional right of the Plaintiff. Plaintiff further failed to tie the Aeschleman Defendants to any state actors, and failed to show any facts (other than representing their client, Warneck), that the Aeschleman Defendants were willing participants with state actors in effecting a deprivation of Plaintiffs constitutional rights. "Representing a client in court and asking a court for relief does not amount to state action. ECF No. 273:20-21. Therefore, Count VI must be dismissed against the Aeschleman Defendants

**Count VII must be dismissed against the Aeschleman Defendants**

Plaintiff alleges that the Aeschleman Defendants violated his civil rights by being involved in a conspiracy to deprive him of procedural due process. Plaintiff pleads events between 2012 and September 2021 alleging that Warneck and the Aeschleman Defendants took part in a course of conduct to deprive Plaintiff of notice and an opportunity to be heard. ECF No. 333-1 ¶¶557-562, 571-576 The

events described in these paragraphs all took place prior to September 20, 2021 and have been dismissed with prejudice because they are out of statute. ECF #273, p. 18:5-9.

Like the claims in Count V and Count VI, Plaintiff has only alleged facts in a conclusory manner and fails to provide the who, what, when, where and how of the conspiracy including what part the Aeschleman Defendants allegedly played, and how the Aeschleman Defendants acted in concert with the State actors after September 20, 2021 to deprive him of due process. *See* ECF No. 273, p. 14:3-10.

**Conclusion of Section 1983 conspiracy claims.**

Applying all of the above principles to the allegations in Sternberg's SAC, it clearly follows that Sternberg cannot sustain a Sec. 1983 conspiracy claim against the Aeschleman Defendants. Defendant Tristan Aeschleman is a California attorney who is in private practice in the State of California. ECF No. 86-3 at ¶ 30; and ECF No. 86-2 (showing the Aeschleman Defendants to have a California address). Representing a client in court and asking the court for relief does not amount to state action. ECF No 293, p.14:20-21. Sternberg alleges Mr. Aeschleman acted under the color of law by engaging in a vast conspiracy with third party state officers. To allege a joint action, Sternberg would have had to allege specific facts (who, what, when etc) and show a substantial amount of cooperation, which he did not do. *See Collins,* 878 F.2d at 1154. In fact, Sternberg failed to provide any facts to support his allegations of a conspiracy, let alone a conspiracy to violate his constitutional rights. Instead, Sternberg tucks legal conclusions into his Second Amended Complaint (e.g., conspiracy, fraud, *ex parte*, and perjury), guised as factual allegations. As a result, Counts V, VI, and VII must be dismissed.

**Plaintiff's Count XX alleging a Section 1983 violation of civil rights and fraud must also be dismissed as being barred by the Statute of Limitations for Fraud, and for Failure to Plead Fraud Pursuant to Rule 9(b)**

Plaintiff has asserted a Section 1983 claim for declaratory relief, injunctive relief concerning California Orders due to extrinsic and intrinsic fraud, lack of jurisdiction and denial of due process[2] and

[2] Notably this Court denied reconsideration of the order denying the motion for a preliminary
(footnote continued)

named the Aeschleman defendants along with nine other defendants. Plaintiff did not plead this claim pursuant to Rule 9(b) because he did not identify specific fraud related to any specific defendant, and on that basis alone, this claim should be dismissed. Additionally, the Statute of Limitations for Fraud is three (3) years from the time Plaintiff discovered the facts. NRS 11.190 (3)(d). Plaintiff has been claiming fraud against the Aeschleman Defendants since July 2019.[3] All of the discrete fraud claims against the Aeschleman Defendants are based on facts going back to July 1, 2019. ECF No. 86-3 starting at ¶ 36. Plaintiff filed the SAC on May 29, 2026. The three-year statute of limitations would place the cut off on May 29, 2023. Even if this Court determines that the claims relate back to the FAC which was filed on February 20, 2024 (which it should not be because this is a new claim) the cutoff date for fraud claims would be February 20, 2020. Accordingly, this court should dismiss all claims in Count XX that are barred by the three-year statute of limitations for Fraud.

Furthermore, dismissal is required for all claims in Count XX because Plaintiff failed to plead his claims for fraud pursuant to Rule 9(b). He attributes the fraud to nine defendants, never alleging which defendant engaged in the fraudulent actions and what each named defendant did.

Statements such as:

> Plaintiff alleges California jurisdiction was procured, maintained, or exercised through extrinsic fraud, intrinsic fraud, material omissions, concealment of material facts, misleading misrepresentations or combinations thereof. ECF No. 333-1 ¶ 899.

This is only one example of the many conclusory statements that Rule 9(b) precludes. Plaintiff never alleges facts behind the fraud, as to who was involved, how the alleged fraud occurred, when it occurred, where it occurred, what actions were fraudulent, etc. In fact, throughout Claim XX, ECF No. 333-1 ¶¶ 886-914 Plaintiff never once mentions the Aeschleman Defendants by name. It is not up to the

---

injunction as well as reconsideration of the jurisdictional hearing from August 2019. ECF No. 331.

[3] Plaintiff is apparently still challenging an order from 2012 (claiming he never stipulated to it). ECF No. 333-1 ¶¶ 896-900.

named defendants to guess the allegations against them, instead, it is up to the Plaintiff to let each defendant know their role in the alleged fraud. Accordingly Claim XX must be dismissed against the Aeschleman Defendants for failure to plead the fraud claims pursuant to Rule. 9(b).

**The Absolute Litigation Privilege and the *Noerr-Pennington* Doctrine bar all claims against the Aeschleman Defendants**

The Aeschleman Defendants represented Ms. Warneck in her custody dispute in the Courts of California. Both the *Noerr-Pennington* doctrine and the Absolute Litigation Privilege protect rights to petition the court and the right to free speech under state and federal constitutions.

**The *Noerr-Pennington* Doctrine requires dismissal of Plaintiff's claims against the Aeschleman Defendants for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)**

The *Noerr- Pennington* doctrine "is a rule of statutory construction that requires courts to construe statutes to avoid burdening conduct that implicates the protections of the Petition Clause of the First Amendment."[4] *United States v. Kozoil,* 993 F.3d 1160, 1171 (9th Cir. 2021). Under the *Noerr-Pennington* doctrine, those who petition all departments of the government for redress are immune from liability for their petitioning conduct. *Empress LLC v. City & County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005). The United States Supreme Court has ruled that *Noerr-Pennington* protection applies to citizens' use of the courts. *Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 56-57, 113 S. Ct. 1920, 123 L. Ed. 2d 611 (1993). Courts use the following three-part test to determine whether the defendant's conduct is immunized: (1) First, identify whether the lawsuit imposes a burden on petitioning rights; (2) second, decide whether the alleged activities constitute protected petitioning activity; and (3) third, analyze whether the statutes at issue may be construed to preclude that burden on the protected petitioning activity. *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 644 (9th Cir. 2009).

This Court's has already performed an analysis of the three-part test in its Order on the

[4] The doctrine derives from the First Amendment's guarantee of "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const., Amend I.

Aeschleman Defendants Motion to Dismiss the FAC (ECF No. 273), and found that the *Noerr Pennington* doctrine is applicable because Plaintiff's suit would burden the Aeschleman Defendants petitioning activities to the Court. Additionally, contact with law enforcement would also be burdened. ECF No. 283, p. 20:1-5, Notwithstanding, the Court granted Plaintiff to amend if he "plausibly can allege that the Aeschleman Defendants assisted Warneck in relocating the children by means other than representing her in court or assisted in Sternberg's arrest and seizure by means other than merely requesting law enforcement in assistance…" or can plausibly show the sham exception applies. ECF No. 273, p.21:10-13, p. 222:10-11. In the SAC, Plaintiff has not alleged any plausible activities other than representing Warneck in her custody suit.

The sham exception to the *Noerr-Pennington* doctrine also does not apply in the present action. With respect to petitions brought in the courts, such as the underlying family law action which forms the basis of Sternberg's SAC, the United States Supreme Court has held that a lawsuit is unprotected only if it is a "sham," i.e., "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." *Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60, 123 L. Ed. 2d 611, 113 S. Ct. 1920 (1993). The Court identified three circumstances in which the sham litigation exception might apply: "first, where the lawsuit is objectively baseless and the defendant's motive in bringing it was unlawful, second, where the conduct involves a series of lawsuits "brought pursuant to a policy of starting legal proceedings without regard to the merits" and for an unlawful purpose, and third, if the allegedly unlawful conduct "consists of making intentional misrepresentations to the court, litigation can be deemed a sham if 'a party's knowing fraud upon, or its intentional misrepresentations to, the court deprive the litigation of its legitimacy." *See; Sosa v. DIRECTV Inc., 437 F3d 923 (9th cir. 2006)* citing *Kottle v. Northwest Kidney Centers,* 146 F.3d 1056, 1060 (9th Cir. 1998) and *Liberty Lake Investments v. Magnuson ,* 12 F.3d 155. 159 (9th Cor. 1993).

The Court additionally warned Plaintiff he must comply with Rule 9(b) pleading with

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

particularity.[5] ECF No. 273, p. 20:8-13. Rule 9(b) requires that "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." Fed.R.Civ.P. 9(b). The plaintiff must state "the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124 (9th Cir.2009).

The assertions made by Warneck in the underlying family court action through her counsel, the Aeschleman Defendants, cannot possibly be said to have been objectively baseless or that there could have been no realistic expectation of success on the merits. The parties had competing views of the facts and their legal rights, both had counsel representing them, and the competing facts and claims were adjudicated by the Santa Clara County Superior Court in favor of Warneck. Thus, as a matter of law, the sham exception to the application of the *Noerr-Pennington* doctrine cannot apply to contested litigation which is not objectively baseless. *See*, *e.g.*, *Patel v. DeCarolis*, 701 F. App'x 590, 592 (9th Cir. 2017). As noted, numerous times in this Motion, Plaintiff has only alleged improprieties during litigation in a conclusory manner and has not complied with Rule 9(b) to plead with particularity as to specific fraud or intentional misrepresentations made, when they were made, who made them, why they were made. Additionally, Plaintiff claims with respect to the jurisdictional hearing on August 7, 2019, also do not support the sham exception. This Court has already determined that the facts and procedure during the August 7, 2019 hearing was not a sham proceeding. ECF No. 331. Although the decision was limited to Plaintiff's motion for a preliminary injunction, the facts in the record are clear that the proceeding was not a sham. ECF No. 331, p. 5:16-18, 6:1-23, 7:1-23, 8:1-9.

Plaintiff did not heed the advice of the Court, and the SAC contains similar conclusory statements, omitting the who, what, when and why details, and as a result all of Sternberg's causes of action against the Aeschleman Defendants in the SAC are barred by the *Noerr-Pennington* doctrine. *See*

---

[5] "This would require facts stating "what false statements were made, why they were false, how those misrepresentations deprived the state court custody proceeding or the law enforcement actions against him of their legitimacy." ECF No. 273, p. 21:12-19

ECF No. 273, p.18:10 – 21:21.

**Nevada's Absolute Litigation Privilege bars all claims, including abuse of process (Count X) and all civil conspiracy claims including Count IX (Conspiracy to Interfere with Parental Rights), Count XI(Conspiracy to Commit Abuse of Process), Count XV (Conspiracy to Violate California Civil Code 49(a)), against the Aeschleman Defendants for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).**

The litigation privilege is a "long-standing common law rule that communications uttered or published in the courts of judicial proceedings are absolutely privileged." *Circus Circus Hotels v. Witherspoon*, 99 Nev 56, 60, 657 P.2d 101, 104 (Nev. 1983). The privilege "immunizes from civil liability communicative acts occurring in the course of judicial proceedings, even if those acts would otherwise be tortious," *Greenberg Traurig v. Frias Holding Co.*, 130 Nev. 67,331 P.3d 901, 902 (Nev. 2014). It even shields statements made with knowledge of falsity or malice. *Jacobs v. Adelson*,130 Nev. 408, 325 P.3d 1282, 1285 (Nev. 2014). The Privilege is broadly applied and extends to "communications preliminary to a proposed judicial proceeding." *Fink v. Oshins,* 118 Nev. 428, 433, 49 P.3d 640 (2002). The Nevada Courts have cited the litigation privilege as a basis to dismiss conspiracy claims against an attorney because of his acts in petitioning the court. *See Smith c. Craig,* 2010 WL 1065715(D. Nev. March 4, 2010) ("The litigation privilege operates to bar Plaintiff's civil conspiracy claim because the claim targets Defendant's acts in petitioning courts for relief through motions for temporary protective orders. Indeed, Plaintiff frames the conspiracy as accomplishing its unlawful goal by having "several courts ... considering the various [temporary protective orders] filed against [Plaintiff]."). "Representations protected by the litigation privilege are absolutely privileged and immune from civil liability." *Searcy v. Esurance Ins. Co.*, 243 F. Supp. 3d 1146, 1155( D. Nev. 2017)

In an unpublished decision in *Shahrokhi v. Harter*, 2023 WL 4546566 (D. Nev. July 14, 2023), the District Court extended absolute litigation privilege to theories where lawyers are alleged to have conspired with their clients and made false, fraudulent, and *ex parte* filings in the course of this family-court action to deprive him of his constitutional rights. *Shahrokhi* at *10. The District Court "reasoned that all of the claims were barred by the litigation privilege because they were based on the lawyers'

actions and allegedly nefarious motives in the course of litigation" *Shahrokhi,* *9, 10 citing *Bullivant Houser Bailey PC (BHB) v. Eighth Judicial District Court* 2012 WL 1117467, at *1. (Recognizing the holding is not binding, but rejected the plaintiff's argument that the privilege applies only to defamation claims and held that it bars intentional-tort claims, too.).

Here, in March 2019 when Warneck consulted with and eventually retained the Aeschleman Defendants to represent her in her custody litigation (ECF No. 86-3 ¶ 30), the goals of the representation were seriously contemplated in good faith in order to keep the children in California. The Aeschleman Defendants filed the Motion in Santa Clara court, the court that had jurisdiction over the custody matter since 2012. ECF No. 86-3 ¶ 33. All the ensuing litigation in the custody matter subject the Aeschleman Defendants to the Absolute Litigation Privilege, including but not limited to the facts alleged in the SAC regarding procurement of California jurisdiction ¶¶ 12-43; removal and concealment of the children ¶¶53,54, notice to California officials¶¶64-70; Federal litigation findings ¶320, alleged Aeschleman Service and Notice Fraud ¶¶ 367-372, ex parte Jurisdictional Proceedings¶¶373-378, and alleged California Jurisdiction Fraud¶¶379-383. It is obvious that all Plaintiffs allegations of fraud and conspiracy against the Aeschleman Defendants arise out of the custody litigation in California and are therefore subject to dismissal based on the absolute litigation privilege. Accordingly, all claims against the Aeschleman Defendants related to representing Warneck in her custody dispute with Plaintiff, including claims related to discussions preliminary to proposed judicial proceedings, must be dismissed.

**<u>Plaintiff's State Law Claims Must be Dismissed for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6)</u>**

**Count VIII (Tortious interference with Parental Rights) is not Ripe for Determination.**

At this time, Nevada still does not recognize the tort of tortious interference with parental rights. Plaintiff has filed a NRAP 5 Motion to the Nevada Supreme Court for guidance on this issue. As such, the Aeschleman Defendants will not address this cause of action at this time, except to say that at this time, Nevada does not recognize this cause of action and this claim should be dismissed, as it was in ECF

No. 273. If the Supreme Court does address Plaintiffs Motion or determines that there is a cause of action, then Plaintiff may be able to resurrect this claim if it is within the Statute of Limitations.

**All remaining State Law claims including claims alleging Civil Conspiracy must be dismissed.**

"An actionable civil conspiracy consists of a combination of two or more persons who, by some concerted action, intend to accomplish an *unlawful objective* for the purpose of harming another, and damage results from the act or acts." *Consol. Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998) (internal citations and quotation marks omitted) (Emphasis added). "When pleading a claim for civil conspiracy, a plaintiff must plead with particular specificity as to 'the manner in which a defendant joined in the conspiracy and how he participated in it.' "*Krutz v.City of Sparks*,2026 WL 183766 (D. Nev. Jan. 22, 2026). The plaintiff must plead "the who, what, when, where, and how of the misconduct charged" *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124 (9th Cir.2009).

Under Nevada law, an agent, such as an attorney, cannot conspire with his principal, client, where the agent acts in his official capacity on his principal's behalf and not as an individual for his individual advantage. *See Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreuf & Taylor LLP*, 2010 WL 4121886 (D. Nev. Oct, 15, 2010) citing *Collins v. Union Fed. Sav. & Loan Ass'n,* 99 Nev. 284, 662 P.2d 610, 622 (Nev.1983). The Aeschleman Defendants represented Ms. Warneck in the Courts of California. Count IX alleges that the Aeschleman Defendants conspired with Warneck to interfere with Plaintiff's parental rights, but there is no plausible facts to show that the Aeschleman Defendants did anything other than represent Warneck in the custody dispute. Accordingly, Count IX must be dismissed as failure to state a claim.

**Claims for Conspiracy to Interfere with Parental Rights must be dismissed**

In Count IX, Plaintiff alleges at ¶¶ 753, 754 that the Aeschleman Defendants advised, encouraged, facilitated, assisted and participated in or benefited from Warneck's conduct. Sternberg has not pled any facts that rise above the level of a typical attorney client relationship and does not allege an

unlawful objective. Sternberg uses the word fraud but does not provide the who, what, when, where or how of the claim. Moreover, because all the activities complained of by Plaintiff happened during the course of the litigation, the absolute litigation privilege, as argued above, applies.

Moreover, a Plaintiff must allege an explicit or tacit agreement amongst the conspirators. ECF No. 273, p. 26:14-15 citing *Guilofoyle v. Old Monmouth Stock Transfer Co, Inc* 130 Nev. 801, 813, 335 P.3d 190( 2014). Plaintiff failed to allege any facts as to an agreement amongst the conspirators. Notably, as a matter of law, an attorney owes no duty of care to an adverse party in litigation. *Killip v. The Empire Mill Co.*, 2 Nev. 34 (1866); *Clark v. Druckman*, 624 S.E.2d 864, 868 (W. Va. 2005); *Friedman v. Dozorc*, 312 N.W.2d 585, 588 (Mich. 1981). There is no right of action against an opposing party's attorney. *Chaffee v. Smith*, 98 Nev. 222, 224 (1982); *Brooks v. Zebre*, 792 P.2d 196 (Wyo. 1990).

Additionally, California Civil Code Section 1714.10 precludes a "civil action against an attorney for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute based on the representation of the client shall be included in ant complaint or other pleading unless the court enters as order allowing the pleading…." In California, the two exclusions to Section 1714.10 include when an attorney violates a duty they independently owe to the Plaintiff and when the attorney's acts go beyond the professional duty owed to the client or done for the attorney's own personal gain. *Tatung Company v. Shu Tse Hsu,* 217 F. Supp 3d 1138 (C.D, Cal SD 2016*).*

**Plaintiff's claim for abuse of process, Count X and claim XI for conspiracy to commit abuse of process must fail because Plaintiff has failed to show an ulterior motive and/or to commit an unlawful act.**

Sternberg cannot meet the elements for an abuse of process claim, which in Nevada are the following: (1) an ulterior purpose other than resolving a legal dispute; and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding. *Dutt v. Kremp*, 111 Nev. 567, 575, 894 P.2d 354, 360 (1995). As demonstrated by Sternberg's allegations, the Aeschleman Defendants became counsel for Warneck in the Santa Clara County, California litigation, which predated their retention as counsel of record by many years. The retention of the Aeschleman Defendants was obviously to litigate

and resolve the parties' custody dispute. Notably, as a matter of law, an attorney does not owe a duty of care to an adverse party in litigation. *Killip v. The Empire Mill Co.*, 2 Nev. 34 (1866); *Clark v. Druckman*, 624 S.E.2d 864, 868 (W. Va. 2005); *Friedman v. Dozorc*, 312 N.W.2d 585, 588 (Mich. 1981). The Aeschleman Defendants represented their client, Warneck, in her child custody matter, and as a result, there can be no ulterior purpose for the Aeschleman Defendants other than resolving a legal dispute. Because at all times, the Aeschleman Defendants acted as counsel for Warneck and engaged in activities which are all common to law practice (e.g., writing emails and letters, attending hearings, filing documents, submitting proposed orders to judges, etc.) and Plaintiff has not alleged any facts of ulterior purpose, this claim must be dismissed. *See* ECF No. 273, p. 25:-26 (Dismissing this claim in the SAC because Plaintiff did not allege that the Aeschleman Defendants used the judicial process in an improper manner an did not plead an ulterior purpose).

Notably, the statute of limitations for abuse of process is two years. NRS 11.190(4)(e). Plaintiff's allegations refer to court proceedings that occurred prior to September 20, 2021 and prior to the time that he was arrested on September 29, 2021 (See ECF No. 86-3 ¶¶ 30 - 228). Any claims related to activities prior to September 2021 are barred by the two year statute of limitations.

Likewise, since Plaintiff has failed to plead a claim for Abuse of Process, his claim for conspiracy to abuse process (Count XI) must also fail. Plaintiff also lumps all defendants together and does not inform the Aeschleman Defendants of their specific role in the alleged conspiracy. *See Swarz,* 476 F.3d at 764 -765. Allegations such as Warneck and Aeschleman "worked together" and refused to correct proceedings that interfered with his parental and constitutional rights without specifics are conclusory. Warneck is Aeschleman's client and they necessarily work together in the attorney client relationship. And, the statement that Aeschleman's firm financially benefitted from the "course and scope of his representation" does not bolster his claim. A law firm is a business, and charging for services to their clients is how they stay in business. Here, Plaintiff offers no plausible facts, only conclusory statements to support his claims, and Plaintiff has failed to plead with particularity as to the who, what, when,

where and how the Aeschleman Defendants conspired with others to commit an unlawful act against Plaintiff after September 20, 2021, and as a result, and Count XI for conspiracy to commit abuse of process must be dismissed.

**Plaintiff's claims alleging violation of California Civil Code 49(a) (Count XVI) and the Civil Conspiracy claim to violate Section 49(a) (Count XV) must be dismissed for failure to state a claim pursuant to Nev. R. Civ. P. 12(b)(6)**

California Civil Code 49 section (a) forbids the abduction or enticement of a child from a parent, or from a guardian entitled to its custody. This claim against the Aeschleman Defendants must fail for several reasons. First, Plaintiff has not pled facts to plausibly show how the Aeschleman Defendants abducted the children by merely representing the mother of the children in a custody dispute. Second, Plaintiff violated the September 20, 2021 legal court order (ECF No. 86-3 ¶¶ 240, 241, 243), to return his children to the mother by noon September 21, 2021. Thus, on September 29, 2021, at the time of Plaintiffs arrest and the seizure of his children, Plaintiff did not have a legal right to custody, and there was no violation of Section 49(a).

In addition, the statute of limitations in Nevada pursuant to NRC 11.190(4)(e) as well as California Code of Civil Procedure 335.1 provide a two-year statute of limitations for this type of claim. Plaintiff's Complaint, ECF No. 1 is dated September 20, 2023. Thus, any activities prior to September 20, 2021 are barred by the applicable statute of limitations. Here, the Court issued an Order to return the children to Nevada by noon on September 21, 2021. The September 29, 2021 removal of the children did not violate Section 49(a) because Plaintiff was in violation of a lawful court order when he failed to return the children to their mother at the Las Vegas airport by noon on September 21,2021, (Exhibit A, Decl. ¶ ¶ 33-35), and this claim must be dismissed.

The two-year statute of limitations also bars Plaintiff's claim for Civil Conspiracy under California Code 49(a). Additionally, not only should the claim for violation of Section 49(a) be dismissed for the reasons stated above, but the conspiracy claim must be dismissed because Plaintiff fails to plead a plausible claim and only makes conclusory allegations in violation of Rule 9(b). As an example,

Plaintiff alleges, in a conclusory manner, Warneck and Aeschleman knowingly entered into, participated in, encouraged, facilitated a course of conduct intended to deprive Plaintiff of the care, custody, companionship, and society of his children, without the who, what, where, and how of the allegation. Plaintiff also states that Aeschleman somehow benefited from the alleged conspiracy, and other than representing Warneck in her custody dispute, does not show a conspiracy to do something unlawful, and must be dismissed.

## IV.

## CONCLUSION

For the foregoing reasons, this Court lacks personal jurisdiction (both under general jurisdiction and specific jurisdiction) over the Aeschleman Defendants, and Sternberg's First Amended Complaint should be dismissed. If this Court were to rule otherwise (which it should not), Sternberg's Second Amended Complaint against the Aeschleman Defendants substantively fails as a matter of law as to each federal and state cause of action asserted against them.

WHEREFORE, the Aeschleman Defendants respectfully request that their Motion to Dismiss Plaintiff's Second Amended Complaint be GRANTED.

Respectfully submitted this 22nd day of June 2026.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By /s/ *Vivienne Rakowsky*

JEFFREY D. OLSTER
Nevada Bar No. 008864
VIVIENNE RAKOWSKY.
Bar No. 9160
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendants*
*Tristan Aeschleman and Adames & Ash, LLP*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that I am an employee of LEWIS BRISBOIS BISGAARD & SMITH LLP and that on this 22nd day of June, 2026, I did cause a true and correct copy of the foregoing **DEFENDANTS TRISTAN AESCHLEMAN AND ADAMES & ASH, LLP'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** to be served via the CM/ECF filing system or mail to the following.

| | |
|---|---|
| Michael C. Sternberg, Self Represented<br>8545 W. Warm Springs Rd., Ste A4 #256<br>Las Vegas, Nevada 89113<br>Email: sternberg_michael@yahoo.com<br>*Attorneys for Plaintiff* | Marc J. Randazza, Esq.<br>RANDAZZA LEGAL GROUP, PLLC<br>4974 S. Rainbow Blvd., Ste. 100<br>Las Vegas, Nevada89118<br>Tel: (702) 420-2001<br>Email: ecf@randazza.com<br>*Attorneys for Defendant Shelley Warneck* |

/s/ *Susan Awe*
An Employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP