# EXHIBIT A

EXHIBIT A

**Case Name: Sternberg v. et al. (2:23-cv-01466 consolidated with 2:23-cv-02022)**

---

## DECLARATION RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT

1. I, TRISTAN R. AESCHLEMAN, and my law firm Adames & Ash, LLP, are defendants in the above-referenced action. I am over the age of 18. I have personal knowledge of the facts in this declaration, except as to those statements made upon information and belief. If called to testify, I could and would competently testify thereto.
2. I am an attorney duly licensed in the State of California. I was admitted to the bar and have practiced family law in California since 2011. I am not admitted to practice law in any other state.
3. I am a founding partner at Adames & Ash, LLP, formed in California. My firm has never been incorporated in Nevada or registered for business in Nevada. My firm maintains one office at 1550 The Alameda, Suite 308, San Jose, CA 95126. My law firm's phone number is registered to area code (650), and my mobile phone number is registered to area code (669). My firm does not employ any individuals residing in the State of Nevada. My firm does not have a registered agent for service in Nevada.
4. I have resided in California my entire life. I do not own, rent, or have any interest in any real property or accounts in Nevada.
5. I am not, nor have I ever been, licensed to practice law in Nevada. I have never physically appeared in court in Nevada, either at the state or federal level. I do not advertise any services in Nevada or solicit business in Nevada, and I have not taken any affirmative action to promote my business in Nevada or attend any business conferences or continuing legal education in Nevada.
6. To the best of my knowledge, I do not recall ever representing a resident of Nevada, nor have I entered into any contracts in Nevada.

7. All my prior trips to Nevada were for leisure purposes or related to high school functions.
8. I represent Ms. Shelley Warneck, a defendant in the Consolidated Action before this Court, in her parentage action (Case No.: 2012-1-CP-020194) filed in Santa Clara County, CA.
9. Well before my engagement, Ms. Warneck commenced her parentage action in California on July 13, 2012, with the Superior Court of Santa Clara County. Mr. Paul Boskovitch represented Ms. Warneck, and Ms. Michele Brenot represented Mr. Sternberg in 2012.
10. In 2019, Ms. Warneck hired me to represent her in her California family law action. When Ms. Warneck hired me, I understood she was a South Lake Tahoe resident. She worked in California, maintained a residence in California, had a California driver's license, and filed California state tax returns. The number I used to contact Ms. Warneck had the California area code (408). Ms. Warneck's residential address was in South Lake Tahoe, CA 96150. Furthermore, all my in-person meetings with Ms. Warneck occurred at my office or the San Jose, CA courthouse at 201 N. First Street, San Jose, CA 95113.
11. I have not directed any actions toward the State of Nevada. My only involvement with individuals in Nevada related to Ms. Warneck has been in the capacity of Ms. Warneck's California attorney.
12. On July 1, 2019, Ms. Warneck filed a motion to modify visitation with the Superior Court of Santa Clara County.
13. On July 11, 2019, Mr. Sternberg commenced a second-in-time action regarding custody and visitation in Las Vegas, Nevada.
14. A hearing on Mr. Sternberg's motion filed in Nevada occurred on July 31, 2019. Ms. Warneck was represented by counsel in Nevada. I did not attend the hearing. I am informed and believe the Nevada court noted the simultaneously pending actions in two states, continued the hearing, and informed the parties it would contact the

Superior Court of Santa Clara County to schedule a joint hearing/conference to discuss jurisdiction over the parties' custody issues pursuant to the *Uniform Child Custody Jurisdiction & Enforcement Act* (UCCJEA).

15. On or about August 1, 2019, the Santa Clara County Superior Court contacted my office to inform me it had scheduled a joint hearing with the court in Nevada to address jurisdiction under the UCCJEA.

16. I attended the joint hearing/conference on August 7, 2019 in California. Ms. Warneck and I appeared in person in Department 65 of the Santa Clara County Superior Court, located at 201 N. First Street, San Jose, CA 95113.

17. The joint hearing/conference occurred via a court conference call with the Nevada court. Mr. Sternberg and his attorney physically appeared in the Nevada court and were on the conference call. Ms. Michele Brenot appeared in person in California on Mr. Sternberg's behalf.

18. I operated under my California license and invoked California law at the joint UCCJEA hearing. I did not assert Nevada had jurisdiction or invoke any Nevada law.

19. Both courts heard arguments from counsel and testimony from the parties. Thereafter, the courts determined California had jurisdiction under the UCCJEA. The court in Nevada ceded jurisdiction to California and dismissed Mr. Sternberg's Nevada action.

20. On August 21, 2019, I submitted a proposed Findings & Order After Hearing to Judge Hayashi via a letter to the department for her review and approval. Mr. Sternberg was copied on the letter.

21. Since August 7, 2019, Ms. Warneck and Mr. Sternberg have litigated extensively in California. I have not participated in any proceedings or filed motions or any other pleadings in Nevada.

22. On September 11, 2019, Mr. Sternberg filed an emergency motion with the Superior Court of Santa Clara County to transfer jurisdiction, modify custody and visitation, and request attorney's fees and costs.

23. The parties appeared in California to address Mr. Sternberg's motion on September 18 and 19, 2019. Mr. Sternberg's requests were denied. The court determined there was no emergency. The parties participated in mediation with Family Court Services on September 19, 2019. They reached an agreement on temporary orders. Judge Hayashi ordered Ms. Warneck to have temporary primary custody of E.W. and N.W. during the school year and Mr. Sternberg during their summer school break.

24. On June 16, 2021, the parties stipulated a summer visitation schedule that would allow Warneck to have time with the children although Sternberg had primary physical custody during the summer. At the time Sternberg would not agree to a specific date to return the children to California.

25. By July 28, 2021, Sternberg still would not agree to a date to return the children. As a result, after a meet and confer with Sternberg, I filed a Request for Temporary Emergency Order requiring Sternberg to return the children by a specified date.

26. Following a hearing held on August 11, 2021, the California court ordered Sternberg to return the children to Las Vegas Airport on August 22, 2021.

27. On August 22, 2021, Sternberg did not show up at the Las Vegas airport to return the children to Warneck.

28. On August 25, 2021, I filed an ex parte Motion with the Santa Clara court asking for an order to return the children because the children were not returned to Warneck following the summer visitation with Sternberg. Ex parte Motions are permitted in a confidential parentage matter, such as this one. I also filed a Declaration in support of Family Court 271 sanctions along with a statement as to why the Court should not require notice.

29. The court's emergency order required Sternberg to return the minor children to Ms. Warneck's care immediately.

30. Investigators from the Nevada Attorney General's Office attempted to serve Sternberg with the Order to return the children, but he would not accept service.

31. On September 20, 2021, Ms. Warneck and I appeared remotely in a California court for a hearing on Ms. Warneck's *Request for Temporary Emergency Order* filed on August 25, 2021. Mr. Sternberg also appeared remotely and was given an opportunity to be heard by the Court. After reviewing the pleadings, hearing arguments, and receiving testimony, the court granted Ms. Warneck temporary sole legal and physical custody of E.W. and N.W., and ordered Sternberg to return E.W. and N.W. to Ms. Warneck's care by noon on September 21, 2021, at the Las Vegas Airport.

32. The court also ordered the El Dorado County District Attorney's Office to comply with Family Code section 3131 by taking all necessary steps to locate and return the minor children to Ms. Warneck's custody and assist in the enforcement of custody orders by use of appropriate civil and criminal proceedings.

33. Sternberg did not return the children on September 21, 2021 as ordered by the California court.

34. Pursuant to the Court's Order of September 20, 2021, El Dorado County DA prepared a Warrant.

35. Sternberg was arrested on September 29, 2021, on two felony counts for violating Penal Code section 278.5. Subsequently, Sternberg agreed to a plea deal.

36. Currently, pursuant to California court orders, Ms. Warneck has temporary sole legal and physical custody of E.W. and N.W.

37. I have never conspired with any Santa Clara County Superior Court judges, law enforcement, the District Attorney's office of Santa Clara or El Dorado County, or my client to deprive Mr. Sternberg of his rights. All actions I have taken have been in my capacity as Ms. Warneck's counsel to represent her interests and assist her in resolving the parties' custody dispute in California.

38. I have never conspired with the Nevada Attorney General, and Deputy Attorney General or Investigators. My only contacts were related to seeking information regarding service of the California order, providing a copy of the order requiring the

return of the minor children to California, and requesting updates regarding on the warrants issued and information regarding the status of the return of the minor children to Ms. Warneck's care following the September 20, 2021 Order from the California Court.

39. Additionally, I believe that all statements I have made to the court and pleadings I have filed in the Santa Clara County parentage action are true and correct. I have not made any knowingly false statements.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 22nd day of June, 2026.

Tristan R. Aeschleman, Esq.