LYSSA S. ANDERSON
Nevada Bar No. 5781
TRAVIS C. STUDDARD
Nevada Bar No. 16454
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Fax: (702) 796-7181
landerson@kcnvlaw.com
tstuddard@kcnvlaw.com

***Attorneys for Defendants***
***Esmeralda Boveda, Eleanor Hoskins, Bradley Gallup,***
***Brad Johnson, Ryan Boyle, Joshua Stark, Richard Tennant,***
***Deana Lopez, Joshua Martinez, Jorge Marty-Pagan,***
***Deanna Orr, Adam Seely, Ashley Shenk,***
***and Las Vegas Metropolitan Police Department***

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL C. STERNBERG,<br><br>Plaintiff,<br>vs.<br><br>SHELLEY WARNECK, et al.<br><br>Defendants. | Case No.: 2:23-cv-01466-APG-EJY<br>*Consolidated with:*<br>*Case No.: 2:23-cv-02022-APG-EJY*<br><br>**LVMPD DEFENDANTS' MOTION TO DISMISS (ECF 333-1)** |

Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Esmeralda Boveda, Ryan Boyle, Bradley Gallup, Eleanor Hoskins, Brad Johnson, Deana Lopez, Joshua Martinez, Jorge Marty-Pagan, Deanna Orr, Adam Seely, Ashley Shenk, Joshua Stark, and Richard Tennant (collectively, "LVMPD Defendants"), respectfully move this Court to dismiss Counts IV, XII, and XVI in Plaintiff Michael Sternberg's Second Amended Complaint. (SAC, ECF 333-1).

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Second Amended Complaint asserts claims that either are not recognized under federal law or are supported only by conclusory allegations. Count IV is based on Plaintiff's dissatisfaction with LVMPD Defendants' alleged failure to accept reports and investigate alleged criminal conduct. But courts have repeatedly held that there is no constitutional right for law enforcement to investigate alleged crimes or conduct investigations in a particular manner, and this Court has already rejected that theory in its prior dismissal order.

Counts XII and XVI fare no better and should also be dismissed. Although styled as claims for municipal liability, both counts rely primarily on Plaintiff's disagreement with actions taken by individual LVMPD employees and attempt to transform those allegations into *Monell*-based claims through formulaic references to policies, customs, training deficiencies, and supervision failures. The Second Amended Complaint does not plausibly allege the existence of an underlying constitutional violation, an unconstitutional LVMPD policy or custom, or facts demonstrating that any such policy was the moving force behind Plaintiff's alleged injuries.

Moreover, to the extent Count XVI relies on allegations of deficient training or supervision, those claims are unsupported by specific factual allegations. Accordingly, Counts IV, XII, and XVI should be dismissed.

## II. ARGUMENT

### A. Count IV Fails as a Matter of Law Because There is No Constitutional Right to Have Law Enforcement Investigate an Alleged Crime

This Court should dismiss Count IV against LVMPD Defendants. In his Second Amended Complaint, Plaintiff alleged that he "repeatedly attempted to report crimes, submit evidence, and seek investigations through LVMPD," but that "LVMPD personnel repeatedly impeded, delayed,

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

discouraged, obstructed, or refused his efforts to report crimes and submit evidence," and that "LVMPD personnel repeatedly failed to follow written policies governing investigations and reporting." (SAC ¶¶ 491–96, ECF 333-1). These allegations establish that Plaintiff is attempting to raise a procedural due process claim based on allegations that LVMPD failed to investigate.

Courts have not recognized a personal constitutional right to have a police department accept a report of a crime or investigate a particular reported crime. Courts, instead, have held the opposite. *See, e.g., Richards v. Cty. of San Bernardino*, No. 19-56205, 2022 U.S. App. LEXIS 17535, at *5–6 (9th Cir. June 24, 2022) (citing *Devereaux v. Abbey*. 263 F.3d 1070, 1075 (9th Cir. 2001) ("[T]here is no constitutional due process right to have . . . [an] investigation carried out in a particular way.")); *see also Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) (appellants claimed a right to a "full and fair police investigation into violence done against themselves or their children. However, we can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved.").

Count IV should therefore be dismissed as against the LVMPD Defendants. The allegations underlying this claim are based entirely on Plaintiff's contention that LVMPD personnel refused to accept crime reports and failed to investigate reported criminal activity. But even accepting those allegations as true, they do not implicate any constitutionally protected liberty or property interest as repeatedly recognized by courts. Thus, Plaintiff's dissatisfaction with LVMPD Defendants' responses to his communications does not support a claim under § 1983.

Moreover, this Court has already rejected the same theory. In granting in part LVMPD Defendants' previous Motion to Dismiss, the Court held that allegations concerning the purported refusal to accept reports or investigate Plaintiff's allegations did not amount to a constitutional violation. (Order 11:12–12:5, ECF 276). The Second Amended Complaint does not cure the defect

identified by the Court, as he still fails to identify a constitutional violation. Count IV fails as a matter of law and should be dismissed with prejudice as to the LVMPD Defendants.

### B. This Court Should Dismiss Counts XII and XVI

#### *1. Counts XII and XVI Should Be Dismissed Because Plaintiff Fails to Sufficiently Allege Monell-Based Liability*

Counts XII and XVI of Plaintiff's Second Amended Complaint (ECF 333-1) seek to impose municipal liability upon LVMPD based upon the actions of individual LVMPD employees. Plaintiff is not permitted, however, to convert alleged misconduct by individual employees into municipal liability through conclusory references to policies, customs, training deficiencies, or supervision failures. Because Plaintiff fails to plausibly allege either an underlying constitutional violation; the existence of a constitutionally deficient LVMPD policy, custom, or practice that caused such a violation; or how an LVMPD custom or policy caused a violation of Plaintiff's constitutional rights both counts should be dismissed.

Neither Count XII nor Count XVI can survive dismissal. First, these types of *Monell*-based claims cannot proceed against LVMPD "*solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) (emphasis in original). Rather, Plaintiff must allege that "(1) a municipal employee violated [his] constitutional rights; (2) the municipality has customs or policies that amount to deliberate indifference; [and] (3) these customs or policies caused the employee's violation of [his] constitutional rights." *Cadeaux v. Las Vegas Metro. Police Dep't*, 646 F. Supp. 3d 1312, 1327 (D. Nev. 2022).

At the same time, a single instance of allegedly unlawful conduct generally does not plausibly show an unconstitutional "custom" or "policy" for purposes of a *Monell* claim. *Benavidez v. Cnty. Of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021) ("However, one instance

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

of County employees violating the constitutional rights of parents and children is insufficient to demonstrate a custom supporting *Monell* liability.”). “The custom must be so ‘persistent and widespread’ that it constitutes a ‘permanent and well settled city policy.’ . . . Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy.” *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Monell*, 436 U.S. at 691).

Even so, multiple “isolated or sporadic” incidents are insufficient to establish municipal liability for an improper custom. *See Gordon v. Cty. of Orange*, 6 F.4th 961, 974 (9th Cir. 2021) (citing *Trevino*, 99 F.3d at 918); *see also Calderon v. Cty. of San Bernardino*, No. EDCV 24-2629-KK-SHKx, 2025 U.S. Dist. LEXIS 129636, at *11 (C.D. Cal. June 30, 2025) (finding that five allegedly similar incidents occurring at least three years before the underlying events were insufficient to support a plausible *Monell* claim); *Barber v. Cnty. of Orange*, No. SACV-21-00031-CJC-JDEx, 2021 U.S. Dist. LEXIS 134405, at *6 (C.D. Cal. Apr. 29, 2021) (finding “[t]hree incidents over a five-year period are too isolated and sporadic to support a long-standing policy in violation of *Monell.*”); *Mendy v. City of Fremont*, No. C-13-4180 MMC, 2014 U.S. Dist. LEXIS 61480, at *11 (N.D. Cal. Apr. 2, 2014) (“An allegation that several officers on a few occasions failed to conform their behavior to the adequate training they received is not sufficient to plead a municipal policy, practice, or custom.”).

*Monell* liability is intended to hold municipalities accountable for their own unconstitutional policies and practices, not for isolated decisions made by individual employees during a single incident. Accordingly, Plaintiff must plead facts supporting a plausible inference that “the municipality itself [was] the ‘moving force’ behind” the alleged constitutional violation. *Bd. of the Cty. Comm’rs v. Brown*, 520 U.S. 397, 400 (1997). Conclusory assertions that employees

acted pursuant to unspecified customs, practices, policies, or failures of training and supervision are insufficient.

Accordingly, at the pleadings stage, Plaintiff must do more than identify a single isolated incident where an LVMPD employee allegedly acted unlawfully "under color of" state law. *Benavidez*, 993 F.3d at 1144. Plaintiff must provide specific factual allegations explaining the existence of an unconstitutional policy or custom within the governmental entity and *how* the employee's conduct during the incident at issue occurred because of that policy or custom.

For example, in *James v. City of Henderson*, the court dismissed a *Monell* claim because the complaint merely included conclusory statements discussing one incident of allegedly unlawful conduct alongside broad references to the incident as involving an unlawful "custom" within the City of Henderson. No. 2:19-CV-1207 JCM (BNW), 2022 U.S. Dist. LEXIS 112829 (D. Nev. June 27, 2022). The conclusory allegations were insufficient to support a claim because they did not identify with sufficient facts how an unconstitutional policy existed and how officers acted in accord with the custom or policy during the at-issue incident:

> "James does not offer additional, plausible factual allegations that the City of Henderson has a regular practice of disregarding excessive force allegations against its police officers. James offers only the conclusory statement that the City of Henderson engages in a 'custom' of 'protecting' its police officers against claims of excessive force, without additional allegations of similar incidents occurring on a frequent basis, or any other facts to support this claim. The court is not required to accept such conclusory statements, and finds that James has not sufficiently pled that the City of Henderson has a custom or policy that 'inflicts [constitutional] injury on [potential] plaintiff[s].'"

*Id.* at *6–7 (internal citations omitted).

The court's decision in *James* is not an outlier. Other decisions recognize that a *Monell* claim cannot survive a motion to dismiss based on mere references to an at-issue incident alongside conclusory allegations stating that officers acted pursuant to established customs or practices. *See*

*e.g., Guarino v. Las Vegas Metro. Police Dep't*, No. 2:13-cv-02135-GMN-NJK, 2014 U.S. Dist. LEXIS 98685, *11–12 (D. Nev. July 18, 2014) ("Here, Plaintiff relie[d] on conclusory, tautological statements in an attempt to show that Defendant Officers acted pursuant to LVMPD policies."); *Benavidez*, 993 F.3d at 1154–55; *Aguaristi v. Cty. of Merced*, No. 1:18-cv-01053-DAD-EPG, 2019 U.S. Dist. LEXIS 12596, *8 (E.D. Cal. Jan. 25, 2019).

Here, both of Plaintiff's *Monell*-based claims fail for the same reasons. The SAC relies on Plaintiff's disagreement with LVMPD's decisions while offering only conclusory allegations regarding allegedly unconstitutional policies, customs, and practices. Count XII and Count XVI therefore fail as a matter of law.

***2. Count XII Fails to Allege an Underlying Constitutional Violation, an Unconstitutional Policy, or Causation***

In Count XII, Plaintiff alleges that his classification as a "prohibited possessor" resulted in revocation of his concealed firearm permit and the denial of his renewal application. Plaintiff further alleges that LVMPD's "policies, customs, practices, failures of supervision, failures of training, ratification, deliberate indifference, or combinations thereof that contributed to" the alleged constitutional violations. (SAC ¶ 694, ECF 333-1). Plaintiff further alleges that he informed LVMPD personnel that the California proceedings upon which the revocation and renewal denial were allegedly based were "tainted by fraud, false statements, jurisdictional defects, and constitutional violations." Plaintiff alleges that LVMPD nevertheless deprived him of his constitutional rights by revoking his permit and later denying his renewal application.

Count XII should be dismissed in its entirety because Plaintiff's Second Amended Complaint fails to plausibly allege the elements necessary to support municipal liability under *Monell.* Plaintiff does not plausibly allege 1) an underlying constitutional violation; 2) the existence of an unconstitutional policy, custom, or practice attributable to LVMPD; and 3) any

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

facts showing that any such policy, custom, or practice was the moving force behind Plaintiff's alleged injuries. Instead, Plaintiff attempts to convert his disagreement with LVMPD's revocation of his concealed firearm permit into a sweeping *Monell*-based claim through conclusory allegations and formulaic recitations.

First, Plaintiff fails to plausibly allege an underlying constitutional violation. Plaintiff asserts that LVMPD classified him as a prohibited possessor, revoked his concealed firearm permit, and denied his renewal application based upon California legal proceedings that Plaintiff characterizes as "tainted." But Plaintiff's disagreement with the validity of those proceedings, or with LVMPD's alleged reliance upon them, does not itself establish a constitutional violation.

As this Court previously acknowledged, NRS 202.3657(3)(b) allows a sheriff to deny a concealed firearm permit to a person who is "prohibited from possessing a firearm pursuant to NRS 202.360." (Order 7:14–8:6, ECF 276). NRS 202.360(1)(g), in turn, prohibits a person from owning or possessing a firearm if the person is "otherwise prohibited by federal law from having a firearm in his or her possession or under his or her custody or control." Plaintiff alleges that, LVMPD Defendants relied on federal law, specifically 18 U.S.C. § 922(n), to conclude that Plaintiff was prohibited from possessing a firearm. Section 922(n) makes it unlawful for a person "who is under indictment for a crime punishable by imprisonment for a term exceeding one year to . . . receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." The Second Amended Complaint alleges that Plaintiff was arrested for a felony offense (*see e.g.*, SAC ¶ 204, ECF 333-1). Thus, by the allegations contained in Plaintiff's Second Amended Complaint, any allegations of revocation or denial of concealed carry permit were valid and consistent with Nevada's statutory scheme. At most, the SAC alleges that LVMPD relied upon legal proceedings that affected Plaintiff's eligibility to maintain a concealed firearm permit and that Plaintiff disagreed with LVMPD's interpretation or application of 18 U.S.C. §

922(n). Such allegations do not plausibly establish that LVMPD violated Plaintiff's Constitutional rights.

Second, even assuming Plaintiff had plausibly alleged a constitutional violation, Count XII independently fails because the SAC does not plausibly allege the existence of any unconstitutional LVMPD policy, custom, or practice. Plaintiff relies upon a boilerplate assertion that LVMPD "maintained policies, customs, practices, failures of supervision, failures of training, ratification, deliberate indifference, or combinations thereof." (SAC ¶ 694, ECF 333-1). But these labels are unsupported by any factual allegations. Plaintiff identifies no specific unconstitutional policy, no widespread custom or pattern of similar conduct, and no factual basis supporting an inference that LVMPD maintained an established practice of improperly revoking or improperly refusing to renew concealed firearm permits. And as the Ninth Circuit has repeatedly held, a single incident involving a single plaintiff cannot plausibly establish the type of "persistent and widespread" custom necessary to impose municipal liability under Monell. *See Trevino*, 99 F.3d at 918.

Third, Count XII fails because Plaintiff does not plausibly allege causation. A *Monell*-style claim requires factual allegations demonstrating that the municipal policy was the "moving force" behind the alleged constitutional violation. *See Brown*, 520 U.S. at 400. Yet Plaintiff merely asserts, without supporting factual content, that unidentified policies, customs, practices, failures of training, failures of supervision, ratification, and deliberate indifference somehow "contributed to" the alleged violations. The SAC never explains what those policies were, how they operated, or how they caused the revocation of Plaintiff's permit. Absent such allegations, Plaintiff's assertion of causation is entirely conclusory.

Because Plaintiff fails to plausibly allege an underlying constitutional violation, an unconstitutional LVMPD policy or custom, or a causal connection between the two, Count XII should be dismissed.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

### 3. *Count XVI Fails to State a Monell Claim for the Same Reasons and May be Dismissed on the Independent Basis for Failure to Plead a Factually Specific Failure to Train*

This Court may likewise dispose of Count XVI. Although Plaintiff labeled Count XVI as a *Monell* claim, the SAC does not plausibly allege an underlying constitutional violation, an unconstitutional LVMPD policy or custom, or facts demonstrating that any LVMPD policy was the moving force behind Plaintiff's alleged injuries. Beyond the generalized allegations under Count XVI (SAC ¶¶ 774–98, ECF 333-1), Plaintiff identifies only one specific policy, which certain LVMPD personnel allegedly "failed to follow . . . despite repeated notice."

This Court should note that Count XVI suffers from the same defects as Count XII because Plaintiff does not plausibly allege an underlying constitutional violation. Here, rather than identifying alleged facts establishing violations of particular constitutional rights, Plaintiff relies upon conclusory assertions that LVMPD employees acted improperly during *nonspecific* events involving Plaintiff. But the alleged existence of incorrect investigative decisions, disagreements regarding law-enforcement actions, or dissatisfaction with the outcome of an investigation does not itself establish a constitutional violation. And even assuming solely for the sake of argument that Plaintiff adequately alleged an underlying constitutional violation, Count XVI independently fails because Plaintiff does not plausibly allege that any policy (including Policy 4.158), custom, or practice is unconstitutional. *See also Bell v. Williams*, 108 F.4th 809, 824 (9th Cir. 2024) (acknowledging that a municipality is not liable for merely employing an individual who commits a constitutional violation). Nor does Plaintiff allege facts showing that the policy itself authorizes, requires, or encourages unconstitutional conduct.

To the extent Plaintiff alleges that LVMPD inadequately trained or supervised its employees, that claim fails. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

"To allege a failure to train, a plaintiff must include sufficient facts to support a reasonable inference (1) of a constitutional violation; (2) of a municipal training policy that amounts to a deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained their employees." *Benavidez*, 993 F.3d at 1153–54. Here, Plaintiff fails to meet this high burden to state a claim for municipal liability based on a failure to train. The Second Amended Complaint identifies no facts showing any deficiency in LVMPD's training or supervision and instead relies on conclusory allegations of inadequate training.

## III. CONCLUSION

Based on the foregoing, LVMPD Defendants respectfully move and request that this Court dismiss Counts IV, XII, and XVI.

DATED this 7th day of July, 2026.

KAEMPFER CROWELL

By: */s/ Lyssa S. Anderson*
LYSSA S. ANDERSON (Nevada Bar No. 5781)
TRAVIS C. STUDDARD (Nevada Bar No. 16454)
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

***Attorneys for Defendants Esmeralda Boveda, Eleanor Hoskins, Bradley Gallup, Brad Johnson, Ryan Boyle, Joshua Stark, Richard Tennant, Deana Lopez, Joshua Martinez, Jorge Marty-Pagan, Deanna Orr, Adam Seely, Ashley Shenk, and Las Vegas Metropolitan Police Department***

**CERTIFICATE OF SERVICE**

I certify that I am an employee of KAEMPFER CROWELL, and that on the date below, I caused the foregoing **LVMPD DEFENDANTS' MOTION TO DISMISS (ECF 333-1)** to be served via CM/ECF and/or Second Class Mail (where indicated) addressed to the following:

Michael C. Sternberg,
8545 W. Warm Springs Rd., Ste. A4 #256
Las Vegas, NV 89113
***Plaintiff, Pro Se***
*(Via CM/ECF, pursuant to ECF No. 2, Consent to Electronic Service of Documents)*

Taylor Pitz
U.S. DEPARTMENT OF JUSTICE
Civil Division
950 Pennsylvania Ave. NW
Washington, DC 20005
***Attorneys for Interested Party the United States of America***

Marc S. Cwik
Vivienne Rakowsky
LEWIS BRISBOIS BISGAARD & SMITH
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118
***Attorneys for Defendants Adames & Ash LLP, Tristan Aeschleman***

Timothy Allen
CLARK CO. DIST. ATTORNEY, CIV. DIV.
500 S. Grand Central Parkway, Ste. 5075
Las Vegas, NV 89155
***Attorneys for Defendants Steve Wolfson; Caroline Morales; Clark County, Nevada***

Thomas Dillard
Alexandre Mansour Fayad
Sami Randolph
CLARK COUNTY SCHOOL DISTRICT
OFFICE OF THE GENERAL COUNSEL
5100 West Sahara Avenue
Las Vegas, Nevada 89146
***Attorneys for Henry Blackeye, Jason Elfberg, CCSDPD***

Jessica E. Whelan
Sabrena K. Clinton
NEVADA ATTORNEY GENERAL OFFICE
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
***Attorneys for Defendants Gina Lovero, Dave Monroe, William Scott, Aaron D. Ford, Brent Foster, D. Ulloa, Christine Brady***

Marc Randazza
Ronald D Green , Jr
RANDAZZA LEGAL GROUP
4974 S. Rainbow Blvd., Suite 100
Las Vegas, NV 89118
***Attorneys for Defendant Shelley Warneck***

DATED this 7th day of July, 2026.

*/s/ Robin Callaway*
an employee of Kaempfer Crowell