Michael C. Sternberg, Self Represented
8545 W Warm Springs Rd Ste A4 #256
Las Vegas, NV 89113
702.234.2539
sternberg_michael@yahoo.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL C. STERNBERG, E.W., & N.W.<br><br>Plaintiffs<br><br>v.<br><br>SHELLEY WARNECK, et al.<br><br>Defendants | Consolidated Cases:<br><br>Case No. 2:23-cv-01466-APG-EJY<br>Case No. 2:23-cv-02022-APG-EJY<br><br>**COMBINED REPLY TO LVMPD & NVAG RE: MORALES PARTIAL SUMMARY JUDGMENT MOTION** |

**DECLARATION & MEMORANDUM OF POINTS AND AUTHORITIES**

I file this combined response to ECF Nos. 385 and 386. I have already filed my reply to Morales at ECF No. 387. I incorporate that reply and do not repeat it here except where necessary to address the LVMPD Defendants' joinder and the State Defendants' limited opposition.

To the extent this filing is deemed late, I incorporate my Motion for Extension of Time at ECF No. 388. I filed that motion under Rule 6(b)(1)(B) and LR IA 6-1 because I underwent a medical procedure shortly before the deadlines, reasonably expected to recover in time, and then experienced a substantially more difficult and prolonged recovery than anticipated. The delay was not tactical or in bad faith.

I. The LVMPD joinder adds no Rule 56 evidence and no independent argument.

The LVMPD Defendants filed a joinder to Morales' response. They do not submit a declaration, affidavit, exhibit, transcript, court record, discovery response, or other evidence. They do not identify a disputed fact. They do not make a Rule 56(d) showing. They do not explain what discovery they need or how any discovery would defeat the narrow relief requested in my motion.

Instead, the LVMPD Defendants simply join Morales' response, incorporate her factual and legal arguments, and ask the Court to deny my motion as moot. That is not a Rule 56 opposition. A joinder to an unsupported opposition remains unsupported.

The LVMPD Defendants also have no basis to argue mootness. My motion is not moot because Morales has a pending motion to dismiss. A pending Rule 12 motion does not erase Rule 56. Rule 56(b) permits a party to move for summary judgment unless a local rule or court order provides otherwise. No defendant has identified an order barring my motion. No defendant has identified a rule requiring the Court to decide Morales' motion to dismiss before deciding a properly supported Rule 56 motion.

II. The State Defendants' limited opposition confirms that my motion is principally directed at Morales.

The State Defendants argue that my motion does not clearly seek summary judgment against them and that my proposed findings focus almost exclusively on Morales. To avoid any possible confusion, I clarify the scope of my motion.

I seek partial summary judgment against Morales on the part of my claims that depends on her sworn factual complaint in the Las Vegas fugitive proceeding and her claimed absolute prosecutorial immunity for that sworn factual act. In the alternative, I seek Rule 56(g) findings establishing material facts that no defendant has genuinely disputed.

I am not asking, in this motion, for final judgment on every claim against the State Defendants. The State Defendants' limited opposition therefore does not defeat the relief requested against Morales. If the Court agrees with the State Defendants that my motion is principally about Morales, the proper result is to decide the motion as to Morales and enter any appropriate Rule 56(g) findings. The proper result is not to deny the entire motion.

The State Defendants' point also does not help them on the factual record. My motion identified State Defendant conduct where relevant, including the arrest by Nevada Attorney General agents and the booking-sheet authority used for that arrest. But the narrow Rule 56 issue is Morales' sworn factual complaint. The State Defendants cannot use their limited role in this particular motion to shield Morales from Rule 56 adjudication.

III. The State Defendants' claim that my motion lacks evidence is false.

The State Defendants argue that I failed to put forth evidence and relied only on self-serving factual allegations. That is inaccurate.

My motion cited records already filed with the Court, including the Morales criminal complaint, the fugitive-court records, the California criminal records, the preliminary-hearing transcript, the El Dorado County DA letter, and the Las Vegas Justice Court email. I cited specific ECF records. Rule 56(c)(1)(A) permits a party to support facts by citing materials in the record. Rule 56 does not require me to reattach records that are already filed in this case.

My motion was also signed under penalty of perjury. Under 28 U.S.C. § 1746, a declaration made under penalty of perjury has the same force and effect as an affidavit where an affidavit is permitted. To the extent any factual assertion in my motion is based on my personal knowledge, it is sworn evidence. To the extent the motion relies on court records and filed documents, the records speak for themselves.

The label "self-serving" is not a Rule 56 objection. Sworn evidence is not disregarded merely because it supports the position of the person submitting it. The proper question is whether the evidence is admissible, whether it is based on personal knowledge where

personal knowledge is required, and whether the opposing party has identified contrary evidence. The State Defendants identified no contrary evidence.

IV. No defendant properly disputed the material facts.

Rule 56(c)(1) required defendants to support any factual dispute by citing particular parts of materials in the record or by showing that my cited materials do not establish the absence of a genuine dispute. LVMPD did not do that. The State Defendants did not do that. Morales did not do that.

No defendant identified a California record alleging that I fled from California. No defendant identified a California charge called "Family Offense." No defendant identified a Nevada warrant issued by a Nevada judge or magistrate. No defendant identified any record showing that Morales appeared in the fugitive hearings. No defendant identified any record showing that Morales filed anything in the fugitive case other than the sworn criminal complaint. No defendant identified any statute requiring a deputy district attorney to personally swear to the facts required by NRS 179.205.

The opposition filings therefore do not create a genuine dispute. They rely on attorney argument, procedural preference, and mischaracterization of my motion. The filings are yet another example of professional misconduct, which this court has a legal duty to sua sponte deal with as explained in my numerous recent motions for sanctions.

V. Rule 56(g) is available even if the Court does not grant full relief.

If the Court does not grant all requested relief, Rule 56(g) permits the Court to state any material fact that is not genuinely in dispute and treat that fact as established in the case.

At minimum, the Court should establish the following facts:

1. Morales signed the sworn criminal complaint after I was arrested.

2. Morales did not appear as the prosecutor or advocate at my Las Vegas fugitive hearings.

3. The deputy district attorneys who appeared at the fugitive hearings were not Morales.

4. Morales has not identified any record showing that she filed anything in the fugitive case other than the sworn criminal complaint.

5. NRS 179.205 required a complaint under oath setting forth the grounds for arrest after a warrantless fugitive arrest.

6. NRS 179.205 did not require a deputy district attorney to personally swear to those facts.

7. Morales has not identified any California record charging me with a crime called "Family Offense."

8. Morales has not identified any California record alleging that I fled from justice from California into Nevada.

9. LVMPD has not identified any Rule 56 evidence contradicting the records I cited.

10. The State Defendants have not identified any Rule 56 evidence contradicting the records I cited.

VI. The Court should not reward evidence-free filings that multiply proceedings.

I am not filing a separate Rule 11(c)(2) sanctions motion in this response. But the Court has its own authority under Rule 11(c)(3) to issue an order to show cause, authority under 28 U.S.C. § 1927 to address unreasonable and vexatious multiplication of proceedings, authority under LR IA 11-8, and inherent authority to address litigation misconduct.

That matters here because defendants did not simply oppose my motion. They called it frivolous, premature, unsupported, and moot while ignoring the actual record citations and without submitting contrary Rule 56 evidence. If the Court finds those positions were frivolous or asserted for delay, the Court should consider its own order to show cause. At minimum, the Court should reject the attempt to convert evidence-free joinders and limited oppositions into a genuine Rule 56 dispute.

VII. Requested relief.

I ask the Court to accept this combined response as timely under Rule 6(b)(1)(B) and LR IA 6-1.

I ask the Court to grant my Motion for Partial Summary Judgment against Morales.

In the alternative, I ask the Court to enter Rule 56(g) findings establishing the material facts no defendant has genuinely disputed.

I also ask the Court to reject LVMPD's joinder and the State Defendants' limited opposition to the extent they offer no evidence, identify no genuine dispute, and merely attempt to delay adjudication of the narrow Rule 56 issue presented.

//

//

//

//

**OATH**

I declare under penalty of perjury under the laws of the United States of America and of the State of Nevada that the foregoing is true and correct, and are based on my personal knowledge.

Dated: July 29, 2026

By: */s/ Michael C. Sternberg*

Michael C. Sternberg
Plaintiff, Self Represented