Michael C. Sternberg, Self Represented
8545 W Warm Springs Rd Ste A4 #256
Las Vegas, NV 89113
702.234.2539
sternberg_michael@yahoo.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL C. STERNBERG, E.W., & N.W.<br><br>Plaintiffs<br><br>v.<br><br>SHELLEY WARNECK, et al.<br><br>Defendants | Consolidated Cases:<br><br>Case No. 2:23-cv-01466-APG-EJY<br>Case No. 2:23-cv-02022-APG-EJY<br><br>**MOTION FOR SANCTIONS AGAINST TIMOTHY ALLEN, LYSSA ANDERSON, & JESSICA WHELAN** |

**DECLARATION & MEMORANDUM OF POINTS AND AUTHORITIES**

I move for sanctions, original discipline, and an order to show cause against Timothy Allen, Lyssa Anderson, and Jessica Whelan for filing and/or adopting frivolous and misleading responses to my Motion for Partial Summary Judgment.

This motion is based on 28 U.S.C. § 1927, the Court's inherent authority, LR IA 11-7, LR IA 11-8, and the Court's authority to issue its own order to show cause under Fed. R. Civ. P. 11(c)(3). I am not using this motion as a Rule 11(c)(2) safe-harbor motion. I am asking the Court to use its own authority to address filings that misrepresented the record, multiplied proceedings, and imposed unnecessary work on me.

**BACKGROUND**

On June 23, 2026, I filed my Motion for Partial Summary Judgment at ECF No. 356. My motion sought partial summary judgment on the part of my claims that depends on Caroline Morales' sworn factual complaint in the Las Vegas fugitive proceeding and her claimed absolute prosecutorial immunity for that sworn factual act.

My motion cited filed evidence and court records. It cited the probable-cause packet, Morales' criminal complaint, the fugitive-court records, California criminal records, the preliminary-hearing transcript, the El Dorado County DA letter, and the Las Vegas Justice Court email. I cited ECF No. 348-2 and ECF No. 340-1. I also signed the motion under penalty of perjury.

On July 2, 2026, Timothy Allen filed Morales' response at ECF No. 376. He called my motion premature, unsupported, frivolous, duplicative, and filed for an improper purpose. He also argued that my motion would become moot after Morales' pending motion to dismiss is decided.

On July 14, 2026, Lyssa Anderson filed the LVMPD Defendants' joinder at ECF No. 385. She did not submit evidence, identify a disputed fact, make a Rule 56(d) showing, or provide independent analysis. She incorporated Allen's factual and legal arguments and asked the Court to deny my motion as moot.

On July 14, 2026, Jessica Whelan filed the State Defendants' limited opposition at ECF No. 386. Whelan claimed that I "failed to put forth any evidence" and that, "[w]ithout citations to testimony, exhibits, or other documentation," I could not establish undisputed facts.

Whelan signed ECF No. 386. The filing also lists Sabrena K. Clinton and Abigail L. Pace as counsel for the State Defendants. I name Whelan in this motion because she signed and submitted the filing. I also preserve the Court's authority to inquire whether Clinton or Pace approved, ratified, repeated, or allowed the same misrepresentation to continue.

These filings were not ordinary opposition papers. They were attempts to defeat Rule 56 by pretending the record I cited did not exist.

**MISCONDUCT**

Allen's response was frivolous and misleading. He argued that my motion alleged unsupported facts and that I did not cite supporting evidence. That was false from the face of ECF No. 356. My motion cited filed evidence, including ECF No. 348-2 and ECF No. 340-1. Allen also argued that "no discovery has been completed, so most facts are disputed," but he filed no Rule 56(d) declaration, identified no specific unavailable fact, identified no discovery that would defeat my motion, and submitted no contrary evidence.

Allen also misrepresented the legal issue. My motion was not based on whether Morales physically testified in a courtroom. My motion was based on Morales personally swearing to factual averments that supplied the evidentiary predicate for my continued detention. *Kalina*, *Cruz*, and *Garmon* are cases that all concern written sworn factual attestations. Allen ignored that distinction and falsely reframed the issue as whether Morales physically appeared in court.

Anderson then adopted Allen's defective response by joinder. She did not investigate or correct the defects. She did not submit evidence. She did not identify any Rule 56 dispute. She simply incorporated Allen's arguments and asked the Court to deny my motion as moot. A lawyer cannot avoid responsibility by adopting a frivolous argument through a joinder instead of repeating the full argument herself.

Whelan separately misrepresented the record. Her opposition claimed I failed to put forth any evidence and had no citations to testimony, exhibits, or documentation. That statement was objectively false. My Motion for Partial Summary Judgment cited filed materials and identified specific record evidence. Whelan was free to argue that my motion did not clearly seek relief against the State Defendants. She was not free to tell the Court that I submitted no evidence and no citations.

The combined effect was to multiply proceedings. I had to file a reply to Morales, a combined response to LVMPD and NVAG, and now this motion, because three attorneys filed or adopted misleading papers rather than address the Rule 56 record.

**AUTHORITIES**

Rule 11(b) requires attorneys who present filings to certify that the filing is not presented for an improper purpose, that legal contentions are warranted by law or a nonfrivolous argument, and that factual contentions and denials have evidentiary support. Rule 11(c)(3) allows the Court, on its own initiative, to order an attorney to show cause why specifically described conduct has not violated Rule 11(b).

Section 1927 allows the Court to require an attorney who unreasonably and vexatiously multiplies proceedings to personally satisfy the excess costs, expenses, and attorneys' fees caused by that conduct.

The Court also has inherent authority to address bad-faith litigation conduct and conduct tantamount to bad faith. *Chambers v. NASCO, Inc*., 501 U.S. 32 (1991).. A lawyer's reckless misstatement of fact or law, when combined with frivolousness, delay, harassment, or improper purpose, is sanctionable.

The District of Nevada requires attorneys to follow the Nevada Rules of Professional Conduct. LR IA 11-7 allows discipline including disbarment, suspension, reprimand, or other discipline the Court deems proper. LR IA 11-8 allows appropriate sanctions, after notice and an opportunity to be heard, when an attorney fails to comply with the Local Rules, the Nevada Rules of Professional Conduct, or an order of the Court.

The Ninth Circuit has also made clear that district courts may not ignore attorney misconduct. U.S. District Courts have the duty and primary responsibility of supervising the conduct of attorneys who appear before them. *Erickson v. Newmar Corp*., 87 F.3d 298, 300, 303 (9th Cir. 1996). It is an abuse of discretion to fail to address unethical conduct of attorneys practicing before the Court. District courts may not abdicate their duty to examine charges of unethical behavior and impose necessary sanctions.

Whenever an allegation is made that an attorney has violated professional responsibility, an important question of professional ethics is raised. It is the duty of the district court to examine the charge because it is that court which is authorized to supervise the conduct of the members of its bar. Id. The courts, as well as the bar, have a responsibility to maintain public confidence in the legal profession. Id.

The Ninth Circuit's decision in *Caputo ex rel. United States v. Tungsten Heavy Powder*, Inc., 96 F.4th 1111, 1153-58 (9th Cir. 2024), confirms that sanctions are not limited to the attorney who physically signs the original paper. Attorneys who approve, ratify, repeat, or allow frivolous and misleading arguments to continue may also be sanctioned.

The conduct here implicates Nevada Rules of Professional Conduct 3.1, 3.2, 3.3(a)(1), 4.4(a), and 8.4(c)-(d). A lawyer may not assert frivolous positions, delay litigation, make false statements of fact or law to a tribunal, use means that have no substantial purpose other than to delay or burden another person, engage in misrepresentation, or engage in conduct prejudicial to the administration of justice.

**WHY SANCTIONS ARE WARRANTED**

This was not a harmless disagreement about law. Allen, Anderson, and Whelan asked the Court to deny a Rule 56 motion without confronting the evidence cited in the motion. They did not submit contrary evidence. They did not identify admissible evidence creating a genuine dispute. They did not make a Rule 56(d) showing. They instead relied on procedural games, mootness arguments, and false descriptions of the record.

Allen's response created the template: call my motion frivolous, unsupported, premature, and improper while ignoring the record. Anderson then adopted that response wholesale. Whelan then added a separate false statement that I submitted no evidence and no citations. That sequence shows ratification, not mistake.

The Court should not allow government attorneys and government-defense counsel to avoid Rule 56 by pretending cited evidence does not exist. If this conduct is tolerated, represented parties can delay pro se civil-rights litigation indefinitely by filing evidence-free opposition papers that misstate the docket and force needless responsive filings.

This misconduct has already harmed me. It imposed unnecessary work, delayed resolution of a narrow immunity issue, and increased the burden caused by repeated frivolous filings in this case. Furthermore, this is EXACTLY the kind of misconduct that has kept me away from

my children for 7 YEARS NOW WITHOUT DUE PROCESS, and also led to my false arrest and imprisonment, which are the underlying issues in this case. This is why *Erickson* holds that district courts may not abdicate their duty to address attorney misconduct.

## REQUESTED RELIEF

I ask the Court to grant the following relief:

1. Strike ECF Nos. 376, 385, and 386, or disregard them to the extent they falsely characterize my Motion for Partial Summary Judgment as unsupported, frivolous, premature, moot, or lacking evidence and citations.

2. Issue an order requiring Timothy Allen, Lyssa Anderson, and Jessica Whelan to show cause why their conduct did not violate Rule 11(b), 28 U.S.C. § 1927, LR IA 11-7, LR IA 11-8, the Nevada Rules of Professional Conduct, and the Court's inherent authority.

3. Order Allen, Anderson, and Whelan to personally pay me $1,000 each for the unnecessary work caused by their filings.

4. Reprimand Allen, Anderson, and Whelan.

5. Refer Allen, Anderson, and Whelan to the State Bar of Nevada.

6. Order Allen, Anderson, and Whelan to file corrected notices withdrawing the false and unsupported assertions that my Motion for Partial Summary Judgment lacked evidence, lacked citations, was frivolous, was premature, or was filed for an improper purpose.

7. Grant such other relief as the Court finds just and proper.

**OATH**

I declare under penalty of perjury under the laws of the United States of America and of the State of Nevada that the foregoing is true and correct, and are based on my personal knowledge.

Dated: July 29, 2026

By: */s/ Michael C. Sternberg*
Michael C. Sternberg
Plaintiff, Self Represented