Michael C. Sternberg, Self Represented
8545 W Warm Springs Rd Ste A4 #256
Las Vegas, NV 89113
702.234.2539
sternberg_michael@yahoo.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL C. STERNBERG, E.W., & N.W.<br><br>Plaintiffs<br><br>v.<br><br>SHELLEY WARNECK, et al.<br><br>Defendants | Consolidated Cases:<br><br>Case No. 2:23-cv-01466-APG-EJY<br>Case No. 2:23-cv-02022-APG-EJY<br><br>**REPLY TO AESCHLEMAN OPPOSITION TO MOTION FOR SANCTIONS** |

## DECLARATION & MEMORANDUM OF POINTS AND AUTHORITIES

I file this reply to ECF No. 383. Olster and Rakowsky's response confirms the misconduct. They admit they omitted my reconsideration motion at ECF No. 279 and this Court's order at ECF No. 299 from their Motion to Dismiss at ECF No. 350. Their defense is that ECF Nos. 279 and 299 supposedly were irrelevant because the MTD did not rely on Rooker-Feldman or Nevada's anti-SLAPP statute.

That is a straw man. My sanctions motion does not argue that Olster and Rakowsky were required to brief Rooker-Feldman or anti-SLAPP. My motion argues that they could not fairly raise Noerr-Pennington, the litigation privilege, Rule 9(b), and "conclusory pleading" arguments while omitting this Court's directly material finding that a reasonable jury could find fraud committed by Warneck through her attorney.

## I. ECF No. 299 was material to the arguments Olster and Rakowsky actually made.

Olster and Rakowsky's response admits that their MTD relied on lack of jurisdiction, statutes of limitations, conclusory allegations, Rule 9(b), the absolute litigation privilege, and the Noerr-Pennington doctrine. Those are the exact issues that made ECF No. 299 material.

In ECF No. 299, this Court found that a reasonable jury could find that Warneck made knowingly false statements to the California court. The Court also found evidence from which a reasonable jury could find that Warneck, <u>through her attorney</u>, served me with a different version of a document than what was filed with the court, omitted exhibits from the version served on me, relied on an alleged email-service agreement after I had rescinded all agreements, and falsely told the California court that she could not locate me.

That order is not irrelevant. It directly bears on whether my fraud allegations are conclusory, whether the sham exception to Noerr-Pennington plausibly applies, whether the litigation privilege can be used as a shield for fraud and misuse of process, and whether the Court should accept Olster and Rakowsky's sanitized procedural history.

## II. The response falsely minimizes Aeschleman's role in ECF No. 299.

Olster and Rakowsky claim ECF No. 299 "related to Ms. Warneck's motion," that the Aeschleman Defendants were not mentioned except "generically as Ms. Warneck's attorney," and that nothing in the order suggests Aeschleman did anything beyond representing his client. That argument does not solve the problem. It proves the problem.

The conduct at issue was attorney conduct. ECF No. 299 found evidence that Warneck acted "through her attorney" in serving different documents, omitting exhibits from the served version, making false service representations, and falsely telling the California court that she could not locate me. The fact that the Court referred to Aeschleman as Warneck's attorney does not make the order irrelevant. It identifies the exact role in which the misconduct occurred.

Olster and Rakowsky cannot fairly argue that my allegations against Aeschleman are conclusory while omitting a federal order finding evidence that Warneck, through her attorney, engaged in the same service-and-notice fraud alleged in my SAC.

III. Their Noerr-Pennington argument made the omission worse.

At ECF No. 350, Olster and Rakowsky quoted the sham-exception rule that intentional misrepresentations to a court can deprive litigation of legitimacy. They then argued that the sham exception cannot apply because the custody litigation was contested and because Warneck prevailed in California. They further claimed that this Court had already determined that the facts and procedure during the August 7, 2019 hearing were "not a sham proceeding." That was materially misleading.

ECF No. 331 did not rule that the August 7, 2019 proceeding was "not a sham." ECF No. 331 denied reconsideration of my preliminary-injunction and partial-summary-judgment motions because the Court concluded I had not established entitlement to judgment as a matter of law. The Court expressly stated: "This is not a ruling that Sternberg's due process claim fails." ECF No. 331 therefore cannot be fairly cited as a merits ruling that the August 7, 2019 proceeding was legitimate, non-fraudulent, or immune from the sham exception.

I maintain that ECF No. 331 was wrongly decided because I did provide authority, including California Family Code § 215, supporting my position that post-judgment orders entered without required notice are void. But the sanctions issue does not require the Court to revisit every error in ECF No. 331. The narrower issue is that Olster and Rakowsky cited ECF No. 331 for a holding it does not contain.

ECF No. 331 also cuts against their framing. In that same order, the Court granted reconsideration in part on the dismissal orders involving Warneck and Aeschleman, recognized that I argued my fraud claims against Warneck and Aeschleman were not barred by Rooker-Feldman, and noted that Warneck and Aeschleman did not respond to that part of my motion. ECF No. 331 did not erase ECF No. 299. It did not adjudicate the August 7

proceeding as non-sham. It did not authorize Olster and Rakowsky to pretend ECF No. 299 does not exist.

IV. The SAC did allege the relevant fraud and notice facts.

Olster and Rakowsky argue that the SAC still contains only conclusory allegations. That is not true.

The SAC alleges that this Court found genuine disputes concerning Warneck's false statements. It alleges that this Court found evidence from which a reasonable jury could conclude that Aeschleman served documents different from those filed with the California family court and made false representations concerning service and notice. The SAC then separately alleges Aeschleman Service and Notice Fraud at paragraphs 367 through 372.

Those allegations identify the theory. ECF No. 299 identifies the evidence. Olster and Rakowsky may argue in their MTD that the SAC should have included more detail. But they may not omit the order and evidence showing that the details exist, then tell the Court that my allegations are merely conclusory.

The issue in this sanctions motion is not whether the Court should ultimately grant or deny the MTD. The issue is whether counsel may present a materially incomplete account of the record while asking the Court to dismiss my claims under Noerr-Pennington, litigation privilege, Rule 9(b), and conclusory-pleading doctrines. They may not.

V. Their "this is only a merits dispute" argument fails.

Olster and Rakowsky repeatedly characterize my sanctions motion as nothing more than disagreement with their legal arguments. That is false.

I am not seeking sanctions merely because they filed an MTD. I am not seeking sanctions merely because they disagree with me. I am seeking sanctions because they omitted directly

adverse record facts and then used that omission to argue that my claims are conclusory, privileged, protected petitioning, and outside the sham exception.

The merits overlap because the misconduct occurred in the MTD. The Court cannot determine whether the omission was material without looking at the arguments counsel made. Their response proves materiality because they had to re-argue Noerr-Pennington, Rule 9(b), litigation privilege, and pleading sufficiency to defend the omission.

VI. Their attack on my filings is unsupported and should be withdrawn.

At the end of their response, Olster and Rakowsky claim that my "serial filing of meritless motions" warrants sanctions. That accusation is itself unsupported and sanctionable.

They do not identify which motions were meritless. They do not identify the ECF numbers. They do not identify the rulings. They do not identify the legal standard. They simply smear me because I keep forcing this Court and opposing counsel to confront evidence and law they would rather ignore.

The record contradicts them. I am two for two on motions for reconsideration resulting in relief. My motion at ECF No. 279 resulted in ECF No. 299, where this Court granted reconsideration and denied Warneck's anti-SLAPP motion. My motion at ECF No. 311 resulted in ECF No. 331, where this Court granted reconsideration in part regarding the dismissal orders involving Warneck and Aeschleman. I have also defeated numerous motions to dismiss in whole or in part, including defeating Morales' first attempt to obtain absolute prosecutorial immunity.

If Olster and Rakowsky are going to accuse me of "serial filing of meritless motions," the Court should require them to identify each supposedly meritless motion by ECF number, identify the ruling, and explain why the motion was meritless when filed. If they cannot do that, the Court should order them to withdraw the accusation and file a correction. The Court should also consider requiring an apology because the accusation was not legal argument; it

was an unsupported personal attack designed to prejudice the Court against a self-represented civil-rights plaintiff.

VII. The sanctions authorities are not "inapposite."

Olster and Rakowsky argue that *Caputo*, *Chambers*, and *Erickson* are inapposite because those cases involved different misconduct. That misses the point.

Those cases were cited for the Court's sanction authority, discipline authority, and duty to address attorney misconduct. Sanction cases do not need identical facts to be relevant. *Caputo* confirms that sanctions are not limited to the attorney who physically signs or argues a filing when other attorneys approve, ratify, repeat, or allow frivolous and misleading arguments to continue. *Chambers* confirms the Court's inherent authority to address abusive litigation conduct. *Erickson* confirms that district courts have the primary duty to supervise attorneys appearing before them.

*Erickson* is especially important. U.S. District Courts have the duty and primary responsibility of supervising the conduct of attorneys who appear before them. It is an abuse of discretion to fail to address unethical conduct of attorneys practicing before the Court. District courts may not abdicate their duty to examine charges of unethical behavior and impose necessary sanctions. Whenever an allegation is made that an attorney has violated professional responsibility, an important question of professional ethics is raised. It is the duty of the district court to examine the charge because that court is authorized to supervise the conduct of the members of its bar. That is exactly what I ask the Court to do here.

VIII. Requested relief.

I ask the Court to grant my sanctions motion.

At minimum, I ask the Court to:

1. Strike or disregard the portions of ECF No. 350 and ECF No. 383 that omit, mischaracterize, or minimize ECF Nos. 279, 299, and 331.

2. Find that ECF No. 299 was material to the Noerr-Pennington, sham-exception, litigation-privilege, Rule 9(b), and conclusory-pleading arguments raised in ECF No. 350.

3. Find that ECF No. 331 did not rule that the August 7, 2019 jurisdictional proceeding was "not a sham proceeding."

4. Order Olster and Rakowsky to show cause why they should not be sanctioned under 28 U.S.C. § 1927, the Court's inherent authority, LR IA 11-7, LR IA 11-8, and any other applicable authority.

5. Order Olster and Rakowsky to withdraw or correct their unsupported accusation that I have engaged in "serial filing of meritless motions," or identify each allegedly meritless motion by ECF number and ruling.

6. Order Olster and Rakowsky to file a corrected notice acknowledging that ECF No. 299 found evidence from which a reasonable jury could find false statements and service-and-notice fraud committed by Warneck through her attorney.

7. Grant such other relief as the Court finds just and proper.

//

//

//

//

//

//

**OATH**

I declare under penalty of perjury under the laws of the United States of America and of the State of Nevada that the foregoing is true and correct, and are based on my personal knowledge.

Dated: July 30, 2026

By: */s/ Michael C. Sternberg*

Michael C. Sternberg
Plaintiff, Self Represented