LYSSA S. ANDERSON
Nevada Bar No. 5781
TRAVIS C. STUDDARD
Nevada Bar No. 16454
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Fax: (702) 796-7181
landerson@kcnvlaw.com
tstuddard@kcnvlaw.com

***Attorneys for Defendants***
***Esmeralda Boveda, Eleanor Hoskins, Bradley Gallup,***
***Brad Johnson, Ryan Boyle, Joshua Stark, Richard Tennant,***
***Deana Lopez, Joshua Martinez, Jorge Marty-Pagan,***
***Deanna Orr, Adam Seely, Ashley Shenk,***
***and Las Vegas Metropolitan Police Department***

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL C. STERNBERG,<br><br>Plaintiff,<br>vs.<br><br>SHELLEY WARNECK, et al.<br><br>Defendants. | Case No.: 2:23-cv-01466-APG-EJY<br>*Consolidated with:*<br>*Case No.: 2:23-cv-02022-APG-EJY*<br><br>**LVMPD DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS (ECF 376)** |

Defendants Las Vegas Metropolitan Police Department, Esmeralda Boveda, Ryan Boyle, Bradley Gallup, Eleanor Hoskins, Brad Johnson, Deana Lopez, Joshua Martinez, Jorge Marty-Pagan, Deanna Orr, Adam Seely, Ashley Shenk, Joshua Stark, and Richard Tennant (collectively, "LVMPD Defendants"), respond in opposition to Plaintiff Michael Sternberg's Motion for Sanctions. (ECF 390).

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. ARGUMENT

### A. Sternberg's Repeated, Baseless, and Procedurally Improper Filings Have Multiplied the Proceedings and Driven Up the Cost of Litigation

Since the Court granted in part Sternberg's Motion for Reconsideration (ECF 331), Sternberg has accused Mr. Randazza, Mr. Green, and Mr. Dillard of "rampant professional misconduct" and he has moved for sanctions against defendants' attorneys multiple times. In addition, he has accused Magistrate Judge Youchah of denying one of Sternberg's earlier motions based on the "wrong legal authority." (Pltf.'s Emer. Mtn. 3:6–8, 4:1–5, ECF 355). These filings are part of recurring pattern in which Sternberg responds to ordinary motion practice by accusing opposing counsel of ethical misconduct, seeking sanctions in a procedurally improper manner, and requesting that this Court initiate disciplinary action against the attorneys with the State Bar. This pattern has resulted in an unnecessary expenditure of time and resources responding to motions grounded in Sternberg's disagreement with counsel instead of litigating and advancing Sternberg's actual claims.

In the last two months (June 2026), Sternberg has filed:

- **ECF 359**: Motion for Sanctions for Timothy Allen's Professional Misconduct;
- **ECF 361**: Second Motion for Sanctions for Timothy Allen's Professional Misconduct;
- **ECF 364**: Motion for Sanctions for Timothy Allen's Professional Misconduct–Consolidated (filed after Court denied ECF 359, 361, instructing Sternberg to file a consolidated Motion);
- **ECF 365**: Motion for Order to Show Cause Why Steve Wolfson Should Not Be Sanctioned & Disciplined;
- **ECF 369**: Motion for Sanctions & Original Discipline for Randazza, Green, Olster, & Rakowsky Professional Misconduct;
- **ECF 390**: Motion for Sanctions for Professional Misconduct by Timonthy Allen, Lyssa Anderson, & Jessica Whelan, the subject Motion.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

The multiple filings made by Sternberg even before the Court's Order on Reconsideration (ECF 331) further illustrate Sternberg's ongoing pattern of filings directed at Defendants' attorneys. *See, e.g.*, ECF 105, 210, 211, 212, 213, 214, 225, 324, and 325. Sternberg's present Motion (ECF 390) is merely the latest example of his practice of making accusations of professional misconduct which are better characterized as his personal disagreement with counsel. Sternberg's conduct does not advance the litigation; rather, it diverts the Parties' and the Court's limited resources away from the actual issues and unnecessarily increases fees and costs.

Concurrent with his filing of the instant sanctions motion, which further increases the cost of litigation and this Court's workload, Sternberg also filed a Motion for Extension of Time to respond to LVMPD Defendants' Motion to Dismiss.[1] (ECF 388). Although Sternberg provides a legitimate basis for *some* delay (*i.e.*, prolonged recovery from a medical procedure), his energetic sanctions motion practice, as evidenced by the filings listed above, provides another reason for needing the extension. LVMPD Defendants filed their Motion to Dismiss on July 7, 2026. (ECF 378). Since then, Plaintiff has filed three Replies to Responses for his earlier Motions for Sanctions (ECF 381, 382, 391) as well as the instant Motion for Sanctions. (ECF 390).

If Sternberg's priority is to move his case along and obtain the relief he is requesting, Sternberg could have drafted his opposition to the substantive motion. Sternberg could have then requested an extension of time to file the replies, and he could have drafted and filed the instant Motion at a later time, if at all.

Sternberg's Motion for Sanctions against Defendants' Counsel, and against LVMPD Defendants' counsel simply for filing a joinder, creates another unnecessary dispute based on Sternberg's mere disagreement with Defendants' arguments. If Sternberg insists on turning every

---

[1] Sternberg did not contact counsel for LVMPD Defendants to ask for an extension of time to respond to the Motion.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

disagreement into a sanctions motion he will only further delay the actual adjudication of his claims.

The language in Sternberg's Motion as to LVMPD Defendants' counsel alone raises questions as to whether Sternberg is truly interested in streamlining the litigation and having his claims adjudicated on the merits or instead seeks to prolong it through repeated attacks on counsel for defendants. His own behavior directed toward counsel is laden with unnecessary threats and could be grounds for the same sort of discipline he routinely asks the Court to advance on his behalf, if he was an attorney. **Exhibit A**, email to counsel threatening counsel that he will report her and her firm for "defrauding taxpayers" if counsel refuses to waive service of the Amended Complaint.[1] Such unwarranted and unnecessary filings and behavior distract both the Parties and the Court from "secur[ing] the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Sternberg's motion practice suggests that even the most mundane filings will be challenged with baseless filings. *See e.g.,* Sternberg's Response to NVAG Motion to Remove From Service List, ECF 395. Sternberg's Motion is simply another filing that identifies no sanctionable conduct by counsel and should therefore be denied.

### B. Sternberg's Motion Fails on the Merits Because LVMPD Defendants' Joinder Was Proper

To impose sanctions under the Court's inherent authority, a court must "make an explicit finding that the sanctioned party's conduct constituted or was tantamount to bad faith, which requires proof of bad intent or improper purpose." *Tamares Las Vegas Properties, LLC v. Travelers Indemnity Company*, 696 F.Supp.3d 930, 951 (D. Nev. 2023) (internal citations and

[1]This was the first contact with Sternberg after the filing of the amended complaint. He did not ask for a waiver of service which was refused. He lead the "request" for a waiver of service with this threat.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

quotations omitted). Here, Sternberg provides absolutely no support as to how LVMPD Defendants' Joinder is tantamount to bad faith or an improper purpose.

Specific to LVMPD Defendants' counsel, Sternberg argues that counsel should be sanctioned for simply joining Defendant Morales' Response to Sternberg's Motion for Partial Summary Judgment (ECF 385). (Pltf.'s Mtn at 3:13–17, ECF 390). Sternberg further states that a "lawyer cannot avoid responsibility by adopting a frivolous argument through a joinder instead of repeating the full argument herself." Sternberg's Motion fails because it does not identify any bad faith conduct by LVMPD Defendants' counsel; it is not sanctionable for LVMPD Defendants' counsel to join Defendant Caroline Morales' Response to Plaintiff's Motion for Partial Summary Judgment where LVMPD Defendants believe the factual and legal arguments stated in that Response provide a proper basis for denying Plaintiff's Motion. *Tessema v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union*, No. 2:13-cv-01782-APG-VCF, 2014 U.S. Dist. LEXIS 132223, at *7 n.1 (D. Nev. Sep. 17, 2014) (discussing that "incorporation of another party's argument (much like joinder to a motion) is an accepted practice in appropriate situations . . . and saves the court having to read the same arguments and authorities multiple times.").

In addition, some district courts have local rules differentiating between a "substantive joinder" and a "joinder of simple agreement." *See, e.g., Hyland v. Office of Hous. & Cmty. Dev.*, No. CIVIL 15-00504 LEK-RLP, 2018 U.S. Dist. LEXIS 147588, at *7 (D. Haw. Aug. 29, 2018) ("A substantive joinder to a motion must be based on a memorandum supplementing the motion, whereas a joinder of simple agreement may be filed at any time and need not be accompanied by a memorandum.") (citation modified). However, the local rules of this district make no such distinction. Under this district's local rules, "[s]upplementation [is] prohibited without leave of court. A party may not file supplemental pleadings, briefs, authorities, or evidence without leave

of court granted for good cause. The judge may strike supplemental filings made without leave of court." LR 7-2(g); *see also Snow Covered Capital, LLC v. Fonfa*, No. 2:22-cv-01181-CDS-BNW, 2023 U.S. Dist. LEXIS 99823, at *7–8 (D. Nev. June 8, 2023).

Ultimately, the attorneys' fees and costs associated with filing a simple joinder pale in comparison to the fees and time spent responding to Sternberg's filings challenging the ethics of lawyers largely based on his personal disagreement with their positions. Sternberg's Motion for Sanctions against LVMPD Defendant's counsel should be denied because Sternberg identifies no sanctionable conduct and instead attempts to twist LVMPD Defendants' Joinder into an issue that diverts the Parties' attention and the Court's limited resources from the merits of case.

## II. CONCLUSION

Based on the foregoing, this Court should deny Sternberg's Motion for Sanctions. (ECF 390).

DATED this 12th day of August, 2026.

KAEMPFER CROWELL

By: */s/ Lyssa S. Anderson*
LYSSA S. ANDERSON (Nevada Bar No. 5781)
TRAVIS C. STUDDARD (Nevada Bar No. 16454)
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

***Attorneys for Defendants***
***Esmeralda Boveda, Eleanor Hoskins, Bradley Gallup, Brad Johnson, Ryan Boyle, Joshua Stark, Richard Tennant, Deana Lopez, Joshua Martinez, Jorge Marty-Pagan, Deanna Orr, Adam Seely, Ashley Shenk, and Las Vegas Metropolitan Police Department***

**Table of Exhibits**

**Exhibit A –** Plaintiff's Email to LVMPD Counsel

**CERTIFICATE OF SERVICE**

I certify that I am an employee of KAEMPFER CROWELL, and that on the date below, I caused the foregoing **LVMPD DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS** to be served via CM/ECF and/or Second Class Mail (where indicated) addressed to the following:

Michael C. Sternberg,
8545 W. Warm Springs Rd., Ste. A4 #256
Las Vegas, NV 89113
***Plaintiff, Pro Se***
*(Via CM/ECF, pursuant to ECF No. 2, Consent to Electronic Service of Documents)*

Taylor Pitz
U.S. DEPARTMENT OF JUSTICE
Civil Division
950 Pennsylvania Ave. NW
Washington, DC 20005
***Attorneys for Interested Party the United States of America***

Marc S. Cwik
Vivienne Rakowsky
LEWIS BRISBOIS BISGAARD & SMITH
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118
***Attorneys for Defendants Adames & Ash LLP, Tristan Aeschleman***

Timothy Allen
CLARK CO. DIST. ATTORNEY, CIV. DIV.
500 S. Grand Central Parkway, Ste. 5075
Las Vegas, NV 89155
***Attorneys for Defendants Steve Wolfson; Caroline Morales; Clark County, Nevada***

Thomas Dillard
Alexandre Mansour Fayad
Sami Randolph
CLARK COUNTY SCHOOL DISTRICT
OFFICE OF THE GENERAL COUNSEL
5100 West Sahara Avenue
Las Vegas, Nevada 89146
***Attorneys for Henry Blackeye, Jason Elfberg, CCSDPD***

Jessica E. Whelan
Sabrena K. Clinton
NEVADA ATTORNEY GENERAL OFFICE
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
***Attorneys for Defendants Gina Lovero, Dave Monroe, William Scott, Aaron D. Ford, Brent Foster, D. Ulloa, Christine Brady***

/ / /

/ / /

Marc Randazza
Ronald D Green , Jr
RANDAZZA LEGAL GROUP
4974 S. Rainbow Blvd., Suite 100
Las Vegas, NV 89118
***Attorneys for Defendant Shelley Warneck***

DATED this 12th day of August, 2026.

*/s/ Robin Callaway*
an employee of Kaempfer Crowell