**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL C. STERNBERG,

Plaintiff

v.

SHELLEY WARNECK, et al.,

Defendants

Case No.: 2:23-cv-01466-APG-EJY

**Order (1) Granting in Part Motion to Declare Operative Complaint, (2) Granting Unopposed Motion to Extend Time, (3) Granting Unopposed Motion for Leave to File Excess Pages, and (4) Granting Unopposed Motion for Leave to File Supplemental Authority**

[ECF Nos. 349, 355, 357, 388]

I previously set a May 29, 2026 deadline for Michael Sternberg to file his second amended complaint. ECF No. 331 at 15. On May 29, Sternberg filed his second amended complaint. ECF No. 332. On June 5, Sternberg filed a notice of corrected image, stating that he had discovered a "formatting error" with his second amended complaint. ECF No. 333 at 1. Sternberg stated that he was correcting the errors by:

> 1. Fixing the sequencing in the numbered paragraphs, 2. Adding missing defendants['] names from the party section, 3. Adding missing defendants to various causes of action, 4. Adding a few missing facts, and 5. Fixing the CA Family Code 7643 cause of action as to missing defendants and relief sought.

*Id.* Sternberg stated in his notice that any defendant who wanted a seven-day extension to respond to the new version of his complaint "may email [him] with a proposed stipulation for [him] to approve." *Id.* He attached the proposed corrected version of the second amended complaint to this notice. ECF No. 333-1.

/ / / /

/ / / /

The defendants responded in various ways. Some moved to dismiss the June 5 version. *See* ECF Nos. 345, 350; 378.[1] Others asserted that the June 5 version was an unauthorized third amended complaint that Sternberg filed without leave of the court or the defendants' agreement, so they directed their motions to dismiss at the May 29 version. *See* ECF Nos. 337-340; 346.

That prompted Sternberg to file a motion requesting that I declare the June 5 version as the operative complaint. ECF No. 355. Sternberg argues that counsel for some of the defendants[2] did not reach out to him regarding his proposed stipulation to extend time to respond to the June 5 version. He argues that Warneck's counsel advised him that they did not care if he filed the corrected version, to which he responded that if Warneck wanted a stipulation to extend time for her response, to let him know. Sternberg asserts Warneck's counsel did not reach out to him regarding a stipulation but then moved to dismiss the May 29 version, not the June 5 version. He thus requests that I order that (1) the June 5 version is the operative complaint, (2) those defendants who have not responded to the June 5 version to do so, (3) the clerk of court to issue the proposed summons at ECF No. 334, and (4) the time for him to respond to any motions to dismiss to which he has not responded is extended. *See also* ECF No. 388 (motion to extend time).

Warneck responds that Sternberg made substantive changes to the May 29 version, so Warneck's counsel advised him that he needed leave of the court or a stipulation from all defendants if he wanted to amend. She argues that her counsel informed Sternberg that they would stipulate to allow the amendment, but Sternberg did not take counsel up on this offer. She

[1] The Las Vegas Metropolitan Police Department defendants filed a motion to dismiss directed at the June 5 version after Sternberg filed his motion requesting a declaration as to the operative complaint. ECF No. 378.

[2] Specifically, defendants Caroline Morales, Steve Wolfson, Eric Goodman, and Clark County.

thus responded to the May 29 version because that is the operative pleading. But she noted that she does not object to the June 5 version being the operative complaint because it does not change the facts and claims related to her, she does not object to granting Sternberg additional time to respond to her motion to dismiss, and she is willing to stipulate to Sternberg filing the June 5 version.

Clark County responds that the June 5 version is an unauthorized third amended complaint and it was Sternberg's obligation to get every defendant to stipulate to that amendment or seek leave to file it, which he did not do. Clark County asserts that counsel began working on the motion to dismiss as soon as Sternberg filed the May 29 version, so it would have forfeited seven days of work to start over with the new version. Clark County asserts that the proper course was for it to move to dismiss the May 29 version because that was the operative complaint. Clark County also objects to Sternberg's request to extend time, arguing that he filed other motions seeking sanctions and summary judgment in the meantime, so he has had ample time to respond to the motions to dismiss.

Finally, Aeschleman and his firm filed a response, asserting that they do not oppose an extension of time for Sternberg to respond, but that it should not be a 45-day extension as Sternberg requests. These defendants argue they moved to dismiss the June 5 version "solely for reasons of economy and to avoid double work." ECF No. 380 at 2. They contend that if I grant Sternberg an extension, it should be limited to the seven days Sternberg proposed to the defendants when he filed the June 5 version.

After several more defendants moved to dismiss, Sternberg filed another motion to extend time for him to respond to ECF Nos. 378, 383, 385, and 386. ECF No. 388. That motion is unopposed.

Under Federal Rule of Civil Procedure 15(a)(1), a "party may amend its pleading once as a matter of course no later than . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Under Rule 15(a)(1), "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."

Although Sternberg describes his June 5 amendment as fixing issues caused by a technical error, it involved substantive amendments. Sternberg added defendants' names to the case, changed who various claims were asserted against, added facts, and requested additional relief. These substantive changes required Sternberg to obtain either all opposing parties' written consent or leave of the court. He did neither. His offer to agree to a stipulation for the defendants to have additional time to respond is not the same as obtaining their consent to amendment. Consequently, the June 5 filing is an unauthorized third amended complaint. The May 29 version is the operative complaint. If Sternberg wants to pursue the June 5 version, he must follow Rule 15(b)(2).

In the meantime, the May 29 version controls. That leaves the dilemma of what to do about those defendants who directed their motions at the June 5 version. ECF Nos. 345; 350; 378. I direct those defendants to indicate whether they wish to withdraw their already filed motions and file new motions directed at the May 29 version or whether they believe the motions adequately address the factual allegations and claims in the May 29 version even if the motions cite to the June 5 version. Sternberg will have 14 days to respond to each motion to dismiss once that party files either a notice of intent to stand on the motion already filed or a new motion to dismiss.

Sternberg also requests that I order the clerk of court to issue the summons at ECF No. 334. I deny that request because Sternberg did not properly fill out the form. He purported to use one summons for three different defendants at two different addresses. Additionally, the summons is directed at Shaun Bowen, who is not a listed defendant in the May 29 version of the complaint.

I THEREFORE ORDER plaintiff Michael Sternberg's motion to declare operative complaint and for extension of time **(ECF No. 355) is GRANTED in part** as set forth in this order.

I FURTHER ORDER that by October 30, 2026, the defendants who directed their motions to dismiss at ECF No. 333-1 must file a notice advising the court whether they intend to stand on their previously filed motion with the understanding that it will be treated as being directed at ECF No. 332, or whether they intend to file a new motion to dismiss directed at ECF No. 332. Sternberg has 14 days to respond to each notice or new motion to dismiss.

I FURTHER ORDER that defendants Tristan Aeschleman and Adames & Ash LLP's unopposed motion for leave to file excess pages **(ECF No. 349) is GRANTED**.

I FURTHER ORDER that defendant Shelley Warneck's unopposed motion for leave to file supplemental authority **(ECF No. 357) is GRANTED**.

I FURTHER ORDER that plaintiff Michael Sternberg's motion to extend time **(ECF No. 388) is GRANTED** as set forth in this order.

DATED this 15th day of October, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE