**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL C. STERNBERG,

Plaintiff

v.

SHELLEY WARNECK, et al.,

Defendants

Case No.: 2:23-cv-01466-APG-EJY

**Order Granting Unopposed Motion to Certify Questions to the Supreme Court of Nevada**

[ECF No. 335]

I previously suggested that I was inclined to certify questions to the Supreme Court of Nevada regarding whether Nevada would recognize a claim for tortious interference with parental rights, against whom such a claim could be brought, and in what forum. ECF No. 270 at 14-16. I thus denied defendant Shelley Warneck's motion to dismiss that claim and advised that once Sternberg completed amending his complaint as to Warneck, any party could move to certify questions to the Supreme Court of Nevada related to that claim. *Id.* at 16.

Sternberg thereafter filed a second amended complaint again asserting a claim for tortious interference with parental rights against Warneck, who is the mother of his children, and her attorneys, Tristan Aeschleman and the Adames & Ash LLP law firm. *See* ECF No. 332 at 52-54. Specifically, Sternberg alleges that he possessed lawful parental rights concerning his minor children and Warneck and her attorneys knew of these rights. *Id.* at 4, 52. According to Sternberg, the parties were involved in "parentage proceedings" in a California state court, but the parties agreed to dismiss those proceedings. *Id.* at 4. For years thereafter, Sternberg and Warneck resolved custody and visitation issues through informal arrangements. *Id.* In 2018 and 2019, the children resided in Nevada after Warneck was arrested for driving under the influence. *Id.* According to Sternberg, he and Warneck "mutually agreed that it was in the children's best

interest to primarily and permanently reside in Nevada." *Id.* In May 2019, Sternberg and Warneck agreed to a summer visitation schedule that required Warneck to return the children to Nevada on July 7, 2019. *Id.* at 5. Sternberg alleges that he relied on that agreement when he permitted Warneck to take the children out of state. *Id.* But Warneck did not return the children as agreed. *Id.*

Sternberg alleges that Warneck and her attorneys, whom she had already engaged before the May 2019 visitation agreement, knowingly and intentionally participated in a scheme to trick him into agreeing that Warneck could take the children to California. *Id.* at 5, 52-53. They did so knowing that Warneck did not intend to return the children to Nevada and, instead, would keep the children in California and seek California court intervention through her attorneys. *Id.* at 52-53. As it turns out, there was a stipulated judgment in the California court proceedings that had not been dismissed.[1] *Id.* at 6. Sternberg alleges that he did not stipulate to that judgment. *Id.* Warneck refused to return the children to Nevada on the agreed date, and she and her attorneys allegedly thereafter took actions to prevent the children's return and thereby interfered with the children's relationship with Sternberg, who has not seen his children since September 2021. *Id.* at 53.

Sternberg now moves to certify questions to the Supreme Court of Nevada. ECF No. 335. No party has opposed his motion to certify. Warneck and her lawyers move to dismiss Sternberg's second amended complaint. But Warneck's motion acknowledges that I previously was inclined to certify questions, so she does not oppose that request and she agrees to stay the proceedings as to this claim until the Supreme Court of Nevada resolves the issues or declines to

---

[1] It is unclear from the allegations what the stipulated judgment provides regarding custody, but Sternberg alleges that regardless of that judgment, the parties had agreed to dismiss it, and they did not behave as if it was binding on them.

accept the certified questions. ECF No. 346 at 20-21. Her attorneys' motion likewise acknowledges that I expressed my inclination to certify. ECF No. 350 at 26-27.

I therefore grant Sternberg's certification motion. In the interest of not unduly delaying this case while the motions to dismiss remain pending, I will certify questions to the Supreme Court of Nevada regarding Sternberg's tortious interference claim now even though it may be some time before I am able to address the myriad other pending motions in this case. I will issue a separate certification order.

I THEREFORE ORDER that plaintiff Michael Sternberg's motion to certify questions **(ECF No. 335) is GRANTED**.

DATED this 15th day of October, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE