**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL C. STERNBERG,

Plaintiff

v.

SHELLEY WARNECK, et al.,

Defendants

Case No.: 2:23-cv-01466-APG-EJY

**Order Certifying Questions to the Supreme Court of Nevada**

I respectfully certify to the Supreme Court of Nevada the following questions of law that may be determinative as to part of a case before me and as to which there is no clearly controlling precedent in the decisions of the Supreme Court of Nevada or the Nevada Court of Appeals:

1. Does Nevada recognize a claim for tortious interference with parental rights?

2. If Nevada recognizes such a claim, what are its elements?

3. If Nevada recognizes such a claim, against whom may it be brought? Specifically, may it be brought against the other parent and third parties?

4. If Nevada recognizes such a claim, in what forum can the claim be brought, and does the forum change based on who the claim is brought against? Specifically, must the claim be brought in family court if it is against the other parent? What if it is brought against third parties allegedly acting in concert with the other parent?

## I. Statement of Facts Relevant to the Certified Questions and Nature of the Controversy in Which the Questions Arise

This lawsuit in federal court arises out of a custody dispute between Michael Sternberg and the mother of his two children: Shelley Warneck. Sternberg brought, among many other

claims, a claim for tortious interference with parental rights against Warneck and her attorneys: Tristan Aeschleman and the Adames & Ash LLP law firm. Warneck and her attorneys moved to dismiss the tortious interference claim, arguing that Nevada does not recognize this cause of action. Warneck also argued that even if such a claim existed, it must be brought in Nevada family court, not federal court. Sternberg requested that I certify questions related to these issues to the Supreme Court of Nevada.

I previously noted that the "Supreme Court of Nevada has not addressed whether a claim for tortious interference with parental rights exists under Nevada law or, if it does, whether it can be brought by one parent against the other, or whether the family court has exclusive jurisdiction over any such claim." ECF No. 270 at 14. I expressed my inclination to certify questions to the Supreme Court of Nevada "[g]iven the lack of authority on point, the importance of whether such a tort exists and its parameters, and the state court's expertise with domestic relations law." *Id.* at 16. But I did not certify at that time because Sternberg needed to amend his complaint on a variety of grounds. *Id.*

Sternberg thereafter filed a second amended complaint again asserting a claim for tortious interference with parental rights against Warneck and her attorneys. *See* ECF No. 332 at 52-54. Specifically, Sternberg alleges that he possessed lawful parental rights concerning his minor children and Warneck and her attorneys knew of these rights. *Id.* at 4, 52. According to Sternberg, the parties were involved in "parentage proceedings" in a California state court, but the parties agreed to dismiss those proceedings. *Id.* at 4. For years thereafter, Sternberg and Warneck resolved custody and visitation issues through informal arrangements. *Id.* In 2018 and 2019, the children resided in Nevada after Warneck was arrested for driving under the influence. *Id.* According to Sternberg, he and Warneck "mutually agreed that it was in the children's best

interest to primarily and permanently reside in Nevada." *Id.* In May 2019, Sternberg and Warneck agreed to a summer visitation schedule that required Warneck to return the children to Nevada on July 7, 2019. *Id.* at 5. Sternberg alleges that he relied on that agreement when he permitted Warneck to take the children out of state. *Id.* But Warneck did not return the children as agreed. *Id.*

Sternberg alleges that Warneck and her attorneys, whom she had already engaged before the May 2019 visitation agreement, knowingly and intentionally participated in a scheme to trick him into agreeing that Warneck could take the children to California. *Id.* at 5, 52-53. They did so knowing that Warneck did not intend to return the children to Nevada and, instead, would keep the children in California and seek California court intervention through her attorneys. *Id.* at 52-53. As it turns out, there was a stipulated judgment in the California court proceedings that had not been dismissed.[1] *Id.* at 6. Sternberg alleges that he did not stipulate to that judgment. *Id.* Warneck refused to return the children to Nevada on the agreed date, and she and her attorneys allegedly thereafter took actions to prevent the children's return and thereby interfered with the children's relationship with Sternberg, who has not seen his children since September 2021. *Id.* at 53.

**II. There is No Clearly Controlling Precedent in Nevada Law**

I have found no clearly controlling precedent on the certified questions and the parties have not presented any. Another judge in this district has ruled that Nevada does not recognize a claim for tortious interference with parental rights and instead provides for a statutory remedy under Nevada Revised Statutes (NRS) Chapter 125C. *Doyle v. Jones*, No. 3:13-cv-00540-LRH-

[1] It is unclear from the allegations what the stipulated judgment provides regarding custody, but Sternberg alleges that regardless of that judgment, the parties had agreed to dismiss it, and they did not behave as if it was binding on them.

WGC, 2014 WL 3887906, at *5 (D. Nev. Aug. 7, 2014). The statute that *Doyle* cites states that if physical custody has been established under a court order and the custodial parent seeks to relocate the child out of Nevada or at a distance within the state that would impair the other parent's relationship with the child, then the custodial parent must attempt to get the other parent's or the court's permission to relocate. *Id.* (citing NRS § 125C.200, now codified at NRS § 125C.006). A parent with court-ordered custody who relocates with a child without the other parent's or the court's permission may be subject to criminal charges and be liable to pay the other parent's reasonable attorney's fees and costs. NRS §§ 125C.006(3), 125C.0065(3), 125C.0075, 200.359. Because *Doyle* was issued by another judge on this court, it is not controlling authority on Nevada law.

Sternberg alleges that when Warneck first removed the children from Nevada, he and Warneck had informally agreed to the children permanently residing in Nevada. Under Nevada law, parents have joint legal and physical custody of a child "until otherwise ordered by a court of competent jurisdiction." NRS § 125C.0015. It is unclear whether the statutory remedies listed above are a parent's only remedies when the other parent or a third party interferes with the parent-child relationship. And it is unclear what remedies apply where, as here, there is no Nevada court-ordered custody arrangement that was allegedly violated. It is also unclear what effect the stipulated judgment in California would have on such a claim where Sternberg alleges he did not stipulate to the judgment, the parties agreed to dismiss the California action, and they did not act as if it bound them, instead informally resolving custody and visitation issues over the years. Nor is it clear in what court such a claim, if one exists, must be brought and whether that forum depends on who the claim is asserted against. Therefore, I certify the above questions to the Supreme Court of Nevada.

**III. Parties' Names and Designation of Appellant and Respondents**

The defendants argue that this claim should be dismissed because it either does not exist or is brought in the wrong forum, so I designate the defendants as the respondents and Sternberg as the appellant.

Plaintiff/Appellant: Michael C. Sternberg

Defendants/Respondents: Shelley Warneck, Tristan Aeschleman, and Adames & Ash LLP

**IV. Names and Addresses of Counsel for the Parties**

Plaintiff/Appellant Michael C. Sternberg, appearing pro se:

Michael Sternberg
8545 W. Warm Springs Road, Suite A4 #256
Las Vegas, NV 89113

Counsel for the defendant/respondent Shelley Warneck:

Marc Randazza
Randazza Legal Group, PLLC
8991 W. Flamingo Road, Suite B
Las Vegas, NV 89147

Ronald D. Green, Jr.
Randazza Legal Group, PLLC
4974 S. Rainbow Blvd., Suite 100
Las Vegas, NV 89118

Counsel for Tristan Aeschleman, and Adames & Ash LLP:

Jeffrey D. Olster
Lewis Brisbois Bisgaard & Smith LLP
6385 S. Rainbow Blvd., Suite 600
Las Vegas, NV 89118

Marc S. Cwik
Lewis Brisbois Bisgaard & Smith LLP
6385 S. Rainbow Blvd., Suite 600
Las Vegas, NV 89118

Vivienne Rakowsky
LEWIS BRISBOIS BISGAARD & SMITH
6385 S. Rainbow Blvd., Suite 600
Las Vegas, NV 89118

**V. Any Other Matters the Certifying Court Deems Relevant to a Determination of the Questions Certified**

The clerk of court will forward my order on defendant Shelley Warneck's motion to dismiss (ECF No. 270) and my order granting Sternberg's motion to certify (filed concurrently with this order). I defer to the Supreme Court of Nevada whether it requires any other information to answer the certified questions. I do not intend my framing of the questions to limit the Supreme Court of Nevada's consideration of the issues.

I THEREFORE ORDER the clerk of court to forward under official seal copies of this order, ECF No. 270, and my order granting plaintiff Michael Sternberg's motion to certify to the Supreme Court of the State of Nevada, 201 South Carson Street, Suite 201, Carson City, Nevada 89701.

DATED this 15th day of October, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE