Michael C. Sternberg, Self Represented
8545 W Warm Springs Rd Ste A4 #256
Las Vegas, NV 89113
702.234.2539
sternberg_michael@yahoo.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

MICHAEL C. STERNBERG

Plaintiffs

v.

SHELLEY WARNECK, et al.

Defendants

Consolidated Cases:

Case No. 2:23-cv-01466-APG-EJY
Case No. 2:23-cv-02022-APG-EJY

**MOTION TO AMEND COMPLAINT PURSUANT TO FRCP 15(a)(2)**

**DECLARATION & MEMORANDUM OF POINTS AND AUTHORITIES**

On 10/15/26, the court issued an order declaring the ECF 332 the operative complaint. See ECF 398. The court stated "If Sternberg wants to pursue the June 5 version, he must follow Rule 15(b)(2)."

The court cited the wrong rule. The correct rule is FRCP 15(a)(2), which states in part "The court should freely give leave when justice so requires." Controlling case law is clear that the rule's policy on leave to amend is to be applied with extreme liberality. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (2003). Absent a strong showing of the four *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. Id. at 1052.

I move the court to allow me to amend the complaint at ECF 332. My proposed amended complaint is attached, and was originally filed at ECF 333-1. Opposing parties have had lots

of notice about the proposed amended complaint. They will not be prejudiced by allowing the amendment. The court is aware that numerous sanctions motions are pending, and that I have repeatedly complained about attorney misconduct. I did not violate Rule 15(a)(2) intentionally when I filed ECF 333-1, but took what I thought was a reasonable step in the midst of the enormous workload being thrust on me by the unpunished attorney misconduct in this case.

Amendment is clearly not futile has I have defeated numerous motions to dismiss, and this court recently certified my questions to the NV Supreme Court. Nor have I repeatedly failed to cure deficiencies by amendments previously allowed.

In ECF 398, the court also set a briefing schedule for the defendants who pointed their Motions to Dismiss at the wrong complaint to decide what they want to do. I move the court to stay that order pending its decision on this Motion to Amend.

**OATH**

I declare under penalty of perjury under the laws of the United States of America and of the State of Nevada that the foregoing is true and correct, and are based on my personal knowledge.

Dated: October 19, 2026 By: */s/ Michael C. Sternberg*

Michael C. Sternberg
Plaintiff, Self Represented