**STEVEN B. WOLFSON**
District Attorney
**CIVIL DIVISION**
State Bar No. 001565
**TIMOTHY ALLEN**
Deputy District Attorney
State Bar No. 014818
500 South Grand Central Pkwy., Ste. 5075
Las Vegas, Nevada 89155-2215
Telephone: (702) 455-4761
Email: timothy.allen@clarkcountynv.com
Attorneys for Judge Eric Goodman

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Michael C. Sternberg,<br><br>Plaintiff,<br><br>vs.<br><br>Shelly Warneck; et. al.<br><br>Defendants. | Case No: 2:23-cv-1466 -APG-EJY |

**<u>DEFENDANTS' RESPONSE TO MOTION TO AMEND COMPLAINT (ECF #401)</u>**

Defendants CAROLINE MORALES, STEVEN B. WOLFSON, CLARK COUNTY, and JUDGE ERIC GOODMAN, through their attorney Deputy District Attorney TIMOTHY ALLEN, hereby files this Motion to Dismiss Plaintiff's Second Amended Complaint as to CAROLINE MORALES.

This Motion is made and based upon the attached Memorandum of Points and Authorities and all papers and pleadings on file herein.

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

Plaintiff says Amendment is not futile because he has defeated numerous motions to dismiss and the Court certified questions to the NV Supreme Court. (ECF # 401, p. 2). Plaintiff also says that he has not repeatedly failed to cure deficiencies by amendments previously allowed. (ECF # 401, p. 2). However, Plaintiff has repeatedly failed to cure

deficiencies by amendments previously allowed and is still trying to sue prosecutors for prosecuting him and trying to sue judges for not ruling in his favor. Plaintiff also does not address any deficiencies specifically raised by these defendants in their Motions to Dismiss. *See* ECF # 337, 338, 339, 340. For the reasons raised in those Motions, Plaintiffs proposed Third Amended Complaint is still deficient, so amendment would be futile as to these Defendants and leave should not be granted to amend. *See In re Cloudera, Inc.*, 121 F.4th 1180, 1191 (9th Cir. 2024).

Leave to amend a complaint is not freely given if the underlying facts or circumstances relied upon by a plaintiff are not a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 183, 83 S.Ct. 227, 230 (1962).

**MORALES**

In a previous Order (ECF #264), this Court granted in part a Joinder to a Motion to Dismiss in favor of CAROLINE MORALES based on prosecutorial immunity. The subsequent amendments do not fix this issue; prosecutorial immunity still applies.

In the proposed Third Amended Complaint (ECF # 401-1), Plaintiff raises five causes of action against Defendant Morales. All five causes of action revolve around Morales criminally prosecuting Plaintiff for being a fugitive from justice, based on a California arrest warrant. Plaintiff asks the Court to assume that Morales knew that this California arrest warrant was obtained by fraud without providing any specific factual allegations. We do not have any proof today that the California warrant was obtained by fraud, so it is not plausible that Morales would have believed the California warrant was obtained by fraud at the time she filed the criminal complaint against the Plaintiff. Plaintiff's allegations are implausible and not specific, only reciting the legal elements and conclusions.

The US Supreme Court has also held that as long as someone is arrested pursuant to a valid warrant, there is no deprivation of due process, even if the valid warrant was issued for the wrong person, the Constitution does not guarantee that only the guilty will be arrested. *See Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689 (1979). Thus, even if Morales had signed an affidavit to obtain an arrest warrant in Nevada, based on the California arrest

warrant, Plaintiff would still not have a valid cause of action against her, because the California warrant was active at the time.

Morales also has prosecutorial immunity for decisions she makes in his official capacity as a Deputy District Attorney.

Under federal law, prosecutors have absolute immunity from § 1983 liability for actions that are intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409 (1976). The decision whether to investigate and prosecute falls squarely within prosecutorial discretion, which is protected by absolute immunity. *Botello v. Gammick*, 413 F.3d 971 (9th Cir. 2005). Courts recognize that prosecutors inevitably make many decisions that could engender colorable claims of constitutional deprivation, and defending these decisions could impose unique and intolerable burdens. *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009).

The Nevada Supreme Court has held that a district attorney is immune from damages for his actions and conduct arising from the performance of her criminal prosecutorial function. *Washoe County ex rel. Office of Dist. Atty., Nonsupport Div. v. Second Judicial Dist. Court of State of Nev. In and For Washoe County*, 98 Nev. 456, 652 P.2d 1175 (1982). This immunity extends to both criminal and civil obligations, as the underlying purpose is to enable the district attorney to perform her duties without fear of suit. *Id*.

This immunity extends even to allegations of knowingly filing false charges. In *Joseph v. Patterson*, the Sixth Circuit held that prosecutors were protected by absolute immunity for knowingly obtaining issuance of criminal complaints and arrest warrants against the Josephs based on false, coerced statements. *Id*. The court reasoned that the decision to file a criminal complaint and seek issuance of an arrest warrant are quasi-judicial duties involved in initiating a prosecution and securing the person of the defendant is part of initiating a prosecution and should be insulated. *Id*.

Morales cannot be sued for choosing to prosecute someone if she is wrong, even if she knowingly is wrong and relies upon a California warrant that she knows was obtained by fraud. Absolute immunity covers prosecutor's knowing use of false testimony at trial,

suppression of exculpatory evidence, and malicious prosecution. *Gibson v. City of Portland*, 165 F.4th 1265 (9th Cir. 2026).

Absolute immunity does not apply "when a prosecutor acts as a complaining witness in support of a warrant application." *Id*. at 1283. A prosecutor is not performing a prosecutorial function when they undertake a role that could be fulfilled by someone other than a prosecutor, "an act that any competent witness might have performed." *Id*. at 1283. In *Gibson*, the prosecutor made affidavits to assert probable cause to obtain an arrest warrant, but it could have been any person to sign the warrant affidavit, there was no law that made it necessary for the prosecutor to make that certification. *Id*. at 1283. So, the prosecutor was not performing a prosecutorial role and was not entitled to prosecutorial immunity. *Id*. at 1283-1286.

This Court previously cited to cases discussed below, indicating that Morales had yet to meet her burden to show prosecutorial immunity applied to filing a criminal complaint. (ECF # 264, p.3). However, because Morales did not testify or swear under penalty of perjury to obtain an arrest warrant or act as a fact witness, she still has prosecutorial immunity. Morales just filed a criminal complaint which is a core function of her prosecutorial duties. *See* Exhibit A (copy of the signed criminal complaint under NRS 179.203). The purpose of filing the criminal complaint was not to declare the truth of any personal knowledge that Morales had, it was just to inform the Plaintiff of what he was being charged with so he could defend himself from that charge. The criminal complaint did not act as probable cause affidavit to help the case survive a preliminary hearing or to obtain an arrest warrant. Thus, this situation is meaningfully distinguished from the caselaw on prosecutors losing prosecutorial immunity when acting as a witness to obtain an arrest warrant.

Plaintiff was arrested on September 29, 2021, under NRS 179.203 by Nevada Attorney General Police Officers. (ECF # 332, ¶ 99). After Plaintiff was already under arrest and had already appeared in front of the Las Vegas Justice Court, Morales filed the criminal complaint (filed on October 5, 2021) which just points out that a California court issued a

warrant of arrest on September 28, 2021 to give Plaintiff information as to what he should defend himself against, not to provide probable cause for his arrest. Exhibit A. NRS 179.217 says that Nevada cannot even enquire into the guilt or innocence of the person subject of the out-of-state warrant. So, Morales could not legally question the validity of the California warrant. Plaintiff could have fought extradition, sought habeas corpus or challenged his arrest, but he waived extradition, posted the bond from California Court and the Nevada case was dismissed within two weeks. Morales did not testify against Plaintiff at all or help in his arrest, she simply performed her function as a prosecutor to file a criminal complaint into an ongoing case.

In *Kalina v. Fletcher*, 522 U.S. 118, 118 (1997) the Court held that Washington State has a criminal practice that requires (1) an unsworn information charging a crime, (2) an unsworn motion for an arrest warrant; and (3) a certification for determination of probable cause, where truth of the alleged facts are sworn under penalty of perjury. The Court held that the prosecutor in this case was not acting as a prosecutor when she herself signed the certification for determination of probable cause, because she was acting as a fact witness in order to obtain the probable cause for an arrest. *Id.* at 119. As a direct result of the prosecutor signing the probable cause affidavit, the prosecutor caused the plaintiff to be arrested. *Id*. at 118. Here, unlike *Kalina*, Morales did not submit a probable cause affidavit in order to have Plaintiff arrested, she just filed a criminal complaint against him once he was already arrested.

In *Mishler v. Clift*, 191 F.3d 998, 1008-09 (9th Cir. 1999), a medical doctor personally swore under penalty of perjury that the complaint was true. The Court clarifies that "mere use of the terms "under penalty of perjury"" in a complaint does not turn a prosecutor into "a complaining witness." *Id.* at 1009. The prosecutor exercising his independent judgment as to whether to initiate charges is entitled to the protection of absolute immunity. *Id*. at 1009. The prosecutor in this case is different than the one in *Kalina*, as the statements are part of the actual complaint, not a sperate document to establish probable cause. *Id*. at 1009. Similarly, Morales initiated charges by filing a complaint, she

used the phrase under penalty of perjury, but she was not establishing probable cause of the facts and was not acting as a complaining witness.

In *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 845 (9th Cir. 2016), the Court held that filling out a sworn declaration for a subpoena was not an action subject to prosecutorial immunity. The Court held that issuing a subpoena was subject to immunity, but filling out the declaration to support the subpoena was not subject to immunity because it could have been filled out by any witness. *Id*. at 844. Here, Morales filed a criminal complaint but did not submit a separate declaration of facts supporting the complaint as a fact witness.

In *Cruz v. Kauai Cnty.*, 279 F.3d 1064, 1066 (9th Cir. 2002), a prosecutor signed an affidavit supporting an ex parte motion to revoke bail. The prosecutor spoke with the plaintiff's ex-wife and swore under oath that she told the prosecutor that the plaintiff assaulted her. *Id*. at 1066. The Court noted that witnesses who testify in court are also absolutely immune from damages resulting from the testimony. *Id*. at 1068. However, the prosecutor was not entitled to prosecutorial immunity or witness immunity because the affidavit was made as a fact witness and was not subject to an adversarial proceeding in open court. *Id*. at 1068. Here, Morales not only did not act as a fact witness, but she also filed the Criminal Complaint in open court, which was subject to an adversarial proceeding. Thus, even if Morales somehow was acting as a fact witness, Plaintiff could have legally challenged her statement, and Morales is absolutely immune as a witness.

Thus, leave to amend is futile. Plaintiff has already been given multiple chances to amend over many years and has failed to allege a single valid cause of action against Morales.

## **CLARK COUNTY**

In the proposed Third Amended Complaint, Plaintiff raises one cause of action against Clark County, Count XVII for Monell liability. (ECF # 401-1, p. 70-72). Plaintiff alleges that Clark County's policies and practices caused unconstitutional conditions of confinement in violation of the Nevada Constitution and the Fourteenth Amendment when

he was incarcerated in the Clark County Detention Center for two weeks in September 2021. (ECF # 401-1, p. 70-72).

Plaintiff is effectively suing Clark County because (1) detention personnel did not give him a soft place to sleep, (2) detention personnel did not turn up the heater for him or give him additional warmer clothes and (3) detention personnel did not give him enough time to gather himself before he was released from jail. The common theme is that all of these issues were created by the decisions or actions of detention personnel. Plaintiff alleges that these decisions of detention personnel are attributable to Clark County because of a Clark County policy or practice. However, Plaintiff fails to allege a specific Clark County policy or practice that he believes caused the detention personnel to make those decisions. *See Turner v. Clark County*, 2017 WL 395218, (D. Nev. 2017) (unpublished) (plaintiff must show that a policy or custom led to the plaintiff's injury, but plaintiff failed to clearly identify a policy of custom enacted by Clark County that resulted in his injury). Plaintiff just recites the elements of a monell claim without providing Clark County with plausible facts and notice of what County policy or practice allegedly caused these issues.

Further, while the Clark County Detention Center is called that, Clark County only built, owns and maintains the physical building, Las Vegas Metropolitan Police Department officers are in control of operations inside of the building and LVMPD policies and procedures decide how inmates are treated. *See Hill v. Las Vegas Metropolitan Police Department*, 197 F.Supp.3d 1226, 1229, 1231 (D. Nev. 2016) (Hill sued the operator of Clark County Detention Center, which is Las Vegas Metropolitan Police Department, METRO had Standard Operating Procedures, which are written standards that applied to Clark County Detention Center and the treatment of inmates); *Roadhouse v. Las Vegas Metropolitan Police Dept.*, 290 F.R.D. 535, 539 (D. Nev. 2013) (LVMPD operates CCDC). All of the unnamed detention personnel that Plaintiff alleged caused the conditions alleged in this cause of action are LVMPD employees. *See Cottle v. Gillespie*, 2011 WL 2651685 (D. Nev. 2011) (unreported) (CCDC is not an entity capable of being sued, LVMPD is the entity that is statutorily responsible for the conduct of its corrections officers under NRS

280.280(4) and NRS 280.284). Thus, Clark County is not the proper party to be named in this cause of action.

Further, Clark County does not have a policy or practice of depriving inmates of beds, turning on the air conditioning, or requiring inmates to leave quickly. Clark County policy and practices cannot tell LVMPD how to treat inmates, even if those policies existed, because LVMPD is a separate and distinct legal entity who has complete autonomy. LVMPD decides how many people to put in a cell, how many clothes to give inmates and how fast inmates have to leave during release procedure. Just like Clark County cannot be sued for Plaintiff being arrested by officers that are not employed by Clark County, Clark County cannot be sued for the jail conditions caused by decisions of detention personnel employed by LVMPD.

Further, Plaintiff has failed to allege any specific injuries caused by Clark County as to obtain standing to sue. Plaintiff said he was forced to sleep on the pavement, but clearly Clark County did not overcrowd a cell or force him to do anything, he merely decided to sleep on the ground and does not allege specific facts to show he was injured by sleeping on the ground. Similarly, Plaintiff does not allege specific facts to show he was hurt by the air conditioning being on, it was just too cool for his preference, that is not an injury caused by Clark County. Lastly, Plaintiff even complains about having to leave the jail, he is suing other parties for putting him in jail and keeping him in jail, but now he is suing Clark County for not allowing him to remain in jail longer? It does not make sense. Plaintiff has not alleged any specific facts or plausible allegations to show he was injured at all by Clark County.

Thus, Plaintiff's only cause of action alleged against Clark County must be dismissed and the proposed Third Amended Complaint is futile. Plaintiff has been given multiple years to state valid causes of action against Clark County and has failed to adequately allege any harm caused by Clark County.

/ / /

/ / /

**STEVEN B. WOLFSON**

In a previous Order (ECF #264), this Court granted in part a Joinder to a Motion to Dismiss in favor of Steven B. Wolfson.

In the proposed Third Amended Complaint, Plaintiff raises seven causes of action against Defendant Steven B. Wolfson. (ECF # 401-1). All seven causes of action revolve around Plaintiff sending a letter to Steven B. Wolfson and Steven B. Wolfson not doing what Plaintiff demanded in the letter. What Plaintiff wanted was for Steven B. Wolfson to investigate Plaintiff's wife for stealing his children and investigate the officers and prosecutors who arrested him and prosecuted him for being a fugitive from justice based on the California warrant. The main problem with this is that Steven B. Wolfson is the elected District Attorney for Clark County, he is not Plaintiffs' personal investigator and his only relation to this case was employment of Defendant Morales and allegedly receiving a letter.

Plaintiff cannot allege a valid cause of action against Steven B. Wolfson for failure to (1) investigate what Plaintiff demands, (2) report what Plaintiff believes is misconduct, or (3) prevent what Plaintiff calls unconstitutional conduct, that is performed by third parties. Thus, all of Plaintiff's causes of action against Steven B. Wolfson fail as a matter of law and must be dismissed with prejudice.

Steven B. Wolfson also has prosecutorial immunity for decisions he makes in his official capacity as the District Attorney.

Under federal law, prosecutors have absolute immunity from § 1983 liability for actions that are intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409 (1976). The decision whether to investigate and prosecute falls squarely within prosecutorial discretion, which is protected by absolute immunity. *Botello v. Gammick*, 413 F.3d 971 (9th Cir. 2005). Courts recognize that prosecutors inevitably make many decisions that could engender colorable claims of constitutional deprivation, and defending these decisions could impose unique and intolerable burdens. *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009).

Nevada Rules of Professional Conduct establish ethical obligations for attorneys, including duties related to professional misconduct. Rule 8.4 provides that it is professional misconduct for a lawyer to violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another. Rules of Prof.Conduct, Rule 8.4. Additionally, engaging in conduct that is prejudicial to the administration of justice constitutes professional misconduct. Rules of Prof.Conduct, Rule 8.4.

However, these professional conduct rules are enforced through the State Bar's disciplinary system, not through private civil actions. The Nevada Supreme Court has jurisdiction over attorney discipline proceedings, as demonstrated in *Matter of Discipline of Arabia*, where the court addressed disciplinary action against a county district attorney for professional conduct violations. *Matter of Discipline of Arabia*, 137 Nev. 568, 495 P.3d 1103 (2021).

Federal courts have established that government officials generally have no constitutional duty to protect citizens from criminal acts by third parties. *Bailey v. City of Jasper, Tex.*, 2012 WL 4969126 (E.D. Tex. 2012) (unreported). As one court explained, the failure to protect must involve more than mere negligence and typically requires either unconstitutional discrimination or retaliation to support a claim. *Id.* Similarly, Nevada law provides the public duty doctrine which prevents lawsuits like the instant, where Plaintiff is suing Steven B. Wolfson for not preventing and alleged constitutional violations performed by third parties. *Coty v. Washoe County*, 108 Nev. 757, 839 P.2d 97 (1992).

Thus, Steven B. Wolfson asks this Court to deny Plaintiff's Motion for leave to amend because the amendment is futile. Plaintiff has already been given multiple chances to amend over many years and has failed to allege a single valid cause of action against Steven B. Wolfson.

**JUDGE ERIC GOODMAN**

This Court previously granted Judge Eric Goodman's joinder to other judicial defendants' Motion to Dismiss in ECF # 261 and # 275 in 2024, based on judicial immunity.

The Court dismissed all claims for money damages against Judge Eric Goodman with prejudice but granted leave to amend for **prospective** declaratory relief against Judge Eric Goodman. (ECF # 275).

The Court previously held that suing Judge Goodman in either his official or individual capacity for refusing to grant bail in 2021 was retrospective declaratory relief, where there is no continuing threat of harm, and the 11th Amendment does not permit retrospective declaratory relief. (ECF # 261, p. 3) (citing *Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021) ("The Eleventh Amendment does not permit retrospective declaratory relief."); *Adams v. State of Or.*, 884 F.2d 582, 1989 WL 102037, at *2 (9th Cir. Aug. 28, 1989) ("[D]eclaratory relief against state officials sued in their individual capacities is not appropriate if no evidence was presented of a continued violation of appellants' procedural due process rights." (citing *Green v. Mansour*, 474 U.S. 64, 71-72 (1985))).

Plaintiff had requested leave to amend to allege that Judge Eric Goodman failed to report Caroline Morales and Steve Wolfson for violations of the rules of professional conduct, which the Court reasoned would be prospective and not be subject to judicial immunity, so the Court granted leave to amend on that basis. (ECF # 275).

In November of 2024, the Court issued another Order (ECF # 276), and Ordered Plaintiff file a second amended complaint by January 16, 2025. However, Plaintiff did not file his Second Amended Complaint (ECF # 332) until May 29, 2026. In the Second Amended Complaint (ECF # 332), Plaintiff does not allege that Judge Eric Goodman failed to report Caroline Morales and Steve Wolfson for violations of the rules of professional conduct. The Plaintiff only seeks retrospective declaratory relief against Judge Goodman because Plaintiff thinks Judge Goodman should have granted him bail in 2001.

Plaintiff only proposes to bring one cause of action against Judge Eric Goodman in the third amended complaint, Count XXI, Declaratory and Injunctive Relief- Nevada Fugitive/Extradition Process, NRS 179.209, Equal Protection, Due Process and Right to Bail. (ECF # 401-1). Further, throughout the entire proposed third Amended Complaint (ECF # 401-1), Plaintiff only makes two factual allegations against specifically Judge Eric

Goodman. First, Plaintiff alleges that Judge Eric Goodman "is a Las Vegas Justice Court Judge." (ECF # 401-1, p. 4, line 9). Second, Plaintiff alleges that Judge Eric Goodman "treated him differently than similarly situated individuals arrested on Nevada warrants" when denying him bail. (ECF # 401-1, p. 16, ¶ 146). Further, Count XXI against Judge Eric Goodman indicates that Plaintiff was denied equivalent treatment (the right to bail) because his warrant was from California instead of Nevada. (ECF # 401-1, p. 81). Plaintiff alleges it is a violation of due process and equal protection for him to be denied bail, which resulted in him waiving extradition after being in jail for two weeks. (ECF # 401-1, p. 81).

Plaintiff represented that he was going to bring a cause of action for prospective declaratory relief based on a non-judicial duty (reporting violations of the rules of professional responsibilities), but Plaintiff instead realleges the same cause of action that this Court has already found are retrospective and barred by the 11th Amendment. Thus, any amendment as to Judge Goodman is futile.

DATED this 28th day of October, 2026.

STEVEN B. WOLFSON
DISTRICT ATTORNEY

*/s/ Timothy Allen*
**TIMOTHY ALLEN**
Deputy District Attorney
State Bar No. 014818
500 South Grand Central Pkwy., Suite 5075
Las Vegas, Nevada 89155-2215
*Attorney for Defendant Judge Eric Goodman*

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that I am an employee of the Office of the Clark County District Attorney and that on this 28th day of October, 2026. I served a true and correct copy of the foregoing **DEFENDANTS' RESPONSE TO MOTION TO AMEND COMPLAINT (ECF #401)** (United States District Court Pacer System or the Eighth Judicial District Wiznet), by e-mailing the same to the following recipients. Service of the foregoing document by e-mail is in place of service via the United States Postal Service.

| | |
|---|---|
| Michael C. Sternberg<br>8545 W. Warm Springs Rd.<br>Ste A4 #256<br>Las Vegas, NV 89113<br>Sternberg_michael@yahoo.com<br>*In Proper Person* | Marc J. Randazza, Esq.<br>Bar No. 12265<br>RANDAZZA LEGAL GROUP, PLLC<br>4974 S. Rainbow Blvd., Ste 100<br>Las Vegas, Nevada 89118<br>ecf@randazza.com<br>*Attorneys for Defendant Shelly Warneck* |
| Claire T. Cornier,<br>Deputy County Counsel<br>Office of the County Counsel,<br>County of Santa Clara<br>70 West Hedding Street, 9th Fl, E. Wing<br>San Jose, California 95110-1705<br>clair.cormier@cco.sccgov.org<br>*Attorneys for Defendant Jeff Rosen* | Iva K. Todorova (Bar No. 15827)<br>Marni Rubin Watkins (Bar No. 9674)<br>Office of Nevada Attorney General<br>1 State of Nevada Way, Ste 100<br>Las Vegas, Nevada 89119<br>itodorova@ag.nv.gov<br>mkwatkins@ag.nv.gov<br>*Defendants Aaron D. Ford, William Scott, Gina Lovero, Brent Foster, Christine Jones Brady, Daniel Ulloa, and Dave Monroe* |
| Jennifer McMenomy<br>JEPSEN & McMENOMY<br>100 Vine Street<br>Reno, Nevada 89503<br>jennifer@mcmenonylaw.com<br>*Defendants Vern Pierson, Brittany Griffith, Joseph Alexander, Rich Horn, and Tristan Aeschleman* | Thomas D. Dillard<br>OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI<br>9950 West Cheyenne Avenue<br>Las Vegas, Nevada 89129<br>tdillard@ocgas.com<br>*Consol Defendants* |
| ///<br>///<br>///<br>///<br>///<br>/// | ///<br>///<br>///<br>///<br>///<br>/// |

| | |
|---|---|
| Joseph P. Garin, Esq<br>Bar No. 6653<br>LIPSON & NEILSON, P.C.,<br>9900 Covington Cross Drive,<br>Suite 120<br>Las Vegas, NV 89144<br>Attorneys for Defendants Gina Policastri and Lonich Patton Ehrlich Policastri, PC<br>Jgarin@lipsonneilson.com | Taylor Pitz<br>Trial Attorney<br>Brett A. Shumate<br>Acting Assistant<br>Alexander K. Haas<br>Director, Federal Programs Branch<br>Andrew I Warden<br>UNITED STATES DEPT.OF JUSTICE CIVIL DIV.<br>FEDERAL PROGRAMS BRANCH<br>1100 L Street, NW<br>Washington, DC 20005<br>Taylor.n.pitz@usdoj.gov<br>*Counsel for United States* |

*/s/ Matilda Sanchez*
An Employee of the Clark County District Attorney's Office – Civil Division