UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL C. STERNBERG,

Plaintiff,

v.

SHELLEY WARNECK, *et. al.*,

Defendant.

Case No. 2:23-cv-01466-APG-EJY

**ORDER**

Pending before the Court are three motions filed by Plaintiff seeking sanctions against various opposing counsel and one motion that asks for an order requiring Clark County District Attorney Steve Wolfson to show cause why he should not be sanctioned for failing to supervise Timothy Allen, the Deputy District Attorney who represents Mr. Wolfson in this action.[1] The Court reviewed the motions, responses, and replies. Plaintiff's motions are denied and he is cautioned that his continued use of unprofessional language will not be overlooked by the Court.

## I. Legal Standard

As cited in Plaintiff's Motions, "[t]he district court has the duty and responsibility of supervising the conduct of attorneys who appear before it." *Erickson v. Newmar Corp.*, 87 F.3d 298, 300 (9th Cir. 1996) (citation omitted). Indeed, "[f]ederal courts have inherent powers to manage their own proceedings and to control the conduct of those who appear before them." *Id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). To impose sanctions under the Court's inherent authority it must find "that the sanctioned party's conduct constituted or was tantamount to bad faith, which requires proof of bad intent or improper purpose. *Tamares Las Vegas Properties, LLC v. Travelers Indemnity Company*, 696 F.Supp.3d 930, 951 (D. Nev. 2023) (internal citations and quotations omitted). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

[1] Plaintiff's filings include: (1) ECF No. 364—Consolidated Motion for Sanctions & Discipline; (2) ECF No. 365—Motion for Order to Show Cause; (3) ECF No. 369—Motion for Sanctions and Discipline; and (4) ECF No. 390—Motion for Sanctions & Discipline against Mr. Allen, Lyssa Anderson, and Jessica Whelan.

**II. Discussion**

This is not the first time Plaintiff has asked the Court to sanction opposing counsel based on alleged misrepresentations in their briefing. For example, on February 29, 2024, Plaintiff filed a Motion for Sanctions against Thomas Dillard, counsel for the Judicial Branch Defendants (all of whom are located in California and are now dismissed from the case),[2] arguing that counsel misstated the contents of Plaintiff's First Amended Complaint. ECF No. 105. The Court denied Plaintiff's Motion finding no ethical violations under the Nevada Rules of Professional Conduct or Fed. R. Civ. P. 11. The Court advised that Plaintiff's arguments were more appropriately made in opposition to the Motion to Dismiss. ECF No. 106 at 2.

On May 29, 2025 Plaintiff filed his second motion seeking discipline and a referral to the State Bar of Nevada regarding conduct engaged in by Marc Randazza and Ronald D. Green, counsel for Defendant Shelley Warneck. Plaintiff objected to language and comments Mr. Randazza made about this case in an email to a journalist. ECF No. 303. The Court denied Plaintiff's motion, but advised Messrs. Randazza and Green that continued use of inappropriate language could lead to the imposition of sanctions. ECF No. 310.

On December 2, 2025, Plaintiff filed an Emergency Motion to Strike for Fraud on the Court, for Order to Show Cause, for Sanctions, [and] for Clarification. ECF No. 328. Plaintiff argued that Messrs. Randazza and Green "filed a completely frivolous motion to dismiss" that "lacked candor with the court by not putting forth the procedural history of the case." ECF No. 328 at 1-2. Plaintiff sought a Court order requiring "all attorneys in this case" to report Messrs. Randazza and Green to the State Bar of Nevada for violation of Nevada Rule of Professional Conduct 8.3. *Id.* at 5. Plaintiff also moved for a Court Order requiring the attorneys to report the undersigned Magistrate Judge to the Ninth Circuit "for her failure to deal with" Messrs. Randazza and Green's misconduct. *Id.* at 5. The District Judge denied Plaintiff's Motion on December 3, 2025. ECF No. 329.

---

[2] The "Judicial Branch Defendants" included the California Supreme Court, the Honorable Patricia Guerroro, Chief Justice of the California Supreme Court, the California Court of Appeal for the Sixth Appellate District, the Honorable Mary J. Greenwood as Administrative Presiding Justice of the California Court of Appeal for the Sixth Judicial District, the Superior Court of California for the County of Santa Clara, and several Superior Court judges. *See* ECF No. 96. The Motion to Dismiss these Defendants was granted at ECF No. 251.

Now, in less than a two month period (beginning June 12, 2026 and ending July 29, 2026), Plaintiff filed the four instant motions seeking some form of sanctions against opposing counsel for representations made in their respective Motions to Dismiss the Second Amended Complaint ("SAC") and Response to Plaintiff's Motion for Partial Summary Judgment. ECF Nos. 364, 365, 369, 390. By way of example, Plaintiff argues Mr. Allen made frivolous arguments about the application of prosecutorial immunity and the legal effect of a California arrest warrant in Nevada. ECF No. 364 at 3-4. Plaintiff also asks the Court to issue an Order to Show Cause for why Mr. Wolfson should not be sanctioned for his alleged failure to supervise Mr. Allen. ECF No. 365 at 5.

Plaintiff also renews his arguments against Messrs. Randazza and Green contending they should be sanctioned for misrepresenting facts and procedural history in their latest Motion to Dismiss. ECF No. 369 at 2-3. Plaintiff goes on to seek sanctions against counsel for Defendants Tristan Aeschleman and Adames & Ash, LLP based on their Motion to Dismiss the SAC because the Motion fails to discuss the Court's Order granting, in part, Plaintiff's Motion for Reconsideration. ECF No. 369 at 1-2. Finally, Plaintiff argues that counsel for the Clark County District Attorney, Las Vegas Metropolitan Police ("LVMPD"), and the Nevada Attorney General should be sanctioned because of arguments presented in their respective responses to Plaintiff's Motion for Partial Summary Judgment. ECF No. 390 at 3.

The Court finds no instance where any counsel identified by Plaintiff lacked candor to the tribunal or otherwise engaged in unethical conduct warranting the imposition of sanctions. Like Plaintiff's first Motion for Sanctions, his merits arguments should be presented in response to the Motions to Dismiss. Plaintiff's repeated effort to seek sanctions based on opposing arguments is, at best, fundamentally flawed. "Defendants are entitled to make arguments and litigate their case, and presenting arguments contrary to plaintiff's does not make them 'frivolous' or improper." *Engel v. Paragon Sys., Inc.*, Case No. 2:24-CV-02479-DJC-CKD PS, 2025 WL 1158517 (E.D. Cal. Apr. 21, 2025).[3]

[3] *Report and recommendation adopted,* Case No. 2:24-CV-02479-DJC-CKD PS, 2025 WL 2751253 (E.D. Cal. Sept. 29, 2025), *appeal dismissed,* Case No. 25-6474, 2025 WL 4057072 (9th Cir. Dec. 18, 2025), and *cert. denied,* Case No. 2:24-CV-02479-DJC-CKD (PS), 2026 WL 1166948 (E.D. Cal. Apr. 29, 2026).

Plaintiff is advised that his disrespectful tone towards opposing counsel and the Court does not go unnoticed. "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The Court is aware Plaintiff has sent emails and made inappropriate internet positing. ECF Nos. 397-1 at 2 (Plaintiff emailed LVMPD's counsel, "If you refuse … I will go in front of cameras at the Nevada Supreme Court at an administrative hearing to report you and your firm for wasting my resources, for other misconduct, and for defrauding taxpayers."); 374-1 at 3 (Plaintiff emailed Steve Wolfson, a represented party: "I remind you of your duty to report little Timothy…to the State Bar[f] of Nevada."); 374-2 at 2 (Plaintiff's YouTube post states: "Time for you to choose U.S. Judge Gordon! Are you gonna address misconduct, or am I going to wreck your reputation very publicly?").

Plaintiff is advised that as a pro se litigant, he is expected to be professional in his communications with opposing counsel and the Court. LR 1-1; *Gimbel v. State of California*, Case No. C 07-0113 SBA, 2007 WL 2753276, at *1 (N.D. Cal. Sept. 19, 2007), *aff'd sub nom. Gimbel v. California*, 308 Fed.Appx. 123 (9th Cir. 2009) (further citations omitted). Given Plaintiff's education and background he should be aware of the civility, decorum, and professionalism expected of all litigants. Continuation of this conduct may subject Plaintiff to sanctions, even given his *pro se* status. *See Nguyen v. Biter*, Case No. 1:11-CV-00809-AWI, 2015 WL 366932, at *7 (E.D. Cal. Jan. 27, 2015) ("Plaintiff is mistaken that proceeding pro se shields him from the consequences of his actions or excuses misbehavior. It does not. Parties and counsel have a duty to behave civilly and respectfully toward one another, and conduct to the contrary is sanctionable where it undermines the integrity of judicial proceedings.").

**III. Order**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion Consolidated Motion for Sanctions & Discipline (ECF No. 364) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Order to Show Cause (ECF No. 365) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Sanctions and Discipline (ECF No. 369) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Sanctions & Discipline Motion for Sanctions against Timothy Allen, Lyssa Anderson, & Jessica Whelan (ECF No. 390) is DENIED.

Dated: this 28th day of October 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE