Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
Randazza Legal Group, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Defendant
Shelley Warneck

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL C. STERNBERG,<br><br>Plaintiff,<br><br>vs.<br><br>SHELLEY WARNECK, *et al.*,<br><br>Defendants. | Case No.: 2:23-cv-01466-APG-EJY<br><br>**DEFENDANT SHELLEY WARNECK'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT PURSUANT TO FRCP 15(a)(2)** |
| MICHAEL C. STERNBERG,<br><br>Plaintiff,<br><br>vs.<br><br>SHELLEY WARNECK, *et al.*,<br><br>Defendants. | Case No. 2:23-cv-02022-APG-EJY |

Shelley Warneck opposes Plaintiff Michael Sternberg's Motion to Amend Complaint Pursuant to Rule 15(a)(2). The requested amendment is futile, prejudicial, and requested in bad faith. Sternberg should not be permitted to file a Third Amended Complaint, which would be his fourth attempt at asserting valid claims against Shelley Warneck and her co-Defendants. Additionally, given the recent certification of questions in this case to the Nevada Supreme Court, the Motion is premature, and this case should be stayed until that court answers the certified questions posed by this Court. Sternberg's Motion should be denied.

## 1.0 INTRODUCTION

On September 20, 2023, Plaintiff Michael Sternberg filed his initial Complaint (ECF No. 1). More than three years later, the docket for this case has surpassed 400 entries, and Sternberg has filed multiple Motions with this Court attacking the integrity of the Court and frivolously seeking sanctions against Defense counsel. Despite this case being over three years old, we are still mired in the pleading stage. Now, before the Motions to Dismiss his Second Amended Complaint have even been decided, he asks this Court for another bite at the apple. He asks to file a Third Amended Complaint. His Motion should be denied.

Sternberg is a savvy *pro se* litigant. He has filed cases in state and federal courts in Nevada and California. He brags regularly on his YouTube channel about being smarter than courts and the attorneys that dare to oppose him. He knows how to use court proceedings to punish his perceived enemies and is using this case to punish Shelley Warneck, who is the mother of his children, her family counsel, and Nevada and California officials who dare to apply the law to prevent him from getting his way. It is time for this Court to say “enough.”

Five months after Sternberg initiated this case, he filed a First Amended Complaint (ECF No. 86) on February 20, 2024. The First Amended Complaint named 75 individuals and entities as Defendants and asserted dozens of claims for relief.

Defendant Shelley Warneck moved to dismiss the First Amended Complaint (ECF No. 124) on March 12, 2024. On November 14, 2024, this Court granted Ms. Warneck’s Motion in part (ECF No. 270). In its Order, the Court:

- Dismissed Sternberg’s claims in counts 6, 7, 9, 11, and 12, which all alleged Constitutional violations, for lack of subject matter jurisdiction (except for his claims based on Ms. Warneck allegedly relocating the children) but gave Sternberg leave to amend (ECF No. 270 at 5:14-20);
- Dismissed Sternberg’s claims based upon 42 U.S.C. §§ 1983 and 1985 for failure to state a claim but gave Sternberg leave to amend (ECF No. 270 at 9:2-6; 10:1-5);



RANDAZZA | LEGAL GROUP

- Dismissed Sternberg's claims in counts 6, 7, 9, and 11-17, which all alleged Constitutional violations, as barred by *Noerr-Pennington* but gave Sternberg leave to amend (ECF No. 270 at 12:21-13:9);
- Dismissed Sternberg's claim for violation of NRS § 125C.0075 with prejudice for lack of subject matter jurisdiction (ECF No. 270 at 14:5-7);
- Held that it would, upon request, refer Sternberg's claim for tortious interference with parental rights to the Nevada Supreme Court to determine whether Nevada recognized the claim (ECF No. 270 at 16:5-11);
- Dismissed Sternberg's claim for abuse of process for failure to state a claim with leave to amend (ECF No. 270 at 18:2-4);
- Dismissed Sternberg's claim for civil conspiracy for failure to state a claim with leave to amend (ECF No. 270 at 19:12-18);
- Did not dismiss Sternberg's claim for violation of California Civil Code § 49 but gave Ms. Warneck leave to move to dismiss it again (ECF No. 270 at 21:2-3).

In its Order on the Motion to Dismiss, the Court not only gave Sternberg leave to amend, it provided him with instructions on how to cure the deficiencies contained in his First Amended Complaint. *See id.* at 21:10-22:10. Moreover, while the Court gave Sternberg leave to amend several of his claims, it also noted that it was unlikely he could plausibly allege claims under § 1985 and for abuse of process. *See* ECF No. 270 at 10:1-3, 18:2-4.

On May 29, 2026, Sternberg filed his Second Amended Complaint (ECF No. 332). Ms. Warneck moved to dismiss the Second Amended Complaint (ECF No. 346) on June 12, 2026. While the Court provided Sternberg with instructions as to how to cure the deficiencies contained in his First Amended Complaint, Sternberg did not take advantage of the Court's advice. The same deficiencies remained. *See* ECF No. 346 at 2:3-14. Ms. Warneck demonstrated why each and every claim asserted against her should be dismissed.

Without explanation, Sternberg failed to respond to Ms. Warneck's Motion to Dismiss. He has thus acknowledged that her motion should be granted. *See* LR 7-2(d). However, on October



RANDAZZA | LEGAL GROUP

19, 2026, he filed a Motion to Amend (ECF No. 401) with the Court and attached his proposed Third Amended Complaint (ECF No. 401-1).[1] The proposed Third Amended Complaint does not attempt to remedy any of the issues with his Second Amended Complaint, and its allegations and claims against Ms. Warneck do not materially differ from those asserted in the Second Amended Complaint.

The Motion to Amend should be denied. Moreover, given that he failed to respond to Ms. Warneck's Motion to Dismiss, the case against her should be dismissed anyway, with the only claim remaining being the intentional interference with parental rights that was just referred to the Nevada Supreme Court. That claim will be disposed of after that court hears the parties' arguments regarding whether that claim exists at all in the State of Nevada. It does not make sense to force Ms. Warneck to respond to another deficient pleading filed by Plaintiff Michael Sternberg. He has had three tries and is not entitled to a fourth. It is time to put this case to bed.

## 2.0 STANDARD OF REVIEW

Under Fed. R. Civ. P. 15, leave to amend is not granted automatically. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), aff'd sub nom. *Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). Courts should deny a proposed amendment which "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006), *quoting* Fed. R. Civ. P. 15(a). The court should also consider "whether the plaintiff has previously amended the complaint." *Christina T. v. Bellagio LLC*, Case No. 2:25-cv-00145-JCM-DJA, 2026 U.S. Dist. LEXIS 117692, at *3-4 (D. Nev. May 27, 2026), *quoting United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). Here, the Court can deny Plaintiff's Motion pursuant to any of these factors because each and every one applies.

[1] Sternberg improperly labeled his proposed Third Amended Complaint as his second "Second Amended Complaint." *See* ECF No. 401-1. However, Defendant Warneck will refer to it by what it is rather than what he called it. This is presumably because he initially tried to pass it off as a "corrected" Second Amended Complaint (ECF No. 333) even though it added new Defendants and "missing facts."



RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

### 2.1 The proposed amendment is futile

Denying leave to amend is proper if it is clear that granting it would be futile. *See Klin v. Cloudera, Inc. (In re Cloudera, Inc. Sec. Litig.)*, 121 F.4th 1180, 1189-90 (9th Cir. 2024). In *Klin*, the trial court "offered a detailed explanation of the complaint's deficiencies and how to correct them." 121 F.4th at 1190. In his amended complaint, the plaintiff "did not correct the deficiencies." *Id.* When the plaintiff requested leave to amend again, the trial court denied his request, and the Ninth Circuit affirmed. *See id.* at 1191.

Here, Plaintiff Sternberg faces that very same problem. When Sternberg filed his First Amended Complaint (ECF No. 86) on February 20, 2024, Ms. Warneck moved to dismiss it (ECF No. 124). The Court granted Ms. Warneck's Motion in part (ECF No. 270), gave Sternberg leave to amend, and provided Sternberg with detailed instructions on how to fix the deficiencies contained in his First Amended Complaint. *See* ECF No. 270 at 5:14-6:7; 9:2-6; 10:1-5; 12:21-13:9; 17:12-18:4; 19:8-18; 21:10-22:10.

Sternberg filed his Second Amended Complaint (ECF No. 332) on May 29, 2026. Despite the Court's detailed instructions, he did not fix any of the problems the Court told him to correct. The same defects and deficiencies that were present in his First Amended Complaint were equally present in his Second Amended Complaint, which Defendant Warneck pointed out in her Motion to Dismiss the Second Amended Complaint. *See* ECF No. 346 at 2:3-14.

Ms. Warneck's second Motion to Dismiss demonstrated that every claim asserted against her must be dismissed, except for his claims for tortious interference with parental rights and conspiracy to interfere with parental rights. *See* ECF No. 346 at 10:16-21:3. Ms. Warneck did not ask the Court to dismiss those claims because the Court had previously indicated that it was going to certify the question of whether the claim exists in Nevada to the Nevada Supreme Court, which it just did. *See* ECF No. 400. After the Nevada Supreme Court answers that question, she will respond accordingly.

Sternberg opted not to oppose Ms. Warneck's Motion to Dismiss the Second Amended Complaint. As demonstrated in this Opposition, even if Sternberg had opted to oppose Ms.

Warneck's Motion to Dismiss, the Motion to Amend should still fail. However, since he did not oppose her Motion to Dismiss, he has consented to the granting of it. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion … constitutes a consent to the granting of the motion"); *Bd. of Trs. of the Emp. Painters Tr. v. Quality Servs., Inc.*, Case No. 2:24-cv-00280-APG-MDC, 2026 U.S. Dist. LEXIS 38470, at *4-5 (D. Nev. Feb. 24, 2026). Amendment would be futile because the claims that Sternberg asserted against Ms. Warneck should all be dismissed based upon Sternberg's failure to oppose.

As noted, even if Sternberg had not consented to the dismissal of the claims he asserted against Ms. Warneck, amendment would still be futile. As stated, in ECF No. 270, the Court provided him with detailed instructions regarding how to amend his claims to make them viable. He failed to follow those instructions when he filed his Second Amended Complaint (ECF No. 332), and he failed to do so again in his proposed Third Amended Complaint (ECF No. 401-1). The proposed Third Amended Complaint makes no new substantive allegations against Ms. Warneck. Given that his Second Amended Complaint was insufficient, his proposed Third Amended Complaint is deficient in the exact same manner.

Sternberg's sole argument against futility is facially untrue. In his Motion to Amend, he states: "Amendment is clearly not futile has *[sic]* I have defeated numerous motions to dismiss … Nor have I repeatedly failed to cure deficiencies by amendments previously allowed." ECF No. 401 at 2:7-9. This is untrue. He did not defeat Ms. Warneck's Motion to Dismiss the First Amended Complaint; nearly every claim that he asserted against her was dismissed with leave to amend. As demonstrated, he ignored the Court's instructions on how to cure those deficiencies, likely because they are incurable. Given this and that he chose not to oppose Ms. Warneck's Motion to Dismiss the Second Amended Complaint, the instant Motion should be denied. Sternberg has had enough bites at the apple. He is simply wasting the Court's resources.

//

//

//



RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

### 2.2 This is not Sternberg's first attempt to amend

A district court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). This is particularly true when "the factual bases of the claims were known" long before the movant made the request to amend. *Fidelity Fin. Corp. v. Fed. Home Loan Bank*, 792 F.2d 1432, 1438 (9th Cir. 1986).

Sternberg's Motion does not discuss any of the changes that he made from the Second Amended Complaint (ECF No. 332) to the proposed Third Amended Complaint (ECF No. 401-1). However, besides adding more LVMPD and NV Attorney General Defendants, he adds no new substantive factual allegations. He has now failed to file a viable Complaint three times and asks this Court to allow him to file a fourth. It should not do so.

Denial of a motion to amend is proper when the Court sees "no reason to believe" that Plaintiff "would do better with another try." *Klin*, 121 F.4th at 1190. Given that his proposed Third Amended Complaint shows the Court that Sternberg has made no effort to "do better with another try," he should not be permitted to amend, and the Motion should be denied.

### 2.3 The proposed amendment prejudices Ms. Warneck

When this Court decides Sternberg's Motion to Amend, "prejudice to the opposing party … carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). It is the "touchstone of the inquiry under rule 15(a)." *Id.* Sternberg knows this. After all, he cited the very case Ms. Warneck cites directly above twice in his Motion. *See* ECF No. 401 at 1. However, he declined to address prejudice in his Motion, stating only that Defendants "will not be prejudiced by allowing the amendment" with no additional argument. *See id.* at 2.

Sternberg does not address prejudice because it is clear that each and every Defendant will be prejudiced if this Court permits him to file his Third Amended Complaint. Ms. Warneck will only address the prejudice to her if the Court permits Sternberg to amend.

The claims Sternberg has asserted against Ms. Warneck are invalid. Nearly all of the claims Sternberg asserted against her in the First Amended Complaint (ECF No. 86) were dismissed. In

RANDAZZA | LEGAL GROUP

its Order on that Motion to Dismiss (ECF No. 270), the Court gave him instructions on how to cure the deficiencies in his claims. He did not do so. So, Ms. Warneck moved to dismiss again (ECF No. 346). Sternberg failed to oppose that Motion, consenting to the granting of it. *See* LR 7-2(d).

Now, he seeks permission to file a Third Amended Complaint that does not cure any of the deficiencies contained in his previous Complaints. Giving him a fourth chance and allowing him to file a Third Amended Complaint that is legally insufficient will do nothing but prolong this silly litigation and require Ms. Warneck to move to dismiss for the third time. There is no basis or justification for amendment, and the Motion should be denied.

**2.4 The proposed amendment is sought in bad faith**

Sternberg does not address bad faith in his Motion because his request is made in bad faith. Bad faith exists when the moving party seeks to amend to prolong the litigation by adding "new but baseless legal theories." *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). It includes claims meant to "harass or burden the other party." *Fresno Unified Sch. Dist. v. K.U.*, 980 F. Supp. 2d 1160, 1178-79 (E.D. Cal. 2013). Here, Sternberg is clearly trying to prolong the litigation and does not even bother adding new legal theories. He moves to amend to force Ms. Warneck and the other parties to file another round of motions to dismiss and to keep this case alive when it should be put out of its misery.

**2.5 There has been undue delay**

In evaluating undue delay, the Court should inquire "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Here, the proposed Third Amended Complaint does not add any relevant new facts or raise any new legal theories. Sternberg seeks to file it to prolong this litigation. His Motion should be denied.

//

//

//

RANDAZZA | LEGAL GROUP

## 3.0 THE CASE SHOULD BE STAYED

The Motion is premature and should be denied because a stay should issue until the Nevada Supreme Court returns its answer to the certified question issued by this Court. A district court has the power to stay cases to control its docket and promote the efficient use of judicial resources. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). In determining whether to stay a case, the court should weigh: (1) possible damage that may result from a stay; (2) hardship or inequity that will result if the case is not stayed; and (3) whether it will simplify or complicate the issues, proof, and questions of law. *See Lockyear v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Each of these factors weighs in favor of a stay.

No damage will result from a stay. However, damage may result if a stay does not issue. When the Court certifies a question to the Nevada Supreme Court and the answer "may be dispositive of the central issues in th[e] case," it should stay the federal case until the Nevada Supreme Court answers the question. *Bank of N.Y. Mellon v. Lakeview Owners' Ass'n*, Case No. 2:17-cv-02039-JAD-NJK, 2017 U.S. Dist. LEXIS 187852, at *5-6 (D. Nev. Nov. 14, 2017). Staying a case "pending the answer to the certified question" permits the parties to evaluate "the viability of the claims under the most complete authority" and "simplif[ies] and streamline[s] the proceedings and promote[s] the efficient use of the parties' and the court's resources." *Id.* at *6.

More hardship will result if the Court does not stay the case before the certified question is answered. "A stay and denial of all pending motions will prevent unnecessary briefing, and the expenditure of time, attorney's fees and resources that could be wasted" in the event that the Nevada Supreme Court holds that there is no claim for tortious interference with parental rights in Nevada. *Id.* at *6-7.

Finally, the only damage that will result from the stay is that "the parties will have to wait longer for resolution of the case." *Id.* However, this is minimal damage and does not argue against issuing a stay. *See id.*

Here, all of the claims against Ms. Warneck should be dismissed already except for tortious interference with parental rights. Not only should she substantively prevail upon them, but

RANDAZZA | LEGAL GROUP

Sternberg's failure to oppose the Motion to Dismiss acts as his consent to its granting. Given this, it makes no sense to grant this Motion or allow Sternberg to amend until the Nevada Supreme Court issues its opinion on the certified question. If tortious interference with parental rights does not exist in Nevada, no claims against Ms. Warneck will remain.

## 4.0 CONCLUSION

For each reason identified herein, Defendant Shelley Warneck asks the Court to deny the Motion to Amend.

Dated: October 30, 2026.

Respectfully submitted,

RANDAZZA LEGAL GROUP, PLLC
/s/ Ronald D. Green
Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
Randazza Legal Group, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147

*Attorneys for Defendant*
*Shelley Warneck*

RANDAZZA | LEGAL GROUP

Case No. 2:23-cv-01466-APG-EJY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 30, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Ronald D. Green
Ronald D. Green